Michael R. Matthias, SBN 57728
Email: mmatthias@bakerlaw.com
Matthew D. Pearson, SBN 294302
Email: mpearson@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859

Steven J. Rocci (Admitted *Pro Hac Vice*)
Email: srocci@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone:  215.568.3100
Facsimile:   215.568.3439

Michael J. Swope (*Pro Hac Vice* Application Pending)
Email: mswope@bakerlaw.com
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  206.332.1380
Facsimile:   206.624.7317

*Attorneys for Defendant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant. | Case No.:  2:16-cv-08033-AB-FFM <br><br> [*Honorable André Birotte Jr.*] <br><br> **DEFENDANT GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO CONTINUE SCHEDULING CONFERENCE** <br><br> [Filed concurrently with Declaration Of Steven J. Rocci; (Proposed) Order] |

**TO THE HONORABLE COURT, AND TO PLAINTIFF AND ITS COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that defendant GUEST-TEK INTERACTIVE ENTERTAINMENT LTD. ("Guest-Tek") brings the instant *Ex Parte* Application ("Application") for an order continuing the scheduling conference, currently set for June 19, 2017, to July 17, 2017.

This Application is brought pursuant to United States District Court, Central District of California Local Rule ("L.R.") 7-19, and is based upon the instant Notice, the following Memorandum of Points and Authorities, the Declaration of Steven J. Rocci ("Rocci Decl.") filed herewith, the papers and records on file or to be filed with the Court, the oral argument of counsel, should the Court so request, and such other evidence as may be presented at the time of the hearing on the Application (if any).

The grounds for the Application, as more fully set forth below, are: (i) Guest-Tek's motion to dismiss ("MTD") (Dkt. No. 40) is set to be heard on June 5, 2017; (ii) if the MTD is granted, the need for any Scheduling Conference will become moot; (iii) in the absence of a continuance, both Guest-Tek and Nomadix will be required to (very likely needlessly) expend time and money preparing for the Scheduling Conference, including engaging in meet-and-confer efforts and drafting and filing a Rule 26(f) Report; (iv) judicial resources may have been wasted if the Scheduling Conference goes forward as scheduled and the MTD is granted; and, (iv) Nomadix cannot demonstrate any genuine prejudice as the result of an approximately thirty day continuance, especially because the underlying dispute has been on-going since well before 2014, and Nomadix only filed its Complaint in October, 2016.

Good cause exists to grant the relief sought herein because the Application, if granted, (1) would allow the parties to avoid incurring potentially unnecessary

and unwarranted time and expense and (2) would not result in either party suffering prejudice, as the Application only asks for a brief extension.

Guest-Tek attempted to resolve this dispute without Court intervention. As fully set forth in Steven J. Rocci's declaration, filed concurrently herewith, Guest-Tek asked Nomadix to consent to the brief continuance requested herein. Nomadix, however, denied Guest-Tek's request, stating that Nomadix wanted to avoid delaying the case and that Nomadix did not believe the request was warranted. Guest-Tek filed this Application as soon as reasonably practicable following Nomadix's counsel's refusal.

**PLEASE TAKE FURTHER NOTICE** that unless otherwise ordered by the Court, Nomadix shall have **24 hours (or one court day)** from delivery of this Application to file and serve any papers in opposition to the same.

Dated:  May 23, 2017                     Respectfully submitted,

                                         BAKER & HOSTETLER LLP

                                         By:   */s/ Matthew D. Pearson*
                                               Michael R. Matthias
                                               Matthew D. Pearson
                                               F. Lucas Paule

                                         *Attorneys for Defendant*
                                         GUEST-TEK INTERACTIVE
                                         ENTERTAINMENT LTD.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Despite any claims to the contrary, Guest-Tek does not bring this Application to delay or impede in any way the progress of this case. Instead, Guest-Tek brings this Application because, if granted, it would allow the parties to avoid incurring unnecessary expense and expending unnecessary time preparing for a Scheduling Conference that may never occur.

Under the current case schedule, Guest-Tek and Nomadix are required, pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f)(1), to meet and confer on or before May 26, 2017 regarding the issues to be discussed at the Scheduling Conference. Additionally, pursuant to the Court's Order Setting Scheduling Conference (Dkt. No. 30), the parties must jointly draft and file on or before June 5, 2017 a Rule 26(f) Report. These requirements, however, would be mooted if the Court grants Guest-Tek's Motion to Dismiss, which is currently set for hearing on June 5, 2017. Unfortunately, neither party will know whether the work described above is needed until after the work is performed. This Application merely seeks to avoid that situation, nothing more.

Guest-Tek is not requesting that the Court continue the Scheduling Conference by six months or stay the case pending the outcome of the Motion to Dismiss. Guest-Tek simply asks that the Scheduling Conference be continued by a sufficient amount of time to allow the parties to know whether they must prepare for the Scheduling Conference before actually doing so. The relief request is both reasonable and based on common sense. Accordingly, Guest-Tek respectfully requests that the Court grant the Application.

///

///

///

## II. COUNSEL FOR NOMADIX

Pursuant to Local Rule 7-19, the name, address, telephone number, and email address of counsel for Nomadix is as follows:

> Douglas G. Muehlhauser, SBN 179495
> Doug.muehlhauser@knobbe.com
> Mark Lezama, SBN 253479
> Mark.lezama@knobbe.com
> Alexander J. Martinez, SBN 293925
> Alex.martinez@knobbe.com
> **KNOBBE, MARTENS, OLSON & BEAR, LLP**
> 2040 Main Street, Fourteenth Floor
> Irvine, CA 92614
> Telephone: 949.760.0404
> Facsimile: 949.760.9502

## III. GUEST-TEK'S INSTANT APPLICATION IS TIMELY AND PROPER, AND THEREFORE SHOULD BE GRANTED.

### A. This Court Has The Authority To Grant The Relief Requested.

FRCP 16(b)(4) permits this Court to modify its scheduling order upon a showing of "good cause" and with the "judge's consent." So too does the Court's Order Setting Scheduling Conference. (Dkt. No. 30, § 2(b).) When supported by a showing of irreparable prejudice and a demonstration that the reason for the *ex parte* relief was not caused by the moving party, the Court can modify the scheduling order on an *ex parte* basis. *Souphasith v. ITT Hartford Life & Annuity Insurance Co.*, No. 1:15-CV-01269-DAD-SKO, 2016 WL 4011510, at *6 (E.D. Cal. 2016).

### B. Good Cause Exists To Grant The Application.

District Courts have broad discretion to supervise the pre-trial phase of litigation and to "manage the discovery process to facilitate prompt and **efficient** resolution of the lawsuit." *Cardenas v. Whittemore*, No. 13CV1720-LAB KSC, 2015 WL 4410643, at *1 (S.D. Cal. July 16, 2015) (quoting *Crawford–El v.*

*Britton*, 523 U.S. 574, 599 (1988) (emphasis added).)  Clearly, the Application furthers the efficient resolution of this matter. If granted, it allows **both** parties to avoid incurring expense and expending time on a Scheduling Conference that will likely never occur.

Additionally, it furthers the efficient use of judicial resources.  "Judicial efficiency and economy" is, and has always been, a strong public policy. *In re Thompson, No*. 13-CV-0994 BEN NLS, 2014 WL 931792, at *3 (S.D. Cal. Mar. 7, 2014), dismissed, 633 F. App'x 479 (9th Cir. 2016).  By granting the Application, the Court avoids having to receive and review the parties' Rule 26(f) Report before issuing a ruling on Guest-Tek's Motion to Dismiss, which, if granted, would render the Rule 26(f) report immaterial.

Moreover, the requested continuance will neither prejudice Nomadix nor negatively impact the prompt resolution of the case.  Guest-Tek is not asking for continuance of the Scheduling Conference to a date months or even a year from now. Rather, Guest-Tek asks for a continuance of 30 days simply to allow the parties to receive a determination on Guest-Tek's Motion to Dismiss. In the event that Guest-Tek's Motion is denied by the Court, the parties would simply move forward with the continued Scheduling Conference and the requirements associated therewith. If, however, Guest-Tek's Motion is granted, the parties and the Court will be able to save the time and costs of preparing for the Scheduling Conference.

### C. Guest-Tek Will Suffer Irreparable Prejudice If This Application Is Denied.

Without the requested *ex parte* relief, Guest-Tek would suffer severe prejudice.  Courts have found the "irreparable prejudice required to support *ex parte* relief" where notice requirements for a motion effectively preclude the motion from being heard. *Souphasith*, *supra*, 2016 WL 4011510, at *4 (holding that inability to have noticed motion heard before discovery cut-off warrants *ex*

*parte* relief). Currently, the Scheduling Conference is set for Monday, June 19, 2017. [Dkt. No. 30]. The deadlines to meet and confer and to file a joint Rule 26(f) Report are May 26, 2017 and June 5, 2017. This Court's Local Rules prohibit any motion being heard less than 28 days after service of the motion. L.R. 6-1. Therefore, even if Guest-Tek were to file this Application as a noticed motion on May 22, 2017, the earliest it could be heard would be June 19, 2017, long after the meet and confer and the Rule 26(f) Report are required to be completed. This fact alone justifies the need for *ex parte* relief.

### D. Guest-Tek Did Not Create The Situation This Application Seeks Relief From.

This scheduling conflict arises from the temporal proximity of the Motion hearing and the Scheduling Conference. Nomadix timely filed a First Amended Complaint on March 23, 2017, and, in response, Guest-Tek timely filed its Motion to Dismiss on April 6, 2017. (Dkt. Nos. 32, 40.) Independently, the Court had issued its order on March 13, 2017 setting the Scheduling Conference. (Dkt. No. 30.) Therefore, Guest-Tek seeks relief through this Application for circumstances outside of its control.

## IV. GUEST-TEK GAVE ADEQUATE NOTICE OF THE APPLICATION TO PLAINTIFF.

Guest-Tek gave adequate notice of this Application to Nomadix, as required by L.R. 7-19.1. On May 16, 2017during a telephone call with counsel for Nomadix, Guest-Tek inquired whether Nomadix would stipulate to a continuance of the Scheduling Conference. Rocci. Decl., ¶ 3. Nomadix's counsel declined to stipulate to a continuance. *Id.* at ¶¶ 4. On May 17, 2017, counsel for Guest-Tek emailed counsel for Nomadix to (1) inform Nomadix of Guest-Tek's intention to file this Application, summarize Guest-Tek's understanding of Nomadix's opposition to the Application, and inquire as to whether Nomadix wanted to further discuss the Application. *Id.* at ¶ 5. Nomadix's counsel stated no further discussions

were needed and that Nomadix would oppose the Application on the grounds that any further delay in the progress of this case is unwarranted and that that *ex parte* relief is also unwarranted. *Id.* at ¶ 6. Nomadix's counsel also stated that Nomadix may assert additional argument in opposition to the Application. *Id.*

Additionally, Guest-Tek's counsel e-mailed this Application, the Declaration of Steven Rocci, and the Proposed Order to Nomadix's counsel prior to filing same. *Id.* at ¶ 7. In that email, Guest-Tek's counsel advised counsel for Nomadix that Nomadix's opposition, if any, must be filed within 24 hours of Guest-Tek's filing. *Id.* at ¶ 8.

## V. CONCLUSION.

For all of the foregoing reasons, Guest-Tek respectfully requests that this Court grant this Application and provide a 30-day continuance of the Scheduling Conference.

Dated:  May 23, 2017                    Respectfully submitted,

                                        BAKER & HOSTETLER LLP

                                        By:   */s/ Matthew D. Pearson*
                                              Michael R. Matthias
                                              Matthew D. Pearson
                                              F. Lucas Paule

                                        *Attorneys for Defendant*
                                        GUEST-TEK INTERACTIVE
                                        ENTERTAINMENT LTD.