Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alexander J. Martinez (SBN 293925)
alex.martinez@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant. | Case No. CV16-08033 AB (FFMx) <br><br> **NOMADIX'S OPPOSITION TO GUEST-TEK'S EX PARTE APPLICATION TO CONTINUE SCHEUDLING CONFERENCE** <br><br> Honorable André Birotte Jr. |

Plaintiff Nomadix filed this action in October 2016. Within days of Nomadix's filing, Defendant Guest-Tek learned of the lawsuit; and within weeks, Guest-Tek had developed the positions that now form the basis of its pending motion to dismiss. (Dkt. Nos. 25, 32-4.) Yet seven months have passed since Nomadix filed this action, and the case has not moved out of the pleading stage. Guest-Tek has managed to drag this case out by refusing to accept service through its U.S. attorneys (*id.*), by claiming that Calgary law enforcement detonated the summons and complaint served by the Alberta Ministry of Justice (*id.*), and by moving to dismiss in early April but setting the hearing for June (Dkt. No. 40).

Guest-Tek now seeks to postpone the June 19 scheduling conference whose date the Court set back in March, over two months ago. The continuance Guest-Tek seeks would compound the delay in this already-delayed case. It would guarantee that this case will be pending for at least nine months without a trial date or case schedule. It would also push back the deadline for the parties' Rule 26(f) conference, which means further delay in the commencement of discovery. Fed. R. Civ. P. 26(d)(1).

The Court should deny Guest-Tek's present *ex parte* application because Guest-Tek manufactured the scheduling issue from which it now seeks relief. Moreover, *ex parte* relief is unavailable both because Guest-Tek faces no irreparable harm and because it could have sought a continuance six weeks ago.

**A.  Guest-Tek knew the scheduling conference was set for June 19 when it unnecessarily set the hearing on its motion for June 5**

To obtain a continuance, Guest-Tek must demonstrate good cause. (Dkt. No. 30 at 6.) Guest-Tek notes (1) the hearing on its motion to dismiss is set for June 5, yet (2) the Court ordered the parties to submit their Rule 26(f) report on June 5 and appear for a scheduling conference on June 19. (*See* Dkt. No. 47 (Guest-Tek's Appl.) at 4–5.) Since the Court *might* grant the motion to dismiss, Guest-Tek argues, the June 19 scheduling conference *might* prove unnecessary and

good cause therefore supposedly exists to postpone the scheduling conference and the parties' Rule 26(f) conference and report. (*Id.*) In other words, Guest-Tek argues that the mere possibility of saving a few dollars in attorneys' fees warrants not only delaying the progress of this action but also disturbing the Court's own scheduling of the matters on its docket.

As a general rule, the mere possibility of saving a few dollars cannot constitute good cause to disturb court-ordered deadlines—case schedules would become meaningless if deadlines were delayed every time a pending motion offered the potential to moot an issue. But even setting aside the problems with Guest-Tek's reasoning as a general proposition, Guest-Tek cannot establish good cause in this instance **because it manufactured the scheduling problem it now complains of**.

Guest-Tek contends that "[t]his scheduling conflict arises from the temporal proximity of the Motion hearing and the Scheduling Conference" and that this conflict arises from "circumstances outside of its control." (Guest-Tek's Appl. 7.) But the Court set the June 19 date for the scheduling conference back in March. (Dkt. No. 30 (order entered Mar. 13, 2017).) Guest-Tek was therefore aware of the June 19 date for over three weeks when it filed its motion to dismiss on April 6. (Dkt. No. 40.) Guest-Tek could have set the hearing on its motion for as early as May 8. C.D. Cal. L.R. 6-1. Instead, Guest-Tek chose to unnecessarily delay the hearing on its motion by another month, selecting a hearing date of June 5. (Dkt. No. 40.)

By setting the hearing for June 5, Guest-Tek dragged out the pleading stage for another month. Now Guest-Tek seeks to parlay that delay into a postponement of the scheduling conference. The Court should deny the requested continuance because Guest-Tek is entirely responsible for the supposedly problematic "temporal proximity" of the June 5 hearing and June 19 scheduling conference.

### B. No emergency warranting *ex parte* relief exists

To demonstrate it deserves *ex parte* relief, Guest-Tek must demonstrate (1) it will suffer irreparable prejudice if its continuance request is heard according to a normal motion schedule and (2) it is not responsible for the crisis that requires *ex parte* relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Guest-Tek has failed to explain how incurring modest legal fees that *might* prove unnecessary constitutes irreparable harm. *See id.* And as Guest-Tek chose to schedule the motion hearing for June 5 knowing that the scheduling conference was already set for June 19, Guest-Tek is solely responsible for the "scheduling conflict" (Guest-Tek's Appl. 7) supposedly requiring *ex parte* relief. Even if Guest-Tek had not been free to set the hearing date for as early as May 8 and were instead forced to set the hearing date for June 5, Guest-Tek was still aware of the supposed scheduling crisis when it filed its motion on April 6. Guest-Tek could have filed on April 6 a regularly noticed motion to continue the scheduling conference, which could have been heard over a month before June 19. Guest-Tek has failed to explain why it waited over six weeks to raise the purported scheduling conflict. Guest-Tek has therefore failed to make either showing required for *ex parte* relief. *Mission Power Eng'g*, 883 F. Supp. at 492–93.

* * *

In short, Guest-Tek has failed to establish good cause for disturbing the date the Court has set for the scheduling conference, and it has also failed to demonstrate it deserves *ex parte* relief. The Court should deny Guest-Tek's application.

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 3 | |
| 4 | Dated: May 24, 2017  /s/ *Mark Lezama* |
| 5 | Douglas G. Muehlhauser<br>Mark Lezama<br>Alexander J. Martinez |
| 6 | |
| 7 | Attorneys for Plaintiff<br>NOMADIX, INC. |