Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alexander J. Martinez (SBN 293925)
alex.martinez@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

Michael R. Matthias (SBN 57728)
mmatthias@bakerlaw.com
Matthew D. Pearson (SBN 294302)
mpearson@bakerlaw.com
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310-820-8800
Facsimile: 310-820-8859

Attorneys for Defendant
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>    Defendant. | Case No.<br>CV16-08033 AB (FFMx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>SCHEDULING CONFERENCE<br>  June 19, 2017<br>  10:00 a.m.<br>  Courtroom 7B<br><br>Honorable André Birotte Jr. |

A. **Statement of the Case**

1. **Nomadix's statement**

This is an action for breach of a patent license agreement between Plaintiff Nomadix and Defendant Guest-Tek Interactive Entertainment. Both parties make network devices that can be used at hotels, airports, educational campuses, and other physical properties to facilitate Internet access. The agreement grants Guest-Tek a limited license to certain Nomadix patents. In exchange for the license, Guest-Tek must pay Nomadix royalties. The royalties Guest-Tek owes under the agreement depend in part on the extent to which Guest-Tek has incorporated the licensed technology into its network devices. The royalties Guest-Tek owes also depend in part on the number of U.S. properties using such Guest-Tek devices. In addition to imposing royalty obligations, the agreement obligates Guest-Tek to prepare quarterly reports regarding its royalty obligations and to share its source code under certain circumstances. Under the agreement, Nomadix may audit the quarterly reports to determine whether Guest-Tek is underpaying; similarly, Nomadix may analyze Guest-Tek's source code to determine whether Guest-Tek has removed Nomadix's patented technology from its products.

Nomadix alleges that Guest-Tek has breached the license agreement at least by (1) failing to pay all the royalties it owes Nomadix; (2) underreporting its royalty obligations; (3) failing to include all the required information in its quarterly reports even when Guest-Tek does identify royalty-bearing properties in its reports; and (4) failing to provide source code and configuration files for its devices. In May 2017, Guest-Tek also notified Nomadix that it would not permit Nomadix to conduct audits under the license agreement while litigation is pending. Nomadix contends that Guest-Tek's refusal to permit audits is a further breach of the license agreement, and Nomadix plans to address this breach as part of its claim.

**2. Guest-Tek's statement of Nomadix's cause of action and Guest-Tek's defenses**

Nomadix's complaint pleads breach of contract due to alleged underpayment of royalties, alleged under-reporting of royalties, and alleged failure to provide source code to Nomadix. Guest-Tek denies these allegations. Guest-Tek has complied with the agreement to the extent that any of its network devices employed at a U.S. property are covered by the agreement. Particularly, Nomadix is not entitled to royalties, or royalty reports, except to the extent that a Guest-Tek network device employed at a U.S. property is covered by a licensed Nomadix patent. To the extent that Nomadix complains of under-payment or under-reporting, it is because such Guest-Tek devices are not covered by a licensed Nomadix patent and hence not covered by the agreement. Therefore, they are neither royalty bearing nor subject to reporting. Guest-Tek will also demonstrate that it has repeatedly offered to supply source code to Nomadix, but Nomadix either never responded to Guest-Tek's offers or never followed up in making arrangements to receive the source code. Guest-Tek will demonstrate its good faith in previous dealings with Nomadix by, among other things, having previously suggested the name of an expert to evaluate Guest-Tek's network devices for coverage by the licensed Nomadix patents, to which there was no response.

Guest-Tek notes that Nomadix's complaint does allege breach based on failure to comply with the audit provision. In any event, Guest-Tek contends that it has not breached the audit provision because an audit has not been requested. Guest-Tek also contends that, absent some accommodation that addresses this issue, an audit and in parallel with litigation that covers the same ground as an audit unduly multiplies the proceedings.

### B. Subject-Matter Jurisdiction

#### 1. Nomadix's statement

Nomadix submits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a). Nomadix is a Delaware corporation with a principal place of business in Agoura Hills, California. Guest-Tek is an Alberta (Canada) company with a principal place of business in Calgary, Alberta.

#### 2. Guest-Tek's statement

Guest-Tek disputes that this action is properly before this Court, because the provisions of the License Agreement do not allow for this litigation to have been filed at this juncture. See, Dkt. No. 40.

### C. Legal Issues

The key legal issues in this case will likely focus on contract interpretation, patent claim construction, and a comparison of the properly construed claims to the Guest-Tek network devices to determine the extent, if any, to which they are royalty bearing under the agreement. The parties may dispute the scope of Guest-Tek's obligations under the license agreement; if so, resolving those disputes will likely require interpreting the provisions in the license agreement setting forth those obligations. At this stage, it is unclear which specific contractual provisions may require interpretation to resolve the merits of Nomadix's breach claim.

### D. Parties, Evidence, etc.

#### 1. Parties and Related Entities

The plaintiff in this case is Nomadix, Inc. Nomadix's affiliates are:

- interTouch Holdings, LLC
- interTouch Pte Ltd

This list identifies all of Nomadix's parent companies, subsidiaries, and sister companies. If the Court needs information about indirectly related entities, Nomadix will provide it; all entities indirectly related to Nomadix are privately held.

The defendant in this case is Guest-Tek Interactive Entertainment Ltd. Guest-Tek's U.S. affiliates are:

- Guest-Tek Interactive Entertainment Inc.
- Telnet Corporation
- Event Conferencing Services Inc.

**2. Witnesses**

At this stage, Nomadix anticipates that the following individuals may be percipient witnesses at trial:

- Fred Reeder;
- Various Guest-Tek software developers with knowledge of the source code and functionality of the Guest-Tek's network devices and services—Nomadix does not know the identities of these developers at this stage; and
- Various Guest-Tek executives, salespersons, or other personnel who have commented on Guest-Tek's obligations or rights under the license agreement—Nomadix does not know the identities of these developers at this stage.

At this stage, Guest-Tek anticipates that the following individuals may be percipient witnesses at trial:

- Arnon Levy;
- Nomadix present and former officers and other personnel familiar with the license agreement and the discussions leading thereto;
- Nomadix present and former personnel having information relevant to the licensed Nomadix patents; and
- Prosecution counsel for the licensed Nomadix patents.

Guest-Tek also anticipates that the following experts will testify at trial:

- Technical Expert(s) - patent interpretation, claim construction, patent coverage issues, and possibly contract coverage issues;

- 4 -

- Economic and/or accounting expert – the appropriate amount of any royalty due.

Each party recognizes that the other is not committing to its witness list above. As discovery progresses, the parties may identify additional potential percipient witnesses.

### 3. Key Documents

At this stage, Nomadix anticipates that the key documents in this case will be the license agreement, the licensed Nomadix patents, Guest-Tek's source code and other technical documents, and various Guest-Tek documents commenting on Guest-Tek's obligations or rights under the license agreement.

At this stage, Guest-Tek anticipates that the key documents in this case will be the licensed Nomadix patents, the file histories of the licensed Nomadix patents, other intrinsic and extrinsic evidence relevant to interpretation of the licensed Nomadix patents and construction of the claims thereof, the license agreement, Nomadix documents relating to and/or commenting on the licensed Nomadix patents, Guest-Tek and the license agreement, and Guest-Tek's source code and other technical documents.

### E. Damages

#### 1. Nomadix's statement

Based on the information presently available to it, Nomadix estimates that Guest-Tek currently owes Nomadix over $13 million in unpaid royalties. This estimate is only a rough one, as Guest-Tek has stopped reporting the number of properties it serves and has stopped providing room counts for its properties. Assuming Guest-Tek continues on its present trajectory of royalty payments, by the time of trial, Nomadix may be seeking at least $15 million in unpaid royalties. These figures do not include late fees or interest.

**2. Guest-Tek's statement**

Guest-Tek owes nothing to Nomadix. Guest-Tek long ago designed around the licensed Nomadix patents. Hence, the complained of Guest-Tek network devices are not covered by any licensed Nomadix patent and not royalty bearing.

**F. Insurance**

Neither party believes that it holds any insurance policy applicable to this case.

**G. Motions**

At this juncture, Nomadix does not anticipate seeking to add parties or claims to this case. To the extent Nomadix discovers additional bases for its breach claim as the case progresses, Nomadix may seek to amend or supplement its pleadings to reflect the additional bases.

Pending before the Court is Guest-Tek's motion to dismiss. Guest-Tek anticipates a motion for summary judgment on at least one or more of liability (i.e., whether any Guest-Tek network device is covered by any license Nomadix patent) and Nomadix's alleged damages.

**H. Manual for Complex Litigation**

**1. Nomadix's statement**

At this stage, Nomadix does not suggest using any particular procedure of the Manual for Complex Litigation.

**2. Guest-Tek's statement**

Guest-Tek observes that this action, which is styled as an action for breach of contract, will involve complex and detailed issues of patent interpretation and claim construction. This action will also involve understanding the Guest-Tek source code, Nomadix's position on how the licensed Nomadix patents allegedly cover the Guest-Tek network devices, and Guest-Tek's position on why the licensed Nomadix patents do not encompass the Guest-Tek network devices. It is, in essence, a patent case. Since patent cases are a species of complex litigation,

Guest-Tek contends that the Manual for Complex Litigation is applicable. Accordingly, the Court may wish to refer to the sections of the Manual dealing with court appointed experts, technical advisors, special masters (especially for claim construction) (section 5) expert scientific evidence (section 23) and the conduct of patent cases (section 33.2).

### I. Status of Discovery

The parties plan to exchange initial disclosures under Rule 26(a)(1) by June 9, 2017. Nomadix has served a first set of requests for production.

*Additional comment by Guest-Tek:* Guest-Tek notes that the outcome of Guest-Tek's motion to dismiss may moot initial disclosures or alter the deadline.

### J. Discovery Plan

#### 1. Rule 26(a) Disclosures

At this stage, the parties do not suggest any changes be made to the requirements under Rule 26(a) relating to timing, form, or service.

The parties have noted above the date by which they plan to exchange initial disclosures.

#### 2. Discovery: Subjects and Timing

Nomadix expects that discovery will be needed on at least the following subjects: Guest-Tek's network devices and the source code and technical documentation for those devices; the properties in the United States that Guest-Tek serves, including the number of such properties and details about such properties, such as the number of rooms each has and an identification of the Guest-Tek devices present at each such property; Guest-Tek's decisions and basis regarding stopping or reducing royalty payments to Nomadix; Guest-Tek's decisions and basis regarding withholding information whose disclosure Nomadix contends the license agreement requires; and Guest-Tek's communications regarding the license agreement or its license to Nomadix patents, including both external

communications, such as to customers or competitors, and internal communications.

Guest-Tek expects that discovery will be needed on at least: patent interpretation; claim construction; Nomadix's contentions as to how the Guest-Tek network devices are covered by the claims of the licensed Nomadix patents; Nomadix communications and documents concerning Nomadix's understanding and interpretation of the license agreement; Nomadix communications and documents concerning the licensed Nomadix patents; and Nomadix's conduct with respect to the license agreement.

The parties have proposed discovery deadlines in the attached scheduling form.

Nomadix does not propose conducting discovery in phases or adopting special procedures for limiting discovery to any particular issues.

### 3. Electronically Stored Information

The parties are endeavoring to file a joint stipulation on discovery that will address discovery of electronically stored information.

### 4. Assertions of Privilege

The parties expect that their discovery stipulation will address issues about claims of privilege and work-product immunity, including procedures for asserting these claims after inadvertent disclosure. The parties expect to submit their stipulation for the Court's approval.

### 5. Limitations on Discovery

At this stage, the parties do not propose any changes to the limitations on discovery imposed under the Federal Rules or Local Rules. Nomadix has proposed that the parties stipulate that they will not object to an interrogatory on the grounds that it has too many subparts (or otherwise object that the opposing party is circumventing the limit on the number of interrogatories by using subparts) simply because an interrogatory calls for information relating to more than one licensed

patent, more than one patent claim, more than one claim limitation, more than one license quarter, or any combination thereof. Guest-Tek is considering this proposal. If the parties cannot reach agreement on this point, then Nomadix may propose increasing the limit on interrogatories.

### 6. Other Orders

The parties are endeavoring to submit a stipulated protective order and a joint stipulation on discovery for the Court's approval.

Nomadix will move for a protective order regarding the manner in which Guest-Tek may contact Charles Reed, Nomadix's former Chairman of the Board of Directors. Guest-Tek has indicated it will oppose the motion.

Guest-Tek submits that this action requires a claim construction phase, culminating in a claim construction order.

### K. Discovery Cut-Off

The parties' proposals for the non-expert discovery cut-off date, including the date by which all motions on non-expert discovery must be heard, are set forth in the attached scheduling form.

### L. Expert Discovery

The parties' proposals for expert disclosures and the expert discovery cut-off date, including the date by which all motions on expert discovery must be heard, are set forth in the attached scheduling form.

### M. Dispositive Motions

Nomadix anticipates that it will demonstrate it is entitled to summary judgment that one or more Guest-Tek network devices or services are "Licensed Network Devices" or "Licensed Network Services" within the meaning of the license agreement. At this stage, it is unclear to Nomadix what issues will be resolvable through motions in limine.

Pending before the Court is Guest-Tek's motion to dismiss. Guest-Tek anticipates a motion for summary judgment on at least one or more of liability (i.e.,

whether any Guest-Tek network device is covered by any licensed Nomadix patent) and Nomadix's alleged damages.

### N. Settlement / Alternative Dispute Resolution

Throughout 2013, the parties discussed Nomadix's breach claim. In April 2014, the parties appeared before Antonio Piazza of Mediated Negotiations for a single day of mediation. Nomadix's Chairman of the Board of Directors, Nomadix's General Counsel, and two attorneys from Knobbe Martens attended for Nomadix. Guest-Tek's CEO, Guest-Tek's Patent Manager, and two attorneys from Baker & Hostetler attended for Guest-Tek.

The parties have selected ADR procedure no. 1 (appearance before the magistrate judge).

### O. Trial Estimate

#### 1. Nomadix's statement

Nomadix has requested a jury trial. Nomadix estimates that the parties will need four court days for trial. At this stage, Nomadix expects to present three witnesses for its case in chief.

#### 2. Guest-Tek's statement

Guest-Tek notes that trial will involve detailed patent coverage issues, nearly identical to those presented in a patent infringement case. The number of days required for trial will depend on how many patents and how many claims Nomadix intends to assert at trial. Given the number of Nomadix patents potentially involved in this dispute, and the number of claims that Nomadix could assert as covering the Guest-Tek network devices, Guest-Tek estimates that trial will require a minimum of about six days, and possibly as many as fourteen days, including jury selection.

Guest-Tek submits that a claim construction hearing (preceded by claim construction discovery, exchange of disputed claim terms, and exchange of claim construction briefs) is also appropriate and necessary to expedite trial. Guest-Tek

proposes that a special master, with an appropriate technical background, be appointed for the claim construction phase of this action.

**P.  Trial Counsel**

Nomadix expects Douglas Muehlhauser and Mark Lezama of Knobbe Martens to try Nomadix's case. Guest-Tek expects Steven Rocci and Michael Matthias to try the action for Guest-Tek.

**Q.  Independent Expert or Master**

**1.  Nomadix's statement**

At this juncture, Nomadix does not believe an independent expert or master will be necessary or unusually helpful in this case. While the parties may dispute the scope of Nomadix's patents, Nomadix expects any such disagreement to turn on only a few claim terms.

**2.  Guest-Tek's statement**

Guest-Tek submits that the Court or special master may find an independent expert or technical consultant useful to an understanding of the technology at issue and, in the case of claim construction, to an understanding of the claim terms involved. Guest-Tek contends that this is consistent with the dispute resolution provision of the license agreement, in which Nomadix agreed that any arbitration panel shall be aided by a technical expert.

**R.  Timetable**

The parties are attaching to this report the Court's scheduling form filled out with their respective proposals.

**1.  Additional comments by Nomadix**

Nomadix acknowledges that this case may involve some issues of patent claim construction and that special claim-construction briefing by the parties and a claim-construction order from the Court may be helpful. Nomadix is not opposed to adding dates to the case schedule for claim-construction briefing and a claim-construction hearing. But Nomadix believes that Guest-Tek's suggestion of

adopting Section 4 of the Patent Local Rules of the Northern District of California in its entirety—and Rules 4-1 through 4-4 in particular—will make the case unnecessarily complicated and expensive. Nomadix would not oppose adopting the gist of Patent Local Rules 4-5 through 4-7. But in Nomadix's counsel's experience, Rules 4-1 through 4-4 significantly increase costs and tend to multiply the disputed issues rather than reduce them. The parties can narrow the list of disputed claim terms more quickly and cost-effectively through the type of routine conferences of counsel that Central District Local Rule 7-3 requires in connection with motions. Nomadix notes that both parties are considering summary-judgment motions regarding whether Guest-Tek's devices include Nomadix's patented technology; these summary-judgment motions will likely be an efficient vehicle for focusing on the claim-construction issues that are truly in dispute.

**2. Additional comments by Guest-Tek**

Guest-Tek proposes that the Schedule of Pretrial and Trial Dates Worksheet be supplemented to provide for a claim construction phase, and specifically proposes that the claim construction procedures set forth in Section 4 of the Patent Local Rules of the Northern District of California be employed. http://www.cand.uscourts.gov/localrules/patent#CCProc. Guest-Tek further proposes that a period of 90 days be allotted for the claim construction phase, and that this period commence ninety (90) days after the deadline for Last Date to Hear Motion to Amend Pleadings/Add Parties.

**S. Other Issues**

The parties have not identified other issues for the Court to consider at this juncture.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 5, 2017  /s/ *Mark Lezama*
Douglas G. Muehlhauser
Mark Lezama
Alexander J. Martinez

Attorneys for Plaintiff
NOMADIX, INC.


BAKER & HOSTETLER LLP

Dated: June 5, 2017  /s/ *Michael R. Matthias* (with permission)
Steven J. Rocci
Michael R. Matthias
Michael J. Swope
Matthew D. Pearson
F. Lucas Paule

Attorneys for Defendant
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.