UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMADIX, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>           Defendant. | Case No.  CV 16-08033-AB (FFMx)<br><br>**[REDACTED] ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant Guest-Tek Interactive Entertainment Ltd.'s ("Guest-Tek") motion to dismiss Plaintiff Nomadix, Inc.'s ("Nomadix") First Amended Complaint ("FAC").  (Dkt. No. 40.)  Nomadix filed an opposition and Guest-Tek filed a reply.  (Dkt. Nos. 45, 46.)  The Court heard oral argument on June 5, 2017, and took the matter under submission.  (Dkt. No. 53.)  For the following reasons, the Court **DENIES** Guest-Tek's motion.

**I.     BACKGROUND**

The Court accepts as true the following allegations from Nomadix's FAC for purposes of deciding this motion.

Nomadix owns various patents related to the network devices it manufactures

1

1  and distributes.  In 2009, Nomadix sued Guest-Tek, a corporation that sells network
2  devices in the hospitality industry, for alleged infringement of seven Nomadix patents.
3  (FAC ¶¶ 6, 12.)  Guest-Tek filed counterclaims for declaratory judgment that it was
4  not infringing and that the patents at issue were invalid.  (*Id.* at ¶ 12.) ■

5  ■
6  ■
7  ■
8  ■
9  ■
10 ■
11 ■
12 ■
13 ■
14 ■
15 ■
16 ■
17 ■
18 ■
19 ■
20 ■
21 ■
22 ■
23 ■
24 ■
25 ■
26 ■
27 ■
28 ■

[Page content fully redacted]

[Page content fully redacted]

4

1  ████████████████████████████████████████████████████
2  █████████████████████████████████████████████████████████
3  █████████████████████████████████████████████████████████
4  ██████████████████████████████████████████████████████
5  █████████████████████████████████████████████████████████
6  ███████████████████████████
7  ▪ █████████████████████████████████████████████
8      ▪ ████████████████████████████████████████
9         ██████████████████████████████████████
10     ▪ █████████████████████████████████████████
11        ██████████████████████████
12 ▪ █████████████████████████████████████████████
13   ████
14     ▪ █████████████████████████████████
15     ▪ ██████████████████████████████████████████
16       ██████
17 ▪ █████████████████████████████████████████████████
18   ████████████████
19 ▪ ████████████████████████████████████ █████
20 ████████████████████████████████████████████████████████
21 ███████████████████████████████████████████████████████
22 █████████████████████████████████████████████████████████
23 ██████████████████████████████████████████████████████
24 ██████████████████████████████████████████████████████
25 █████████████████████████████████████████████████████████
26 █████████████████████████████████████████████████████████
27 ████████████████████████████████████████████████████████
28 █████████████████████████████████████████████████████████

1 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
2 ▬▬▬▬▬▬▬
3 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
4 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
5 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
6 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
7 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
8 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
9 ▬▬▬▬

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must also be "plausible on its face," allowing the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Under Rule 12, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on the motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." *Id.* at 663. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *accord Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) ("A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal quotation marks omitted).

### III. DISCUSSION

#### a. Applicable Law

As an initial matter, Guest-Tek argues the Federal Arbitration Act ("FAA") governs the interpretation of the Dispute Resolution Clause in the License Agreement, and that under the FAA, Nomadix's claims are arbitrable and should thus be submitted to arbitration. (Mot. at 7-8.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Federal Arbitration Act ("FAA") applies to "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Any arbitration agreement within the scope of the FAA "shall be valid, irrevocable, and enforceable" and a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" may file a petition in the district court for an order compelling arbitration. 9 U.S.C. § 2, 4. "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see also* 9 U.S.C. § 4 ("[U]pon being satisfied that the making of the agreement for arbitration [] is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."). Thus, "[t]he basic role for courts

under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, NA*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (quotations omitted). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostics Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs. Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (internal citation omitted). "[C]ourts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement *nor* (absent a valid provision specifically committing such disputes to an arbitrator) its enforceability or applicability to the dispute is in issue. Where a party contests either or both matters, the court must resolve the disagreement." *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 299-300 (2010) (emphasis in original) (internal citations omitted); *see also* 9 U.S.C. § 4 ("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.").

Here, the precise question is whether the signing of the 2014 MOU satisfied the arbitration provision of the Dispute Resolution Clause, or in other words, whether the parties were required to submit their disputes to arbitration at all. The parties dispute the meaning of the word "this" in the MOU and effectively agree that the interpretation of this term will answer the question of whether they were required to arbitrate prior to filing suit. The question, then, is one of contract interpretation and governed by state law.[2] *Tompkins v. 23andMe, Inc.*, No. 5:13-CV-05682-LHK, 2014 WL 2903752, at *4 (N.D. Cal. June 25, 2014), *aff'd*, 840 F.3d 1016 (9th Cir. 2016)

---

[2] Guest-Tek appears to concede the issue by extensively citing to California law to outline the "well-settled princip[les]" of contract interpretation. (*See* Reply at 5-6.)

8

1  ("The interpretation of an arbitration agreement is therefore generally a matter of state
2  law . . . unless application of state-law rules would stand as an obstacle of the
3  accomplishment of the FAA's objectives.") (citations and quotations omitted);
4  *Ticknor v. Choice Hotels Intern., Inc.*, 265 F.3d 931, 937 (9th Cir. 2001) ("[S]tate law,
5  whether of legislative or judicial origin, is applicable *if* that law arose to govern issues
6  concerning the validity, revocability, and enforceability of contracts generally.")
7  (citations omitted). "In short, as long as state law defenses concerning validity,
8  revocability and enforceability of contracts are generally applied to all contracts, and
9  not limited to arbitration clauses, federal courts may enforce them under the FAA."
10 *Id.* Indeed, the FAA would be wholly inapplicable to the disputes at hand if the
11 parties agreed they need not submit to arbitration, as Nomadix argues is the case here.

12 ████████████████████████████████████████████████████████
13 ████████████████████████████████████████████████████████
14 ████████████████████████████████████████████████████████
15 ███████████████████████████████████████

### b. Whether the 2014 MOU Discharged the Parties' Arbitration Obligation under the Dispute Resolution Clause

"The interpretation of contracts under California law involves a complex interplay of questions of fact and questions of law." *Lord Abbett Mun. Income Fund, Inc. v. Asami*, No. C 12-03694 DMR, 2012 WL 5379591, at *6 (N.D. Cal. Oct. 31, 2012) (citing *City of Santa Clara v. Watkins*, 984 F.2d 1008, 1012 (9th Cir. 1993)). "The court must first determine whether the contested terms are ambiguous," which "is a question of law to be decided by the court." *Id.* Reading the contract as a whole, if the court decides a term is ambiguous it "must leave the interpretation of the term to the trier of fact." *Id.* "A motion to dismiss cannot be granted against a complaint to enforce an ambiguous contract." *Id.* (citing *Westlands Water Dist. V. U.S. Dep't of Interior*, 850 F. Supp. 1388, 1408 (E.D. Cal. 1994). Instead, "[w]here the meaning of the words used in a contract is disputed, the trial court must provisionally receive any

1  proffered extrinsic evidence which is relevant to show whether the contract is
2  reasonably susceptible of a particular meaning." *Wolf v. Superior Court*, 114 Cal.
3  App. 4th 1343, 1350 (2004) (citation omitted).
4  [redacted]
5  [redacted]
6  [redacted]
7  [redacted]
8  [redacted]
9  [redacted]
10 [redacted]
11 [redacted]
12 [redacted]
13 [redacted]
14 [redacted]
15 [redacted]
16 [redacted]
17 [redacted]
18 [redacted]
19 [redacted]
20 [redacted]
21 [redacted]
22 [redacted]
23 [redacted]
24 [redacted]
25 [redacted]
26 [redacted]
27 [redacted]
28 [redacted]

[page content fully redacted]

1  █████████████████████████████
2  ███████████████████████████████████
3  ████████████████████████████████
4  ████████████████████████████████
5  ████████████████████████████████
6  ████████████████████████████████
7  ████████████████████████████████
8  ██████████████
9  ███████████████████████████████
10 ████████████████████████████████
11 ██████████████████████████
12 █████████████████████████████████
13 █████████████████████████████████
14 █████████████████████████████████
15 ████████████████████████████
16 █████████████████████████████████
17 ████████████████████████████████
18 █████████████████████████████████
19 █████████████████████████████████
20 ████████████████████████████████
21 ████████████████████████████████
22 ████████████████████████████████
23 ███████████████████████, the Court **DENIES** Guest-Tek's

---
[3] ████████████████████████████████
████████████████████████████████
█████████████████████████████████
█████████████████████████████████
████████████████

12

motion to dismiss on this ground.

### c. Whether the Parties' Post-Filing Conduct Excused Arbitration Under the MOU or License Agreement

[Text redacted]

1  ███████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████████
3  █████████████████████████████████████████████████████████
4  ███████████████████████████████████████████████
5  ██████████████████████████████████████████████████
6  ████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████
8  ████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████
10 ████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████
12 █████████████████████████████████████████████████████████
13 ██████████████████████████████████████████████
14 ██████████████████████████████████████████████████
15 █████████████████████████████████████████████████████████
16 ████████
17 ████████ ████████████████████████████████
18 █████████████████████████████████████████████████
19 ███████████████████████████████████████████████████
20 ███████████████████████████████████████████████████
21 ████████████████████████████████████████████████████
22 ████████████████████████████ ████████████████
23 ████████████████████████████████████████████████████
24 ████████████████████████████████████████████████████
25 █████████████████████████████████████████████████████
26 █████████████████████████████████████████████████████
27 █████████████████████████████████████████████████████
28 ██████████████████████████████████████████████████

1  ████████████████████████████████████████████████████████
2  ████████████████████████████████████████████████████████
3  ████████████████████████████████████████████████████████
4  ████████████████████████████████████████████████████████
5  ██████████████████████████████████████████████████
6  ████████████████████████████████████████████████
7  ██████████████████████████████████████████████
8  ████████████████████████████████████████████████████████
9  ██████████████████████████████████████████████████████
10     ████████████████████████████████████████████████████████
11  ████████████████████████████████████████████████████████
12  ████████████████████████████████████████████████████████
13  ████████████████████████████████████████████████████████
14  ██████████████████████████████ to the extent Guest-Tek moved for dismissal on this basis, the Court **DENIES** the motion.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Guest-Tek's motion to dismiss.

**IT IS SO ORDERED.**

Dated:  September 6, 2017

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

15