1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>GUEST-TEK INTERACTIVE<br>ENTERTAINMENT LTD.,<br><br>        Defendant. | Case No.<br>CV16-08033 AB (FFMx)<br><br>[~~PROPOSED~~]<br>**STIPULATED PROTECTIVE<br>ORDER** |

**1.  STATEMENT OF GOOD CAUSE**

The parties agree that disclosure and discovery activities in this action are likely to involve production of highly sensitive financial or business information or proprietary information that has not been disseminated to the public at large, that is not readily discoverable by competitors and that has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure would be warranted. Such information likely will include, among other things, sensitive contracts, product information, product-design and development materials, engineering materials, marketing and sales information, purchase orders, invoices, distributor information, and customer information relating to network gateway devices and high-speed Internet access services.

Each party wishes to ensure that such confidential information shall not be made public by the other party beyond the extent necessary for purposes of this action. The parties therefore seek to facilitate the production and protection of such information. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Protective Order does not itself entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Good cause exists to enter the instant Protective Order to protect such confidential information from public disclosure. The confidential information includes information that could be used by actual or potential competitors to gain a competitive advantage in the marketplace.

/ / /

Accordingly, based upon the parties' agreement and for good cause shown, it is hereby ordered that whenever in the course of these proceedings any party or nonparty has occasion to disclose information deemed in good faith to constitute confidential information, the parties and any such nonparty shall employ the procedures set forth below.

**2. DEFINITIONS**

2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

///

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys or legal agents who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and who are bound by orders of this Court.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to occur when all claims in this action are disposed of through (1) dismissal, with or without prejudice, (2) final judgment (after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law), or (3) some combination thereof.

## 5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, including documents produced in accordance with paragraphs 1 and 2 of the Parties' Stipulated Discovery Order—but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) <u>for testimony given in deposition</u>, that either (i) the Designating Party identify on the record, before the close of the deposition, all testimony or exhibits containing Protected Material and specify the level of protection being asserted, or (ii) the Designating Party provide written notice to the reporter and all counsel of record, of any portion of the deposition transcript or exhibits containing Protected Material, and the level of protection being asserted, no later than twenty (20) business days after the Designating Party receives written notice that a final transcript is available for review, in which case all counsel receiving such notice from the Designating Party shall be responsible for marking the corresponding materials in their possession or control as directed by the Designating Party. If

deposition testimony is designated pursuant to this subsection (b)(ii), one of the following legends, some combination thereof, or a legend substantially similar to the same shall be placed on the front of any transcript or recording of such deposition:

> Contains CONFIDENTIAL Information or Items. Designated parts not to be used, copied or disclosed except as authorized by court order or the party or parties whose CONFIDENTIAL Information or Items is included.

or

> Contains HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items. Designated parts not to be used, copied or disclosed except as authorized by court order or the party or parties whose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items is included.

Regardless of whether testimony or exhibits have been identified as Protected Material in accordance with subsection (b)(i) hereof, from the time of any deposition through the end of twenty-one (21) business days after a final transcript of the deposition is made available by a reporter, the deposition (including exhibits) and any transcript or recording thereof shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material. At the end of the twenty-one (21) business days, the deposition (including exhibits) and any transcript or recording thereof shall be treated as public information (with no confidentiality designation) except to the extent designated pursuant to subsection (b)(ii) hereof.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If a Producing Party corrects an inadvertent failure to designate qualified information or items within a reasonable amount of time from discovery of the inadvertent disclosures, that failure to designate does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. To correct the designation, the Producing Party must provide the Receiving Party with written notice of the error and substituted, correctly designated copies of the inadvertently produced Disclosure or Discovery Material, including an appropriate Concordance overlay indicating the corrected designations. Any Receiving Party provided with such notice shall make reasonable efforts to retrieve and destroy all copies of the incorrectly designated Disclosure or Discovery Material, including copies disclosed or provided to others, as well as any notes or other materials relating to the incorrectly designated Disclosure or Discovery Material that this Protective Order would not have permitted had the Disclosure or Discovery Material been

correctly designated. The Receiving Party will not have violated, and will not be liable under, this Protective Order by relying on the incorrect designation (including the absence of any designation), including by, before receiving written notice of the error, disclosing the Disclosure or Discovery Material or any information contained therein consistent with this Protective Order and the incorrect designation.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes

that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall serve its portion of a joint stipulation under Civil Local Rule 37-2 on a motion to retain confidentiality. The Designating Party must serve its portion of the joint stipulation within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later; failure by the Designating Party to comply with this deadline shall automatically waive the confidentiality designation for each challenged designation, in which case the new designation will coincide with the Challenging Party's position.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to serve its portion of a joint stipulation as described above and then reasonably promptly filing its motion in accordance with Local Rule 37-2, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge or the Designating Party revokes the designation.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. But nothing in this Protective Order prevents a Receiving Party from relying on its knowledge, awareness, and memories of Protected Material produced in this case in other litigation—for example, as a basis for requesting production of documents

in a different litigation—though the Order may require the Receiving Party to follow procedures in the other litigation to protect the Protected Material (see, e.g., section 8). A Receiving Party may disclose Protected Material only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Receiving Party shall maintain the Protected Material in a secure and safe area and shall exercise at least the same standard of due and proper care with respect to the storage, custody, use, and dissemination of such information as is exercised by the Receiving Party with respect to its own proprietary information.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. A Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a)     Any Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

      (b)     One (1) House Counsel of the Receiving Party and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)     Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and as to whom the procedures of section 7.4 have been followed;

      (d)     the Court and its personnel;

      (e)     court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f)     jury or trial consultants and mock jurors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as long as such consultant or mock juror is not an officer, director, employee, or House Counsel of the Receiving Party;

(g)     the Producing Party, including any person affiliated with the Producing Party for purposes of this litigation (such as experts and designees under Federal Rule of Civil Procedure 30(b)(6));

(h)     authors, actual recipients, and named recipients (as expressly identified on the face of such Protected Material) of such Protected Material, even if such authors or recipients are not currently employed by any Party; but if such authors or recipients are not currently employed by any Party, the Receiving Party must not provide them with their own copies of such Protected Material—authors or recipients not currently employed by any Party may only review such Protected Material without retaining it; and

(i)     any other person (i) agreed to by the Producing Party in writing or (ii) authorized by the Court in an order subsequent to this Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. A Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the persons identified in sections 7.2(a) and 7.2(c)–(i).

7.4     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a)     Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an

Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert, (2) sets forth the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies any past or present employment or consulting or litigation-related (such as acting as an expert witness) relationship, or a relationship by which the Expert has otherwise provided professional services, with any Party, any related company, or any company whose business relates to computer technologies, as well as an identification of the subject matter of any work performed in the course of such relationship, and (6) identifies (by name and number of the case, filing date, and location of court if applicable) a description of the expert or consultant's employment and consulting during the preceding four years, including an identification of the subject matter of any work performed in the course of such employment or consulting and, unless the employment or consulting was confidential, the name of each person or entity who employed or used the services of the Expert.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraph may disclose Protected Material for which it is a Receiving Party to the identified Expert unless, within 14 days of delivering the request, the Receiving Party receives a written objection from

the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c)     A Designating Party that makes a timely written objection must meet and confer with the Receiving Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Designating Party must serve its portion of a Local Rule 37-2 joint stipulation on a motion to prohibit the proposed disclosure within fourteen days of the Designating Party's original written objection. Absent good cause (such as the discovery of new information about the Expert's employment relationships) failure to comply with this deadline will result in the Designating Party waiving its objection to the Expert.

(d)     In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

(e)     If the Designating Party serves its portion of the joint stipulation in accordance with section 7.4(c) and proceeds to reasonably promptly file its motion in accordance with Local Rule 37-2, the Receiving Party may not disclose Protected Material to the person objected to until, and only to the extent to which, (i) the Receiving Party and Designating Party resolve their dispute as memorialized in writing or (ii) the Court denies the Designating Party's motion.

7.5     If Protected Material is to be disclosed during a deposition, any persons present at the deposition who are not authorized to receive such Protected

Material under this Protective Order shall be asked to leave the deposition during the testimony concerning such Protected Material.

7.6     Notwithstanding the foregoing, if Protected Material makes reference to the actual or alleged conduct or statements of a person who will be a witness, counsel for the Receiving Party may discuss the conduct or statements with the witness without revealing any other portion of the Protected Material, and that discussion shall not constitute disclosure in violation of this Protective Order.

**8.     PROTECTED     MATERIAL     SUBPOENAED     OR     ORDERED     PRODUCED IN OTHER LITIGATION**

8.1     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party.

9.3    If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive

to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. EXEMPTIONS

Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced in this action. But in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose the contents of Protected Material produced by any other Producing Party except as otherwise permitted by this Protective Order.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or precludes any

/ / /

12.2    Producing Party from seeking additional protection of information, including, for example, an order that certain matters may not be discovered at all.

12.3    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.4    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.5    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

12.6    <u>No Effect on the Scope of Discovery</u>. This Protective Order does not alter the scope of discovery permitted under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Nor does this Protective Order relieve any Producing Party of the obligation of producing information in the course of discovery.

/ / /

/ / /

/ / /

**13.     FINAL DISPOSITION**

13.1    Within 60 days after the final disposition of this action, as defined in section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that, to the best of the Receiving Party's knowledge, all Protected Material it received from the Producing Party, except as specifically identified in section 13.2, has been returned or destroyed.

13.2    Notwithstanding section 13.1: Outside Counsel for a Party are entitled to retain electronic copies and a single archival paper copy of any of the following kinds of Disclosure or Discovery Material containing Protected Material: papers served or filed in this action (including pleadings, motion papers, and discovery papers such as expert reports); trial, deposition, and hearing transcripts; legal memoranda; correspondence; hearing, deposition, and trial exhibits and demonstratives; attorney work product; and consultant and expert work product. Any such copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section 4 (DURATION). House Counsel is similarly entitled to retain electronic copies and a single archival paper copy of the same kinds of Disclosure or Discovery Material containing Protected Material, assuming such House Counsel was authorized to receive such Protected Material under this Protective Order. To comply with section 13.1, Outside Counsel need

/ / /

/ / /

/ / /

/ / /

not purge their document-management systems or archives. House Counsel shall make a good-faith effort to purge their document-management systems or archives of Protected Material within two (2) years of final disposition of this action.

**IT IS SO ORDERED.**

Dated:  September 8, 2017                    _____/S/ FREDERICK F. MUMM___
                                            Honorable Frederick F. Mumm
                                            United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or

type full address], declare under penalty of perjury that I have read in its entirety

and understand the Stipulated Protective Order that was issued on

_____ [date] by the United States District Court for the Central

District of California in the case of *Nomadix, Inc. v. Guest-Tek Interactive

Entertainment Ltd.*, Case No. CV16-08033 AB (FFMx). I agree to comply with

and to be bound by all the terms of this Stipulated Protective Order, and I

understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.


_____          _____
Date                                     Signature