Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alexander J. Martinez (SBN 293925)
alex.martinez@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant. | Case No. <br> CV16-08033 AB (FFMx) <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF NOMADIX'S MOTION TO COMPEL GUEST-TEK TO RESPOND TO NOMADIX'S INTERROGATORIES 1–3** <br><br> HEARING: <br> October 17, 2017 <br> 10:00 a.m. <br> Courtroom 580 <br><br> Fact Discovery Cutoff: May 31, 2018 <br> Pretrial Conference: Nov. 5, 2018 <br> Trial: Dec. 4, 2018 <br><br> Honorable Frederick F. Mumm |

Guest-Tek wrongly asserts the motion to compel is premature. Guest-Tek did not meaningfully respond to Nomadix's interrogatories, refused to commit to supplementing, then promised to supplement only after Nomadix served its joint stipulation for this motion, and even then failed to describe the supplemental information it would provide. The supplemental response that Guest-Tek eventually provided does not cure the deficiencies discussed in the joint stipulation. Guest-Tek attempts to avoid answering interrogatories 1 and 2 based on Nomadix's request for answers in Excel format; but Nomadix is entitled to the information it has requested, regardless of the form in which Guest-Tek provides it. Guest-Tek argues it need not answer interrogatory 3 because Nomadix bears the burden of proof; but Guest-Tek cannot withhold its contentions in discovery based on the parties' burdens at trial.

A.   **This motion to compel is necessary and timely**

This motion to compel is not premature. Nomadix filed its complaint nearly a year ago, discovery has been ongoing for four months, and Judge Birotte has set a date by which all discovery must be completed. Nomadix needs answers to its interrogatories to advance this case. Guest-Tek took 30 days to respond to the interrogatories, only to provide no meaningful information. During the conference of counsel on September 12, Guest-Tek merely stated it would reconsider its responses after answering the Complaint; it specifically did *not* commit to supplementing its responses. (Lezama Decl. ¶ 2; Ex. 4.) Not until its portion of the joint stipulation was due did Guest-Tek state it would provide "much of the information requested by Interrogatory No. 1, and a supplemental response to [Nomadix's] interrogatories." (Ex. E.) But Guest-Tek still failed to describe what responsive information it planned to provide or which interrogatory or interrogatories it would supplement. Given Guest-Tek's failure to meaningfully respond to Nomadix's interrogatories, its initial refusal to commit to

supplementing its responses, and its later failure to describe the supplemental information it would provide, Nomadix was not obligated to agree to further delay.

Guest-Tek's incomplete supplementation after Nomadix filed its motion establishes not that the motion was premature, but that Guest-Tek's delay has been inappropriate. After giving an opportunity to be heard, the court must award the moving party its reasonable expenses "if the disclosure or requested discovery is provided after the motion [to compel] was filed." Fed. R. Civ. P. 37(a)(5)(A). Indeed, courts in this district have awarded sanctions in similar situations. *See, e.g.*, *Mood v. City of Costa Mesa*, No. SACV 15-1154, 2017 WL 2125741 at *11 (C.D. Cal. May 16, 2017) (awarding expenses where opposing counsel provided complete supplemental responses only after the motion was filed); *Advanced Visual Image Design, LLC v. Exist, Inc.*, No. EDCV 14-2525, 2015 WL 4934178 at *8 (C.D. Cal. Aug. 18, 2015) (similar).

Guest-Tek's assertion that Nomadix provided inadequate time for Guest-Tek to provide its portion of the joint stipulation is also baseless. Nomadix served its portion of the joint stipulation on the night of Monday, September 18. Guest-Tek waited until the afternoon of Wednesday, September 20, to e-mail Nomadix with an extension request. (Pearson Decl. Ex. G at 2.) Guest-Tek provided no reason it needed an extension and simply repeated its position from the conference of counsel that it only *might* supplement after answering the Complaint. (*Id.*)

**B.    Guest-Tek's failure to respond to interrogatories 1 and 2 is not excused**

Guest-Tek has not supplemented its responses to interrogatories 1 and 2, nor has it committed to doing so. On September 29, after Nomadix moved to compel, Guest-Tek did produce a new spreadsheet, but Guest-Tek's responses to interrogatories 1 and 2 do not refer to this spreadsheet or otherwise explain it. To the extent Guest-Tek plans to rely on this spreadsheet for its interrogatory responses, Guest-Tek must answer the interrogatories in writing under oath, specifically identifying the spreadsheet and explaining what responsive

information can be found in the spreadsheet and where it can be found. Fed. R. Civ. P. 33(b)(3), 33(d). Guest-Tek cannot rely on the spreadsheet alone, as the spreadsheet does not provide all information requested in the interrogatories: it (1) fails to list at least hundreds of Customer Properties, (2) fails to specify software version numbers or Bates numbers of software produced in this litigation, (3) fails to address all Guest-Tek Products, and (4) fails to state the contentions that interrogatory 2 requests, including the amount Guest-Tek contends it has paid for each property and whether specific contractual provisions apply.

Guest-Tek objects to answering interrogatories 1 and 2 in the form of a spreadsheet. (Joint Stip. at 20, 30.) Regardless of the form in which Guest-Tek provides its contentions, Nomadix is entitled to notice of each basis Guest-Tek will rely on to contend that a property is subject to reduced or no royalties in a given quarter.

In its portion of the joint stipulation, Guest-Tek suggests that its only basis for paying reduced or no royalties on Customer Properties is that it allegedly designed around Nomadix's patents. (*See* Joint Stip. at 30–32.) Guest-Tek also states it "does not expect to take differing positions as between hotels running the same software." (*Id.* at 32.) To the extent Guest-Tek's contentions are uniform across license quarters, properties, products, and versions, Nomadix will accept a prose response to the portion of interrogatory 2 that seeks Guest-Tek's contentions on the applicability of specific contractual provisions. But Nomadix still needs to understand which of the over 65 versions of software each property used in each quarter, which rows in Guest-Tek's quarterly reports (if any) the property appears in, and how much Guest-Tek contends it has paid for each property in each quarter.

**C.  Guest-Tek's response to interrogatory 3 remains inadequate**

Interrogatory 3 asks Guest-Tek to state whether each of its products triggers royalties or royalty reductions and to explain its basis for those contentions, including any contentions that its products avoid Nomadix's patents. With respect

to OneView, Guest-Tek requested Nomadix's similar contentions and received them more than a month ago, on August 30. Guest-Tek's original response to this interrogatory failed to provide any of the requested contentions. On September 29, after the parties filed the joint stipulation, Guest-Tek supplemented its response to interrogatory 3 for OneView. (See Exhibit 12 attached here.) But this new response does not provide Guest-Tek's contentions. Instead, it states in conclusory fashion that Guest-Tek "changed certain sections of code" for OneView and "OneView version 6.x.x." and cites affected patent families and source code files. This response contains no discussion of patent claim language. It therefore provides no indication why Guest-Tek contends Nomadix's patents do not read on OneView. In its supplemental response, Guest-Tek appears to point to files that have been removed or changed. But it does not explain how those changes address Nomadix's contentions; nor does Guest-Tek even explain how those changes affect any one version of code. As Guest-Tek has provided over 50 versions of One-View 6, Guest-Tek's response is meaningless. Further, Guest-Tek does not tie these changes to any properties or license quarters, so Nomadix is unable to tie any of the changes in code to the License Agreement at issue in this case. Accordingly, the supplemental information Guest-Tek provides for OneView does not cure the deficiencies that necessitate this motion to compel.

Guest-Tek's supplemental response fails address HEP, GTC, or RendezView. Guest-Tek blames Nomadix for its failure to respond, claiming that it "cannot address" this interrogatory until Nomadix identifies the patents and claims that cover HEPs and RendezView. (Joint Stip. at 39.) But in its quarterly reports under the License Agreement, Guest-Tek identifies HEP, GTC, and RendezView properties as royalty-bearing, so it is unclear why Nomadix must identify specific patent claims. For example, Guest-Tek has previously reported that it owed full royalties for HEP properties. (*E.g.*, Ex. 6.22.) This signaled that Guest-Tek did not dispute that HEPs practice Nomadix's patents. But Nomadix believes that Guest-

Tek has not paid royalties on all HEP properties, and Nomadix is entitled to understand why Guest-Tek paid royalties on some HEP properties but not others. And if patent coverage is not in dispute, there is no reason Guest-Tek needs Nomadix's patent contentions on HEPs to answer this question. The same questions arise for GTC and RendezView properties.

Nomadix is entitled to know whether patent coverage of HEPs, GTC, and RendezView is at issue. Nomadix is also entitled to know Guest-Tek's reasons it asserts its products do not bear royalties. Not only is this information required in discovery, but this is information Guest-Tek is obligated to provide under the terms of the License Agreement. Thus, if Guest-Tek contends that a version or model of HEP, GTC, or RendezView does not practice Nomadix's patents, Guest-Tek must support its position.

Regardless of which party bears the burden of proof, and regardless of whether its expert will opine on the scope of Nomadix's patents, Guest-Tek must provide its contentions now. *See Amgen Inc. v. Sandoz Inc.*, No. 14-CV-04741-RS (MEJ), 2017 WL 1352052 (N.D. Cal. Apr. 13, 2017) (ordering a patentee to respond to an interrogatory seeking its validity contentions over the patentee's objections that the interrogatory shifts the burden of proof with respect to validity and seeks information that is properly within the scope of expert discovery).

## CONCLUSION

For the reasons above and in the joint stipulation, the Court should grant Plaintiff's motion and order Guest-Tek to supplement its responses to Nomadix's interrogatories 1–3. Pursuant to Rule 37, Nomadix requests that the Court direct Guest-Tek or its attorneys to pay Nomadix's attorneys' fees and other reasonable expenses incurred in making this motion. Fed. R. Civ. P. 37(a)(5)(A).

                    Respectfully submitted,

                    KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: October 3, 2017    /s/ *Mark Lezama*

                    Douglas G. Muehlhauser
                    Mark Lezama
                    Alexander J. Martinez

                    Attorneys for Plaintiff
                    NOMADIX, INC.

26802486