1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| NOMADIX, INC., | Case No. CV 16-08033-AB (FFMx) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART NOMADIX'S MOTION TO DISMISS COUNTERCLAIMS AND STRIKE DEFENSES [Dkt. No. 133]** |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | |
| Defendant. | |

## I.    INTRODUCTION

Currently pending before the Court is Plaintiff Nomadix's ("Nomadix") Motion to Dismiss Counterclaims and Strike Defenses.  (Dkt. No. 133.)  Defendant Guest-Tek Interactive Entertainment LTD ("Guest-Tek") filed an Opposition, (Dkt. No. 140), and Nomadix replied, (Dkt. No. 146).  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for decision without oral argument of counsel.  The hearing set for December 1, 2017, is hereby **VACATED**.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15.  For the following reasons, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.   BACKGROUND

The Court briefly notes the relevant background, as the facts of this case are familiar to the parties.  Nomadix owns various patents related to the network devices it manufactures and distributes.  In 2009, Nomadix sued Guest-Tek, a corporation that sells network devices in the hospitality industry, for alleged infringement of seven Nomadix patents.  (Dkt. No. 32 ("FAC") ¶¶ 6, 12.)  The parties settled this suit in December 2010 and entered into a licensing agreement ("License Agreement") as part of the settlement.  (*Id.* at ¶ 13; Dkt. No. 126-2, Ex. 1 ("License Agreement")[1].)  The License Agreement provided that ████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████ ██████████████████████████████████████████ ███████████████████████████  (*Id.* at ¶ 15.)

Nomadix brought the instant suit for breach of contract in October 2016.  (*See* Dkt. No. 1.)  Nomadix contends Guest-Tek breached the License Agreement in the following ways: █████████████████████████████ ████████████████████████████████████████ ██████████████████████████████████ ██████████████████████████████ ████████████████████████████████████████ ███████████████████████████████ ████████████████████████████████████ ████████████████████████████████████

---

[1]  The Court may consider the License Agreement, and the subsequently cited Memorandum of Understanding, based on Guest-Tek's allegations concerning these documents.  Guest-Tek refers to the contents of these documents in its answer and counterclaims, and also attaches them as exhibits.  (*See* Dkt. Nos. 125-2, 126-2.)  *See Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012) (noting that courts may take into account documents whose contents are alleged in a complaint and whose authenticity no party questions).

████████████████████████████████████

Nomadix claims it has requested this information every quarter since the third quarter of 2012, and that Guest-Tek failed to provide the requested information since the first quarter of 2014.  (*Id.*)

## III.  LEGAL STANDARD

### a. Motion to Dismiss

Federal Rule of Civil Procedure ("Rule") 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Under Rule 12, a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When ruling on the motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009).

The court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged

the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).  The court may also take judicial notice of undisputed facts that are contained in extrinsic materials. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689–90.

### b. Motion to Strike

Rule 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "To show that a defense is 'insufficient,' the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002).  To be immaterial or impertinent, the challenged material must have "no possible bearing on the controversy." *Employers Ins. v. Musick, Peeler & Garret*, 871 F. Supp. 381, 391 (S.D. Cal. 1994).

In considering a motion to strike, the court views the pleadings in the light most favorable to the non-moving party. *See In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).  Thus, in determining whether to grant a motion to strike a defense, "a district court . . . resolves any doubt as to the . . . sufficiency of a defense in defendant's favor." *Mag Instrument, Inc. v. JS Products, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) (citing *Cal. Dep't of Toxic Substances*, 217 F. Supp. 2d at 1033).  Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517 (1994).

While motions to strike are generally regarded with disfavor, "where [a] motion [to strike] may have the effect of making the trial of the action less complicated, or

1  have the effect of otherwise streamlining the ultimate resolution of the action, the
2  motion to strike will be well taken." *California v. United States*, 512 F. Supp. 36, 38
3  (N.D. Cal. 1981).  This is because the purpose of Rule 12(f) is "to avoid the
4  expenditure of time and money that must arise from litigating spurious issues by
5  disposing of those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618
6  F.3d 970, 973 (9th Cir. 2010) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d
7  880, 885 (9th Cir. 1983)).  Thus, courts have found motions to strike to be proper even
8  when their only purpose is to make the issues less complicated.  *See Ganley v. Cnty. of*
9  *San Mateo*, No. C06-3923 THE, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007).

10  ## IV.   DISCUSSION

11  ### A. Motion To Dismiss Counterclaims and Defenses

12  Nomadix asks the Court to dismiss Guest-Tek's first and second counterclaims
13  and corresponding affirmative defenses.  (Mot. at 9.)  The Court will address each
14  counterclaim in turn.

15  #### 1.  First Counterclaim: Breach of License Agreement

16  Guest-Tek's alleges in its first counterclaim that Nomadix breached the License
17  Agreement by ███████████████████████████████████████
18  █████████████████████████████████████████████
19  ███████████████████████████████████████████
20  █████████████████████████████  (Ans. ¶¶ 9–43.)

21  Nomadix first argues that this counterclaim must be dismissed because Guest-
22  Tek failed to allege ██████████████████████████████████████.
23  (Mot. at 10–12.) █████████████████████████████████
24  ██████████████████████████████████████████
25  ████████████████  Citing *City and County of San Francisco v. Tutor-Saliba Corp.*,
26  Guest-Tek contends that its allegations are sufficient because it need not plead
27  conditions precedent.  No. C 02-5286 CW, 2005 WL 645389, at *19 (N.D. Cal. Mar.
28

17, 2005).  (Opp'n at 12.)

Under Rule 9(c), "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."  *See also Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 647 (E.D.N.Y. 2012) (even in the wake of *Iqbal*, "[w]ith regard to contract claims in particular, Rule 9(c) of the Federal Rules of Civil Procedure provides that '[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred'").  This is a liberal pleading standard.  *See Kiernan v. Zurich Cos.*, 150 F.3d 1120, 1124 (9th Cir. 1998) ("[A]lthough Kiernan did not specifically allege that he signed a waiver, he did claim that the parasailing accident occurred 'while the policy was in full force and effect.'  For the policy to be in 'full force and effect,' Kiernan must have satisfied all of the conditions precedent.  This general statement is an adequate averment under the loose guidelines of Rule 9(c)."); *see also Metra Indus., Inc. v. Rivanna Water & Sewer Auth., Inc.*, No. 3:12cv00049, 2013 WL 596064, *3 (W.D. Va. Feb. 15, 2013) ("[The complaint] affirmatively states that '[a]ny and all applicable and enforceable conditions precedent under [Contracts A and B] and applicable law to . . . commencing this action have occurred or been performed.'  The court is convinced that such allegations are sufficient to satisfy Rule 9(c)'s liberal pleading standard and, thus, withstand a motion to dismiss"); *Sviridyuk v. BAC Home Loan Servicing, LP*, No. 3:11–cv–01107–SI, 2012 WL 174791, *3 (D. Or. Jan. 20, 2012) ("Defendants argue that Plaintiff's allegation that she 'performed all conditions precedent to Defendant BAC's obligations under the agreement,' is conclusory and should be disregarded.  Rule 9(c), however, permits parties to plead conditions precedent generally."); *Cummins Law Office, P.A. v. Norman Graphic Printing Co. Ltd.*, 826 F. Supp. 2d 1127, 1129 (D. Minn. 2011) ("[T]he Federal Rules of Civil Procedure expressly permit generalized pleading of compliance with conditions

precedent . . . .  And here, Cummins has alleged that '[a]ny conditions precedent to [its] right to demand performance by [Norman] have been performed.'  This will suffice.") (internal citations omitted).

Here, Guest-Tek has failed to plead, even generally, ██████████████ ██████████████  Moreover, the Court is unable to infer from any of Guest-Tek's other allegations that ████████████████████████.  Thus, the Court **DISMISSES** the first counterclaim with leave to amend.

While the Court need not address Nomadix's other arguments relating to this counterclaim in detail, it does note a few important points.  First, the level of detail Nomadix argues for is generally not required under the liberal pleading standard of *Iqbal* and *Twombly*.  *See Iqbal*, 556 U.S. at 678 (noting the "pleading standard Rule 8 announces does not require 'detailed factual allegations'" and allegations are sufficient where the claimant plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").  Specifically, the Court is unpersuaded by Nomadix's arguments ████████████ ████████████████████████████████████████████ ████████████████████████████████  These allegations are sufficient to put Nomadix on notice of Guest-Tek's claims, and provide enough facts to support the contention that Nomadix is responsible for the acts alleged.

Second, based on the Court's prior ruling, Guest-Tek's allegations relating █ ████████████████████████████████  (*See* Ans. ¶¶ 32–41.) As the parties are aware, this Court denied Guest-Tek's motion to compel arbitration on October 17, 2017.  (*See* Dkt. No. 116.)  In that motion, Guest-Tek sought to compel arbitration on *all* of Nomadix's claims—no distinction was made between claims that arose prior to the 2014 mediation and those arising thereafter.  (*See generally* Dkt. No. 93.)

Under [the law of the case] doctrine, a court should not reopen issues decided in

earlier stages of the same litigation." *Agostini v. Felton*, 521 U.S. 203, 236 (1997) (citing *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)).  "The law of the case doctrine . . . posits that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 925 (9th Cir. 2009) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983*)).  See also United States v. Almazan-Becerra*, 537 F.3d 1094, 1096–97 (9th Cir. 2008) ("Under the law of the case doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.")  For the doctrine to apply, "the issue in question must have been decided explicitly or by necessary implication in [the] previous disposition." *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990) (internal quotation marks omitted).  This rule promotes finality, and thus, the discretion of a court to revisit issues previously decided should be exercised sparingly. *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 833–34 (9th Cir. 1982).

    In its prior Order, the Court held that Nomadix was not required to submit the instant claims to arbitration.  Guest-Tek's contention that Nomadix failed to arbitrate these claims, (*see* Ans. ¶¶ 32–36), raises the same argument as was decided in that Order, and is thus improper based on the law of the case.  Further, any distinction between claims arising before and after the 2014 mediation does not circumvent the prior holding.  Nomadix's Complaint includes claims arising after the 2014 mediation, so the Court's decision that Nomadix was not required to submit *its claims* to arbitration necessarily includes these post-2014 mediation claims.  Under the law of the case doctrine, "a party cannot offer up successively different legal or factual theories that could have been presented in a prior request for review." *USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F.3d 1276, 1283–84 (9th Cir. 1994).  Accordingly, the Court **STRIKES** paragraphs 32 through 41 of Guest-Tek's first counterclaim.

## 2.  Affirmative Defenses 10, 17, and 20

Next, Nomadix contends that Guest-Tek's tenth, seventeenth, and twentieth affirmative defenses fail for the same reasons as its first counterclaim.  The Court considers each defense in turn.

Guest-Tek's tenth affirmative defense is breach of contract.  (Ans. at 12.) Guest-Tek relies on the same alleged breaches here as it does in its first counterclaim. Nomadix argues that this is not a proper defense because the parties' obligations were independent, such that breach by one party does not excuse performance by the other. (Mot. at 19–20.)  Whether one party's breach excuses another party's breach turns on whether the two obligations are dependent.  *See Verdier v. Verdier*, 133 Cal. App. 2d 3254, 334 (Ct. App. 1955).  If the obligations are independent, breach of one does not excuse performance of the other.  *Kaupke v. Lemoore Canal & Irrigation Co.*, 20 Cal. App. 2d 554, 559 (Ct. App. 1937).  "Where the covenants of the respective parties are to be performed at different times they are held to be independent and the breach by one party of his covenant does not excuse the performance by the other of his covenant or relieve him of liability for damages for a breach thereof."  *Fresno Canal & Irrigation Co. v. Perrin*, 170 Cal. 411, 416 (1915).  Nomadix claims that the obligations under the License Agreement are independent because they are to be performed at different times.  Thus, Nomadix asserts that affirmative defense ten is improper.

Guest-Tek contends that it is not attempting to excuse its alleged breach through Nomadix's alleged breach.  (Opp'n at 22.)  Instead, it argues the defense is proper because Nomadix's breach "directly affects its entitlement" to both of the types of relief sought.  (*Id.*)  This argument is unpersuasive.  A defense is proper if it will deny Plaintiff's right to recover, even if all the allegations in the complaint are true. *See Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987).  Because their obligations under the License Agreement were independent,

9.

Nomadix's alleged breach will have no effect on its claims against Guest-Tek. Accordingly, the Court **STRIKES** affirmative defense 10.

As to defenses seventeen and twenty, both are based on Nomadix's alleged failure to participate in mediation and arbitration prior to bringing this suit. (Ans. at 15–16.) As analyzed above, any reliance on Nomadix's alleged failure to mediate or arbitrate is improper based on the law of the case**.** Thus, the Court **STRIKES** affirmative defenses seventeen and twenty.

### 3. Second Counterclaim for Breach of Memorandum of Understanding ("MOU")

Guest-Tek's second counterclaim alleges breach of the parties' Memorandum of Understanding ("MOU"). (Ans. ¶¶ 44–50.) According to Guest-Tek, the MOU "provided that the arbitration provision of Section 7.2 would be satisfied if, within twelve (12) months of the April 14, 2014 mediation, the parties retained a mutually agreeable expert to evaluate Guest-Tek's systems and services." (*Id.* at ¶ 46.) Guest-Tek contends that Nomadix failed to cooperate in retaining an expert during the twelve-month period and thus breached the MOU. (*Id.* ¶¶47–49.)

Nomadix asserts that "Guest-Tek fails to plead any facts showing it demanded that the parties retain an expert or that Nomadix actually refused that demand." (Mot. at 20.) Moreover, Nomadix contends that Guest-Tek fails to plead facts showing it suffered any damages proximately caused by this alleged breach. (*Id.*) The Court is unpersuaded by Nomadix's first argument: there is no evidence that Guest-Tek was required to demand Nomadix comply with the MOU. However, the Court does take issue with Guest-Tek's allegations regarding its damages. Guest-Tek merely states that as a result of Nomadix's breach of the MOU, it suffered damages. (Ans. ¶ 50.) This conclusory statement does not allege facts sufficient to show what damages Guest-Tek suffered as a result of Nomadix's alleged breach. Even if the Court were to consider the arguments presented in Guest-Tek's opposition, it would not be

convinced.  Guest-Tek contends that it was forced to incur attorneys' fees and costs as a result of Nomadix's failure to cooperate in retaining an expert.  (Opp'n at 24.)  However, the License Agreement provides that the required arbitration is nonbinding. (License Agreement § 7.2.)  Thus, even if the parties complied with the MOU, Guest-Tek may still have faced litigation, attorneys' fees, and costs.

Accordingly, Guest-Tek fails to allege facts sufficient to show that it suffered damages proximately caused by Nomadix's alleged refusal to cooperate in retaining an expert.  Guest-Tek's second counterclaim is **DISMISSED with leave to amend.**

### 4.  Affirmative Defense 19

Nomadix also argues that the Court should dismiss affirmative defense nineteen for the same reasons as Guest-Tek's second counterclaim.  (Mot. at 21.)  Nomadix also asserts that its alleged breach of the MOU is not a defense to Guest-Tek's breach of the License Agreement.  (*Id.*)

This defense fails for the same reason as Guest-Tek's tenth affirmative defense, as explained above.  The obligations under these two contracts are independent; one party's breach of one obligation does not excuse the other party from performance of its obligations.  To be specific: ███████████████████████

████████████████████████████████████████████

███████████████   Accordingly, affirmative defense nineteen is **STRICKEN.**

### B. Motion to Strike Affirmative Defenses

Nomadix moves to strike additional affirmative defenses on the grounds that they fail as a matter of law or are not cognizable as defenses.  (Dkt. No. 133 ("Mot.") at 4.)  Specifically, Nomadix claims that affirmative defenses 12 and 16 are barred by the License Agreement, and defenses 15 and 18 are not cognizable under the instant facts.  (Mot. at 4–9.)  Nomadix also asserts that Guest-Tek's attempt to reserve additional defenses is not an affirmative defense.  (*Id.* at 9.)

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie

1  case, which deny plaintiff's right to recover, even if the allegations of the complaint

2  are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D.

3  Cal. 1987).  "A defense is an affirmative defense if it will defeat the plaintiff's claim

4  even where the plaintiff has stated a prima facie case for recovery under the applicable

5  law." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005).  "A defense which

6  demonstrates that plaintiff has not met its burden of proof is not an affirmative

7  defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).  The

8  Court considers each challenged defense in turn.

### 1. Affirmative Defenses 12 and 16

Affirmative defenses twelve and sixteen raise defenses of



The Court finds that Nomadix has failed to show that no questions of fact exist

with respect to this defense, and a set of circumstances may exist where the defense would succeed.  *See Cal. Dep't Toxic Substances Control*, 217 F. Supp. 2d at 1032. The parties dispute whether ███████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████  Thus, the Court **DENIES** Nomadix's request to strike defenses twelve and sixteen.

### 2.  Affirmative Defense 15

In affirmative defense fifteen, Guest-Tek asserts that Nomadix's claims are barred "by virtue[] of Guest-Tek's royalty and/or license fee payments."  (Ans. at 14.) Nomadix claims this defense "makes no sense"—the basis of this suit is Nomadix's contention that Guest-Tek did not fully pay the amounts owed under the License Agreement.  Further, Nomadix claims that patent exhaustion cannot apply in this case because the claim is for breach of contract, not patent infringement.  (Mot. at 6–7.)  In its Opposition, Guest-Tek argues that patent exhaustion can be a defense to breach of contract, and that since there are scenarios in which Nomadix's rights would be exhausted, it is entitled to plead this defense.  (Opp'n at 8.)

In *Quanta Computer, Inc. v. L.G. Electrics, Inc.*, a patent infringement case, the Supreme Court noted in a footnote that an authorized sale to the alleged infringer does not necessarily limit the patent holder's other contractual rights.  553 U.S. 617, 637 n.7 (2008).  However, some lower courts have held that patent exhaustion may still be a defense to breach of contract.  *See MPEG LA, LLC v. Audiovox Corp.*, 33 Misc. 3d 802, 823 (N.Y. Super. Ct. 2011).  There, the court noted that patent exhaustion could be a defense to breach of contract where the payment of royalties "is in exchange for the ability to engage in commerce without infringing on the patent rights" of the holder.  *Id.*

Viewing the facts in the light most favorable to Guest-Tek, Court finds that Nomadix has not shown that defense fifteen is insufficient.  Questions of fact exist as

to what royalties were owed, and it is possible that a set of circumstances exists where this defense would succeed.  Although not entirely clear to the Court, Guest-Tek describes a scenario in which the defense could succeed in its Opposition.  (*See* Opp'n at 7–8 (a hotel purchased a Guest-Tek device but does not use the Guest-Tek service in connection with its use of the device).)  Accordingly, the Court **DENIES** Nomadix's request to strike defense fifteen.

### 3.  Affirmative Defense 18

With this affirmative defense, Guest-Tek argues that Nomadix's claims are barred for failure to mitigate damages.  (Ans. at 15.)  Guest-Tek argues that had Nomadix complied with the expert provision set forth in the MOU, "any damages to which it might now be entitled . . . would have been mitigated by virtue of the design around guidance that would have been implicit from the expert report."  (*Id.*)  Nomadix contends that Guest-Tek's example "has nothing to do with mitigating damages" and also "ignores that, under the MOU, any expert report would not be discoverable, admissible, or binding."  (Dkt. No. 144 ("Reply") at 13.)

"[C]ourts have typically held that a generalized statement . . . meets defendant's pleading burden with respect to the affirmative defense of damage mitigation."  *Bd. of Trs. of San Diego Elec. Pension Tr. v. Bigley, Elec., Inc.*, No. 07–CV–634–IEG (LSP), 2007 WL 2070355, at *3 (S.D. Cal. July 12, 2007) (collecting cases); *Desert European Motorcars Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11–197 RSWL (DTBx), 2011 WL 3809933, at *2 (C.D. Cal. Aug. 25, 2011); *see also Horton v. NeoStrata Co., Inc.*, No.: 3:16-CV-02189-AJB-JLB, 2017 WL 2721977, at *12 (S.D. Cal. June 22, 2017) (denying motion to strike mitigation defense and noting "where discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts").  Guest-Tek's allegations, although general, are sufficient under this standard.  Accordingly, the Court **DENIES** Nomadix's request to strike defense eighteen.

### 4.  Reservation of Additional Defenses

The last section of Guest-Tek's affirmative defenses attempts to reserve any additional defenses as may be discovered.  (Ans. at 16.)  Nomadix argues that this is improper because the reservation of additional defenses is "not a defense."  (Mot. at 9.)

The Court agrees with Nomadix.  The mere "reservation of affirmative defenses is not an affirmative defense." *E.E.O.C. v. Timeless Invs., Inc.*, 734 F. Supp. 2d 1035, 1055 (E.D. Cal. 2010).  Guest-Tek may assert additional affirmative defenses later by amending its pleadings in compliance with Rule 15.  *See* Fed. R. Civ. P. 15; *U.S. v. Global Mortg. Funding, Inc.*, No. SACV 07-1275 DOC (PJWx), 2008 WL 5264986, at *5 (C.D. Cal. May 15, 2008) ("[I]f a Defendant seeks to add affirmative defenses, it must comply with the procedure set out in Federal Rule of Civil Procedure 15."); *Timeless Invs., Inc*., 734 F. Supp. 2d at 1055 ("Rule 15 does not require a defendant to "expressly reserve" unnamed affirmative defenses in its answer.").  In short, Guest-Tek "is either entitled to raise additional defenses at a later time or [it] is not; [its] right to reserve [its] rights to do so is a legal nullity." *Global Mortg. Funding, Inc.*, 2008 WL 5264986, at *5.  Accordingly, the Court **STRIKES** Guest-Tek's reservation of rights to assert additional defenses**.**

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Nomadix's Motion to Dismiss Counterclaims and Strike Defenses.  (Dkt. No. 133.) With respect to Plaintiff's first counterclaim, Paragraphs 32 through 41 are **STRICKEN.**  Counterclaims one and two are **DISMISSED with leave to amend.** Defenses 10, 17, 19, 20, and Guest-Tek's reservation of defenses, are **STRICKEN.**

//

//

//

15.

1   Guest-Tek may attempt to cure the deficiencies in its counterclaim by filing an
2   amended answer within twenty-one (21) days of the issuance of this Order.

3

4   **IT IS SO ORDERED.**

5

6   Dated:  November 30, 2017

7                                           _____
                                            HONORABLE ANDRÉ BIROTTE JR.
8                                           UNITED STATES DISTRICT COURT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28