1  Douglas G. Muehlhauser, SBN 179495
   *Email: doug.muehlhauser@knobbe.com*
2  Mark Lezama, SBN 253479
   *Email: mark.lezama@knobbe.com*
3  Alexander J. Martinez, SBN 293925
   *Email: alex.martinez@knobbe.com*
4  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
5  Irvine, CA 92614
   Telephone: 949-760-0404
6  Facsimile: 949-760-9502

7  *Attorneys for Plaintiff*
   NOMADIX, INC.
8
   Michael R. Matthias, SBN 57728
9  *Email: mmatthias@bakerlaw.com*
   Jihee Ahn, SBN 292659
10 *Email: jahn@bakerlaw.com*
   **BAKER & HOSTETLER LLP**
11 11601 Wilshire Boulevard, Suite 1400
   Los Angeles, CA 90025-0509
12 Telephone:  310.820.8800
   Facsimile:   310.820.8859
13
   *Attorneys for Defendant/Counter-Claimant*
14 GUEST-TEK INTERACTIVE
   ENTERTAINMENT LTD.
15
   (*additional counsel listed on next page*)
16
17         **IN THE UNITED STATES DISTRICT COURT**

18         **CENTRAL DISTRICT OF CALIFORNIA**

19 NOMADIX, INC.,                      Case No.:  2:16-cv-08033-AB-FFM

20         Plaintiff,                  [*Honorable Frederick F. Mumm*]

21     v.                             **JOINT STIPULATION ON
                                       GUEST-TEK INTERACTIVE**
22 GUEST-TEK INTERACTIVE             **ENTERTAINMENT LTD.'S
   ENTERTAINMENT LTD.,               MOTION TO COMPEL
23                                    NOMADIX, INC. TO RESPOND
         Defendant/Counter-          TO REQUEST FOR
24       Claimant,                    PRODUCTION NOS. 22 AND 27**

25     v.                             Hearing Date:  January 9, 2018
                                       Time:          10:00 a.m.
26 NOMADIX, INC.,                     Courtroom:     580

27         Counter-Defendant.         Fact Discovery Cutoff:  May 31, 2018
                                       Pretrial Conference: November 5,
28                                     2018
                                       Trial: December 4, 2018

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Steven J. Rocci (Admitted *Pro Hac Vice*)
*Email: srocci@bakerlaw.com*
Kevin M. Bovard, SBN 247521
*Email:  kbovard@bakerlaw.com*
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone:  215.568.3100
Facsimile:   215.568.3439

Michael J. Swope (Admitted *Pro Hac Vice*)
*Email: mswope@bakerlaw.com*
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  206.332.1380
Facsimile:   206.624.7317

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page(s)**

I.    INTRODUCTORY STATEMENTS ............................................................. 1

    A.    Guest-Tek's Introduction ....................................................... 1

    B.    Nomadix's Introduction ......................................................... 2

II.   REQUEST FOR PRODUCTION NO. 22 ................................................. 4

    A.    Text of the Request for Production and Response.............................. 4

    B.    Guest-Tek's Argument on Request for Production No. 22 ................. 4

    C.    Nomadix's Argument on Request for Production No. 22 ................. 10

        1.    Background ..................................................................... 10

            a.    The parties enter into the License Agreement ............... 10

                ████ ████████████████████████████████

                ████████████████████████████████████

                ████████████ ................................................ 11

        2.    Nomadix's license agreements with third parties are not relevant to calculating the royalties Guest-Tek owes under the License Agreement ........................................................ 13

                ████ ██████████████████████████████

                ███████████████████████████ ............... 13

                ████ ████████████████████████

                ████████████████████████████████████

                ████████████████████████████████████

                ████████ ................................................ 14

            c.    The "reasonable royalty" that measures damages for patent infringement is not the measure of damages under the License Agreement ........................................ 15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

3.    Nomadix's license agreements with third parties are not relevant to Guest-Tek's dismissed breach-of-contract counterclaim ................................................................ 18

4.    Guest-Tek's counterclaims for breach are currently dismissed; in any event, Guest-Tek does not need access to the full contract documents for its breach claim based on ██████████████████████████████ ..... 19

5.    Guest-Tek's request for documents regarding the "Nomadix Patents" is overbroad ............................................. 20

III.    REQUEST FOR PRODUCTION NO. 27 ................................... 20

    A.    Text of the Request for Production and Response ........................ 20

    B.    Guest-Tek's Argument on Request for Production No. 27 .............. 21

    C.    Nomadix's Argument on Request for Production No. 27 ................ 22

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexsam, Inc. v. Green Dot Corp.*,
No. 2:15-cv-05742, 2015 WL 6520917 (C.D. Cal. Sept. 28, 2015) ................... 5

*Apple Inc. v. Samsung Elecs. Co.*,
No. C 11-1846 LHK PSG, 2012 WL 1511901 (N.D. Cal. Jan. 27, 2012) ............................................................................................... 6

*Barnes & Noble, Inc. v. LSI Corp.*,
No. 11-cv-02709, 2013 WL 131073 (N.D. Cal. Jan. 9, 2013) .......................... 17

*Brandon & Tibbs v. George Kevorkian Accountancy Corp.*,
226 Cal. App. 3d 442 (1990) .............................................................. 16

*DataQuill Ltd. v. High Tech Computer Corp.*,
No. 08cv543, 2011 WL 13100732 (S.D. Cal. Sept. 1, 2011) ............................ 7

*Fire Ins. Exch. v. United States*,
No. 15-CV-1196-AJB-KSC, 2015 WL 11995254 (S.D. Cal. Oct. 30, 2015) .................................................................................... 19

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970) ............................................... 7, 16

*Griffin v. Home Depot USA, Inc.*,
No. 11-2366-RDR, 2012 WL 38647 (D. Kan. Jan. 9, 2012) ............................ 19

*Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*,
No. 11-cv-00163, 2014 WL 1787813 (W.D. Tex. May 5, 2014) ...................... 17

*Minks v. Polaris Indus., Inc.*,
546 F.3d 1364 (Fed. Cir. 2008) ...................................................... 16

*Mississippi Power Co. v. Peabody Coal Co.*,
69 F.R.D. 558 (S.D. Miss. 1976) ................................................ 14, 15

*New W. Fruit Corp. v. Coastal Berry Corp.*,
1 Cal. App. 4th 92 (1991) ............................................................ 14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ......................................................................... 14

*Phase Four Indus., Inc. v. Marathon Coach, Inc.*,
  No. 04-cv-04801, 2006 WL 1465313 (N.D. Cal. May 24, 2006) ..................... 17

*Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*,
  254 F.R.D. 568 (N.D. Cal. 2008) .............................................................. 7

*Portney v. CIBA Vision Corp.*,
  401 F. App'x 526 (Fed. Cir. 2010) ........................................................... 5

*Positive Techs., Inc. v. Sony Elecs., Inc.*,
  No. 11-cv-02226, 2013 WL 707914 (N.D. Cal. Feb. 26, 2013) ................ 17, 18

*Sedona Corp. v. Open Solutions, Inc.*,
  249 F.R.D. 19 (D. Conn. 2008) ................................................................. 7

*Thermal Solutions, Inc. v. Imura Int'l U.S.A., Inc.*,
  No. 2:08-cv-02220, 2009 WL 10668995 (D. Kan. Dec. 4, 2009) ..................... 7

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
  No. 04-cv-05312, 2007 WL 704525 (N.D. Ill. Mar. 1, 2007) ....................... 17

*Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*,
  750 F.2d 1552 (Fed. Cir. 1984) .............................................................. 17

*U.S. Valves, Inc. v. Dray*,
  212 F. 3d 1368 (Fed. Cir. 2000) ............................................................... 5

**Statutes**

35 U.S.C. § 284 ........................................................................... 15, 16

**Rules**

Fed. R. Civ. P. 26(b) ...........................................................*passim*

Local Rule 37-1 ................................................................................ 20

Local Rule 37-2 ................................................................................. 1

Rules 26(b)(3) and (4) .................................................................. 4, 21

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

Pursuant to Local Rule 37-2, Plaintiff Nomadix, Inc. ("Nomadix") and Defendant Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek") submit this Joint Stipulation in connection with Guest-Tek's Motion to Compel Nomadix to Respond to Guest-Tek's Request for Production Nos. 22 and 27.

## I.      INTRODUCTORY STATEMENTS

### A.      Guest-Tek's Introduction

Guest-Tek and Nomadix are competitors in the market for Internet access devices and services used by the hospitality industry, primarily hotels.  The License Agreement (D.I. 126-2) at issue here is ███████████████████ ██████████████████████████████.  Nomadix asserts that Guest-Tek has breached the License Agreement.  Guest-Tek denies that it has breached, has asserted various defenses, and has counterclaimed for breach of the License Agreement by Nomadix and for a declaration that none of the patents licensed under the License Agreement cover any Guest-Tek device or service.

Guest-Tek brings this motion to compel on two Requests for Production that are central to the question of damages in this case.  ████████████████ ████████████████████████, and the parties were obligated to ███████████████████████████████████ ████████████████, a breach of contract (which the Court has held plausible). D.I. 151 at 7:15-19.  ██████████████████████ ███████████████████████████████████████████. To make this assessment, Guest-Tek seeks (1) relevant third-party licenses of the Nomadix patents and (2) documents relating to the valuation of these patents. Nomadix has refused to produce these documents, notwithstanding the well-established precedent that such documents are relevant in calculating a reasonable royalty.  Nomadix has consistently delayed in producing documents in this matter, thus far producing only 357 documents.  It should be compelled to produce the requested documents forthwith.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

### B.   Nomadix's Introduction

Nomadix sued Guest-Tek for patent infringement in 2009. The parties settled at the end of 2010, and as part of that settlement, the parties entered into a Confidential License Agreement. Under the License Agreement, Guest-Tek owes Nomadix royalties for each U.S. hotel or other property with a Guest-Tek device that incorporates Nomadix's patented technology. Nomadix brought the present breach-of-contract action to recover royalties that Guest-Tek owes under the License Agreement.

In this motion to compel, Guest-Tek does not seek any documents relating to the License Agreement or Nomadix's claims against Guest-Tek. Instead, Guest-Tek seeks highly sensitive patent license agreements that Nomadix has negotiated with *Guest-Tek's competitors*. Guest-Tek also seeks a potentially sweeping collection of unspecified documents relating to "the value or valuation" of "Nomadix Patents." Neither category of documents is relevant to this case, which concerns only what the 2010 License Agreement obligates Guest-Tek to pay Nomadix. Guest-Tek's contractual obligations arise only from the License Agreement, which is entirely separate and independent from the third-party license agreements Guest-Tek now seeks. Whatever royalty rates or fees Nomadix has negotiated with Guest-Tek's competitors have no bearing whatsoever on Guest-Tek's obligations under the License Agreement that Guest-Tek negotiated with Nomadix.

Guest-Tek argues primarily that the documents it seeks are supposedly relevant to calculating a "reasonable royalty" for 2016 onward. Guest-Tek's argument is based on three false premises.

***First***, Guest-Tek incorrectly assumes that the royalty rates under the License Agreement ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████. Guest-Tek's position is that ███

2

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1 ██████████████████████████████████████████

2 ███████████████████████████████████████████

3 ███████████████████████████████████████████

4 ████████████████████████████████████

5 ██████████████████████████████, the entire premise of Guest-Tek's

6 main argument fails.

7     **Second**, even if ████████████████████████

8 ████████████████████, Guest-Tek incorrectly assumes that the jury would

9 decide ████████████████████████████. But when negotiating

10 the License Agreement, the parties foresaw that ██████████████████. In

11 the event ██████████████████████████████, the License

12 Agreement provides that █████████████████████

13 █████████████. So even if the █████████████████████████████

14 ████████████████████████████████

15 ██████████████████████████.

16     **Third**, even if the jury in this case were tasked with ███████████████

17 █████████████████, Guest-Tek incorrectly assumes that the

18 "reasonable royalty" analysis of a patent-infringement case somehow governs this

19 question. But this is an action for breach of contract, *not patent infringement*. The

20 License Agreement ██████████████████████████████████

21 █████████████. These are the only criteria that would be relevant to any jury

22 determination, and they do not include the *Georgia-Pacific* factors or any other

23 framework for determining a reasonable royalty in a patent-infringement case.

24 Moreover, ███████████████████████████████

25 ████████████████████████████████████. Even assuming

26 the jury would be tasked with ████████████████, Guest-Tek fails to explain

27 why a jury should consider Nomadix's confidential license agreements with Guest-

28



3

1   Tek's competitors ███████████████████████████

2   ████████████████████.

3       Guest-Tek's attempt to convert this straightforward breach-of-contract case

4   into a patent-infringement case would dramatically expand the scope of discovery,

5   leading to a correspondingly dramatic increase in the cost of litigation. The

6   discovery Guest-Tek seeks is neither relevant to any claims or defenses in this case

7   nor proportional to the needs of this case. The Court should therefore deny Guest-

8   Tek's motion.

9   **II.   REQUEST FOR PRODUCTION NO. 22**

10      **A.   <u>Text of the Request for Production and Response</u>**

11      The primary text of Guest-Tek's Request No. 22 and Nomadix's response

12  follows. The full Request and response, with ancillary information such as

13  definitions, instructions, and general objections, are included as Exhibits A and B.

14  <u>GUEST-TEK'S REQUEST FOR PRODUCTION NO. 22</u>

15  All licenses under any of the Nomadix Patents.

16  <u>NOMADIX'S RESPONSE TO REQUEST FOR PRODUCTION NO. 22</u>

17      Nomadix incorporates its Objections Applicable to All Requests.  Nomadix

18  further objects to this request to the extent that it seeks information protected from

19  disclosure by the attorney-client privilege or work-product immunity, including the

20  protections of Rules 26(b)(3) and (4); Nomadix will withhold any protected

21  responsive materials on this ground.  Nomadix further objects to this request as

22  calling for production of documents that are subject to obligations of

23  confidentiality to third parties; Nomadix will withhold any such responsive

24  materials.  The request also seeks documents that are neither relevant to the claims

25  or defenses in this action nor proportional to the needs of the case.  Nomadix will

26  produce its 2010 license agreement with Guest-Tek.

27      **B.   <u>Guest-Tek's Argument on Request for Production No. 22</u>**

28      Although styled as a breach-of-contract action, this dispute turns on issues

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

and analyses akin to a patent infringement action. *Cf. Portney v. CIBA Vision Corp.*, 401 F. App'x 526, 528 (Fed. Cir. 2010) ("[A] significant aspect of the [license agreement] dispute is whether CIBA owes additional royalties because its devices fall within the boundaries of Portney's patents thereby, requiring a higher royalty rates payment."); *U.S. Valves, Inc. v. Dray*, 212 F. 3d 1368, 1372 (Fed. Cir. 2000) ("[P]atent law is a necessary element of U.S. Valves' breach of [license agreement] action."); *Alexsam, Inc. v. Green Dot Corp.*, No. 2:15-cv-05742, 2015 WL 6520917, at *4 (C.D. Cal. Sept. 28, 2015) ("[D]etermination of whether the [License] Agreement was breached will require the Court to interpret the [] patents to determine if defendants' products in fact infringe on the patents."). The 2010 License Agreement between the parties set forth 

In Request for Production No. 22, Guest-Tek has sought production of all third-party agreements which purport to license the Nomadix Patents, namely, ███ ████████████████████████████████. These license agreements are relevant to (1) Guest-Tek's damages on its breach-of-contract counterclaim, and (2) Nomadix's damages claims to the extent any damages are owed for the ██████████.

Earlier, Nomadix moved to dismiss Guest-Tek's breach-of-contract counterclaim on grounds that Guest-Tek had not sufficiently pled facts to support

5

1  these allegations.  The Court rejected Nomadix's argument: "the Court is

2  unpersuaded by Nomadix's arguments ███████████████████████████

3  ███████████████████████████ . . . . [Guest-Tek's] allegations are

4  sufficient to put Nomadix on notice of Guest-Tek's claims, and provide enough

5  facts to support the contention that Nomadix is responsible for the acts alleged."

6  D.I. 151 at 7:15-20.  The Court did find that ███████████████████████

7  ████████████████████████████████████████████, as it

8  found was required by the License Agreement; however, the Court has granted

9  leave to amend.  *Id.* at 7:4-7.  Guest-Tek did ████████████████████,

10  and will be amending its counterclaims to expressly allege this fact by the

11  December 21, 2017 deadline for amendment.  *See* Ex. G, Notice Letter sent to

12  Nomadix. ████████████████████████████████████

13  ███████████████████████████████████

14  █████████████████

15      Guest-Tek explains its breach-of-contract counterclaim in detail below.

16  However, even without its breach counterclaim, Guest-Tek is still entitled to the

17  information sought in Request for Production No. 22 because it bears on

18  *Nomadix's* purported damages.  Nomadix alleges that Guest-Tek underpaid

19  royalties ████████████████████████████████████

20  ████████████████████████████████████████

21  ████████████████████████████████████

22  ████████████████████████████████.  Guest-Tek is

23  entitled to show what a reasonable royalty rate would be ████████████.  Third-

24  party licenses of the same Nomadix patents will be directly relevant because they

25  are indicative of what the reasonable royalty rate would have been.

26      The "relevance of license and negotiating documents to unenforceability

27  claims and to the calculation of a reasonable royalty rate is well established."

28  *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-1846 LHK PSG, 2012 WL 1511901, at

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6

*5 (N.D. Cal. Jan. 27, 2012) (citing *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582 (N.D. Cal. 2008) (listing the "multitude of ways" in which licenses and license negotiations could be relevant and lead to admissible evidence)).  That is why courts regularly compel production of third-party licenses where patent royalties are at issue.  *DataQuill Ltd. v. High Tech Computer Corp.*, No. 08cv543, 2011 WL 13100732, at *2 (S.D. Cal. Sept. 1, 2011) (compelling production of third party licenses because "[p]arties often introduce licenses previously granted to third-parties in order to estimate reasonable royalties."); *Thermal Solutions, Inc. v. Imura Int'l U.S.A., Inc.*, No. 2:08-cv-02220, 2009 WL 10668995, at *10 (D. Kan. Dec. 4, 2009) (compelling plaintiff to produce "[a]ll agreements between Plaintiff and a third party by which Plaintiff granted the third party any license or other right to use any of Plaintiff's patents or patent applications involved in this lawsuit"); *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (identifying "royalties received by the patentee for the licensing of the patent in suit" as "relevant, in general, to the determination of the amount of a reasonable royalty").  Accordingly, third-party licenses of identical patents are plainly relevant here.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Nomadix has not argued that the production of third party licenses would be burdensome.  Nor is confidentiality a concern since a protective order has been implemented in this case.  To the extent that Nomadix has objected to production of these documents based on an obligation of confidentiality to a third party, section 9 of the protective order (D.I. 67) "is sufficient to address [Nomadix's] concerns" because it provides a mechanism for dealing with production of such documents.  *Sedona Corp. v. Open Solutions, Inc.*, 249 F.R.D. 19, 24-25 (D. Conn. 2008) ("The court recognizes that the plaintiff's contracts with third parties contain confidential business information proprietary to entities in

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

7

competition with the defendant.  However, the parties' stipulated protective order

allows for the limited disclosure of designated materials to outside counsel and

independent experts . . . . The court finds that the parties' protective order is

sufficient to address the plaintiff's concerns.").  Section 9 affirmatively required

Nomadix to obtain permission from the third party to produce those documents.

Nothing indicates that Nomadix even attempted to follow that procedure.  Besides

this and its boilerplate written objections, the only objection Nomadix has raised is

relevance.  *See* Ex. F, Aug. 28 Letter from M. Lezama to K. Bovard; *see also* Exs.

C-E, Correspondence between counsel regarding discovery dispute.  Specifically,

Nomadix argues that the renegotiation of royalty rates is irrelevant to the case

because Guest-Tek continued to pay royalties ▇▇▇▇▇▇.  But that misses the

point.  Guest-Tek continued to pay royalties ▇▇▇▇▇ to avoid an allegation that it

was breaching the contract.  This did not constitute a waiver of its right to

▇▇▇▇▇▇▇▇▇▇▇.  Moreover, the Court has now ruled

decisively that "[Guest-Tek's] allegations [] provide enough facts to support the

contention that Nomadix is responsible for the acts alleged," namely that it ▇▇▇

▇▇▇▇▇▇▇▇.  D.I. 151 at 7:15-20.  Thus, ▇▇▇▇▇▇▇▇▇

▇▇ will squarely be in dispute in this case.

▇▇▇▇▇▇▇▇▇▇▇

    The License Agreement had an ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇.  Patent valuations fluctuate as

technology and economies change over time, and ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  ██████████████████████████████████████████

2  ███████████████████████████████████████

3  ███████████████████████████████████████

4  ███████████████████████████████████████

5  ████████████████████████████████████████

6  ████████████████████████████████████████

7  █████████████████████████████████████████

8  █████████████████████████████████████████

9  ███████████████████████████████████

10 ████████████████████████████████████

11 ██████████████████████████████████████

12 ███████████████████████████████████████

13 ████████████████████████████████████████

14 ███████████████████████████████

15 ███████████████████████████████████████

16 █████████████████████████████████████

17 ████████████████████████████████████████

18 ████████████. D.I. 126-1 ¶¶ 18-20.

19     As a result of Nomadix's breach, Guest-Tek was damaged insofar as it

20 ████████████████████████████████████████

21 Guest-Tek is therefore entitled to adduce evidence showing what a reasonable

22 royalty rate would be for the Nomadix patents ████████████████ The

23 most relevant data-point in this regard may perhaps be the royalty rates Nomadix

24 negotiated with other third parties for licenses of its patents.  The question of what

25 other third parties were paying to license the very same patents is directly relevant

26 to the question of a reasonable royalty.

27 ████████████████████████████████████████

28 ████████████████████████████████████

1 ███████████████████████████████████████

2 ████████████████████████████████████████

3 ███████

4      Guest-Tek alleges that Nomadix has licensed third parties under one or more

5 of the patents that are licensed under the License Agreement.  ███████████

6 ██████████████████████ (D.I. 126-2 § ████), but they were

7 not.  D.I. 126-1 ¶¶ 21-25.  Nomadix does not deny that such licenses exist, or that

8 it would be unduly burdensome to produce them.  Accordingly, Nomadix should

9 now be compelled to produce these third-party license agreements.   In addition to

10 bearing on royalty rates and damages, they will also ████████████████

11 ███████████████████████████████████

12 ████████████████  This information will be used to establish Nomadix's breach

13 and will be used to further explore the question of reasonable royalties.  It is

14 therefore relevant, and its production should be compelled.  Fed. R. Civ. P.

15 26(b)(1).

16     **C.**    <u>**Nomadix's Argument on Request for Production No. 22**</u>

17         **1.**    **Background**

18             **a.**    **The parties enter into the License Agreement**

19      In 2009, Nomadix sued Guest-Tek for patent infringement. In December

20 2010, the parties settled. As part of the settlement, Nomadix and Guest-Tek entered

21 into a Confidential License Agreement. Under the License Agreement, Guest-Tek

22 must pay Nomadix royalties for each U.S. hotel or similar property that uses a

23 Guest-Tek network device that includes functionality covered by at least one

24 licensed Nomadix patent.

25 ████████████████████████████████████

26 ████████████████████████████████████████

27 ████████████████████████████████████████

28 ███████████████████████████████████

Baker & Hostetler llp
Attorneys at Law
Los Angeles

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20 In the eighteen

21 months following January 2016, the parties corresponded over 200 times in

22 connection with Nomadix's breach claim, with each party sending the other over

23 100 letters and e-mails. (Lezama Decl. ¶ 12.)

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

12

1 ████████████████████████████████████

2 ████████████████████████████████████

3 ████████████████████████████████████

4 ████████████████████████████████████

5 ████████████████████████████████████

6 ██████████████████████████████████████

7 ████████████████████████████████████

8 ████████████████████████████████████

9 ██████████████████

10       **2.    Nomadix's license agreements with third parties are not**

11       **relevant to calculating the royalties Guest-Tek owes under**

12       **the License Agreement**

13       Guest-Tek's primary argument is that Nomadix's patent licenses with third

14 parties that include Guest-Tek's competitors are supposedly relevant to calculating

15 a "reasonable royalty" ████████████████████████

16 ████████████████████████████████████████

17 ████████████████████████████████████

18 ████████████████████████████████████

19 ████████████████████████████████████

20 ████████████████████████████████████

21 ██

22         ▉   ████████████████████████████

23           ████████████████████████████

24   ██████████████████████████████████████

25 ████████████████████████████████████████

26 ████████████████████████████████████

27 ████████████████████████████████████

28 ████████During that time, the parties exchanged over 200 letters and e-mails

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    regarding the License Agreement and Nomadix's claim of breach. ████████

2    ████████████████████████████████████████

3    ████████████████████████████████████

4    ██████████████████████████████████████████

5    █████████████████████████████████████

6    ████████████████████████████ (Guest-Tek has

7    unsuccessfully sought to invoke the nonbinding arbitration of clause 7.2, which

8    relates to other aspects of the License Agreement; ████████████████

9    ████████████████████████████████████

10   ████████████████████████████████████████

11   ██████████████████████████████████████████

12   ██████████████████████████████████

13   █████ the entire premise of Guest-Tek's main argument therefore fails.

14   Nomadix's patent licenses with third parties are neither relevant to damages nor

15   proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

16   █ ████████████████████████████████████

17   ████████████████████████████████████

18   ████████████████████████████████

19   ██████████████████████████████████████

20   ███████████████████████████████████

21   █████████████████████████████████

22   █████████████████████████████████████

23   ████████████████████████████████████

24   ██████████████████████

25   ████████████████████████████████

26   █████████████████████████████████████

27   ██████████████████████████████████████████

28   ██████████████████████████████████████████

14



**c.      The "reasonable royalty" that measures damages for patent infringement is not the measure of damages under the License Agreement**

[REDACTED], Guest-Tek's relevance argument would still fail because this is not a patent-infringement case. According to Guest-Tek, to award damages for Nomadix's breach claim [REDACTED], which supposedly entitles Guest-Tek to present evidence of a "reasonable royalty." When Guest-Tek refers to a "reasonable royalty," it means the minimum damages standard for a claim of patent infringement. *See* 35 U.S.C. § 284. But Nomadix's claim is for breach of contract, not patent infringement. The royalty rate to apply [REDACTED] is determined by the framework set forth in the License Agreement, not by the analysis used to measure damages for patent infringement.

Guest-Tek states that this case is merely "styled as a breach-of-contract action," and urges the Court to incorporate the "reasonable royalty" damages analysis used for patent law. But the distinction between claims for breach of a patent license agreement and claims for patent infringement are not stylistic. Indeed, calculation of damages is an important distinction between contract and patent cases. In patent cases, use of the patented technology is *not* licensed, and courts must award at least a "reasonable royalty" to compensate for the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    *unauthorized* use of the invention. 35 U.S.C. § 284; *Minks v. Polaris Indus., Inc.*,

2    546 F.3d 1364, 1372 (Fed. Cir. 2008) (applying *Georgia-Pacific*, *infra*); *Georgia-*

3    *Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). In

4    cases of willful patent infringement, courts may increase a damages award

5    threefold. *See* § 284. But in cases alleging breach of a license agreement, damages

6    are measured with reference to the contract and aim to put the plaintiff in as good a

7    position as it would have been had the defendant performed under the contract.

8    *Brandon & Tibbs v. George Kevorkian Accountancy Corp.*, 226 Cal. App. 3d 442,

9    468 (1990). Guest-Tek cannot invoke patent law's "reasonable royalty" analytical

10   framework any more than Nomadix, in pursuing its breach-of-contract claim, can

11   invoke patent law's remedy of treble damages.

12        Guest-Tek asserts that courts regularly compel production of third-party

13   licenses where patent royalties are at issue. But in each of the cases Guest-Tek

14   cites to support that proposition, the patent royalty at issue was a reasonable

15   royalty to compensate for *patent infringement*, not breach of contract. Guest-Tek

16   cites no authority for using a patent-law damages standard in an action for breach

17   of contract.

18        Permitting discovery in this case on the grounds that it is relevant to the

19   "reasonable royalty" analysis for patent damages would dramatically expand the

20   scope of discovery. A reasonable royalty in a patent-infringement case may be

21   determined based on the fifteen *Georgia-Pacific* factors. *Minks*, 546 F.3d at 1372.

22   Evaluating these factors often involves reviewing sensitive information, including

23   both parties' licenses and the patentee's policy regarding its patents, and almost

24   always requires expensive expert discovery. *See Georgia-Pacific*, 318 F. Supp. at

25   1120. The issues arguably relevant to the reasonable-royalty analysis in a patent

26   case are innumerable and include:

27   / / /

28   / / /

- how the patentee valued the invention, *Kinetic Concepts, Inc. v. Wake Forest Univ. Health Scis.*, No. 11-cv-00163, 2014 WL 1787813, at *1 (W.D. Tex. May 5, 2014);
- the accused infringer's sales of digital content to third-party devices not accused of infringement, *Barnes & Noble, Inc. v. LSI Corp.*, No. 11-cv-02709, 2013 WL 131073, at *1 (N.D. Cal. Jan. 9, 2013);
- the accused infringer's patent licenses, *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04-cv-05312, 2007 WL 704525, at *1 (N.D. Ill. Mar. 1, 2007);
- the accused products' quality, value, acceptability, performance, benefits, failures, problems, and complaints, *Phase Four Indus., Inc. v. Marathon Coach, Inc.*, No. 04-cv-04801, 2006 WL 1465313, at *3 (N.D. Cal. May 24, 2006);
- the accused infringer's actual profits, *Trans-World Mfg. Corp. v. Al Nyman & Sons, Inc.*, 750 F.2d 1552, 1568 (Fed. Cir. 1984); and
- sales information for products not even accused of infringement, *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-02226, 2013 WL 707914, at *4, 6 (N.D. Cal. Feb. 26, 2013).

Grafting a patent-law reasonable-royalty analysis onto this contract case would quickly make this case more expensive by at least several hundred thousand dollars. Indeed, Guest-Tek's arguments below in connection with request for production 27—seeking any document remotely concerning "any value or valuation" of the Nomadix Patents—demonstrate the breadth of discovery Guest-Tek seeks to sweep in by simply invoking patent law's "reasonable royalty" analysis.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

17



### 3. Nomadix's license agreements with third parties are not relevant to Guest-Tek's dismissed breach-of-contract counterclaim

Guest-Tek also argues Nomadix's license agreements are relevant to Guest-Tek's counterclaim for breach of contract ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ First, Guest-Tek's counterclaim currently stands dismissed (Dkt. No. 151) and therefore cannot serve as a basis for discovery. While Guest-Tek maintains that it will amend its pleadings to assert this counterclaim, it has not done so as of the date by which Nomadix must respond to this motion. Second, Guest-Tek's relevance argument based on its dismissed counterclaim boils down to asserting that Guest-Tek is entitled to offer proof of a patent-law reasonable royalty ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ Guest-Tek's argument is therefore based on the false premise that a patent-law damages standard would govern Guest-Tek's contractual obligations.

/ / /

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

4.     **Guest-Tek's counterclaims for breach are currently dismissed; in any event, Guest-Tek does not need access to the full contract documents for its breach claim based on** ███████████████████████████████████

For its final argument, Guest-Tek posits that Nomadix's patent licenses with third parties are relevant to a counterclaim for breach of contract ████████ ███████████████████████████████████████████████████ ██████████████████████████████ This basis for Guest-Tek's motion is premature and improper, and its request is overbroad.

Like its other breach-of-contract counterclaim, this counterclaim based on clause 1.21.4 currently stands dismissed. (Dkt. No. 151.) Rule 26(b)(1) limits discovery to matters "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). The Federal Rules thus exclude discovery on claims not yet asserted. *Fire Ins. Exch. v. United States*, No. 15-CV-1196-AJB-KSC, 2015 WL 11995254, at *4 (S.D. Cal. Oct. 30, 2015). Similarly, a party "should not be permitted to conduct discovery upon a claim which has been dismissed from the case." *Griffin v. Home Depot USA, Inc.*, No. 11-2366-RDR, 2012 WL 38647, at *2 (D. Kan. Jan. 9, 2012). Even if Guest-Tek amends its pleadings after Nomadix serves its portion of this Joint Stipulation, the Court may dismiss Guest-Tek's counterclaim again. To the extent Guest-Tek's motion to compel is based on a counterclaim that it plans to later add, its motion is premature.

During the parties' conference of counsel relating to this motion, Guest-Tek did not assert that third-party licenses were relevant to Nomadix's alleged breach of clause 1.21.4 of the License Agreement. Guest-Tek had not even pleaded this counterclaim when the parties conferred on the present motion back in August. Since Guest-Tek did not raise this basis during the parties' conference of counsel and did not later request an additional conference of counsel after filing its counterclaims in September, Guest-Tek did not properly confer on this issue. C.D.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

19

Cal. L.R. 37-1. For this additional reason, the Court should deny Guest-Tek's motion.

Even if the Court is inclined to consider Guest-Tek's currently dismissed counterclaim as a basis for discovery, only limited excerpts of Nomadix's third-party license agreements could possibly be relevant to Guest-Tek's claim. At most, Guest-Tek might be entitled to ███████████████████████████████████████████████████████████████████████████. Any other portions of the agreements, including royalty rates, would be irrelevant and not proportional to the needs of the case and therefore subject to redaction. Fed. R. Civ. P. 26(b)(1).

**5.     Guest-Tek's request for documents regarding the "Nomadix Patents" is overbroad**

████████████████████████████████████████████████████████████████████████████████████████████

Guest-Tek requests licenses involving any of what it calls "Nomadix Patents." Guest-Tek defines "Nomadix Patents" to include several patents irrelevant to Nomadix's breach claim in this case. ████████████████████████████████████████████████████████████████ Even if Guest-Tek's document request were otherwise directed at discoverable information, Guest-Tek has failed to explain why the discovery it seeks is relevant █████████████████████████████████████████████

**III.    REQUEST FOR PRODUCTION NO. 27**

    **A.    Text of the Request for Production and Response**

The primary text of the Guest-Tek's Request and Nomadix's response follows. The full Request for Production and responses, with ancillary information

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

20

1  such as definitions, instructions, and general objections, are included as Exhibits A

2  and B.

3      GUEST-TEK'S REQUEST FOR PRODUCTION NO. 27

4      All documents concerning any value or valuation of any of the Nomadix

5  Patents.

6      NOMADIX'S RESPONSE TO REQUEST FOR PRODUCTION NO. 27

7      Nomadix incorporates its Objections Applicable to All Requests. Nomadix

8  further objects to this request to the extent that it seeks information protected from

9  disclosure by the attorney-client privilege or work-product immunity, including the

10  protections of Rules 26(b)(3) and (4); Nomadix will withhold any protected

11  responsive materials on this ground. The request seeks discovery that is neither

12  relevant to any claim or defense in this case nor proportional to the needs of the

13  case. Nomadix will not search for, and may withhold, materials responsive to this

14  request.

15      **B.**    **Guest-Tek's Argument on Request for Production No. 27**

16      Nomadix's sole basis for withholding documents responsive to Request No.

17  27 appears to be relevancy.  *See* Ex F, Aug. 28 Letter from M. Lezama to K.

18  Bovard.  Guest-Tek seeks all documents bearing on the valuation of the Nomadix

19  patents because they are relevant to damages.  Specifically, they are relevant for

20  the same reasons third-party licenses of the Nomadix patents are relevant:

21      1.    They bear on Nomadix's damages ████████████████

22  ████████████████████████████████████████

23  ████████████████████████ the fact-finder here must

24  determine a reasonable royalty ███████████, and patent valuation

25  documents will directly evidence such a reasonable royalty.

26      2.    They bear on Guest-Tek's damages for breach of contract. ████

27  ████████████████████████████████████████

28  ████████████████████████, the reasonable royalty rate should

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  now be assigned for calculation of Guest-Tek's damages.

2      Nomadix has not argued that it would be unduly burdensome to produce the

3  requested documents; nor is confidentiality a concern since a Protective Order is in

4  place. *See supra.*

5      Accordingly, all documents relating to or reflecting valuation of the

6  Nomadix patents subject to the License Agreement should be produced.

7          C.    **Nomadix's Argument on Request for Production No. 27**

8      Request for production 27 is a sweeping request for "[a]ll documents

9  concerning any value or valuation of any of the Nomadix Patents." This request

10  goes far beyond license agreements and would potentially sweep in any document

11  that conceivably relates to "any value" or "valuation" of the Nomadix Patents.

12  Guest-Tek fails to identify any specific documents it seeks in connection with this

13  request and simply asks the Court to compel production of "all documents relating

14  to or reflecting valuation of the Nomadix patents subject to the License

15  Agreement."

16      In arguing the relevance of request 27, Guest-Tek simply invokes the same

17  primary argument it made for discovery of Nomadix's patent licenses with third

18  parties: documents relating to value or valuation of the Nomadix Patents will

19  supposedly be relevant to a patent-law reasonable royalty.

20  / / /

21  / / /

22  / / /

23

24

25

26

27

28

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

1 ███████████████████████████████████████████

2 ███████████████████████████████████████

3 ████████████████████████████████████ (c) this is

4 not a patent-infringement case, but a breach-of-contract case, so a patent-law

5 reasonable royalty does not apply.

6

7       Respectfully submitted,

8 Dated:  December 19, 2017     **KNOBBE, MARTENS, OLSON & BEAR, LLP**

9

10     By:   */s/ Mark Lezama*

11         Douglas G. Muehlhauser
           Mark Lezama

12         Alexander J. Martinez

13     *Attorneys for Plaintiff*
       NOMADIX, INC.

14

15 Dated:  December 19, 2017     **BAKER & HOSTETLER LLP**

16

17     By:   */s/ Michael R. Matthias*
           Michael R. Matthias

18         Jihee Ahn

19         Steven J. Rocci
           Kevin M. Bovard

20         Michael J. Swope

21     *Attorneys for Defendant/Counter-Claimant*

22     GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

23

24

25

26

27

28

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

## ATTESTATION

Pursuant to Local Rule 5.1, I hereby attest that concurrence in the filing of this document has been obtained from the other signatory shown above or that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature "/s/" within this e-filed document.

Dated:  December 19, 2017          **BAKER & HOSTETLER LLP**


By:   */s/ Michael R. Matthias*
            Michael R. Matthias
            Jihee Ahn
            Steven J. Rocci
            Kevin M. Bovard
            Michael J. Swope


*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

27217286

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

24