FILED
CLERK, U.S. DISTRICT COURT

12/28/2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IV _____ DEPUTY

1 | Michael R. Matthias, SBN57728
Matthew D. Pearson, SBN 294302
2 | **BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
3 | Los Angeles, CA  90025-0509
Telephone:     310.820.8800
4 | Facsimile:     310.820.8859
Email:         mmatthias@bakerlaw.com
5 |             mpearson@bakerlaw.com

6 | Steven J. Rocci (Admitted *Pro Hac Vice*)
Kevin M. Bovard, SBN 247521
7 | **BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
8 | Philadelphia, PA 19104-2891
Telephone:     215.568.3100
9 | Facsimile:     215.568.3439
Email:         srocci@bakerlaw.com
10 |            kbovard@bakerlaw.com

11 | Attorneys for Defendant/Counter-Claimant
GUEST-TEK INTERATIVE
12 | ENTERTAINMENT LTD.

13 | (*additional counsel listed on following page*)

14 | **IN THE UNITED STATES DISTRICT COURT**

15 | **CENTRAL DISTRICT OF CALIFORNIA**

16 | **WESTERN DIVISION**

17 | NOMADIX, INC.,

Case No.: 2:16-CV-08033-AB-FFM

18 | Plaintiff,

[Honorable André Birotte Jr.]

19 | v.

**GUEST-TEK'S SECOND
AMENDED ANSWER AND
20 | GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.,
SECOND AMENDED
COUNTERCLAIMS TO
21 | NOMADIX'S AMENDED
COMPLAINT FOR BREACH OF
Defendant/Counter-
22 | Claimant,
CONTRACT**

23 | v.

[DEMAND FOR JURY TRIAL]

24 | NOMADIX, INC.,

25 | Counter-Defendant.

26 | Action Filed: 10/28/16
Amended Complaint Filed: 03/23/17

27 |

28 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

1  Michael J. Swope (Admitted *Pro Hac Vice*)
   **BAKER & HOSTETLER LLP**
2  999 Third Avenue, Suite 3500
   Seattle, WA 98104-4040
3  Telephone:      206.332.1379
   Facsimile:      206.624.7317
4  Email:          mswope@bakerlaw.com

5  Attorneys for Defendant/Counter-Claimant
   GUEST-TEK INTERATIVE
6  ENTERTAINMENT LTD.

7

8          **REDACTED VERSION OF DOCUMENT PROPOSED TO**
                     **BE FILED UNDER SEAL**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

GUEST-TEK'S SECOND AMENDED ANSWER AND SECOND AMENDED COUNTERCLAIMS TO
NOMADIX'S AMENDED COMPLAINT FOR BREACH OF CONTRACT; CASE NO. 2:16-CV-08033-AB-FFM

Defendant/Counter-Claimant GUEST-TEK INTERACTIVE

ENTERTAINMENT LTD. ("Guest-Tek") hereby submits this Second Amended

Answer to the Amended Complaint of Plaintiff/Counter-Defendant NOMADIX,

INC. ("Nomadix") and submits its Second Amended Counterclaims thereto, as

follows.  To the extent not specifically admitted, Guest-Tek denies the allegations

of the Amended Complaint.

## AMENDED ANSWER TO THE SPECIFIC ALLEGATIONS OF THE
## AMENDED COMPLAINT
### JURISDICTION, PARTIES, AND VENUE

1.     With respect to Paragraph 1 of the Amended Complaint: Admitted

only that the parties entered in the License Agreement on December 30, 2010, and

that the Amended Complaint purports to state a cause of action for breach of the

License Agreement.  Guest-Tek denies that the Court has subject matter

jurisdiction over this dispute.  Otherwise denied.

2.     With respect to Paragraph 2 of the Amended Complaint: Admitted

only that the Amended Complaint purports to state that Nomadix is a Delaware

corporation with a principal place of business at 30851 Agoura Road, Suite 102,

Agoura Hills, California 91301.  Guest-Tek is otherwise without knowledge or

information sufficient to form a belief about the truth of the allegations of

Paragraph 2 of the Amended Complaint and therefore denies the same.

3.     With respect to Paragraph 3 of the Amended Complaint: Admitted.

4.     With respect to Paragraph 4 of the Amended Complaint: Admitted

only that Paragraph 4 of the Amended Complaint purports to state that Nomadix's

damages exceed $11,000,000, and that $11,000,000 is greater than $75,000.

Otherwise denied.

5.     With respect to Paragraph 5 of the Amended Complaint: Admitted

only that the License Agreement contains a Dispute Resolution provision under

which, after certain requirements for mediation and arbitration have been satisfied,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

disputes may be brought in the United States District Court for the Central District of California, and that, after the mediation and arbitration requirements have been satisfied, Guest-Tek consents to personal jurisdiction and venue in that Court. Otherwise denied.

6.      With respect to Paragraph 6 of the Amended Complaint: Admitted.

7.      With respect to Paragraph 7 of the Amended Complaint: Admitted.

8.      With respect to Paragraph 8 of the Amended Complaint: Admitted.

9.      With respect to Paragraph 9 of the Amended Complaint: Admitted.

10.      With respect to Paragraph 10 of the Amended Complaint: Admitted only that Guest-Tek has provided its OneView Internet solution within this judicial district including to the hotels identified in Paragraph 10 of the Amended Complaint, and elsewhere.  Otherwise denied.

11.      With respect to Paragraph 11 of the Amended Complaint: Admitted only that Guest-Tek has sent royalty reports to Nomadix and that Guest-Tek has made royalty payments to Nomadix.  Otherwise denied.

### FIRST CLAIM FOR RELIEF:
### BREACH OF CONTRACT

12.      With respect to Paragraph 12 of the Amended Complaint: Admitted.

13.      With respect to Paragraph 13 of the Amended Complaint: Admitted only that the parties settled the 2009 Litigation in December, 2010, that the License Agreement was entered into between them as part of the settlement, and that Exhibit 1 to the Amended Complaint purports to be a copy of the License Agreement without Schedule B. Otherwise denied.

14.      With respect to Paragraph 14 of the Amended Complaint: Admitted only that the License Agreement was the result of an arm's length negotiation, represented the parties' intent, and was duly effected on December 30, 2010.  Otherwise the allegations in Paragraph 14 call for a legal conclusion to which no response is required, and on that basis, they are denied.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

15. With respect to Paragraph 15 of the Amended Complaint: Admitted only that the License Agreement granted a royalty bearing, non-exclusive license to practice the patents identified in the License Agreement, that the License Agreement refers to certain royalty bearing functionalities, and that royalties apply beginning in 2011 only to the extent that the functionalities specified in the License Agreement were used in connection with certain devices in certain hotels in the United States. Otherwise denied.

16. With respect to Paragraph 16 of the Amended Complaint: Denied.

17. With respect to Paragraph 17 of the Amended Complaint: Admitted only that, since 2011, there have been instances in which the OneView Internet solutions have been deployed in over 2500 hotels in the U.S. Otherwise denied.

18. With respect to Paragraph 18 of the Amended Complaint: Admitted only that, since the third quarter of 2012, there have been instances in which the OneView Internet solution has been deployed in over 2000 U.S. properties. Otherwise denied.

19. With respect to Paragraph 19 of the Amended Complaint: Admitted only that, since the third quarter of 2012, certain deployed OneView Internet solutions may have enabled a functionality specified in the License Agreement for which Guest-Tek paid a royalty, and that the Amended Complaint purports to identify these functionalities as relating to "captive portals, authentication, integration with property management systems and bandwidth management." Otherwise denied.

20. With respect to Paragraph 20 of the Amended Complaint: Admitted.

21. With respect to Paragraph 21 of the Amended Complaint: Admitted only that Guest-Tek has stated to one or more customers of its OneView Internet solution that it has a license under the Nomadix patents. Otherwise denied.

22. With respect to Paragraph 22 of the Amended Complaint: Admitted only that Nomadix filed court papers in which it purported to sue iBahn

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Corporation for infringement of certain Nomadix patents, and that certain of those patents purport to be the same patents that Nomadix had asserted against Guest-Tek. Guest-Tek is without personal knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 22 of the Amended Complaint and therefore denies the same.

23.     With respect to Paragraph 23 of the Amended Complaint: Admitted only that documents exist that purport to indicate that iBahn Corporation and iBahn General Holdings Corporation initiated bankruptcy proceedings in the United States Bankruptcy Court for the District of Delaware.  Guest-Tek is without personal knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 23 of the Amended Complaint and therefore denies the same.

24.     With respect to Paragraph 24 of the Amended Complaint: Admitted only that Nomadix filed papers in connection with the iBahn bankruptcy proceedings in which it asserted that it was a creditor of the debtors due to alleged patent infringement by iBahn, and that Nomadix filed court papers in 2014 which it purported to sue iBahn General Holdings Corporation and in which it sought damages for alleged patent infringement by iBahn during the bankruptcy proceedings.  Guest-Tek is without personal knowledge or information sufficient to form a belief as to the truth of the remainder of Paragraph 24 of the Amended Complaint and therefore denies the same.

25.     With respect to Paragraph 25 of the Amended Complaint: Admitted only that an auction or bidding process was conducted for the sale of certain iBahn assets, that Guest-Tek submitted a bid for those assets, and that, to the extent that the License Agreement covered or was otherwise applicable to any features or functionalities of any of the assets, the License Agreement would preclude Nomadix from instituting suit for patent infringement by such iBahn products. Guest-Tek is otherwise without personal knowledge or information sufficient to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

form a belief about the truth of the allegations of Paragraph 25 of the Amended Complaint and therefore denies the same.

26.     With respect to Paragraph 26 of the Amended Complaint: Admitted only that in March 2014, the bankruptcy court approved Guest-Tek's bid and that Guest-Tek purchased the iBahn assets referenced in Paragraph 25 hereof.  Guest-Tek is otherwise without personal knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26 of the Amended Complaint and therefore denies the same.

27.     With respect to Paragraph 27 of the Amended Complaint: Admitted.

28.     With respect to Paragraph 28 of the Amended Complaint: Admitted.

29.     With respect to Paragraph 29 of the Amended Complaint: Admitted only that iBahn sold systems that enabled hotels to provide Internet access service to their customers, and that the iBahn assets that were up for sale in bankruptcy included the potential to assume contracts between iBahn and its hotel customers. Guest-Tek is otherwise without personal knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the Amended Complaint and therefore denies the same.

30.     With respect to Paragraph 30 of the Amended Complaint: Admitted only that a number of U.S. hotel properties employed iBahn systems prior to iBahn's bankruptcy, that Guest-Tek acquired certain iBahn assets, and that some of the U.S. hotel properties that employed those iBahn systems did business with Guest-Tek after it acquired the certain iBahn assets.  Otherwise denied.

31.     With respect to Paragraph 31 of the Amended Complaint: Denied.

32.     With respect to Paragraph 32 of the Amended Complaint: Admitted only that the License Agreement states a number of provisions that had to be satisfied before Nomadix was entitled to receive any royalties from Guest-Tek, and that those provisions are set forth in the License Agreement.  Otherwise denied.

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

33.     With respect to Paragraph 33 of the Amended Complaint: Denied.

34.     With respect to Paragraph 34 of the Amended Complaint: Admitted only that the License Agreement states that Guest-Tek would submit certain reports to Nomadix in accordance with certain terms of the License Agreement. Otherwise denied.

35.     With respect to Paragraph 35 of the Amended Complaint: Admitted only that Exhibit 2 to the Amended Complaint purports to be a compilation of quarterly reports submitted by Guest-Tek to Nomadix.  Otherwise denied.

36.     With respect to Paragraph 36 of the Amended Complaint: Admitted only that, since the third quarter of 2012, the OneView Internet solution has been deployed in U.S. properties.  Otherwise denied.

37.     With respect to Paragraph 37 of the Amended Complaint: Denied.

38.     With respect to Paragraph 38 of the Amended Complaint: Admitted only that Guest-Tek has stated to one or more customers that it has a license under the Nomadix patents.  Otherwise denied.

39.     With respect to Paragraph 39 of the Amended Complaint: Admitted only that there are properties in which either OneView Internet solutions or iBahn Head-End Processors had been deployed.  Otherwise denied.

40.     With respect to Paragraph 40 of the Amended Complaint: Denied.

41.     With respect to Paragraph 41 of the Amended Complaint: Admitted only that Nomadix periodically sent letters to Guest-Tek in which Nomadix alleged breach of the License Agreement for allegedly failing to perform its reporting and payment obligations and that Guest-Tek's counsel sent a report for the third quarter of 2012 to Nomadix's counsel on October 30, 2012.

42.     With respect to Paragraph 42 of the Amended Complaint: Admitted only that the License Agreement contains a provision by which Nomadix may request certain Guest-Tek source code and configuration files and that Nomadix has periodically requested source code and configuration files.  Otherwise denied.

43. With respect to Paragraph 43 of the Amended Complaint: Denied.

44. With respect to Paragraph 44 of the Amended Complaint: Denied.

45. With respect to Paragraph 45 of the Amended Complaint: Denied.

### ALTERNATIVE DISPUTE RESOLUTION

46. With respect to Paragraph 46 of the Amended Complaint: Admitted.

47. With respect to Paragraph 47 of the Amended Complaint: Admitted only that in January, 2013, Nomadix sent a letter requesting mediation, but Nomadix subsequently expressed a desire to avoid mediation, as evidenced by an e-mail dated March 4, 2013 from Nomadix's counsel, William Shreve; Mr. Shreve's March 4, 2013 e-mail stated Nomadix's desire to resolve the dispute informally; Nomadix merely pointed Guest-Tek to a few sample claims and showed Guest-Tek a claim chart but never provided that claim chart to Guest-Tek; and, by letter dated March 10, 2014, Guest-Tek indicated that since the parties were unable to reach an agreement, the parties should mediate their dispute; and Guest-Tek requested a list of mediators from Nomadix and  Guest-Tek stated that it would also provide its own list of mediators.  Otherwise denied.

48. With respect to Paragraph 48 of the Amended Complaint: Admitted only that Nomadix had refused to mediate its dispute, that Nomadix agreed to mediate its dispute after Guest-Tek advised Nomadix of its obligation to mediate the dispute before Nomadix could initiate arbitration or litigation, that Guest-Tek advised Nomadix that, under the terms of the Dispute Resolution provision of the License Agreement, identification of any arbitrators was inappropriate and premature until mediation had been concluded, and that the parties agreed to employ Anthony Piazza of Mediated Negotiations as their mediator.  Nomadix is without knowledge or information sufficient to form a belief about Nomadix's intentions and therefore denies the allegations relating to Nomadix's purported "good faith."  Otherwise denied.

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

49.     With respect to Paragraph 49 of the Amended Complaint: Admitted only that the parties appeared before Mr. Piazza in San Francisco, California on April 16, 2014 for the purpose of mediating the dispute, that, as directed by Mr. Piazza and the mediation terms and agreement agreed to by the parties, the parties were together in the same room at the beginning of the mediation and, thereafter, Mr. Piazza placed each of the parties in separate rooms while he shuttled between the rooms, that Mr. Piazza spoke with Guest-Tek representatives while he was in their room, and that Nomadix's corporate representative, Charles Reed, and Guest-Tek's corporate representative, Arnon Levy, met privately in one of Mr. Piazza's rooms before the below referenced MOU had been signed by them.  Guest-Tek is without knowledge or information sufficient to form a belief as to what occurred while Mr. Piazza was in the room with Nomadix and therefore denies the allegations relating thereto.

50.     With respect to Paragraph 50 of the Amended Complaint: Admitted only that late in the day on April 16, 2014, at Mr. Piazza's instruction, a Guest-Tek representative transcribed on a sheet of lined notebook paper words that Mr. Piazza had dictated to the Guest-Tek representative based on his communications with both parties separately, that Mr. Piazza instructed the Guest-Tek representative to title the sheet of paper "Guest-Tek –Nomadix Confidential MOU," that the mediation terms and mediation agreement provide that the mediation proceedings were to be kept confidential and statements made in the course thereof were not used for any other purpose, and that Exhibit 3 to the Amended Complaint purports to be a copy of the MOU. Otherwise denied.

51.     With respect to Paragraph 51 of the Amended Complaint: Admitted that the MOU states in part "The parties stipulate that this satisfies the arbitration provision of the settlement and license agreements," that this language, along with the remainder of the MOU, was transcribed by Guest-Tek's representative as dictated and instructed by Mr. Piazza, and that no discussion occurred directly

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8

GUEST-TEK'S SECOND AMENDED ANSWER AND SECOND AMENDED COUNTERCLAIMS TO
NOMADIX'S AMENDED COMPLAINT FOR BREACH OF CONTRACT; CASE NO. 2:16-CV-08033-AB-FFM

between counsel for the parties about the MOU. Further admitted that the Court has stated that "the parties failure to comply with all of the obligations set forth in the MOU was not a condition precedent to the satisfaction of the arbitration provision in the License Agreement" and "the Court finds that interpreting the MOU as having satisfied the arbitration provision of the Lease Agreement [sic] upon execution is not an absurd result." Otherwise denied.

52. With respect to Paragraph 52 of the Amended Complaint: Admitted.

53. With respect to Paragraph 53 of the Amended Complaint: Admitted only that the MOU provided Nomadix with a twelve month period within which to retain a mutually agreeable expert to evaluate Nomadix's claims and that the expert would provide a non-discoverable, non-admissible and non-binding expert report, that, within the twelve month period, Guest-Tek attempted to work with Nomadix to retain an expert, that Nomadix did not work with Guest-Tek to retain an expert and never retained, or even attempted to retain an expert for purposes of facilitating settlement, and that, as a result, Guest-Tek had asserted that Nomadix waived any claims it may have had at least up to April 2014. Otherwise denied.

54. With respect to Paragraph 54 of the Amended Complaint: Admitted only that Nomadix belatedly offered to retain an expert, long after the twelve month period had expired, after Nomadix filed suit against Guest-Tek without first following the dispute resolution provisions of the License Agreement or following the MOU, that Nomadix offered to retain an expert only after Guest-Tek had notified Nomadix that it had failed to follow the dispute resolution provisions of the License Agreement and MOU, that Guest-Tek had advised Nomadix that the twelve month period for retaining an expert had expired and that arbitration was then the appropriate vehicle for addressing Nomadix's dispute, that while Exhibits 4-6 to the Amended Complaint purport to be correspondence between counsel for Nomadix and Guest-Tek relating to, among other things, retention of an expert, Exhibits 4-6 are incomplete and misleading and omit earlier correspondence

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

between the parties that belie Nomadix's allegations, including correspondence showing that Guest-Tek sought to engage an expert in accordance with the MOU, which Nomadix ignored.  Otherwise denied.

55. With respect to Paragraph 55 of the Amended Complaint: Admitted that the Court has stated that "the parties failure to comply with all of the obligations set forth in the MOU was not a condition precedent to the satisfaction of the arbitration provision in the License Agreement" and "the Court finds that interpreting the MOU as having satisfied the arbitration provision of the Lease Agreement [sic] upon execution is not an absurd result." Otherwise denied.

## PRAYER FOR RELIEF

56. With respect to the Prayers for Relief: Guest-Tek denies that Nomadix is entitled to the requested relief or any other relief.  Nomadix denies all allegations of the Amended Complaint not specifically denied above.

With respect to the demand for a jury trial: Guest-Tek admits that Nomadix has demanded a jury trial but denies that Nomadix has raised any valid or meritorious claim in its Amended Complaint.

## <u>SECOND AMENDED AFFIRMATIVE DEFENSES</u>

By alleging the following separate and affirmative defenses set forth below, Guest-Tek does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  For its separate and affirmative defenses to the Amended Complaint, Guest-Tek alleges as follows.

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Claim)

The Amended Complaint, and each purported claim therein, fail to state any claim against Guest-Tek upon which any of the requested relief may be granted.

/ / /

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

Nomadix lacks standing to bring or maintain this action.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

The Court lacks subject matter jurisdiction to entertain this action.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Nomadix waived any right that it may have had to bring this action for failure to follow the Dispute Resolution provisions of the License Agreement.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Nomadix waived any rights or remedies that it may have had under the License Agreement after December 31, 2015 by failing to properly renew the License Agreement in accordance with the terms for renewal.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

Nomadix waived any remedies to which it may have been entitled for any alleged breach of the License Agreement by virtue of its actions and inactions after the April 16, 2014 mediation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Nomadix's request for equitable relief is barred by laches. Nomadix unreasonably delayed in bringing this action, to the detriment of, and with prejudice to, Guest-Tek. By way of example only, and not by limitation, the Amended Complaint asserts that Guest-Tek's alleged contractual violations extend as far back as to the third quarter of 2012, but Nomadix was then aware of the alleged actions and inactions forming the basis for the Amended Complaint.

11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

Nomadix's claims are barred by equitable estoppel. By way of example only, and not by limitation, Nomadix had represented to Guest-Tek that Nomadix would not sue Guest-Tek for any alleged breach of contract. Guest-Tek was not aware that Nomadix had either misrepresented Nomadix's intentions to Guest-Tek, or that Nomadix might subsequently have a change of position with respect to this representation. Guest-Tek relied upon Nomadix's representation by continuing, in good faith, to report its activities insofar as required by the License Agreement, albeit to Guest-Tek's detriment.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Nomadix's request for equitable relief is barred by unclean hands. Nomadix has repeatedly flouted the License Agreement, and otherwise not acted in good faith in its dealings with Guest-Tek, by way of example, but not by way of limitations, as set forth in: paragraph nos. 48, 53 and 54 of Guest-Tek's foregoing Amended Answer; Guest-Tek's Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Fourteenth, and Nineteenth Affirmative Defenses; and, paragraph nos. 13, 15, 16, 19, 21-23, 38, and 44-50 of Guest-Tek's Amended Counterclaims.

## TENTH AFFIRMATIVE DEFENSE
### (No Patent Coverage)

No royalties are due to Nomadix because no Guest-Tek product or service, or any feature or functionality thereof, is encompassed by any claim of any of the patents licensed under the License Agreement for which a license fee has not been paid.

/ / /

/ / /

/ / /

12

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Patent Invalidity)**

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████

████████████████████

No royalties are due to Nomadix because any claim of any patent licensed under the License Agreement, that Nomadix contends encompasses a Guest-Tek product or service, or any feature or functionality thereof, is invalid for failure to comply with the conditions of patentability, including, but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Nomadix's claims are barred by the statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Waiver of Royalties)**

Nomadix neglected to negotiate, or to negotiate in good faith, the amount of royalty rates and license fees ███████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Exhaustion)**

Nomadix's claims are barred by reasons of exhaustion. By way of example, but not by limitation, to the extent that Nomadix's damages claims are based upon

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

13

use by a Guest-Tek customer of any Guest-Tek system or service that Nomadix alleges is covered by a Nomadix licensed patent, such claims have been exhausted by virtue of Guest-Tek's royalty and/or license fee payments. Still further, by way of example, but not by limitation, to the extent Nomadix's claims are based upon an a hotel or other property using an iBahn system or service, any liabilities with respect thereto have been discharged through bankruptcy, and therefore Nomadix's claims with respect thereto, and/or with respect to properties that may employ such iBahn system or service, have been exhausted.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

███████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
█████████████████████████████████████████████
██████████████████████████████████████
████████████████████████████████████████████
██████████████████

Nomadix's claims are barred by reason of patent misuse. By way of example, and not by limitation, Nomadix has misused the Licensed Patents by at least demanding payment of royalties and/or license fees, through this action and otherwise, on Guest-Tek systems and services that are not covered by any of the Licensed Patents, and hence are an attempt to force Guest-Tek to pay royalties on unpatented systems and services.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Nomadix's claims are barred for failure to mitigate its alleged damages. By way of example, but not by limitation, Nomadix should have followed through with the procedure set forth in the Memorandum of Understanding for retaining an

14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   expert within the twelve month period specified therein. Had Nomadix done so,

2   any damages to which it might now be entitled the damages would have been

3   mitigated by virtue of the design around guidance that would have been implicit

4   from the expert report.

## COUNTERCLAIMS

6       Defendant/Counter-Claimant GUEST-TEK INTERACTIVE

7   ENTERTAINMENT LTD. ("Guest-Tek"), by and through its counsel of record,

8   hereby alleges as follows.

## NATURE OF CASE

10      1.      This is an action for: (i) breach of contract, specifically breach of the

11  Confidential License Agreement dated December 31, 2010 between Guest-Tek and

12  Nomadix, Inc. ("Nomadix") ("License Agreement"); (ii) breach of a Memorandum

13  of Understanding ("MOU") between the parties dated April 14, 2014; and (iii) a

14  declaration of no patent coverage by Guest-Tek systems. The License Agreement

15  is attached hereto as Exhibit 1. A Confidential Amendment to License Agreement,

16  bearing an effective date of September 29, 2011 ("CALA") is attached hereto as

17  Exhibit 2. The MOU is attached hereto as Exhibit 3.

## PARTIES

19      2.       Guest-Tek is an Alberta corporation having its principal place of

20  business at Suite 600, 778 8 Ave SW, Calgary, Alberta T2P 3R5, Canada.

21      3.      Nomadix has alleged that it is a Delaware corporation having its

22  principal place of business at 30851 Agoura Road, Suite 102, Agoura Hills,

23  California 91301.

## JURISDICTION AND VENUE

25      4.      The License Agreement specifies a dispute resolution process

26  ("DRP") for all disputes between the parties "arising out of or in connection with"

27  the License Agreement.  Under the DRP, Nomadix was first required to seek

28  arbitration of the dispute described in the Amended Complaint before filing this

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

action, and to first seek mediation of the dispute to the extent that the Amended Complaint purports to extend to post-April 16, 2014 royalty payments.  Guest-Tek has alleged that this action was improvidently initiated and is not properly before this Court because Nomadix neglected to follow the DRP.  To the extent that Guest-Tek's counterclaims herein "aris[e] out of or in connection with" the License Agreement, or are asserted or deemed to so arise, Guest-Tek asserts such counterclaims without waiver of its defenses and positions relating to the propriety of this action.  Accordingly, Guest-Tek's following allegations relating to jurisdiction and venue are made solely for the purpose of preserving its rights and do not constitute an admission that the Court has jurisdiction over this action or that Nomadix's action was properly brought or is properly before this Court.

5.     The amount in controversy exceeds $75,000.

6.     This Court has subject matter jurisdiction over Nomadix under 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

7.     This Court has personal jurisdiction over Nomadix at least because: (i) Nomadix is already a party to this action; (ii) the License Agreement specifies that disputes arising under the License Agreement shall (subject to the DRP) be brought in this Court and, with respect thereto, Nomadix has consented to the exercise of personal jurisdiction in this Court; (iii) Nomadix has alleged that it is incorporated in California; and (iv) Nomadix has alleged that its principal place of business is in this district.

8.     Venue is proper in this district at least because: (i) Nomadix is already a party to this action; (ii) Nomadix has waived any objections to venue in this district; (iii) Nomadix has alleged that it is incorporated in California; and (iv) Nomadix has alleged that its principal place of business is in this district.

/ / /

/ / /

/ / /



# FIRST COUNTERCLAIM

## Breach of Contract (License Agreement)

## (Against Nomadix)

9. Guest-Tek hereby realleges and incorporates by reference the allegations of Paragraphs 1 through 8 above as if fully set forth herein.



17



16.     Nomadix never responded to Guest-Tek's January 22, 2016 request for documentation, even though Guest-Tek reminded Nomadix of Guest-Tek's request on February 1, 2016.

17.     As an indication of good faith, and while it waited for Nomadix to provide the requested information and resume discussions, Guest-Tek has, since January 1, 2016, continued to pay royalty and/or license fees

22.     On information and belief, Nomadix has licensed, directly or indirectly, one or more third parties under one or more of the patents that are licensed under the License Agreement.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

18



26.     The CALA recites provisions under which Guest-Tek shall, under certain circumstances, provide to Nomadix and/or a designated Nomadix representative (collectively, for purposes of paragraph nos. 26 – 31 of this First Counterclaim, "Nomadix") confidential source code used by and/or in certain Guest-Tek systems and services

27.     The CALA contains an attachment identified therein as Exhibit 1 which recites additional obligations of Nomadix, including how Nomadix must handle and maintain the source code provided to Nomadix by Guest-Tek under the CALA.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

32.     Guest-Tek provided written notice of the aforementioned breaches of the License Agreement, including the specific claims and bases therefore, by letter, more than 60 days prior to the filing of these counterclaims.  As a direct, foreseeable and proximate result of  Nomadix breaches of the License Agreement, Guest-Tek has suffered damages in an amount to be proven at trial, which is no less than the royalty and/or  license fees that Guest-Tek has paid to Nomadix since January 1, 2012, plus interest, fees and costs.

## SECOND COUNTERCLAIM

### Breach of Contract (Memorandum of Understanding)

### (Against Nomadix)

33.     Guest-Tek hereby realleges and incorporates by reference the allegations of Paragraphs 1 through 32 above as if fully set forth herein.

34.     The MOU was a valid and enforceable written agreement binding upon Nomadix.

35.     The MOU provided that the arbitration provision of Section 7.2 would be satisfied if, within twelve (12) months of the April 14, 2014 mediation, the parties retained a mutually agreeable expert to evaluate Guest-Tek's systems and services who would opine as to whether they were covered by the License Agreement, and therefore royalty bearing.

36.     Nomadix refused to cooperate with Guest-Tek in retaining an expert within the specified twelve month period.

37.     As a result of Nomadix's refusal to cooperate with Guest-Tek in retaining an expert, no expert was ever retained.

/ / /

/ / /

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

38.   As a result of Nomadix's refusal to cooperate with Guest-Tek and Nomadix's failure to work with Guest-Tek to retain an expert, Nomadix breached the MOU.

39.   As a direct, foreseeable and proximate result of Nomadix's breach of the MOU, Guest-Tek has suffered damages at least in an amount of its reasonable outlays and expenditures toward performance of the MOU, including, but not limited to, Guest-Tek's outlays and expenditures in investigating, locating and identifying a proposed expert, and in proposing an expert to Nomadix, and in following up with Nomadix regarding a proposed expert, and as otherwise to be proven at trial.

## THIRD COUNTERCLAIM

### Declaration of No Patent Coverage

### (Against Nomadix)

40.   Guest-Tek hereby realleges and incorporates by reference the allegations of Paragraphs 1 through 39 above as if fully set forth herein.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES



44.     None of the Asserted Patent Claims read on or cover the OVI Solutions.

45.     The OVI Solutions are not royalty bearing under the Asserted Patent Claims.

46.     Guest-Tek seeks a declaration that none of the Asserted Patent Claims reads on or cover the OVI Solutions, that the OVI Solutions are not royalty bearing

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   under the Asserted Patents, and that Guest-Tek owes no royalties to Nomadix

2   under the Asserted Patents by virtue of the OVI Solutions.

3       47.   Nomadix has not specifically asserted that the claims of any Nomadix

4   patents, other than the Asserted Patent Claims, read on or cover the OVI Solutions.

5       48.   Guest-Tek reserves the right to assert and counterclaim that no other

6   Nomadix patent or patent claim allegedly encompassed by the License Agreement

7   reads on or covers the OVI Solutions.

8       49.   Nomadix's Complaint asserts that the RendezView Solutions, the

9   Mercury Solutions, the HEPs, and the GTC Solutions (collectively "the non-OVI

10  solutions") are royalty bearing, but Nomadix has not provided any basis therefor,

11  has not identified any specific patents or patent claims that it asserts read on or

12  cover such devices, and has not specifically asserted any Nomadix patents, or any

13  claims thereof, against the non-OVI solutions.

14      50.   Guest-Tek reserves the right to assert and counterclaim that no

15  Nomadix patent or patent claim reads on or covers any of the non-OVI solutions if

16  Nomadix hereafter specifically asserts that any patents or patent claims against any

17  non-OVI solution.

18              **PRAYER FOR RELIEF**

19      WHEREFORE, Guest-Tek prays for the following relief:

20          a.   an order adjudging Nomadix to have breached the License

21  Agreement as set forth herein;

22          b.   an order adjudging Nomadix to have breached the MOU as set

23  forth herein;

24          c.   an award of general, compensatory, consequential and special

25  damages arising from Nomadix's breaches of the License Agreement and the

26  MOU;

27          d.   an award of all legal fees and costs, including attorneys' fees

28  that Guest-Tek incurs in connection with both the defense of the action brought by

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

23

GUEST-TEK'S SECOND AMENDED ANSWER AND SECOND AMENDED COUNTERCLAIMS TO
NOMADIX'S AMENDED COMPLAINT FOR BREACH OF CONTRACT; CASE NO. 2:16-CV-08033-AB-FFM

1   Nomadix against Guest-Tek and the preparation and conduct of these

2   counterclaims;

3            e.       a declaration that none of Asserted Patent Claims reads on or

4   cover the OVI Solutions, that the OVI Solutions are not royalty or license fee

5   bearing under the Asserted Patents, and that Guest-Tek owes no royalty and/or

6   license fees to Nomadix under the Asserted Patents by virtue of the OVI Solutions;

7            f.       an order of specific performance under the License Agreement

8   with respect to Nomadix's obligations to negotiate royalty rates, to provide

9   updated Schedule F's to Guest-Tek, and to provide to Guest-Tek a log of all

10  persons who entered the locked room to view Guest-Tek's source code and a list of

11  all persons who have access to the keys to the locked room;

12           g.       an order of rescission of the MOU;

13           h.       an order of specific performance of Nomadix's obligations

14  under the MOU to retain an expert;

15           i.       for costs of suit incurred herein; and,

16           j.       for such other and further relief as this Court may deem just and

17  proper.

18   Dated:  December 21, 2017              Respectfully submitted,

19

20                                          BAKER & HOSTETLER LLP

21
                                            By:    */s/ Michael R. Matthias*
22                                                 Michael R. Matthias
                                                   Steven J. Rocci
23                                                 Kevin M. Bovard
                                                   Michael J. Swope
24
                                            Attorneys for Defendant/Counter-Claimant
25                                          GUEST-TEK INTERATIVE
                                            ENTERTAINMENT LTD.
26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## **DEMAND FOR JURY TRIAL**

2    Defendant/Counter-Claimant hereby demands trial by jury on all issues so

3    triable with respect to their Counterclaims.

4

5    Dated:  December 21, 2017          Respectfully submitted,

6

7                                      BAKER & HOSTETLER LLP

8                                      By:   */s/ Michael R. Matthias*

9                                            Michael R. Matthias
                                             Steven J. Rocci
10                                           Kevin M. Bovard
                                             Michael J. Swope

11                                     Attorneys for Defendant/Counter-Claimant
12                                     GUEST-TEK INTERATIVE
                                       ENTERTAINMENT LTD.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES