GREGORY B. KOLTUN (CA SBN 130454)
GKoltun@mofo.com
JEREMIAH LEVINE (CA SBN 288377)
JLevine@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

*Pro Hac Vice* Application Forthcoming:

JOSEPH L. CLASEN
jclasen@rc.com
IAN T. CLARKE-FISHER
iclarke-fisher@rc.com
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone:  (212) 451-2900

Attorneys for Gate Worldwide Holdings LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>GUEST-TEK INTERACTIVE<br>ENTERTAINMENT LTD.,<br><br>                    Defendant. | Case No. 2:16-CV-08033-AB-FFM<br><br>**NOTICE OF MOTION AND MOTION TO SUBSTITUTE AS PLAINTIFF, OR, IN THE ALTERNATIVE, MOTION TO INTERVENE FOR GATE WORLDWIDE HOLDINGS LLC; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing: March 16, 2018<br>Time:     10:00 AM<br>Ctrm:     7B<br><br>Honorable Andrè Birotte, Jr. |

1

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD: PLEASE TAKE NOTICE that on March 16, 2018, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 7B, before the Honorable André Birotte Jr., Gate Worldwide Holdings LLC ("GWH") will and hereby does move the Court for an order authorizing GWH to substitute in this case as a plaintiff under Fed. R. Civ. P. 25(c), or, in the alternative to intervene as a plaintiff under Fed. R. Civ. P. 24 (the "Motion").

This Motion is based on this Notice, the Memorandum of Points and Authorities (the "Memorandum") and Declaration filed concurrently herewith, and all records, pleadings and files herein, together with such other oral argument and documentary evidence as may be presented at the hearing on the Motion, and any other matters that the Court deems appropriate.

As explained in more detail in the Memorandum, as of January 12, 2018, GWH owns all right, title, and interest in certain Nomadix patents, including the right to all royalties under the License Agreement between Nomadix and Guest-Tek Interactive Entertainment Ltd., which is at issue in this case. Nomadix no longer has any right, title, or interest to the patents subject to the License Agreement. Accordingly, as the interest in the patents and all rights accruing under the patents are now held by GWH, GWH should be substituted as the plaintiff in place of Nomadix.

///

la-1371562

1    This Motion is made following the conference of counsel pursuant to L.R.

2  7-3 which took place with counsel for Defendant on January 18, 2018 and counsel

3  for Plaintiff on January 24, 2018.

4  Dated:    January 31, 2018         GREGORY B. KOLTUN
                                      JEREMIAH LEVINE
5                                     MORRISON & FOERSTER LLP

6

7                                     By:   /s/ Gregory B. Koltun
8                                           Gregory B. Koltun

9                                     Attorneys for Plaintiff
                                      GATE WORLDWIDE
10                                    HOLDINGS LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 25(c), non-party, Gate Worldwide Holdings LLC ("GWH"), hereby moves to substitute itself for Plaintiff, Nomadix, Inc. ("Nomadix"), as the plaintiff in the above captioned matter. In the alternative, pursuant to Fed. R. Civ. P. 24, GWH moves to intervene as a plaintiff in the above captioned matter.

## I.    SUMMARY OF ARGUMENT

Nomadix entered into a license agreement with Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek") (the "License Agreement"). Pursuant to the License Agreement, Nomadix granted to Guest-Tek a royalty-bearing, limited nonexclusive license under certain Nomadix patents (the "Nomadix Patents"). Nomadix commenced this action against Guest-Tek alleging that Guest-Tek breached the License Agreement by failing to pay all royalties it owes Nomadix. As a result, Nomadix seeks, among other things, an award of general, compensatory, consequential, and special damages arising from Guest-Tek's breach, including an award of all royalties, interest, and late fees owed to Nomadix.

After commencing this action, however, Nomadix transferred all right, title, and interest in and to the Nomadix Patents, including all payments under all licenses entered into with respect to the Nomadix Patents and damages and payments for past or future infringements of the patents, to GWH. Therefore, GWH owns all right, title, and interest in the Nomadix Patents, including the right to all royalties under the License Agreement. Thus, GWH is the proper plaintiff in this action, not Nomadix. Accordingly, GWH should be substituted for Nomadix as party-plaintiff pursuant to Fed. R. Civ. P. 25(c), or, in the alternative should be permitted to intervene as a party-plaintiff pursuant to Fed. R. Civ. P. 24.

## II.    FACTUAL BACKGROUND

The Complaint in this action was originally filed by Nomadix, the then

4

owner of the Nomadix Patents, on October 28, 2016. *See* Complaint (ECF No. 1). As background, in 2009, Nomadix sued Defendant, Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek"), for infringement of six Nomadix Patents (the "2009 Litigation").[1] *See* Amended Complaint (ECF No. 32), ¶ 12. In December 2010, Nomadix and Guest-Tek settled their claims against one another in the 2009 Litigation. As part of the settlement, Nomadix and Guest-Tek entered into the License Agreement. *See id.*, ¶ 13. Under the License Agreement, Nomadix granted Guest-Tek a royalty-bearing, limited nonexclusive license under the Nomadix Patents. *See id.*, ¶ 15.

The license authorizes Guest-Tek to include functionality patented under the licensed Nomadix Patents in Guest-Tek's OneView internet devices and services, RendenzView devices and services, and other devices and services. *See id.* The License Agreement requires Guest-Tek to pay Nomadix royalties for each U.S. property that uses a network device or service that (1) includes functionality patented under at least one licensed patent and (2) is used or provided as a result of, or in connection with, business or services provided by Guest-Tek. *See id.*, ¶ 32. Nomadix alleges that Guest-Tek has failed to pay all royalties it owes Nomadix under the License Agreement. *See id.*, ¶ 33.

Through a series of commercial transactions, however, Nomadix transferred all rights, title, and interest in the Nomadix Patents to GWH, including the right to all payments under all licenses entered into with respect to the Nomadix Patents. Specifically, on September 29, 2015, interTouch Holdings, LLC ("interTouch") and NTT Docomo, Inc. ("Docomo") entered into a Note Purchase Agreement (the "NPA") to govern "all advances, debts, liabilities, obligations, covenants and duties arising under any Note Documents . . ." owing by interTouch to Docomo. (*See* Exhibit A to Declaration of Joseph L. Clasen ("Clasen Decl.")) (The NPA, all

---

[1] Nomadix eventually added a claim against Guest-Tek for infringement of a seventh Nomadix patent. *See id.*

amendments and modifications thereto, all promissory notes, collateral agreements, guarantees and other note documents and obligations are collectively referred to as the "Note Documents.")  Pursuant to the NPA, interTouch duly executed, acknowledged, and delivered to Docomo a Promissory Note, dated September 29, 2015 (the "Note"), evidencing interTouch's unconditional and absolute obligations to repay Docomo in the original principal amount of Fifty-Five Million Dollars ($55,000,000).  (*See* Exhibit B to Clasen Decl.)

Pursuant to the NPA, and as part of the consideration to Docomo to enter into the Note and NPA, Nomadix, the original plaintiff in this case, executed a guaranty (the "Nomadix Guaranty").  (*See* Exhibit C to Clasen Decl.)  The Nomadix Guaranty was secured by a Patent Security Agreement, dated September 29, 2015 (the "Patent Security Agreement").  (*See* Exhibit D to Clasen Decl.)  Pursuant to Section 1 of the Patent Security Agreement, Nomadix granted to Docomo "a security interest in and to all of its right, title and interest in and to the collateral . . . in order to secure the payment of all [o]bligations (as defined in the [Nomadix] Guaranty) and the performance of all the obligations related thereto."  Collateral is defined in Section 2 of the Patent Security Agreement as follows:

> (a) all patents and patent application owned by [Nomadix] including, without limitation, the patents and patent application listed in Schedule A attached hereto and made a part hereof, together with all reissues, divisions, continuations, renewals, reexaminations, extensions and continuations-in-part of an of the foregoing (the "Patents"); (b) the inventions claimed in the Patents; (c) all income, royalties, damages and payments now and hereafter due or payable with respect to any of the Patents, including, without limitation, payments under all licenses entered into with respect to the Patents and damages and payments for past or future infringements of the Patents; and (d) the right to sue for past, present and future infringements of the Patents . . . (the "Nomadix Collateral").

On or about August 30, 2017, Docomo and GWH entered into a purchase agreement (the "Purchase Agreement").  Pursuant to the Purchase Agreement,

Docomo agreed to sell to GWH "the Note, with all rights, obligations and indebtedness evidence thereby (including, without limitation, all accrued and unpaid interest and fees as of the date hereof), as well as all of the rights, obligations, guaranties, pledges and perfected security interest evidence in the Note Documents."  As an additional condition of the Purchase Agreement, Docomo assigned to GWH, all rights, title, and interests in the Patent Security Agreement (the "Assignment of Patent Security").  (*See* Exhibit E to Clasen Decl.)  As a result of the Purchase Agreement and the Assignment of Patent Security Agreement, GWH is entitled to assert the rights of Docomo in the Patent Security Agreement.

An "Event of Default", as that term is defined in the NPA, has occurred and is continuing because interTouch failed to comply with the terms and provisions of the NPA and Note by failing to pay all outstanding principal of the Note on the Maturity Date – March 31, 2017.  Pursuant to Section 11 of the Patent Security Agreement, upon the "Event of Default," GWH may require Nomadix to execute the Assignment of Patents, provided as Exhibit A to the Patent Security Agreement. Further, the Patent Security Agreement requires that Nomadix "take such other action as [GWH] may be reasonably request to effectuate the outright assignment of such Collateral."  *See* Patent Security Agreement, §2.  To the extent Nomadix refuses, pursuant to Section 12, GWH may appoint "any officer or agent" as Nomadix's "true and lawful attorney-in-fact" to "endorse [Nomadix's] name on all applications, documents, papers and instruments necessary or desirable for [GWH] in the use of the Patents" and "take any other actions with respect to the Patents as [GWH] deems in the best interest of [GWH]," among other actions.  *See* Patent Security Agreement, §12.

On September 8, 2017, GWH declared the Note due and payable and provided notice to Nomadix, among others, of its intent to exercise all rights and remedies pursuant to the NPA and related documents, including the Patent Security Agreement.  On October 6, 2017, GWH and Nomadix, among others, entered into a

forbearance agreement (the "Forbearance Agreement").  (See Exhibit F to Clasen Decl.)  Pursuant to the Forbearance Agreement, GWH agreed to forbear from enforcing its rights and remedies under the NPA and related documents, including the Patent Security Agreement, until November 1, 2017, subject to certain representations, warranties, covenants, and acknowledgments by Nomadix and others.

These acknowledgements included the following:

The Obligors [including Nomadix] confirm, acknowledge and agree that the current amounts owing under the Note Purchase Agreement and Other Note Documents is $48,050,000.00, plus interest, fees and all other amounts, and such amounts would be due under the Note Purchase Agreement and Other Note Documents absent the forbearance as provided in this Forbearance Agreement.  **Obligors agree that the foregoing amounts would be due and payable from Obligors, are not contested by Obligors, and that there would be no defenses, right of offset, credits or other claims or defenses with respect to such foregoing amounts.**  The Obligors further confirm that the Noteholder (including, for the avoidance of doubt, any predecessor thereof) has fully and timely performed all of its obligations and duties in compliance with the Note Purchase Agreement, the Other Note Documents and applicable law, and has acted reasonably, in good faith, and appropriately under the circumstances.

Forbearance Agreement, Section 2(d) (emphasis added). The forbearance period has ended.  Notwithstanding, Nomadix has failed to comply with its obligations, including those in the Patent Security Agreement.

On January 11, 2018, pursuant to Section 11 of the Patent Security Agreement, GWH requested that Nomadix execute and return an executed copy of the Assignment of Patents, provided as Exhibit A to the Patent Security Agreement, within 24 hours.  (See Exhibit G to Clasen Decl.)  Nomadix did not respond to GWH's request.  Accordingly, on January 12, 2018, GWH exercised its rights under the Patent Security Agreement to appoint a lawful attorney-in-fact to endorse an assignment of the Nomadix Patents to GWH (the "Assignment of Patents").

(*See* Exhibit H to Clasen Decl.; *see also* Exhibit G to Clasen Decl.)

Pursuant to the Assignment of Patents,

[Nomadix] hereby grants, assigns and conveys to [GWH] its entire right, title and interest in and to: (a) all patents and patent applications owned by [Nomadix] including, without limitation, the patents and patent applications listed on Schedule A attached hereto and made a part hereof, together with all reissues, divisions, continuations, renewals, reissues, reexaminations, extensions and continuations-in-part of any of the foregoing (the "Patents"); (b) the inventions claimed in the Patents; (c) all rights of any kind whatsoever of [Nomadix] accruing under any of the Patents provided by applicable law of any jurisdiction, by international treaties and conventions, and otherwise throughout the world; (d) all income, fees[,] royalties, damages and payments and other proceeds now and hereafter due or payable with respect to any of the Patents, including, without limitation, payments under all licenses entered into with respect to the Patents and damages and payments for past or future infringements of the Patents; and (e) the right to sue for past, present and future infringements of the Patents.

Following the execution of the Assignment of Patents, Nomadix no longer has any right, title, or interest to the patents subject to the License Agreement.  Accordingly, as the interest in the patents and all rights accruing under the patents have been assigned to GWH, GWH should be substituted as the party-plaintiff in place of Nomadix.

## III.   ARGUMENT

### A.   GWH Should Be Substituted As The Party-Plaintiff In Place Of Nomadix

"If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  Fed. R. Civ. P. 25(c).  The purpose of Rule 25(c) is "to allow an action to continue unabated when an interest in a lawsuit changes hands, without initiating an entirely new suit."  *Mformation Technologies, Inc. v. Research in Motion Ltd.*, Docket No. C-08-4990 EMC, 2013 U.S. Dist.

9

1   LEXIS 124053, at *12-13 (N.D. Cal. Aug. 29, 2013) (citing 6-25 Moore's Fed.

2   Prac.-Civ. § 25.30); *see also In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000)

3   (stating that "Rule 25(c) is not designed to create new relationships among parties

4   to a suit but is designed to allow the action to continue unabated when an interest in

5   the lawsuit changes hands").  "Rule 25 does not substantively determine what

6   actions survive the transfer of an interest; rather, it provides substitution procedures

7   for an action that does survive."  *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales,*

8   *Inc.*, 53 F.3d 186, 191 (8th Cir. 1995).

9         A "transfer of interest" in a corporate context occurs when one corporation

10   becomes the successor to another by merger or other acquisition of the interest the

11   original corporate party had in the lawsuit.  *See, e.g.*, *Froning's, Inc. v. Johnston*

12   *Feed Service, Inc.*, 568 F.2d 108, 110 (8th Cir. 1978) (assignment of claims);

13   *DeVilliers v. Atlas Corp.*, 360 F.2d 292, 297 (10th Cir. 1966) (merger); *Hazeltine*

14   *Corp. v. Kirkpatrick*, 165 F.2d 683, 685 (3d Cir. 1948) (transfer of patents).

15   Because substitution under Rule 25(c) is merely a procedural device designed to

16   facilitate the conduct of a case, a Rule 25(c) decision is generally within the district

17   court's discretion.  *See United States use of Acme Granite & Tile Co. v. F. D. Rich*

18   *Co.*, 437 F.2d 549, 552 (9th Cir. 1970) ("A district court has ample discretionary

19   power to substitute parties plaintiff where a corporate dissolution or some other act

20   affecting the capacity to sue has occurred during the pendency of an action.");

21   *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, Docket No. 2:16-cv-

22   02005-JCM-VCF, 2017 U.S. Dist. LEXIS 59077, at *2 (D. Nev. Apr. 18, 2017)

23   (same) (citing *U.S. for Use of Acme Granite & Tile Co. v. F. D. Rich Co.*, 437 F.2d

24   549, 552 (9th Cir. 1970), *opinion adhered to on denial of reh'g*, 441 F.2d 1143 (9th

25   Cir. 1971)).

26         GWH should replace Nomadix in this litigation as the plaintiff.  As is

27   manifest from the Assignment of Patents, Nomadix has transferred all right, title,

28   and interest in and to the Nomadix Patents, including all payments under all

10

licenses entered into with respect to the Nomadix Patents and damages and payments for past or future infringements of the patents, to GWH.  GWH is now the proper plaintiff in this action because it owns the Nomadix Patents and the right to receive all payments under the License Agreement entered into with respect to the Nomadix Patents.  Accordingly, GWH should be substituted as a plaintiff in place and stead of Nomadix for Nomadix's affirmative claims under the License Agreement.  Nomadix would, however, remain subject to Guest-Tek's pending counterclaims as a counterclaim defendant.  *See* Guest-Tek's Second Amended Answer and Counterclaims (ECF No. 170).

**B.    In the Alternative, GWH Should Be Permitted To Intervene As A Party-Plaintiff.**

In the alternative, in the event the Court does not believe substitution is appropriate, GWH requests that it is permitted to intervene in the action. Fed. R. Civ. P. 24 provides the mechanism by which an entity may intervene:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention. (1) *In General*.  On timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact.

Here, GWH has a direct and substantial interest in the case due to the complaint seeking an award of all royalties, interest, and late fees under the License Agreement.  Therefore, GWH, the current owner of all right, title, and interest in and to the Nomadix Patents, including all payments under all licenses entered into with respect to the Nomadix Patents and damages and payments for past or future

11

la-1371562

infringements of the patents, is a necessary party to the litigation.  *See* Fed. R. Civ. P. 19(a)(1) (a person is necessary if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.").  No other party in the case can adequately represent GWH's interest. Nomadix no longer owns the right, title, and interest in and to the patents subject to the License Agreement.  Since GWH is a necessary party in the case and its interest is substantially affected by the instant case, GWH respectfully requests that if it is not permitted to substitute in place and stead of Nomadix, then GWH be allowed to intervene and participate in the case as a party-plaintiff.

Alternatively, permissive intervention necessitates GWH's intervention because its claim to all royalties, interest, and late fees under the License Agreement shares the identical questions of law and fact as this instant action. Accordingly, GWH is entitled to intervene to have its interest related to the Nomadix Patents and the License Agreement adjudicated by the Court.  This motion is brought timely.  "Timeliness is a flexible concept; its determination is left to the district court's discretion."  *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981).

Here, GWH timely seeks to intervene in the action only weeks after acquiring all right title, and interest in and to the Nomadix Patents.  (*See* Exhibit H to Clasen Decl.)  Moreover, GWH's intervention will not prejudice any party since discovery is still ongoing and the other parties will not be precluded from investigating any and all claims raised by GWH and GWH's interest in the Nomadix Patents.  Therefore, in the event the Court does not believe substitution or intervention of right is appropriate, permissive intervention is necessary.

///

## IV.    CONCLUSION

For the foregoing reasons, GWH requests that its Motion be granted and that the Court order GWH be substituted for Nomadix as the plaintiff in this case.  In the alternative, GWH requests that it is permitted to intervene in the action as a party-plaintiff.


Dated:     January 31, 2018              GREGORY B. KOLTUN
                                         JEREMIAH LEVINE
                                         MORRISON & FOERSTER LLP


                                         By: ___/s/ Gregory B. Koltun_____
                                               Gregory B. Koltun

                                               Attorneys for Plaintiff
                                               NOMADIX, INC.,

la-1371562