Steven J. Rocci (Admitted *Pro Hac Vice*)
Email: srocci@bakerlaw.com
Kevin M. Bovard, SBN 247521
Email: kbovard@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant/Counter-Claimant, <br><br> v. <br><br> NOMADIX, INC., <br><br> Counter-Defendant. | Case No.: 2:16-cv-08033-AB-FFM <br><br> [*Honorable André Birotte Jr.*] <br><br> **GUEST-TEK'S OPPOSITION TO NOMADIX'S MOTION FOR LEAVE TO SUPPLEMENT THE PLEADINGS** <br><br> [Filed concurrently with Rocci Declaration; (Proposed) Order] <br><br> Hearing Date: March 23, 2018 <br> Time: 10:00 a.m. <br> Courtroom: 7B <br><br> Action Filed: 10/28/16 <br> Amended Complaint Filed: 03/23/17 |

1  Michael J. Swope (Admitted *Pro Hac Vice*)
   *Email:* mswope@bakerlaw.com
2  Curt R. Hineline (Admitted *Pro Hac Vice*)
   *Email:* chineline@bakerlaw.com
3  **BAKER & HOSTETLER LLP**
   999 Third Avenue, Suite 3500
4  Seattle, WA 98104-4040
   Telephone:    206.332.1379
5  Facsimile:    206.624.7317

6  Michael R. Matthias, SBN 57728
   *Email:* mmatthias@bakerlaw.com
7  Jihee Ahn, SBN 292659
   *Email:* jahn@bakerlaw.com
8  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
9  Los Angeles, CA  90025-0509
   Telephone:   310.820.8800
10 Facsimile:   310.820.8859

11 *Attorneys for Defendant/Counter-Claimant*
   GUEST-TEK INTERATIVE
12 ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. INTRODUCTION

Nomadix's motion for leave to supplement the complaint should be denied because:

1) Nomadix unreasonably delayed in bringing this motion. The motion should have been brought when Guest-Tek first challenged the validity of the Licensed Patents in September, 2017;

2) Nomadix's proposed amendment would be futile because, in view of a recent assignment of the Licensed Patents and relevant rights under the Licensed Patents, Nomadix lost its right to maintain this action, at least in its own name alone, and thus has no right to supplement the Complaint;

3) Nomadix's refusal to advise Guest-Tek of the dispute over the ownership of the Licensed Patents, and associated rights thereunder, has been prejudicial to Guest-Tek. Had Nomadix brought these facts to Guest-Tek's attention, as it was required to do, Guest-Tek could have brought this issue to the Court's attention as soon as mid-September 2017. Unnecessary costs and fees in defending this case could have been avoided, and judicial resources could have been conserved. At a minimum, Guest-Tek would have had an opportunity to assert appropriate affirmative defenses;

4) Nomadix has challenged the validity of the assignment, and has tacitly admitted that it is premature to rule on any issues in this action until the assignment issue, and other issues relating to Nomadix's standing, have been resolved. Those issues are being considered in a co-pending action in New York;

5) Since the validity of the assignment, and hence Nomadix's standing to maintain the instant action, have been called into question, the instant action should be immediately stayed pending the outcome of the New York action. Guest-Tek will soon be filing a motion seeking such a stay, but in light of the circumstances, the Court may wish to stay the instant action *sua sponte*. In the meantime, Guest-Tek submits it would be appropriate to take off calendar all other scheduled events

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

in this matter, so that the threshold issue of standing can be addressed; and

6) Justice dictates that Nomadix's motion should be denied. Nomadix knew there was a standing issue before it requested Guest-Tek's consent to supplement the complaint, but it concealed those facts from Guest-Tek (and the Court). Guest-Tek withdrew its original, contingent consent to Nomadix's proposed supplement after it independently learned of the assignment and the New York action.

## II. BACKGROUND FACTS

Nomadix filed its Complaint on October 28, 2016 (D.I. 1). The Complaint alleges that Guest-Tek breached a 2010 Confidential Patent License Agreement ("License Agreement") between Nomadix and Guest-Tek. Under the License Agreement, Guest-Tek agreed to pay Nomadix certain royalties and fees to the extent certain Guest-Tek activities were covered by the "Licensed Patents" designated therein. Nomadix filed an Amended Complaint on March 23, 2017 to address deficiencies in its original Complaint (D.I. 32). Guest-Tek filed an Answer to the Amended Complaint on September 20, 2017 (D.I. 70).

The following is a summary of the relevant facts. A more detailed description of the facts describing how the Licensed Patents were assigned away from Nomadix, and that sets forth the reasons why Nomadix has lost standing to maintain this action, are set forth in Gate Worldwide Holdings' ("Gate Worldwide") pending motion to be substituted as the plaintiff or alternatively to intervene as a co-plaintiff in this matter (D.I. 193) and in Nomadix's opposition to Gate Worldwide's motion (D.I. 206).

About one year before filing its Complaint in the instant action, Nomadix had pledged the Licensed Patents as collateral to assist its parent company, Intertouch Holdings LLC ("Intertouch"), in securing a loan, as evidenced by a Note. Intertouch subsequently defaulted on the loan, and, on September 8, 2017, the current holder of the Note, Gate Worldwide, declared the Note due and payable, and expressed its

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

intent to Nomadix to exercise its rights to force an assignment of the Licensed Patents to Gate Worldwide. On January 3, 2018, Gate Worldwide sued Nomadix, and related companies, on the Note in the Supreme Court for the State of New York, for breach of contract and for foreclosure. On January 12, 2018, by way of a formal assignment, all of Nomadix's patents were assigned to Gate Worldwide. In the New York action, Nomadix has challenged the validity of the assignment.

These facts are significant because: (i) the assignment of the Nomadix patents to Gates has deprived Nomadix of its ability to maintain the instant action, and minimally, calls into question Nomadix's right to proceed as the sole plaintiff; (ii) Nomadix's challenge to the validity of the assignment must be resolved in the New York action before the instant action is permitted to proceed any further; and (iii) they call into question Nomadix's bona fides, because Nomadix never disclosed any of these facts to Guest-Tek (or the Court), despite Guest-Tek's document requests calling for their production.

The following facts and timeline demonstrate why Nomadix's motion is untimely and why supplementation is futile, and otherwise why justice dictates that the motion be denied.

June 7, 2017: Guest-Tek requests Nomadix to produce documents relating to ownership rights to, security interests in, and judgments against, the Licensed Patents. Nomadix objects and refuses to produce responsive documents. (Exhibit A, Nomadix's Responses and Objections to Guest-Tek's Requests for Production, Nos. 23 and 24).

September 8, 2017: Gate Worldwide declares the Note due and payable and advises Nomadix of its intent to exercise its right to assign the Nomadix patents, including the Licensed Patents, from Nomadix to Gate Worldwide (D.I. 193 at 7-8).

September 20, 2017: (i) Nomadix has not advised Guest-Tek of Gate Worldwide's intent to assign the Nomadix patents to Gate Worldwide, and has not produced any documents relating thereto; (ii) Guest-Tek files and serves its Answer

to Nomadix's Amended Complaint. Guest-Tek's Answer includes an affirmative defense that one or more of the Licensed Patents are invalid (D.I. 70, Page 12, Twelfth Affirmative Defense).

November, 2017: Nomadix's general counsel communicates with Gate Worldwide regarding Gate Worldwide's ownership of the Note (D.I. 207, ¶ 3).

December 22 and 28: Guest-Tek files Petitions for Inter Partes Review in the U.S. Patent Office requesting review of the patentability of two of the Licensed Patents (D.I. 210-1, p. 2).

January 3, 2018: Gate Worldwide sues Nomadix and others in the Supreme Court for the State of New York, for breach of contract of, and foreclosure on, the Note (D.I. 207-1).

January 8, 2018: Nomadix states its intent to supplement its Complaint and requests Guest-Tek's consent. Nomadix does not advise Guest-Tek of the New York action, or that circumstances have arisen that call into question Nomadix's standing to maintain the instant action (D.I. 211-3, p. 3).

January 11, 2018: Gate Worldwide requests Nomadix to assign the Nomadix patents to Gate Worldwide. Nomadix does not respond (D.I. 193, pp. 8-9).

January 12, 2018: Gate Worldwide exercises its right to appoint an attorney-in-fact to assign the Nomadix patents to Gate Worldwide on behalf of Nomadix, and the assignment is executed by the appointed attorney-in-fact (D.I. 193, p. 9; D.I. 193-10).

January 15, 2018: Nomadix still has not advised Guest-Tek of the assignment or the New York action. Guest-Tek provides contingent consent to Nomadix to file supplemental complaint. Guest-Tek is unaware of the assignment or the New York action (D.I. 211-3, p. 1).

January 16, 2018: Guest-Tek first becomes aware of Gate Worldwide and its intent to move to substitute as plaintiff. (Exhibit B, Letter from Gate Worldwide's counsel to Michael Matthias).

<u>January 31, 2018</u>: Gate Worldwide files its motion to be substituted as the plaintiff in this matter or alternatively to intervene as a co-plaintiff (D.I. 193).

<u>February 15, 2018</u>: More than one month after stating its intent to supplement the complaint, Nomadix submits its proposed supplemental complaint to Guest-Tek and requests Guest-Tek's final consent to file (D.I. 211-4, p. 2).

<u>February 22, 2018</u>: Nomadix answers the complaint in the New York action. (D.I. 207-2) Guest-Tek advises Nomadix that it has learned of the foregoing developments. Guest-Tek advises that it would be inappropriate for Guest-Tek to stipulate with Nomadix regarding amendment of the complaint given the question of Nomadix's standing to maintain the instant action (D.I. 211-4, p. 1).

<u>February 23, 2018</u>: Nomadix files the instant motion (D.I. 208).

## III. **ARGUMENT**

### A. **Nomadix's Motion Should Be Denied Because It Unreasonably Delayed in Moving to Supplement Its Complaint**

As Nomadix notes, one of the five factors to be considered in determining whether leave should be granted to supplement a complaint is undue delay. Motion at p. 3 (D.I. 210-1). Nomadix relies upon Guest-Tek's December 22 and 28, 2018 petitions for *inter partes* review to support its assertion that its motion was timely brought. Thus, Nomadix would have the Court believe that December 22 is the first time that Guest-Tek challenged the validity of a Licensed Patent. Motion at p. 2, 4. (D.I. 210-1). Nomadix also relies upon Guest-Tek's December 28, 2018 Second Amended Complaint to support its assertion that its motion was timely brought. Motion at 2 (D.I. 210-1).

Nomadix is wrong about when Guest-Tek first asserted that the Licensed Patents are invalid. Guest-Tek's original Answer, filed and served on September 20, 2017, recites patent invalidity as an Affirmative Defense:

///

///

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TWELFTH AFFIRMATIVE DEFENSE**
**(Patent Invalidity)**

No royalties are due to Nomadix because any claim of any patent licensed under the License Agreement, that Nomadix contends encompasses a Guest-Tek product or service, or any feature or functionality thereof, is invalid for failure to comply with the conditions of patentability, including, but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

(D.I. 70 at p. 12). Even though Nomadix was on notice of Guest-Tek's challenge to the validity of the Licensed Patents by September 20, it waited sixteen weeks, i.e., until January 8, 2018, to notify Guest-Tek of its intent to supplement its complaint. Then, it waited over six weeks after that, i.e., until February 23, 2018, to bring its motion. Nomadix offers no excuse for its delay. Nomadix's twenty two week delay is unreasonable on its face.

Moreover, Nomadix knew of the dispute over the ownership of the Licensed Patents, and associated rights thereunder, at least as early as September 8, 2017, nearly three weeks before the September 20 deadline for Guest-Tek's Answer to the complaint. Yet, Nomadix did not advise Guest-Tek of these facts, even though it was under at least a discovery obligation to do so.

Nomadix's undue delay weighs against granting its motion.

### B. Nomadix's Motion Should Be Denied Because the Proposed Supplement Would Be Futile

Once the assignment was executed on January 12, 2018, Nomadix lost its standing to maintain this action. The assignment not only conveyed the Licensed Patents to Gate Worldwide, but it also conveyed:

> all rights of any kind whatsoever of [Nomadix] accruing under any of the Patents…" and " all income, fees, royalties, damages and payments and other proceeds now and hereafter due or payable with respect to any of the Patents, including without limitation under all licenses entered into with respect to the Patents …

(D.I. 193-10). Therefore, following the assignment, Gate Worldwide owned the rights that Nomadix is suing under, and hence Nomadix lost standing to maintain this action. Without standing, Nomadix is powerless to prosecute this action,

including moving to supplement the complaint. Accordingly, Nomadix's motion should be denied because the attempt to supplement the complaint would be futile.

### C. Nomadix's Motion Should Be Denied Because Nomadix's Failure to Advise Guest-Tek of the Ownership Dispute and Assignment Has Been Prejudicial to Guest-Tek

Nomadix knew of the dispute concerning ownership of the Licensed Patents, and the rights thereunder, at least as early as September 8, 2017. On that date, Gate Worldwide notified Nomadix of Gate Worldwide's intent to transfer ownership of the Licensed Patents, and all rights thereunder, to Gate Worldwide. (D.I. 193, pp. 7-8). Nomadix did not then, and has never since, advised Guest-Tek of <u>any</u> of the facts occurring on or after that date. Guest-Tek learned of them independently when it received a letter from Gate Worldwide's attorneys. (Exhibit B). Nor has Nomadix ever produced any of the documents that it has had it in its possession that directly relate to these circumstances. Yet, since June 7, 2017, Guest-Tek has had an outstanding request that such documents be produced to it. Nomadix's responded by flatly refusing to produce such documents:

**REQUEST FOR PRODUCTION 23:**
All documents reflecting ownership of each of the Nomadix Patents.

**RESPONSE TO REQUEST FOR PRODUCTION 23:**
Nomadix incorporates its Objections Applicable to All Requests. Nomadix further objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege or work-product immunity, including the protections of Rules 26(b)(3) and (4); Nomadix will withhold any protected responsive materials on this ground. Nomadix further objects to this request as seeking documents that are neither relevant to any claims or defenses in this action nor proportional to the needs of the case. *Nomadix will not search for, and may withhold, materials responsive to this request.*

**REQUEST FOR PRODUCTION 24:**
All documents reflecting any liens, security interests or judgments in, to or against any of the Nomadix Patents.

**RESPONSE TO REQUEST FOR PRODUCTION 24:**
Nomadix incorporates its Objections Applicable to All Requests. Nomadix further objects to this request to the extent that it seeks information protected from disclosure by the attorney-client privilege or work-product immunity, including the protections of Rules 26(b)(3) and (4); Nomadix will withhold any protected responsive materials on this ground. *To the extent the request seeks documents reflecting liens,*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

> *security interests, or non-final judgments in, to, or against any of the Nomadix Patents, the request is overly broad, is unduly burdensome, and seeks documents that are neither relevant to the properly pleaded claims or defenses in this action nor proportional to the needs of the case; Nomadix will not search for such documents*. To the extent the term "judgments" refers to final judgments entered by a court, *Nomadix is unaware of any judgments against any of the Nomadix Patents and therefore will not search for any documents reflecting such judgments.*

[Italics added]. Nomadix's refusal to advise Guest-Tek of the dispute over the ownership of the Licensed Patents, and associated rights thereunder, has been prejudicial to Guest-Tek. Had Nomadix brought these facts to Guest-Tek's attention, as it was required to do, Guest-Tek could have brought this issue to the Court's attention as soon as mid- September 2017. Unnecessary expense and fees in defending this case could have been avoided, and judicial resources could have been conserved. Minimally, Guest-Tek would have had an opportunity to assert appropriate affirmative defenses.

### D. Nomadix's Has Asserted That Resolution of the Issues in The New York Should Be Resolved First

In its Opposition (D.I. 206) to Gate Worldwide's motion to substitute as a plaintiff or intervene (D.I. 193), Nomadix has asserted that Gate Worldwide's motion is premature in view of the New York action. Particularly, Nomadix has argued that:

> [P]redicate facts and legal conclusions [Gate Worldwide] needs for its requested substitution will be decided in an already-pending New York state-court action … (D.I. 206 at p. 1)

and:

> Until these disputes are resolved in the New York action, [Gate Worldwide] cannot establish it is a valid successor … (D.I. 206, p. 5)

Nomadix's argument is that Gate Worldwide's motion is premature, because the outcome of the New York action will determine standing. That argument is a tacit admission that no further rulings (at least to the extent that they affect the substantive rights of a party) should be made in this action until the New York

action has been resolved. Accordingly, by Nomadix's own arguments, it is premature to consider Nomadix's instant motion.

### E. Nomadix's Motion Should Not Be Decided Because This Action Should Be Stayed Pending the Outcome of the New York Action

In the New York action, Nomadix has challenged the validity of the assignment and is fighting against foreclosure against it by Gate Worldwide. Guest-Tek will soon file a motion to stay this action, since the resolution of these issues will determine who is/are the proper plaintiff(s). In the event that the Court does not stay this action *sua sponte*, then, minimally the Court should take off calendar all other scheduled events in this matter, until Guest-Tek's motion to stay has been decided.

### F. Justice Dictates That Nomadix's Motion Should Be Denied

Justice dictates that Nomadix's motion should be denied. Nomadix knew there was a standing issue before it requested Guest-Tek's consent to supplement the complaint, but it concealed those facts from Guest-Tek (and the Court). Guest-Tek withdrew its original, contingent, consent to Nomadix's proposed supplement after it independently learned of the assignment and the New York action (D.I. 211-4).

Dated: March 2, 2018

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Steven J. Rocci*
Steven J. Rocci
Kevin M. Bovard
Michael J. Swope
Curt R. Hineline
Michael R. Matthias
Jihee Ahn

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERATIVE ENTERTAINMENT LTD.