Steven J. Rocci (Admitted *Pro Hac Vice*)
Email: srocci@bakerlaw.com
Kevin M. Bovard, SBN 247521
Email: kbovard@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant/ Counter-Claimant, <br><br> v. <br><br> NOMADIX, INC., <br><br> Counter-Defendant. | Case No.: 2:16-cv-08033-AB-FFM <br><br> [*Honorable Frederick F. Mumm*] <br><br> **GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL NOMADIX, INC. TO RESPOND TO REQUEST FOR PRODUCTION NOS. 17 AND 25** <br><br> [Filed concurrently with Declaration of Kevin M. Bovard] <br><br> Hearing Date: March 27, 2018 <br> Time: 10:00 a.m. <br> Courtroom: 580 <br><br> Fact Discovery Cutoff: May 31, 2018 <br> Pretrial Conference: November 5, 2018 <br> Trial: December 4, 2018 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1 | Michael J. Swope (Admitted *Pro Hac Vice*)
Email: mswope@bakerlaw.com
2 | Curt R. Hineline (Admitted *Pro Hac Vice*)
Email: chineline@bakerlaw.com
3 | **BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
4 | Seattle, WA 98104-4040
Telephone: 206.332.1379
5 | Facsimile: 206.624.7317

6 | Michael R. Matthias, SBN 57728
Email: mmatthias@bakerlaw.com
7 | Jihee Ahn, SBN 292659
Email: jahn@bakerlaw.com
8 | **BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
9 | Los Angeles, CA 90025-0509
Telephone: 310.820.8800
10 | Facsimile: 310.820.8859

11 | *Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
12 | ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -
GUEST-TEK'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL NOMADIX, INC. TO RESPOND TO
REQUEST FOR PRODUCTION NOS. 17 AND 25; CASE NO.: 2:16-CV-08033-AB-FFM

Guest-Tek has offered since January 19 to narrow its Request for Production Nos. 17 and 25 to five specific categories of documents. (D.I. 228 at 7-8; D.I. 228-1, Ex. G at 1-2). Yet Nomadix pretends that Guest-Tek's offer never existed, tying its entire argument to the supposed breadth of Guest-Tek's requests as originally served. Nomadix never addresses the (likely reasonable) effort that would be involved in limiting its document collection and production to those five categories.

Nomadix's assertion that it has "collected" over 895,000 potentially responsive documents is misleading. (D.I. 228 at 13.) To date, Nomadix has produced fewer than 400 documents, the overwhelming bulk of which are publicly available.[1] (Bovard Decl., attached as Ex. A, ¶ 2.) So if Nomadix "collected" 895,000 documents, then it has produced only 0.04% of them. The identity of the other 99.96% of the allegedly collected documents is anyone's guess. Nomadix does not say when it began searching for and collecting these documents, or even what search terms and other criteria it used to identify them.

Since Nomadix originally objected to searching for *any* responsive documents (except, in response to Request No. 17, copies of the Licensed Patents (D.I. 228-1, Ex. B at 14, 18-19)), it appears that Nomadix did not begin its search and collection effort until after Guest-Tek began pressing the issue in a January 19 letter. And, based on the facts Nomadix asserts, it appears that Nomadix broadly designed its effort based solely on the text of the original document requests. (D.I. 228-2 ¶ 6) (describing document collection "to respond to Guest-Tek's requests for production 17 and 25" without mentioning Guest-Tek's proposals to narrow the requests). While such a misguidedly broad effort may inflate the amounts of data and documents at issue, it ignores Guest-Tek's offer to narrow the scope of requested documents. Nomadix's complaints about these inflated amounts reflect a

---

[1] By contrast, Guest-Tek has produced over 43,000 documents (totaling over 425,000 pages) and approximately 5.6 GB of source code to Nomadix. (Bovard Decl. ¶ 3.)

- 1 -

problem of its own making. Nomadix has *never* reached out to Guest-Tek and requested assistance with its search and collection effort, such as by proposing search terms. Guest-Tek would have willingly assisted, had Nomadix requested. The first time Nomadix ever mentioned the 895,000 alleged documents (or the $500,000 to review them) was when it provided its portion of the Joint Stipulation. (D.I. 228 at 13, 16.)

Guest-Tek's five narrow categories of documents are undeniably relevant both to Nomadix's claims in its Amended Complaint and to Guest-Tek's claims and defenses in its Second Amended Answer and Counterclaims. (*See id.* at 8.) Nomadix accuses Guest-Tek of underpaying royalties under the License Agreement. Royalty obligations arise from activity covered by one or more claims of the Licensed Patents, or so-called "claim coverage." The term "claim coverage" is merely another term for "patent infringement." *See, e.g.*, *Portney v. CIBA Vision Corp.*, 401 F. App'x 526, 528 (Fed. Cir. 2010) ("[A] significant aspect of the [license agreement] dispute is whether [defendant] owes additional royalties because its devices fall within the boundaries of [plaintiff]'s patents[,] thereby[] requiring a higher royalty rate payment."); *Alexsam, Inc. v. Green Dot Corp.*, No. 2:15-cv-05742, 2015 WL 6520917, at *4 (C.D. Cal. Sept. 28, 2015) ("[D]etermination of whether the [License] Agreement was breached will require the Court to interpret the [] patents to determine if defendants' products in fact infringe on the patents."). ███████████████████████████████████████████████████████████████████████████████████████████████ The information covered by Guest-Tek's five categories bears directly on issues of claim construction and patent claim scope (and hence patent coverage), patent validity, and patent enforceability. Guest-Tek is entitled to know, for example, the positions that Nomadix has taken on the scope and coverage of the Licensed Patents in prior patent litigation. Guest-Tek is also entitled to know the identity of prior art to the

Licensed Patents that Nomadix is aware of, whether brought to Nomadix's attention by third parties, in litigation, or otherwise.[2]

Guest-Tek is doubly entitled to these documents and information because it asserts in its own defenses and counterclaims that the Licensed Patents are invalid, are unenforceable, and cannot be construed to cover Guest-Tek's systems and services. In each of Nomadix's prior litigations and relevant third-party communications, Nomadix took positions on how the Licensed Patents should be construed (a predicate to determining claim coverage), the scope of the claims of the Licensed Patents, and how the Licensed Patents allegedly differ from the prior art. Those positions are binding on Nomadix, and many, if not most, of them are set forth in documents that are not publicly available. Whether those documents involved different companies and different products is beside the point.[3] Guest-Tek is entitled to know the positions Nomadix has taken on the Licensed Patents, including positions taken with its opponents in prior litigation.

Having established relevance and proportionality, Guest-Tek need not predict which "concrete document[s] it expects to obtain" in response to its (now limited) document requests. (D.I. 228 at 4.) After all, the information that Guest-Tek seeks is routinely exchanged in litigation involving patent coverage. As Nomadix acknowledges, it is a seasoned patent litigant and its lawyers are experienced patent litigators. (*Id.* at 17; D.I. 228-2 ¶ 9.) Nomadix knew that the documents that Guest-Tek seeks are routinely requested and produced in this type of litigation. As the

---

[2] Nomadix should not be permitted to decide for itself which prior art is "relevant" to patent validity. (*See* D.I. 228 at 2-3.) That is a decision for the Court to make at trial. Nomadix is especially unsuited to judge relevance, having previously been chastised in litigation involving a Licensed Patent for likely concealing relevant information from the United States Patent Office. (D.I. 142 at 6-7.)

[3] Whether some of this evidence might be "less significant" than other evidence is also beside the point. (D.I. 228 at 20) (internal quotation marks omitted). Evidence is relevant as long as "it has *any* tendency"—not necessarily a highly significant tendency—"to make a [consequential] fact more or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added).

- 3 -

1  plaintiff, Nomadix should have had these documents ready to produce before it
2  filed its complaint against Guest-Tek—especially because many, if not most, of the
3  documents Guest-Tek seeks have already been produced in prior litigations
4  involving the Licensed Patents, reviewed for privilege, and marked with production
5  numbers. All Nomadix needs to do is produce them as they exist. Any concerns
6  about privilege are addressed by the clawback provision in the stipulated discovery
7  order. (D.I. 66 ¶ 15.) And any concerns about confidentiality are addressed by the
8  confidentiality provisions of the stipulated protective order. (D.I. 67 §§ 5-7.)
9  Producing the documents is not nearly as burdensome as Nomadix insists. Nomadix
10 should be compelled to make the production, and its demand for cost-shifting
11 should be denied.

13 Dated:   March 13, 2018            Respectfully submitted,

14                                    **BAKER & HOSTETLER LLP**

16                                    By:   */s/ Steven J. Rocci*
                                            Steven J. Rocci
17                                          Kevin M. Bovard
                                            Michael J. Swope
18                                          Curt R. Hineline
                                            Michael R. Matthias
19                                          Jihee Ahn

20                                    *Attorneys for Defendant/Counter-Claimant*
                                      GUEST-TEK INTERACTIVE
21                                    ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES