GREGORY B. KOLTUN (CA SBN 130454)
GKoltun@mofo.com
JEREMIAH LEVINE (CA SBN 288377)
JLevine@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

JOSEPH L. CLASEN
jclasen@rc.com
IAN T. CLARKE-FISHER
iclarke-fisher@rc.com
ROBINSON & COLE LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone: (212) 451-2900

Attorneys for Gate Worldwide Holdings LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| NOMADIX, INC., | Case No. 2:16-CV-08033-AB-FFM |
|---|---|
| Plaintiff, | **GATE WORLDWIDE HOLDINGS LLC'S OPPOSITION TO GUEST-TEK'S MOTION TO STAY PENDING RESOLUTION OF RELATED PROCEEDING** |
| v. | |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | Hearing: April 13, 2018 |
| Defendant. | Time: 10:00 AM |
| | Ctrm: 7B |
| | Honorable Andrè Birotte, Jr. |

1

la-1374698

1    Gate Worldwide Holdings LLC ("GWH") respectfully submits this

2  Opposition to Defendant Guest-Tek Interactive Entertainment Ltd.'s ("Guest-Tek")

3  Motion to Stay Pending Resolution of Related Proceeding ("Motion to Stay") (ECF

4  No. 241).

5  **I.      SUMMARY OF ARGUMENT**

6    Guest-Tek's Motion to Stay argues that this Court should defer judgment on

7  GWH's Motion to Substitute (ECF No. 193) and stay this action pending the

8  resolution of a newly filed New York State Court action.  The Motion to Stay

9  further suggests that Guest-Tek will be prejudiced in some unidentified manner if a

10  stay is not granted.  However, a stay here is unnecessary, will be prejudicial to the

11  parties, and will only result in postponing the prosecution of the core claims before

12  this Court.

13    Guest-Tek's Motion to Stay should be denied as this Court has the

14  jurisdiction and authority to rule on GWH's Motion to Substitute, and need not

15  defer to another Court.  Further, regardless of the determination on GWH's Motion

16  to Substitute, the factual background, claims and defenses ***all will remain the same***.

17  Because the merits of this lawsuit remain the same regardless of the outcome of

18  GWH's Motion to Substitute, there is no reason why it should not proceed on a

19  parallel track with the resolution of GWH's Motion to Substitute. The only way that

20  the parties will be prejudiced is if Guest-Tek's Motion to Stay is granted, thus

21  extending and delaying an active and timely prosecution of this case.

22    Guest-Tek's Motion to Stay attempts to couch this current action as a dispute

23  between GWH and Nomadix.  It is not.  This action is based upon Guest-Tek's

24  violations of the License Agreement, claims that are unrelated to which party is

25  prosecuting it.  Guest-Tek may be an "awkward bystander" to the resolution of

26  GWH's Motion to Substitute, but it suffers no prejudice in continuing to stand on

27  the sidelines of that particular dispute while defending the claims that have been

28  asserted against it.  Accordingly, and as explained in more detail below and in

1    GWH's Motion to Substitute, the Court should deny the Motion to Stay and grant

2    GWH's Motion to Substitute.

3   **II.**     **LEGAL STANDARD**

4       "Where it is proposed that a pending proceeding be stayed, the competing

5    interests which will be affected by the granting or refusal to grant a stay must be

6    weighed. Among these competing interests are the possible damage which may

7    result from the granting of a stay, the hardship or inequity which a party may suffer

8    in being required to go forward, and the orderly course of justice measured in terms

9    of the simplifying or complicating of issues, proof, and questions of law which

10    could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268

11    (9th Cir. 1962). Further, the party moving for a stay "bears the burden of

12    establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

13   **III.**    **ARGUMENT**

14       Guest-Tek's Motion to Stay should be denied because this Court has the

15    ability to rule on GWH's straightforward Motion to Substitute, Guest-Tek will

16    suffer no harm if this case proceeds, and, other than delaying the prosecution of this

17    action, there will be nothing gained by a stay.

18           **A.**     **The District Court Need Not Defer to the New York Action.**

19       Guest-Tek's Motion to Stay is based largely upon the false premise that this

20    Court cannot rule on GWH's Motion to Substitute because there is a breach of

21    contract and foreclosure action in New York State Court entitled *Gate Worldwide*

22    *Holdings LLC v. interTouch Holdings, LLC, et al.*, Index No.: 650026/2018 (the

23    "New York Action"), which includes allegations and claims relating to the

24    assignment of the Nomadix Patents. (*See* Motion to Stay, pp. 2, 4, 7-8.) However,

25    Guest-Tek has failed to articulate any legal or equitable reason why this Court

26    cannot, or should not, rule on GWH's Motion to Substitute. This is because no

27    valid reason exists.

28

1       In this action, GWH's Motion to Substitute is focused on a single party,

2  Nomadix, and a single issue, the assignment of the Nomadix Patents to GWH.

3  GWH's Motion to Substitute was filed January 31, 2018 and was fully briefed on

4  March 2, 2018.[1]  GWH's Motion to Substitute is based upon a relatively

5  straightforward Assignment of Patents, is supported by numerous undisputed

6  documents (including an undisputed Forbearance Agreement), and Nomadix has

7  filed its opposition.

8       Conversely, the New York Action, which arises out of a default of

9  Nomadix's parent company on a Note Purchase Agreement with an outstanding

10  balance of over $48,000,000, is somewhat more complicated and includes six

11  causes of action against four defendants, one of whom is Nomadix.  The Complaint

12  in the New York Action was only just filed on January 3, 2018 and the four

13  defendants, including Nomadix, filed their answer on February 22, 2018.  Although

14  GWH did file its Motion for Summary Judgment on March 12, 2018 in an effort to

15  move the New York Action along, it is yet unclear when the four defendants will

16  file their opposition or when the motion will be fully briefed and submitted to the

17  Court.

18       Simply put, the issues before this Court in GWH's Motion to Substitute are

19  relatively straightforward and have been fully submitted, while the issues in the

20  New York Action are more complex, have yet to be fully briefed, and once decided

21  will do nothing to contribute substantively to the claims before this Court.  As the

22  Ninth Circuit has held, a stay is usually improper where the foreign proceeding "is

23  unlikely to decide, or to contribute to the decision of, the factual and legal issues

24  before the district court." *Lockyer v. Mirant Corp.*, 398 F.3d 198, 1113 (9th Cir.

25  2005).  Furthermore, "a stay should not be granted unless it appears likely the other

26

27       [1] The delayed hearing date and extended briefing schedule was provided as a professional courtesy at the request of Nomadix's counsel.  Had this not been the case, GWH's Motion would have been fully briefed February 16.

28

proceedings will be concluded within a reasonable time.  Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F. 3d 1059, 1067 (9th Cir. 2007) (internal citations omitted).  Accordingly, there is no basis why this Court should delay or defer to the Court in the New York Action.

There is no dispute that this Court has jurisdiction over GWH's Motion to Substitute, nor can there be any suggestion that this Court is uninformed of the issues or otherwise unequipped to rule on GWH's Motion to Substitute.  In fact, as opposed to the New York Action, this Court has all the relevant arguments before it.  Further, to the extent the Court rules on GWH's Motion to Substitute and such a ruling effects the New York Action, this Court's ruling would have a preclusive, binding effect on the relevant parties and would be far from the "advisory opinion" suggested by Guest-Tek.  (*See* Mot. to Stay, pp. 2, 7.)

Guest-Tek further claims that courts routinely grant motions to stay in similar circumstances.  (*See* Mot. to Stay, p. 10.)  This is incorrect.  All the cited actions are ones in which the parties agreed that a fundamental issue ***needed to be decided by another judicial body*** in a previously filed action.  *See, e.g.*, *Lindell v. Synthes, USA*, No. 1:11-cv-2053, 2012 U.S. Dist. LEXIS 65919 (E.D. Cal. May 10, 2012) (staying action as plaintiff's standing to be determined by Bankruptcy Court); *RPost Holdings, Inc v. Exacttarget, Inc,*. No. 2:12-cv-512, 2014 U.S. Dist. LEXIS 198809 (E.D.Tex. Sept. 29, 2014) (staying action as patent ownership, which could moot claims, to be determined by previously filed state court action, which was a month away from a jury trial); *Epistar Corp. v. Philips Lumileds Lighting Co.*, No. 07-5194, 2008 U.S. Dist. LEXIS 119891 (N.D. Cal. Apr. 2, 2008) (staying portion of action until previously filed International Trade Commission appeal is ruled upon).  As explained above, such is not the case.  This Court is more than able to decide GWH's Motion to Substitute.

1    Here, the Court has all the documentary evidence necessary to determine the

2    owner of the Nomadix Patents and decide GWH's Motion to Substitute.  The

3    undisputed documentary evidence, submitted in connection with GWH's Motion to

4    Substitute, conclusively establishes that GWH, not Nomadix, owns all rights, title,

5    and interests in and to the Nomadix Patents.  Moreover, Nomadix, the current

6    plaintiff in this action and defendant in the New York Action, likewise opposes the

7    proposed stay and does not appear to contend that it will suffer any prejudice if this

8    Court rules on GWH's Motion to Substitute.  Accordingly, as the issue of GWH's

9    standing is squarely before this Court, this Court should deny the Motion to Stay

10   and rule on GWH's Motion to Substitute.

11

12          **B.    As the Claims and Scope of Discovery are not Subject to
                    Change, a Stay Will Only Serve to Delay the Inevitable and
13                  Prejudice the Parties.**

14          Guest-Tek further argues that the parties will not suffer any damages or

15   prejudice as a result of a stay.  (*See* Mot. to Stay, p. 5.)  This argument clearly fails

16   to consider the harm caused by undue delay, which is outweighed by the complete

17   lack of harm or prejudice to Guest-Tek if this matter is permitted to proceed.  The

18   Motion to Stay should be denied because regardless of whether it is GWH or

19   Nomadix who is found to have standing to pursue the breaches of the License

20   Agreement, the substance of the claims, the scope of discovery, and parties

21   substantively participating in discovery will all remain fundamentally unaltered.  In

22   fact, as Guest-Tek has asserted counterclaims against Nomadix, regardless of how

23   the Court's decides GWH's Motion to Substitute, Nomadix will remain a party to

24   this action. (*See* ECF No. 170.)

25          The primary practical result from the requested stay will be to delay the

26   timely prosecution of this action.  Here, "undue delay" is the true harm to all

27   parties.  *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F. 3d 1059,

28

1066 (9th Cir. 2007).  As the Ninth Circuit has previously cautioned, "if there is even a fair possibility that the stay will work damage to some one else, the party seeking the stay must make out a clear case of hardship or inequity."  *Lockyear v. Mirant Corp.*, 398 F. 3d 1098, 1112 (9th Cir. 2005).  Further, as it applies here, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity."  *Id*.  Guest-Tek has not, and cannot, articulate any harm it would suffer if this case continues.  Regardless of the result of the New York Action, Guest-Tek will be required to defend against the current claims.  There is no conceivable scenario where the claims in this action go away.

Further, as evidenced by the numerous discovery motions and orders on the docket, discovery appears to be well on its way.  (*See, e.g,* ECF Nos. 76, 152, 203, 227, etc.)  To stay this action now, with discovery in full swing would only serve to undermine the parties' progress and momentum.  A stay at this time would be especially prejudicial to the parties, as the costs associated with discovery, document management and retention, and witness preparation and maintenance will only increase and compound as the time passes.

The Court should also consider the fact that following the filing of the Motion to Stay, on March 19, 2018, Guest-Tek provided GWH with a *Subpoena Duces Tecum*, dated March 16, 2018.  While Guest-Tek is asserting that the Court should delay its determination of GWH's role in this action and that it will be purportedly prejudiced if discovery is to continue, it is also actively pursuing discovery against GWH.

Compounding the misplaced logic of Guest-Tek's Motion to Stay, Guest-Tek also advised the Court that it has **two** pending Petitions for *Inter Partes* Review of two of the Nomadix Patents in the U.S. Patent and Trademark Office.  (*See* Mot. to Stay, p. 6 n. 3.)  Guest-Tek would have the Court stay this action while Guest-Tek simultaneously actively pursues those petitions in an effort to invalidate two of the Nomadix Patents subject to the License Agreement.  It is unclear how the purported

1 | uncertainty relating to the New York Action is prejudicial, when Guest-Tek's
2 | corresponding petitions to invalidate two of the Nomadix Patents subject to this
3 | very action is not.

4 | **IV.   CONCLUSION**

5 |      Based on the forgoing and GWH's Motion to Substitute, this Court should
6 | deny Guest-Tek's Motion to Stay and grant GWH's Motion to Substitute.

Dated:    March 23, 2018        GREGORY B. KOLTUN
JEREMIAH LEVINE
MORRISON & FOERSTER LLP


By:  /s/ Gregory B. Koltun
       Gregory B. Koltun

       Attorneys for Plaintiff
       GATE WORLDWIDE
       HOLDINGS LLC