1  Steven J. Rocci (Admitted *Pro Hac Vice*)
   *Email: srocci@bakerlaw.com*
2  Kevin M. Bovard, SBN 247521
   *Email: kbovard@bakerlaw.com*
3  **BAKER & HOSTETLER LLP**
   2929 Arch Street, 12th Floor
4  Philadelphia, PA 19104-2891
   Telephone:  215.568.3100
5  Facsimile:  215.568.3439

6  *Attorneys for Defendant/Counter-Claimant*
   GUEST-TEK INTERACTIVE
7  ENTERTAINMENT LTD.

8  (*additional counsel listed on following page*)

9          **IN THE UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11               **WESTERN DIVISION**

12  NOMADIX, INC.,                    | Case No.: 2:16-CV-08033-AB-FFM

13          Plaintiff,                | [*Honorable André Birotte Jr.*]

14      v.                            | **DECLARATION OF ERICA BARROW IN SUPPORT OF GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY ON ITS MOTION TO STAY**

15  GUEST-TEK INTERACTIVE
    ENTERTAINMENT LTD.,

16          Defendant/Counter-Claimant,

17                                    | [Filed concurrently with Reply]

18      v.

19  NOMADIX, INC.,                    | Action Filed: 10/28/16
                                      | Amended Complaint Filed: 03/23/17
20          Counter-Defendant.

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Michael J. Swope (Admitted *Pro Hac Vice*)
*Email:  mswope@bakerlaw.com*
Curt R. Hineline (Admitted *Pro Hac Vice*)
*Email:  chineline@bakerlaw.com*
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone:     206.332.1379
Facsimile:     206.624.7317

Michael R. Matthias, SBN 57728
*Email:  mmatthias@bakerlaw.com*
Jihee Ahn, SBN 292659
*Email:  jahn@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:   310.820.8800
Facsimile:   310.820.8859

2

3

4

5

6

7

8

9

10

11

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERATIVE
ENTERTAINMENT LTD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

I, Erica Barrow, hereby declare and state:

1.      I am an attorney at law duly licensed to practice in New York.  I am
an associate at the law firm of Baker & Hostetler LLP, counsel of record for
Defendant/Counter-Claimant Guest-Tek Interactive Entertainment, Ltd. ("Guest-
Tek").  I submit this declaration in support of Guest-Tek's Motion to Stay (the
"Motion").  I have personal knowledge of the facts set forth below and if called as
a witness, I could and would testify competently as follows.

2.      Attached as Exhibit 1 is a true and correct copy of excerpts of the
Uniform Civil Rules for the Supreme Court of New York and the Rules of the
Commercial Division.

3.      Attached as Exhibit 2 is a true and correct copy of GWH's Notice of
Motion for Summary Judgment, filed in the New York Action, *Gate Worldwide
Holdings LLC v. Intertouch Holdings LLC, et al.*, New York Supreme Court Index
No. 650026/2018 ("the New York Action").

4.      Attached as Exhibit 3 is a true and correct copy of the Stipulation
Adjourning Return Date of Motion Sequence 001 in the New York Action.

5.      The New York Action is in the Commercial Division of New York
State Supreme Court, New York County. I was previously a law clerk for a Judge
in the Commercial Division of New York State Supreme Court, New York County
and am familiar with the timeline for a Judge to issue a decision on a motion.

6.      Rule 23 of the Commercial Division provides that "[i]f 60 days have
elapsed after a motion has been finally submitted or oral argument held, whichever
was later, and no decision has been issued by the court, counsel for the movant
shall send the court a letter alerting it to this fact with copies to all parties to the
motion." (*See* Exhibit 1). This 60-day Rule is a guideline for when a decision will
be rendered on a motion after the motion is finally submitted. A motion is deemed
finally submitted on the motion's return date or after oral argument is scheduled.

7.      Pursuant to New York's CPLR 2214, the opposition to GWH's

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Motion for Summary Judgment is due on April 9, 2018 and GWH's Reply in Further Support of the Motion for Summary Judgment is due on April 13, 2018. The return date for GWH's Motion for Summary Judgment is April 16, 2018. (*See* Exhibit 2 and 3).

8.     In order for a party to obtain oral argument on a motion, the moving party must request oral argument in the notice of motion pursuant to Rule 202.8. *See* Exhibit 1). GWH did not request oral argument for its Motion for Summary Judgment. (*See* Exhibit 2).

9.     A Judge may schedule oral argument on a motion *sua sponte*. I spoke to the law clerk for the Judge in the New York Action on March 26, 2018 who informed me that the Judge generally schedules oral argument on motions like GWH's. The law clerk in the New York action stated that if a motion has a return date in April then oral argument is likely to be scheduled in or around May and a decision is generally issued a few weeks after the scheduled date for oral argument.

10.     Based on my experience as a law clerk in in the Commercial Division of New York State Supreme Court, New York County, my analysis of the Uniform Rules for New York State Courts, and my conversation with the law clerk for the Judge in the New York Action, it would be reasonable to expect a decision on GWH's Motion for Summary Judgment by approximately June or early July of 2018.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 30th day of March 2018, at New York, New York.

Erica Barrow

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# Exhibit 1



## RULES

### *Administrative Rules of the Unified Court System & Uniform Rules of the Trial Courts*

## Uniform Rules for N.Y.S. Trial Courts

### PART 202. Uniform Civil Rules For The Supreme Court And The County Court

202.1    Application of Part; waiver; additional rules; . . .

202.2    Terms and parts of court

202.3    Individual assignment system; structure

202.4    County Court judge; ex parte applications in Sup. Court . . .

202.5    Papers filed in court

202.5-a   Filing by facsimile transmission

202.5-b   Electronic Filing in Supreme Court; Consensual Program

202.5-bb  Electronic Filing in Supreme Court; Mandatory Program

202.6    Request for judicial intervention

202.7    Calendaring of motions; uniform notice of motion form; . . .

202.8    Motion procedure

202.9    Special proceedings

202.9-a   Special proceedings authorized by subsection (d) of section 9-518 . . .

202.10   Appearance at Conferences

202.11   [Reserved]

202.12   Preliminary conference

202.12-a  Residential Mortgage Foreclosure Actions . . .

202.13   Removal of actions without consent to courts of Ltd. jurisdiction

202.14   Special masters

202.15   Videotape recording of civil depositions

202.16   Matrimonial actions; calendar control of financial disclosure . . .

202.16-a  Matrimonial Actions; Automatic Orders

202.16-b  Submission of Written Applications in Contested Matrimonial Actions.

202.17   Exchange of medical reports in pers. injury and wrongful death

202.18   Testimony of court-appt expert witness in matrimonial action

202.19   Differentiated case management

202.20   [Reserved]

202.21   Note of issue and certificate of readiness

202.22   Calendars

202.23   [Reserved]

202.24   Special preferences

202.25   Objections to applications for special preference

202.26   Pretrial conference

202.27   Defaults

202.27-a  Proof of Default Judgment in Consumer Credit Matters

202.27-b  Additional Mailing of Notice on an Action Arising from a Consumer Credit Transaction

202.28  Discontinuance of actions

202.29 to 202.30  [Reserved]

202.31  Identification of trial counsel

202.32  Engagement of counsel

202.33  Conduct of the voir dire

202.34  [Reserved]

202.35  Submission of papers for trial

202.36  Absence of attorney during trial

202.37 to 202.39  [Reserved]

202.40  Jury trial of less than all issues; procedure

202.41  [Reserved]

202.42  Bifurcated trials

202.43  Ref. of triable issues and proceedings to judicial hearing . . .

202.44  Motion to confirm or reject judicial hearing officer's report . . .

202.45  Resched. after jury disagreement, mistrial or order for new trial

202.46  Damages, inquest after default; proof

202.47  Transcript of judgment; receipt stub

202.48  Submission of orders, judgments and decrees for signature

202.49  [Reserved]

202.50  Proposed judgments in matrimonial actions; forms

202.51  Proof required in dissolution proceedings

202.52  Deposit of funds by receivers and assignees

202.53  Trust accountings; procedure

202.54  Proceedings relating to appts. of guardians w respect . . .

202.55  Procedure for perfection of civil appeals to the County Court

202.56  Medical, dental and podiatric malpractice actions; special rules

202.57  Judicial review of orders of the State Division of Human Rights

202.58  Small claims tax assessment review proceedings; . . .

202.59  Tax assess. review proceed. in counties outside the NYC . . .

202.60  Tax assessment review proceedings in counties within the NYC

202.61  Exchange of appraisal reports in eminent domain proceedings

202.62  Payment of eminent domain award to other than named award

202.63  Assignment for benefit of creditors

202.64  Election Law proceedings

202.65  Registration of title to real property; sales of real estate . . .

202.66  Workers' compensation settlements

202.68  Proceedings Involving Custody of an Indian Child

202.69  Coordination of related actions pending in more than one . . .

202.70  Rules of the Commercial Division of the Supreme Court

202.71  Section 202.71 Recognition of Tribal Court Judgments, Decrees and Orders

Appendix A  GUIDELINES FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI") FROM NONPARTIES.

**Section 202.1 Application of Part; Waiver; Additional Rules; Application of CPLR; Definitions.**

(a) Application. This Part shall be applicable to civil actions and proceedings in the Supreme Court and the County Court.

Attorney[1] for (other party)

Address:

Telephone number:

(print name)

_____

Attorney[1] for (other party)

Address:

Telephone number:

(c) The affirmation of the good faith effort to resolve the issues raised by the motion shall indicate the time, place and nature of the consultation and the issues discussed and any resolutions, or shall indicate good cause why no such conferral with counsel for opposing parties was held.

(d) An order to show cause or an application for ex parte relief need not contain the notice of motion set forth in this section, but shall contain the affirmation of good faith set forth in this section if such affirmation otherwise is required by this section.

(e) Ex parte motions submitted to a judge outside of the county where the underlying action is venued or will be venued shall be referred to the appropriate court in the county of venue unless the judge determines that the urgency of the motion requires immediate determination.

(f) Any application for temporary injunctive relief, including but not limited to a motion for a stay or a temporary restraining order, shall contain, in addition to the other information required by this section, an affirmation demonstrating there will be significant prejudice to the party seeking the restraining order by giving of notice. In the absence of a showing of significant prejudice, the affirmation must demonstrate that a good faith effort has been made to notify the party against whom the temporary restraining order is sought of the time, date and place that the application will be made in a manner sufficient to permit the party an opportunity to appear in response to the application. This subdivision shall not be applicable to orders to show cause or motions in special proceedings brought under Article 7 of the Real Property Actions and Proceedings Law, nor to orders to show cause or motions requesting an order of protection under section 240 of the Domestic Relations Law, unless otherwise ordered by the court.

[1]If any party is appearing *pro se*, the name, address and telephone number of such party shall be stated.

Historical Note

Sec. filed Jan. 9, 1986; amd. filed Feb. 16, 1988 eff. April 1, 1988.

Added (f) on Oct. 1, 2006

Amended (f) on Feb. 13, 2007

Amended (f) on Jun. 11, 2007

🔼

## Section 202.8 Motion procedure.

(a) All motions shall be returnable before the assigned judge, and all papers shall be filed with the court on or before the return date.

(b) Special Procedure for Unassigned Cases. If a case has not been assigned to a judge, the motion shall be made returnable before the court, and a copy of the moving papers, together with a request for judicial intervention, shall be filed with the court, with proof of service upon all other parties, where

required by section 202.6 of this Part, within five days of service upon the other parties. The moving party shall give written notice of the index number to all other parties immediately after filing of the papers. Copies of all responding papers shall be submitted to the court, with proof of service and with the index number set forth in the papers, on or before the return date. The case shall be assigned to a judge as soon as practicable after the filing of the request for judicial intervention pursuant to section 202.6 of this Part, but in no event later than the return date. After assignment to the judge, the court shall provide for appropriate notice to the parties of the name of the assigned judge. Motion papers noticed to be heard in a county other than the county where the venue of the action has been placed by the plaintiff shall be assigned to a judge in accordance with procedures established by the Chief Administrator.

(c) The moving party shall serve copies of all affidavits and briefs upon all other parties at the time of service of the notice of motion. The answering party shall serve copies of all affidavits and briefs as required by CPLR 2214. Affidavits shall be for a statement of the relevant facts, and briefs shall be for a statement of the relevant law.

(d) Motion papers received by the clerk of the court on or before the return date shall be deemed submitted as of the return date. The assigned judge, in his or her discretion or at the request of a party, thereafter may determine that any motion be orally argued and may fix a time for oral argument. A party requesting oral argument shall set forth such request in its notice of motion or in its order to show cause or on the first page of the answering papers, as the case may be. Where all parties to a motion request oral argument, oral argument shall be granted unless the court shall determine it to be unnecessary. Where a motion is brought on by order to show cause, the court may set forth in the order that oral argument is required on the return date of the motion.

(e)

(1) Stipulations of adjournment of the return date made by the parties shall be in writing and shall be submitted to the assigned judge. Such stipulation shall be effective unless the court otherwise directs. No more than three stipulated adjournments for an aggregate period of 60 days shall be submitted without prior permission of the court.

(2) Absent agreement by the parties, a request by any party for an adjournment shall be submitted in writing, upon notice to the other party, to the assigned judge on or before the return date. The court will notify the requesting party whether the adjournment has been granted.

(f) Where the motion relates to disclosure or to a bill of particulars, and a preliminary conference has not been held, the court shall notify all parties of a scheduled date to appear for a preliminary conference, which shall be not more than 45 days from the return date of the motion unless the court orders otherwise, and a form of a stipulation and order, prescribed by the Chief Administrator of the Courts, shall be made available which the parties may sign, agreeing to a timetable which shall provide for completion of disclosure within 12 months, and for a resolution of any other issues raised by the motion. If all parties sign the form and return it to the court before the return date of the motion, such form shall be "so ordered" by the court, and the motion shall be deemed withdrawn. If such stipulation is not returned by all parties, the conference shall be held on the assigned date. Issues raised by the motion and not resolved at the conference shall be determined by the court.

(g) Unless the circumstances require settlement of an order, a judge shall incorporate into the decision an order effecting the relief specified in the decision.

(h) Reports of Pending Motions in the Supreme Court

(1) To assist in preparing the quarterly report of pending civil matters required by section 4.1 of the Rules of the Chief Judge, the Chief Administrator of the Court or his or her designee shall provide to a justice of the Supreme Court, upon request, an automated open motion report of all motions pending before the

justice which appear undecided 60 days after final submission. This open motion report may be used by the justice to assist in the preparation of his or her official quarterly report.

(2) Since motions are decided on a daily basis and further submissions may be received on a pending motion, the only report that shall be considered current is the official quarterly report submitted by the particular justice.

Historical Note

Sec. filed Jan. 9, 1986; amds. filed: Feb. 16, 1988; Dec. 14, 1992 eff. Jan. 1, 1993. Amended (a)-(e); added (f)-(g).

Added (h) on  Jan. 17, 2006

Amended (h) on  Mar. 24, 2006

Amended (h) on  Oct. 1, 2006

Amended (h) on  Nov. 7, 2007

### Section 202.9 Special proceedings.

Special proceedings shall be commenced and heard in the same manner as motions that have not yet been assigned to a judge as set forth in section 202.8 of this Part, except that they shall be governed by the time requirements of the CPLR relating to special proceedings.

Historical Note

Sec. filed Jan. 9, 1986 eff. Jan. 6, 1986.

### Section 202.9-a Special proceedings authorized by subsection (d) of section 9-518 of the Uniform Commercial Code.

(a) This section shall govern a special proceeding authorized by subsection (d) of section 9-518 of the Uniform Commercial Code for the redaction or expungement of a falsely-filed or amended financing statement.  Except as otherwise provided in such subsection and in this section, such a special proceeding shall be subject to the provisions of article four of the CPLR and of section 202.9 of these rules.

(b) The following shall apply to a special proceeding governed by this section:

(1) Venue.  Such a special proceeding shall be commenced in the Supreme Court in:
(i) Albany County; or

(ii) the County of the petitioner's residence; or

(iii) any County within a Judicial District in which any property covered by the financing statement is located.

(2) No fee required.  Notwithstanding any provision of Article eighty of the CPLR, no fee shall be collected pursuant to such Article in such a special proceeding.

(3) Petitioner.  In order to commence such a special proceeding, the petitioner must be:
(i) either (A) an employee of the State or of a political subdivision thereof, or (B) an attorney who represents or has represented the respondent in a criminal court; and
(ii) a person identified as a debtor in a financing statement filed pursuant to Subpart one of Part five of Article nine of the Uniform Commercial Code; and

(d) Termination of Coordination. The Coordinating Justice, sua sponteor upon motion by any party, may terminate coordination, in whole or in part, if the Justice determines that coordination has been completed or that the purposes of this section can be best advanced by termination of the coordination. Upon termination, the actions shall be remanded to their counties of origin for trial unless the parties to an action consent to trial of that action before the Coordinating Justice.

Historical Note

Sec. filed Jan. 28, 2002 eff. Jan. 24, 2002.

---

### Section 202.70 Rules of the Commercial Division of the Supreme Court

(a) Monetary thresholds

Except as set forth in subdivision (b), the monetary thresholds of the Commercial Division, exclusive of punitive damages, interests, costs, disbursements and counsel fees claimed, are established as follows:

| | |
|---|---|
| Albany County | $50,000 |
| Eighth Judicial District | $100,000 |
| Kings County | $150,000 |
| Nassau County | $200,000 |
| New York County | $500,000 |
| Onondaga County | $50,000 |
| Queens County | $100,000 |
| Seventh Judicial District | $50,000 |
| Suffolk County | $100,000 |
| Westchester County | $100,000 |

(b) Commercial cases

Actions in which the principal claims involve or consist of the following will be heard in the Commercial Division provided that the monetary threshold is met or equitable or declaratory relief is sought:

(1) Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g., unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices);

(2) Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units);

(3) Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only;

(4) Shareholder derivative actions -- without consideration of the monetary threshold;

(5) Commercial class actions -- without consideration of the monetary threshold;

(6) Business transactions involving or arising out of dealings with commercial banks and other financial institutions;

(7) Internal affairs of business organizations;

(8) Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters;

(9) Environmental insurance coverage;

(10) Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage);

(11) Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures -- without consideration of the monetary threshold; and

(12) Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues. Where the applicable arbitration agreement provides for the arbitration to be heard outside the United States, the monetary threshold set forth in section 202.70(a) shall not apply.

(c) Non-commercial cases

The following will not be heard in the Commercial Division even if the monetary threshold is met:

(1) Suits to collect professional fees;

(2) Cases seeking a declaratory judgment as to insurance coverage for personal injury or property damage;

(3) Residential real estate disputes, including landlord-tenant matters, and commercial real estate disputes involving the payment of rent only;

(4) Home improvement contracts involving residential properties consisting of one to four residential units or individual units in any residential building, including cooperative or condominium units;

(5) Proceedings to enforce a judgment regardless of the nature of the underlying case;

(6) First-party insurance claims and actions by insurers to collect premiums or rescind non-commercial policies; and

(7) Attorney malpractice actions except as otherwise provided in paragraph (b)(8).

(d) Assignment to the Commercial Division

(1) Within 90 days following service of the complaint, any party may seek assignment of a case to the Commercial Division by filing a Request for Judicial Intervention (RJI) that attaches a completed Commercial Division RJI Addendum certifying that the case meets the jurisdictional requirements for Commercial Division assignment set forth in subdivisions (a), (b) and (c) of this section. Except as provided in subdivision (e) below, failure to file an RJI pursuant to this subdivision precludes a party from seeking assignment of the case to the Commercial Division.

(2) Subject to meeting the jurisdictional requirements of subdivisions (a), (b) and (c) of this section and filing an RJI in compliance with subsection (d)(l) above, the parties to a contract may consent to the exclusive jurisdiction of the Commercial Division of the Supreme Court by including such consent in their contract. A sample choice of forum provision can be found at Appendix C to these Rules of the Commercial Division. Alternatively, subject to meeting the jurisdictional and procedural requirements applicable to the Commercial Division and the federal courts, the parties to a contract may consent to the exclusive jurisdiction of either the Commercial Division of the Supreme Court or the federal courts in New York State by including such consent in their contract. An alternative sample choice of forum provision to that effect can also be found at Appendix C to these Rules of the Commercial Division. In addition, the parties to a contract may consent to having New York law apply to their contract, or any dispute under the contract. A sample choice of law provision can be found at Appendix D to these Rules of the Commercial Division.

(e) Transfer into the Commercial Division

If an RJI is filed within the 90-day period following service of the complaint and the case is assigned to a noncommercial part because the filing party did not designate the case as "commercial" on the RJI, any other party may apply by letter application (with a copy to all parties) to the Administrative Judge, within ten days after receipt of a copy of the RJI, for a transfer of the case into the Commercial Division. Further, notwithstanding the time periods set forth in subdivisions (d) and (e) of this section, for good cause shown for the delay a party may seek the transfer of a case to the Commercial Division by letter application (with a copy to all parties) to the Administrative Judge. In addition, a non-Commercial Division justice to whom a case is assigned may sua sponte request the Administrative Judge to transfer a case that meets the jurisdictional requirements for Commercial Division assignment set forth in subdivisions (a), (b) and (c) of this section to the Commercial Division. The determinations of the Administrative Judge with respect to any letter applications or requests under this subdivision shall be final and subject to no further administrative review or appeal.

(f) Transfer from the Commercial Division

(1) In the discretion of the Commercial Division justice assigned, if a case does not fall within the jurisdiction of the Commercial Division as set forth in this section, it shall be transferred to a non-commercial part of the court.

(2) Any party aggrieved by a transfer of a case to a non-commercial part may seek review by letter application (with a copy to all parties) to the Administrative Judge within ten days of receipt of the designation of the case to a non-commercial part. The determination of the Administrative Judge shall be final and subject to no further administrative review or appeal.

(g) Rules of practice for the Commercial Division

Unless these rules of practice for the Commercial Division provide specifically to the contrary, the rules of Part 202 also shall apply to the Commercial Division, except that Rules 7 through 15 shall supersede section 202.12 (Preliminary Conference) and Rules 16 through 24 shall supersede section 202.8 (Motion Procedure).

Preamble. The Commercial Division understands that the businesses, individuals and attorneys who use this Court have expressed their frustration with adversaries who engage in dilatory tactics, fail to appear for hearings or depositions, unduly delay in producing relevant documents, or otherwise cause the other parties in a case to incur unnecessary costs. The Commercial Division will not tolerate such practices. The Commercial Division is mindful of the need to conserve client resources, encourage proportionality in discovery, promote efficient resolution of matters, and increase respect for the integrity of the judicial process. Litigants and counsel who appear in this Court are directed to review the Rules regarding sanctions, including the provisions in Rule 12 regarding failure to appear at a conference, Rule 13(a) regarding adherence to discovery schedules, and Rule 24(d) regarding the need for counsel to be fully familiar with the case when making appearances. Sanctions are also available in this Court under Rule 3126 of the Civil Practice Law and Rules and Part 130 of the Rules of the Chief Administrator of the Courts. The judges in the Commercial Division will impose appropriate sanctions and other remedies and orders as is warranted by the circumstances. Use of these enforcement mechanisms enables the Commercial Division to function efficiently and effectively, and with less wasted time and expense for the Court, parties and counsel. Nothing herein is intended to expand or alter the scope and/or remedies available under the above-cited sanction rules.

Rule 1. Appearance by Counsel with Knowledge and Authority.

(a) Counsel who appear in the Commercial Division must be fully familiar with the case in regard to which they appear and fully authorized to enter into agreements, both substantive and procedural, on behalf of

their clients. Counsel should also be prepared to discuss any motions that have been submitted and are outstanding. Failure to comply with this rule may be regarded as a default and dealt with appropriately. See Rule 12.

(b) Consistent with the requirements of Rule 8(b), counsel for all parties who appear at the preliminary conference shall be sufficiently versed in matters relating to their clients' technological systems to discuss competently all issues relating to electronic discovery. Counsel may bring a client representative or outside expert to assist in such discussions.

(c) It is important that counsel be on time for all scheduled appearances.

Rule 2. Settlements and Discontinuances. If an action is settled, discontinued, or otherwise disposed of, counsel shall immediately inform the court by submission of a copy of the stipulation or a letter directed to the clerk of the part along with notice to chambers via telephone or e-mail. This notification shall be made in addition to the filing of a stipulation with the County Clerk.

Rule 3. Alternative Dispute Resolution (ADR); Settlement Conference Before a Justice Other Than the Justice Assigned to the Case.

(a) At any stage of the matter, the court may direct or counsel may seek the appointment of an uncompensated mediator for the purpose of mediating a resolution of all or some of the issues presented in the litigation. Additionally, counsel for all parties may stipulate to having the case determined by a summary jury trial pursuant to any applicable local rules or, in the absence of a controlling local rule, with permission of the court.

(b) Should counsel wish to proceed with a settlement conference before a justice other than the justice assigned to the case, counsel may jointly request that the assigned justice grant such a separate settlement conference. This request may be made at any time in the litigation. Such request will be granted in the discretion of the justice assigned to the case upon finding that such a separate settlement conference would be beneficial to the parties and the court and would further the interests of justice. If the request is granted, the assigned justice shall make appropriate arrangements for the designation of a "settlement judge."

Rule 4. Electronic Submission of Papers.

(a) Papers and correspondence by fax. Papers and correspondence filed by fax should comply with the requirements of section 202.5-a except that papers shall not be submitted to the court by fax without advance approval of the justice assigned. Correspondence sent by fax should not be followed by hard copy unless requested.

(b) Papers submitted in digital format. In cases not pending in the court's Filing by Electronic Means System, the court may permit counsel to communicate with the court and each other by e-mail. In the court's discretion, counsel may be requested to submit memoranda of law by e-mail or on a computer disk along with an original and courtesy copy.

Rule 5. (This rule shall apply only in the First and Second Judicial Departments) Information on Cases. Information on future court appearances can be found at the court system's future appearance site (www.nycourts.gov/ecourts). Decisions can be found on the Commercial Division home page of the Unified Court System's internet website: www.courts.state.ny.us/comdiv or in the New York Law Journal. The clerk of the part can also provide information about scheduling in the part (trials, conferences, and arguments on motions). Where circumstances require exceptional notice, it will be furnished directly by chambers.

Rule 6. Form of Papers. All papers submitted to the Commercial Division shall comply with CPLR 2101 and section 202.5(a). Papers shall be double-spaced and contain print no smaller than twelve-point, or

8½ x 11 inch paper, bearing margins no smaller than one inch. The print size of footnotes shall be no smaller than ten-point. Papers also shall comply with Part 130 of the Rules of the Chief Administrator. Each electronically-submitted memorandum of law and, where appropriate, affidavit and affirmation shall include bookmarks providing a listing of the document's contents and facilitating easy navigation by the reader within the document.

Rule 7. Preliminary Conference; Request. A preliminary conference shall be held within 45 days of assignment of the case to a Commercial Division justice, or as soon thereafter as is practicable. Except for good cause shown, no preliminary conference shall be adjourned more than once or for more than 30 days. If a Request for Judicial Intervention is accompanied by a dispositive motion, the preliminary conference shall take place within 30 days following the decision of such motion (if not rendered moot) or at such earlier date as scheduled by the justice presiding. Notice of the preliminary conference date will be sent by the court at least five days prior thereto.

Rule 8. Consultation prior to Preliminary and Compliance Conferences.

(a) Counsel for all parties shall consult prior to a preliminary or compliance conference about (i) resolution of the case, in whole or in part; (ii) discovery and any other issues to be discussed at the conference, including the timing and scope of expert disclosure under Rule 13(c); (iii) the use of alternate dispute resolution to resolve all or some issues in the litigation; and (iv) any voluntary and informal exchange of information that the parties agree would help aid early settlement of the case. Counsel shall make a good faith effort to reach agreement on these matters in advance of the conference.

(b) Prior to the preliminary conference, counsel shall confer with regard to anticipated electronic discovery issues. Such issues shall be addressed with the court at the preliminary conference and shall include but not be limited to (i) identification of potentially relevant types or categories of electronically stored information ("ESI") and the relevant time frame; (ii) disclosure of the applications and manner in which the ESI is maintained; (iii) identification of potentially relevant sources of ESI and whether the ESI is reasonably accessible; (iv) implementation of a preservation plan for potentially relevant ESI; (v) identification of the individual(s) responsible for preservation of ESI; (vi) the scope, extent, order, and form of production; (vii) identification, redaction, labeling, and logging of privileged or confidential ESI; (viii) claw-back or other provisions for privileged or protected ESI; (ix) the scope or method for searching and reviewing ESI; (x) the anticipated cost and burden of data recovery and proposed initial allocation of such costs; and (xi) designation of experts; and (xii) the need to vary the presumptive number or duration of depositions set forth in Rule 11-d.

Rule 9. Accelerated Adjudication Actions.

(a)  This rule is applicable to all actions, except to class actions brought under Article 9 of the CPLR, in which the court by written consent of the parties is authorized to apply the accelerated  adjudication procedures  of the Commercial Division of the   Supreme Court.   One way for parties to express their consent to this accelerated adjudication process is by using specific language in a contract, such as: "Subject to the  requirements for a case to be heard in the Commercial Division, the parties agree to submit to the exclusive jurisdiction of the Commercial Division, New York State Supreme Court, and to the application of the  Court's accelerated procedures, in connection with any dispute, claim or controversy arising out of or relating to this agreement, or the breach, termination, enforcement or validity thereof."

(b) In any matter proceeding through the accelerated process, all pre-trial proceedings, including all discovery, pre-trial motions and mandatory mediation, shall be completed and the parties shall be ready for trial within nine (9) months from the date of filing of a Request of Judicial Intervention (RJI).

(c) In any accelerated action, the court shall deem the parties to have irrevocably waived:

(1) any objections based on lack of personal jurisdiction or the doctrine of forum non conveniens;

(2) the right to trial by jury;

(3) the right to recover punitive or exemplary damages;

(4) the right to any interlocutory appeal; and

(5) the right to discovery, except to such discovery as the parties might otherwise agree or as follows:

(i) There shall be no more than seven (7) interrogatories and five (5) requests to admit;

(ii) Absent a showing of good cause, there shall be no more than seven (7) discovery depositions per side with no deposition to exceed seven (7) hours in length. Such depositions can be done either in person at the location of the deponent, a party or their counsel or in real time by any electronic video device; and

(iii) Documents requested by the parties shall be limited to those relevant to a claim or defense in the action and shall be restricted in terms of time frame, subject matter and persons or entities to which the requests pertain.

(d) In any accelerated action, electronic discovery shall proceed as follows unless the parties agree otherwise:

(i) the production of electronic documents shall normally be made in a searchable format that is usable by the party receiving the e-documents;

(ii) the description of custodians from whom electronic documents may be collected shall be narrowly tailored to include only those individuals whose electronic documents may reasonably be expected to contain evidence that is material to the dispute; and

(iii) where the costs and burdens of e-discovery are disproportionate to the nature of the dispute or to the amount in controversy, or to the relevance of the materials requested, the court will either deny such requests or order disclosure on condition that the requesting party advance the reasonable cost of production to the other side, subject to the allocation of costs in the final judgment.

Rule 10. Submission of Information; Certification Relating to Alternative Dispute Resolution

At the preliminary conference, counsel shall be prepared to furnish the court with the following: (i) a complete caption, including the index number; (ii) the name, address, telephone number, e-mail address and fax number of all counsel; (iii) the dates the action was commenced and issue joined; (iv) a statement as to what motions, if any, are anticipated; and (v) copies of any decisions previously rendered in the case. Counsel for each party shall also submit to the court at the preliminary conference and each subsequent compliance or status conference, and separately serve and file, a statement, in a form prescribed by the Office of Court Administration, certifying that counsel has discussed with the party the availability of alternative dispute resolution mechanisms provided by the Commercial Division and/or private ADR providers, and stating whether the party is presently willing to pursue mediation at some point during the litigation.

Rule 11. Discovery

(a) The preliminary conference will result in the issuance by the court of a preliminary conference order. Where appropriate, the order will contain specific provisions for means of early disposition of the case, such as (i) directions for submission to the alternative dispute resolution program, including, in all cases in which the parties certify their willingness to pursue mediation pursuant to Rule 10, provision of a specific date by which a mediator shall be identified by the parties for assistance with resolution of the

action; (ii) a schedule of limited-issue discovery in aid of early dispositive motions or settlement; and/or (iii) a schedule for dispositive motions before disclosure or after limited-issue disclosure.

(b) The order will also contain a comprehensive disclosure schedule, including dates for the service of third-party pleadings, discovery, motion practice, a compliance conference, if needed, a date for filing the note of issue, a date for a pre-trial conference and a trial date.

(c) The preliminary conference order may provide for such limitations of interrogatories and other discovery as may be necessary to the circumstances of the case. Additionally, the court should consider the appropriateness of altering prospectively the presumptive limitations on depositions set forth in Rule 11-d.

(d) The court will determine, upon application of counsel, whether discovery will be stayed, pursuant to CPLR 3214(b), pending the determination of any dispositive motion.


Rule 11-a. Interrogatories.

(a) Interrogatories are limited to 25 in number, including subparts, unless another limit is specified in the preliminary conference order. This limit applies to consolidated actions as well.

(b) Unless otherwise ordered by the court, interrogatories are limited to the following topics: name of witnesses with knowledge of information material and necessary to the subject matter of the action, computation of each category of damage alleged, and the existence, custodian, location and general description of material and necessary documents, including pertinent insurance agreements, and other physical evidence.

(c) During discovery, interrogatories other than those seeking information described in paragraph (b) above may only be served (1) if the parties consent, or (2) if ordered by the court for good cause shown.

(d) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.


Rule 11-b. Privilege Logs.

(a) Meet and Confer: General. Parties shall meet and confer at the outset of the case, and from time to time thereafter, to discuss the scope of the privilege review, the amount of information to be set out in the privilege log, the use of categories to reduce document-by-document logging, whether any categories of information may be excluded from the logging requirement, and any other issues pertinent to privilege review, including the entry of an appropriate non-waiver order. To the extent that the collection process and parameters are disclosed to the other parties and those parties do not object, that fact may be relevant to the Court when addressing later discovery disputes.

(b) Categorical Approach or Document-By-Document Review.

(1) The preference in the Commercial Division is for the parties to use categorical designations, where appropriate, to reduce the time and costs associated with preparing privilege logs. The parties are expected to address such considerations in good faith as part of the meet and confer process (see paragraph (a) above) and to agree, where possible, to employ a categorical approach to privilege designations. The parties are encouraged to utilize any reasoned method of organizing the documents that will facilitate an orderly assessment as to the appropriateness of withholding documents in the specified category. For each category of documents that may be established, the producing party shall

provide a certification, pursuant to 22 NYCRR § 130-1.1a, setting forth with specificity those facts
supporting the privileged or protected status of the information included within the category. The
certification shall also describe the steps taken to identify the documents so categorized, including but
not limited to whether each document was reviewed or some form of sampling was employed, and if the
latter, how the sampling was conducted. The certification shall be signed by the Responsible Attorney, as
defined below, or by the party, through an authorized and knowledgeable representative.

(2) In the event the requesting party refuses to permit a categorical approach, and instead insists on a
document-by-document listing on the privilege log, then unless the Court deems it appropriate to issue a
protective order pursuant to CPLR 3103 based upon the facts and circumstances before it, the
requirements set forth in CPLR 3122 shall be followed. In that circumstance, however, the producing
party, upon a showing of good cause, may apply to the court for the allocation of costs, including
attorneys' fees, incurred with respect to preparing the document-by-document log. Upon good cause
shown, the court may allocate the costs to the requesting party.

(3) To the extent that a party insists upon a document-by-document privilege log as contemplated by
CPLR 3122, and absent an order to the contrary, each uninterrupted e-mail chain shall constitute a single
entry, and the description accompanying the entry shall include the following: (i) an indication that the
e-mails represent an uninterrupted dialogue; (ii) the beginning and ending dates and times (as noted on
the e-mails) of the dialogue; (iii) the number of e-mails within the dialogue; and (iv) the names of all
authors and recipients – together with sufficient identifying information about each person (e.g., name of
employer, job title, role in the case) to allow for a considered assessment of privilege issues.

(c) Special Master. In complex matters likely to raise significant issues regarding privileged and protected
material, parties are encouraged to hire a Special Master to help the parties efficiently generate privilege
logs, with costs to be shared.

(d) Responsible Attorney. The attorney having supervisory responsibility over the privilege review shall
be actively involved in establishing and monitoring the procedures used to collect and review documents
to determine that reasonable, good faith efforts are undertaken to ensure that responsive, non-privileged
documents are timely produced.

(e) Court Order. Agreements and protocols agreed upon by parties should be memorialized in a court
order.


Rule 11-c.    Discovery of Electronically Stored Information from Nonparties.

Parties and nonparties should adhere to the Commercial Division's Guidelines for Discovery of
Electronically Stored Information ("ESI") from nonparties, which can be found in Appendix A  to these
Rules of the Commercial Division.


Rule 11-d. Limitations on Depositions.

(a) Unless otherwise stipulated to by the parties or ordered by the court:
(1) the number of depositions taken by plaintiffs, or by defendants, or by third-party defendants, shall be
limited to 10; and
(2) depositions shall be limited to 7 hours per deponent.

(b) Notwithstanding subsection (a)(1) of this Rule, the propriety of and timing for depositions of non-
parties shall be subject to any restrictions imposed by applicable law.

(c) For the purposes of subsection (a)(1) of this Rule, the deposition of an entity through one or more representatives shall be treated as a single deposition even though more than one person may be designated to testify on the entity's behalf.

(d) For the purposes of this Rule, each deposition of an officer, director, principal or employee of an entity who is also a fact witness, as opposed to an entity representative pursuant to CPLR 3106(d), shall constitute a separate deposition.

(e) For the purposes of subsection (a)(2) of this Rule, the deposition of an entity shall be treated as a single deposition even though more than one person may be designated to testify on the entity's behalf. Notwithstanding the foregoing, the cumulative presumptive durational limit may be enlarged by agreement of the parties or upon application for leave of Court, which shall be freely granted.

(f) For good cause shown, the court may alter the limits on the number of depositions or the duration of an examination.

(g) Nothing in this Rule shall be construed to alter the right of any party to seek any relief that it deems appropriate under the CPLR or other applicable law.


Rule 11-e. Responses and Objections to Document Requests

(a) For each document request propounded, the responding party shall, in its Response and Objections served pursuant to CPLR 3122(a) (the "Responses"), either:

i. state that the production will be made as requested; or

ii. state with reasonable particularity the grounds for any objection to production.

(b) By a date agreed to by the parties or at such time set by the Court, the responding party shall serve the Responses contemplated by Rule 11-e(a)(ii), which shall set forth specifically: (i) whether the objection(s) interposed pertains to all or part of the request being challenged; (ii) whether any documents or categories of documents are being withheld, and if so, which of the stated objections forms the basis for the responding party's decision to withhold otherwise responsive documents or categories of documents; and (iii) the manner in which the responding party intends to limit the scope of its production.

(c) By agreement of the parties to a date no later than the date set for the commencement of depositions, or at such time set by the Court, a date certain shall be fixed for the completion of document production by the responding party.

(d) By agreement of the parties to a date no later than one (1) month prior to the close of fact discovery, or at such time set by the Court, the responding party shall state, for each individual request: (i) whether the production of documents in its possession, custody or control and that are responsive to the individual request, as propounded or modified, is complete; or (ii) that there are no documents in its possession, custody or control that are responsive to the individual request as propounded or modified.

(e) Nothing contained herein is intended to conflict with a party's obligation to supplement its disclosure obligations pursuant to CPLR 3101(h).


Rule 11-f. Depositions of Entities; Identification of Matters.
(a) A notice or subpoena may name as a deponent a corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, public corporation, government, or governmental subdivision, agency or instrumentality, or any other legal or commercial entity.

(b) Notices and subpoenas directed to an entity may enumerate the matters upon which the person is to be examined, and if so enumerated, the matters must be described with reasonable particularity.

(c) If the notice or subpoena to an entity does not identify a particular officer, director, member or employee of the entity, but elects to set forth the matters for examination as contemplated in section (b) of this Rule, then no later than ten days prior to the scheduled deposition:

(1) the named entity must designate one or more officers, directors, members or employees, or other individual(s) who consent to testify on its behalf;

(2) such designation must include the identity, description or title of such individual(s); and

(3) if the named entity designates more than one individual, it must set out the matters on which each individual will testify.

(d) If the notice or subpoena to an entity does identify a particular officer, director, member or employee of the entity, but elects to set forth the matters for examination as contemplated in section (b) of this Rule, then:

(1) pursuant to CPLR 3106(d), the named entity shall produce the individual so designated unless it shall have, no later than ten days prior to the scheduled deposition, notified the requesting party that another individual would instead be produced and the identity, description or title of such individual is specified. If timely notification has been so given, such other individual shall instead be produced;

(2) pursuant to CPLR 3106(d), a notice or subpoena that names a particular officer, director, member, or employee of the entity shall include in the notice or subpoena served upon such entity the identity, description or title of such individual; and

(3) if the named entity, pursuant to subsection (d)(1) of this Rule, cross-designates more than one individual, it must set out the matters on which each individual will testify.

(e) A subpoena must advise a nonparty entity of its duty to make the designations discussed in this Rule.

(f) The individual(s) designated must testify about information known or reasonably available to the entity.

(g) Deposition testimony given pursuant to this Rule shall be usable against the entity on whose behalf the testimony is given to the same extent provided in CPLR 3117(2) and the applicable rules of evidence.

(h) This Rule does not preclude a deposition by any other procedure allowed by the CPLR.


Rule 11-g.  Proposed Form of Confidentiality Order.

The following procedure shall apply in those parts of the Commercial Division where the justice presiding so elects:

(a)  For all commercial cases that warrant the entry of a confidentiality order, the parties shall submit to the Court for signature the proposed stipulation and order that appears in Appendix B to these Rules of the Commercial Division.

(b)  In the event the parties wish to deviate from the form set forth in Appendix B, they shall submit to the Court a red-line of the proposed changes and a written explanation of why the deviations are warranted in connection with the pending matter.

(c)  Nothing in this rule shall preclude a party from seeking any form of relief otherwise permitted under the Civil Practice Law and Rules.


Rule 12. Non-Appearance at Conference. The failure of counsel to appear for a conference may result in a sanction authorized by section 130.2.1 of the Rules of the Chief Administrator or section 202.27, including dismissal, the striking of an answer, an inquest or direction for judgment, or other appropriate sanction.

Rule 13. Adherence to Discovery Schedule, Expert Disclosure.

(a) Parties shall strictly comply with discovery obligations by the dates set forth in all case scheduling orders. Such deadlines, however, may be modified upon the consent of all parties, provided that all discovery shall be completed by the discovery cutoff date set forth in the preliminary conference order. Applications for extension of a discovery deadline shall be made as soon as practicable and prior to the expiration of such deadline. Non-compliance with such an order may result in the imposition of an appropriate sanction against that party pursuant to CPLR 3126.

(b) If a party seeks documents as a condition precedent to a deposition and the documents are not produced by the date fixed, the party seeking disclosure may ask the court to preclude the non-producing party from introducing such demanded documents at trial.

(c) If any party intends to introduce expert testimony at trial, no later than thirty days prior to the completion of fact discovery, the parties shall confer on a schedule for expert disclosure -- including the identification of experts, exchange of reports, and depositions of testifying experts -- all of which shall be completed no later than four months after the completion of fact discovery. In the event that a party objects to this procedure or timetable, the parties shall request a conference to discuss the objection with the court.

Unless otherwise stipulated or ordered by the court, expert disclosure must be accompanied by a written report, prepared and signed by the witness, if either (1) the witness is retained or specially employed to provide expert testimony in the case, or (2) the witness is a party's employee whose duties regularly involve giving expert testimony. The report must contain:

(A) a complete statement of all opinions the witness will express and the basis and the reasons for them;

(B) the data or other information considered by the witness in forming the opinion(s);

(C) any exhibits that will be used to summarize or support the opinion(s);

(D) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(E) a list of all other cases at which the witness testified as an expert at trial or by deposition during the previous four years; and

(F) a statement of the compensation to be paid to the witness for the study and testimony in the case.

The note of issue and certificate of readiness may not be filed until the completion of expert disclosure. Expert disclosure provided after these dates without good cause will be precluded from use at trial.

Rule 14. Disclosure Disputes. If the court's Part Rules address discovery disputes, those Part Rules will govern discovery disputes in a pending case.  If the court's Part Rules are silent with respect to discovery disputes, the following Rule will apply.  Discovery disputes are preferred to be resolved through court conference as opposed to motion practice.  Counsel must consult with one another in a good faith effort to resolve all disputes about disclosure.  See Section 202.7.  If counsel are unable to resolve any disclosure dispute in this fashion, counsel for the moving party shall submit a letter to the court not exceeding three single-spaced pages outlining the nature of the dispute and requesting a telephone conference.  Such a letter must include a representation that the party has conferred with opposing counsel in a good faith effort to resolve the issues raised in the letter or shall indicate good cause why no such consultation occurred.  Not later than four business days after receiving such a letter, any affected opposing party or non-party shall submit a responsive letter not exceeding three single-spaced pages. After the submission of letters, the court will schedule a telephone or in-court conference with counsel. The court or the court's law clerks will attempt to address the matter through a telephone conference where possible.  The failure of counsel to comply with this rule may result in a motion being held in abeyance until the court has an opportunity to conference the matter.  If the parties need to make a record, they will still have the opportunity to submit a formal motion.

Rule 14-a.  Rulings at Disclosure Conferences.  The following procedures shall govern all disclosure conferences conducted by non-judicial personnel.

(a)  At the request of any party

(1) prior to the conclusion of the conference, the parties shall prepare a writing setting forth the resolutions reached and submit the writing to the court for approval and signature by the presiding justice; or

(2) prior to the conclusion of the conference, all resolutions shall be dictated into the record, and either the transcript shall be submitted to the court to be "so ordered," or the court shall otherwise enter an order incorporating the resolutions reached.

(b) With respect to telephone conferences, upon request of a party and if the court so directs, the parties shall agree upon and jointly submit to the court within one (1) business day of the telephone conference a stipulated proposed order, memorializing the resolution of their discovery dispute.  If the parties are unable to agree upon an appropriate form of proposed order, they shall so advise the court so that the court can direct an alternative course of action.

Rule 15. Adjournments of Conferences. Adjournments on consent are permitted with the approval of the court for good cause where notice of the request is given to all parties. Adjournment of a conference will not change any subsequent date in the preliminary conference order, unless otherwise directed by the court.

Rule 16. Motions in General.

(a) Form of Motion Papers. The movant shall specify in the notice of motion, order to show cause, and in a concluding section of a memorandum of law, the exact relief sought. Counsel must attach copies of all pleadings and other documents as required by the CPLR and as necessary for an informed decision on the motion (especially on motions pursuant to CPLR 3211 and 3212). Counsel should use tabs when submitting papers containing exhibits. Copies must be legible. If a document to be annexed to an affidavit or affirmation is voluminous and only discrete portions are relevant to the motion, counsel shall attach excerpts and submit the full exhibit separately. Documents in a foreign language shall be properly translated. CPLR 2101(b). Whenever reliance is placed upon a decision or other authority not readily available to the court, a copy of the case or of pertinent portions of the authority shall be submitted with the motion papers.

(b) Proposed Orders. When appropriate, proposed orders should be submitted with motions, e.g., motions to be relieved, pro hac vice admissions, open commissions, etc. No proposed order should be submitted with motion papers on a dispositive motion.

(c) Adjournment of Motions. Dispositive motions (made pursuant to CPLR 3211, 3212 or 3213) may be adjourned only with the court's consent. Non-dispositive motions may be adjourned on consent no more than three times for a total of no more than 60 days unless otherwise directed by the court.

Rule 17. Length of Papers. Unless otherwise permitted by the court: (i) briefs or memoranda of law shall be limited to 25 pages each; (ii) reply memoranda shall be no more than 15 pages and shall not contain any arguments that do not respond or relate to those made in the memoranda in chief; (iii) affidavits and affirmations shall be limited to 25 pages each.

Rule 18. Sur-Reply and Post-Submission Papers. Absent express permission in advance, sur-reply papers, including correspondence, addressing the merits of a motion are not permitted, except that counsel may inform the court by letter of the citation of any post-submission court decision that is relevant to the pending issues, but there shall be no additional argument. Materials submitted in violation

hereof will not be read or considered. Opposing counsel who receives a copy of materials submitted in violation of this Rule shall not respond in kind.

Rule 19. Orders to Show Cause. Motions shall be brought on by order to show cause only when there is genuine urgency (e.g., applications for provisional relief), a stay is required or a statute mandates so proceeding. See Rule 20. Absent advance permission, reply papers shall not be submitted on orders to show cause.

Rule 19-a. Motions for Summary Judgment; Statements of Material Facts.

(a) Upon any motion for summary judgment, other than a motion made pursuant to CPLR 3213, the court may direct that there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried.

(b). In such a case, the papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party and, if necessary, additional paragraphs containing a separate short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

(c) Each numbered paragraph in the statement of material facts required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

(d) Each statement of material fact by the movant or opponent pursuant to subdivision (a) or (b), including each statement controverting any statement of material fact, must be followed by citation to evidence submitted in support of or in opposition to the motion.

Rule 20. Temporary Restraining Orders. Unless the moving party can demonstrate that there will be significant prejudice by reason of giving notice, a temporary restraining order will not be issued *ex parte*. The applicant must give notice, including copies of all supporting papers, to the opposing parties sufficient to permit them an opportunity to appear and contest the application.

Rule 21. Courtesy Copies. Courtesy copies should not be submitted unless requested or as herein provided. However, courtesy copies of all motion papers and proposed orders shall be submitted in cases in the court's Filing by Electronic Means System.

Rule 22. Oral Argument. Any party may request oral argument on the face of its papers or in an accompanying letter. Except in cases before justices who require oral argument on all motions, the court will determine, on a case-by-case basis, whether oral argument will be heard and, if so, when counsel shall appear. Notice of the date selected by the court shall be given, if practicable, at least 14 days before the scheduled oral argument. At that time, counsel shall be prepared to argue the motion, discuss resolution of the issue(s) presented and/or schedule a trial or hearing.

Rule 23. 60-Day Rule. If 60 days have elapsed after a motion has been finally submitted or oral argument held, whichever was later, and no decision has been issued by the court, counsel for the movant shall send the court a letter alerting it to this fact with copies to all parties to the motion.

Rule 24. Advance Notice of Motions

(a) Nothing in this rule shall be construed to prevent or limit counsel from making any motion deemed appropriate to best represent a party's interests. However, in order to permit the court the opportunity to resolve issues before motion practice ensues, and to control its calendar in the context of the discovery and trial schedule, pre-motion conferences in accordance herewith must be held. The failure of counsel

to comply with this rule may result in the motion being held in abeyance until the court has an opportunity to conference the matter.

(b) This rule shall not apply to disclosure disputes covered by Rule 14 nor to dispositive motions pursuant to CPLR 3211, 3212 or 3213 made at the time of the filing of the Request for Judicial Intervention or after discovery is complete. Nor shall the rule apply to motions to be relieved as counsel, for pro hac vice admission, for reargument or in limine.

(c) Prior to the making or filing of a motion, counsel for the moving party shall advise the Court in writing (no more than two pages) on notice to opposing counsel outlining the issue(s) in dispute and requesting a telephone conference. If a cross-motion is contemplated, a similar motion notice letter shall be forwarded to the court and counsel. Such correspondence shall not be considered by the court in reaching its decision on the merits of the motion.

(d) Upon review of the motion notice letter, the court will schedule a telephone or in-court conference with counsel. Counsel fully familiar with the matter and with authority to bind their client must be available to participate in the conference. The unavailability of counsel for the scheduled conference, except for good cause shown, may result in granting of the application without opposition and/or the imposition of sanctions.

(e) If the matter can be resolved during the conference, an order consistent with such resolution may be issued or counsel will be directed to forward a letter confirming the resolution to be "so ordered." At the discretion of the court, the conference may be held on the record.

(f) If the matter cannot be resolved, the parties shall set a briefing schedule for the motion which shall be approved by the court. Except for good cause shown, the failure to comply with the briefing schedule may result in the submission of the motion unopposed or the dismissal of the motion, as may be appropriate.

(g) On the face of all notices of motion and orders to show cause, there shall be a statement that there has been compliance with this rule.

(h) Where a motion must be made within a certain time pursuant to the CPLR, the submission of a motion notice letter, as provided in subdivision (a), within the prescribed time shall be deemed the timely making of the motion. This subdivision shall not be construed to extend any jurisdictional limitations period.

Rule 25. Trial Schedule. Counsel are expected to be ready to proceed either to select a jury or to begin presentation of proof on the scheduled trial date. Once a trial date is set, counsel shall immediately determine the availability of witnesses. If, for any reason, counsel are not prepared to proceed on the scheduled date, the court is to be notified within ten days of the date on which counsel are given the trial date or, in extraordinary circumstances, as soon as reasonably practicable. Failure of counsel to provide such notification will be deemed a waiver of any application to adjourn the trial because of the unavailability of a witness. Witnesses are to be scheduled so that trials proceed without interruption. Trials shall commence each court day promptly at such times as the court directs. Failure of counsel to attend the trial at the time scheduled without good cause shall constitute a waiver of the right of that attorney and his or her client to participate in the trial for the period of counsel's absence. There shall be no adjournment of a trial except for good cause shown. With respect to trials scheduled more than 60 days in advance, section 125.1(g) of the Rules of the Chief Administrator shall apply and the actual engagement of trial counsel in another matter will not be recognized as an acceptable basis for an adjournment of the trial.

Rule 26. Length of Trial. At least ten days prior to trial or such other time as the court may set, the parties, after considering the expected testimony of and, if necessary, consulting with their witnesses,

shall furnish the court with a realistic estimate of the length of the trial. If requested by the Court, the estimate shall also contain a request by each party for the total number of hours which each party believes will be necessary for its direct examination, cross examination, redirect examination, and argument during the trial. The court may rule on the total number of trial hours which the court will permit for each party. The court in its discretion may extend the total number of trial hours as justice may require.

Rule 27. Motions in Limine. The parties shall make all motions in limine no later than ten days prior to the scheduled pre-trial conference date, and the motions shall be returnable on the date of the pre-trial conference, unless otherwise directed by the court.

Rule 28. Pre-Marking of Exhibits. Counsel for the parties shall consult prior to the pre-trial conference and shall in good faith attempt to agree upon the exhibits that will be offered into evidence without objection. At the pre-trial conference date, each side shall then mark its exhibits into evidence as to those to which no objection has been made. All exhibits not consented to shall be marked for identification only. If the trial exhibits are voluminous, counsel shall consult the clerk of the part for guidance. The court will rule upon the objections to the contested exhibits at the earliest possible time. Exhibits not previously demanded which are to be used solely for credibility or rebuttal need not be pre-marked.

Rule 29. Identification of Deposition Testimony. Counsel for the parties shall consult prior to trial and shall in good faith attempt to agree upon the portions of deposition testimony to be offered into evidence without objection. The parties shall delete from the testimony to be read questions and answers that are irrelevant to the point for which the deposition testimony is offered. Each party shall prepare a list of deposition testimony to be offered by it as to which objection has not been made and, identified separately, a list of deposition testimony as to which objection has been made. At least ten days prior to trial or such other time as the court may set, each party shall submit its list to the court and other counsel, together with a copy of the portions of the deposition testimony as to which objection has been made. The court will rule upon the objections at the earliest possible time after consultation with counsel.

Rule 30. Settlement and Pretrial Conferences.

(a) Settlement Conference. At the time of certification of the matter as ready for trial or at any time after the discovery cut-off date, the court may schedule a settlement conference which shall be attended by counsel and the parties, who are expected to be fully prepared to discuss the settlement of the matter.

(b) Pre-trial Conference. Prior to the pretrial conference, counsel shall confer in a good faith effort to identify matters not in contention, resolve disputed questions without need for court intervention and further discuss settlement of the case. At the pre-trial conference, counsel shall be prepared to discuss all matters as to which there is disagreement between the parties, including those identified in Rules 27-29, and settlement of the matter. At or before the pre-trial conference, the court may require the parties to prepare a written stipulation of undisputed facts.

(c) Consultation Regarding Expert Testimony. The court may direct that prior to the pre-trial conference, counsel for the parties consult in good faith to identify those aspects of their respective experts' anticipated testimony that are not in dispute. The court may further direct that any agreements reached in this regard shall be reduced to a written stipulation

Rule 31. Pre-Trial Memoranda, Exhibit Book and Requests for Jury Instructions

(a) Counsel shall submit pre-trial memoranda at the pre-trial conference, or such other time as the court may set. Counsel shall comply with CPLR 2103(e). A single memorandum no longer than 25 pages shall be submitted by each side. No memoranda in response shall be submitted.

(b) At the pre-trial conference or at such other time as the court may set, counsel shall submit an indexed binder or notebook of trial exhibits for the court's use. A copy for each attorney on trial and the originals in a similar binder or notebook for the witnesses shall be prepared and submitted. Plaintiff's exhibits shall be numerically tabbed and defendant's exhibits shall be tabbed alphabetically.

(c) Where the trial is by jury, counsel shall, on the pre-trial conference date or such other time as the court may set, provide the court with case-specific requests to charge and proposed jury interrogatories. Where the requested charge is from the New York Pattern Jury Instructions - Civil, a reference to the PJI number will suffice. Submissions should be by hard copy and disk or e-mail attachment in WordPerfect 12 format, as directed by the court.

Rule 32. Scheduling of witnesses. At the pre-trial conference or at such time as the court may direct, each party shall identify in writing for the court the witnesses it intends to call, the order in which they shall testify and the estimated length of their testimony, and shall provide a copy of such witness list to opposing counsel. Counsel shall separately identify for the court only a list of the witnesses who may be called solely for rebuttal or with regard to credibility.

Rule 32-a.  Direct Testimony by Affidavit. The court may require that direct testimony of a party's own witness in a non-jury trial or evidentiary hearing shall be submitted in affidavit form, provided, however, that the court may not require the submission of a direct testimony affidavit from a witness who is not under the control of the party offering the testimony.  The submission of direct testimony in affidavit form shall not affect any right to conduct cross-examination or re-direct examination of the witness.

Rule 33. Preclusion. Failure to comply with Rules 28, 29, 31 and 32 may result in preclusion pursuant to CPLR 3126.

Rule 34. Staggered Court Appearances

Staggered court appearances are a mechanism to increase efficiency in the courts and to decrease lawyers' time waiting for a matter to be called by the courts.  While this rule is intended to streamline the litigation process in the Commercial Division, it will be ineffectual without the cooperation and participation of litigants.  Improving the process of litigating in the Commercial Division by instituting staggered court appearances of matters before the court, for example, requires not only the promulgation of rules such as this one, but also, and more importantly, the proactive and earnest adherence to such rules by parties and their counsel.

(a) Each court appearance before a Commercial Division Justice for oral argument on a motion shall be assigned a time slot.  The length of the time slot allotted to each matter is solely in the discretion of the court.

(b) In order for the court to be able to address any and all matters of concern to the court and in order for the court to avoid the appearance of holding ex parte communications with one or more parties in the case, even those parties who believe that they are not directly involved in the matter before the court must appear at the appointed date and time assigned by the court unless specifically excused by the court.  However, if an individual is appearing as a self-represented person, that individual must appear at each and every scheduled court appearance regardless of whether he or she anticipates being heard.

(c) Since the court is setting aside a specific time slot for the case to be heard and since there are occasions when the court's electronic or other notification system fails or occasions when a party fails to receive the court-generated notification, each attorney who receives notification of an appearance on a specific date and time is responsible for notifying all other parties by e-mail that the matter is scheduled to be heard on that assigned date and time.  All parties are directed to exchange e-mail addresses with each other at the commencement of the case and to keep these e-mail addresses current, in order to facilitate notification by the person(s) receiving the court notification.

(d) Requests for adjournments or to appear telephonically must be e-filed and received in writing by the court by no later than 48 hours before the hearing.

APPENDIX A. GUIDELINES FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI") FROM NONPARTIES.

Purpose

The purpose of these Guidelines for Discovery of ESI from Nonparties (the "Guidelines") is to:

Provide for the efficient discovery of ESI from nonparties in Commercial Division cases;

Encourage the early assessment and discussion of the potential costs and burdens to be imposed on nonparties in preserving, retrieving, reviewing and producing ESI given the nature of the litigation and the amount in controversy;

Identify the costs of nonparty ESI discovery that will require defrayal by the party requesting the discovery; and

Encourage the informal resolution of disputes between parties and nonparties regarding the production of ESI, without Court supervision or intervention whenever possible.

These Guidelines are not intended to modify governing case law or to replace any parts of the Rules of the Commercial Division of the Supreme Court (the "Commercial Division Rules"), the Uniform Civil Rules for the Supreme Court (the "Uniform Civil Rules"), the New York Civil Practice Law and Rules (the "CPLR"), or any other applicable rules or regulations pertaining to the New York State Unified Court System. These Guidelines should be construed in a manner that is consistent with governing case law and applicable sections and rules of the Commercial Division Rules, the Uniform Civil Rules, the CPLR, and any other applicable rules and regulations. Parties seeking ESI discovery from nonparties in Commercial Division cases are recommended to cite to or reference Rule 11-c of the Commercial Division Rules and these Guidelines in their requests for ESI discovery.

Definition of ESI

As used herein, "ESI" includes any electronically stored information stored in any medium from which such information can be obtained, either directly or after translation by the responding party into a reasonably usable form.

Guidelines

I. Subject to all applicable court rules regarding discovery, a party seeking ESI discovery from a nonparty and the nonparty receiving the request for ESI discovery are encouraged to engage in discussions regarding the ESI to be sought as early as permissible in an action.

II. Notwithstanding whether or when the legal duty to preserve ESI arises, which is governed by case law, a party seeking ESI discovery from a nonparty is encouraged to discuss with the nonparty any request that the nonparty implement a litigation hold.

III. A party seeking ESI discovery from a nonparty should reasonably limit its discovery requests, taking into consideration the following proportionality factors:

A. The importance of the issues at stake in the litigation;

B. The amount in controversy;

C. The expected importance of the requested ESI;

# Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------- x
                               :

GATE WORLDWIDE HOLDINGS LLC

                        :  Index No. 650026/2018
           Plaintiff,
                        :  **PLAINTIFF'S NOTICE OF**
      -against-                   **MOTION FOR SUMMARY**
                        :  **JUDGMENT**

INTERTOUCH HOLDINGS LLC;
ST HOLDINGS LLC; INTERTOUCH TOPCO LLC;  :
AND NOMADIX, INC.

             Defendants.          :

-------------------------------------------------------------------- x

      **PLEASE TAKE NOTICE,** that upon the annexed Affidavit of Edward L. Helvey, sworn to the 10th day of March, 2018, the exhibits annexed thereto; upon the affirmation of Joseph L. Clasen, signed on the 12th day of March, 2018; the accompanying Memorandum of Law in Support of the Motion for Summary Judgment, dated March 12, 2018; and all other papers and proceedings had herein, the Plaintiff, Gate Worldwide Holdings LLC ("Plaintiff"), will move this Court, at the Motion Submission Part, located at 60 Centre Street, Room 130, New York, NY 10007, on the 2nd day of April, 2018 at 9:30 a.m., or soon thereafter as counsel can be heard, for an Order pursuant to CPLR 3212: (1) granting judgment, as a matter of law, on all counts of Plaintiff's Complaint, dated January 3, 2018, (2) dismissing, with prejudice, all Counterclaims submitted by Defendants/Counterclaim Plaintiffs, interTouch Holdings LLC ("interTouch"), ST Holdings LLC ("ST"), interTouch Topco LLC ("Topco"), and Nomadix, Inc. ("Nomadix" and collectively with interTouch, ST, and Topco, "Defendants"), dated February 22, 2018, (3) and for such other and further relief as to the Court may deem just and proper.

17751536-v1

**PLEASE TAKE FURTHER NOTICE**, pursuant to CPLR 2214(b), answering papers,

if any, must be served no later than seven (7) days before the return date of this motion.

Dated: New York, New York
      March 12, 2018

                      PLAINTIFF,
                      GATE WORLDWIDE HOLDINGS LLC

                      By    */s/ Joseph L. Clasen*
                          Joseph L. Clasen
                          Ian T. Clarke-Fisher
                          Trevor L. Bradley
                          Robinson & Cole LLP
                          666 Third Avenue
                          New York, New York 10017
                          Phone: (212) 451-2900
                          E-mail: jclasen@rc.com
                          E-mail: iclarke-fisher@rc.com
                          E-mail: tbradley@rc.com
                          Its Attorneys

TO:

Craig S. Kesch
Flemming Zulack Williamson Zauderer LLP
One Liberty Plaza
New York, NY 10006

Caroline Harris Crowne
Tonkon Torp LLP
1600 Pioneer Tower, 888 SW Fifth Avenue
Portland, OR 97204

*Counsel for Defendants*

2

Exhibit 3

FILED: NEW YORK COUNTY CLERK 03/28/2018 03:18 PM INDEX NO. 650026/2018

NYSCEF DOC. NO. 26 Case 2:16-cv-08033-AB-FFM Document 255-1 Filed 03/30/18 Page 32 of 32 Page ID RECEIVED NYSCEF: 03/28/2018
#8421

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X

GATE WORLDWIDE HOLDINGS LLC,         Index No. 650026/2018

                       Plaintiff,         **STIPULATION ADJOURNING**
                                               **RETURN DATE OF**
           --against--                **<u>MOTION SEQUENCE 1</u>**

INTERTOUCH HOLDINGS LLC;
ST HOLDINGS LLC;                            Part 61
INTERTOUCH TOPCO LLC; and           Justice Ostrager
NOMADIX, INC.

                     Defendants.

---------------------------------------------------------------X

WHEREAS, Plaintiff filed a motion for summary judgment, which is presently returnable

in Room 130 on April 2, 2018 (Mot. Seq. No. 1);

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel

for the parties that:

1.       The return date of Mot. Seq. No. 1 shall be adjourned to April 16, 2018.

2.       Electronic signatures shall be deemed original signatures.

Dated:   March 28, 2018

ROBINSON & COLE LLP                   FLEMMING ZULACK WILLIAMSON
                                              ZAUDERER LLP

By: _Ian Clarke-Fisher / by CSK w/ permission_      By: _____
       Ian Clarke-Fisher                                Craig S. Kesch
666 Third Avenue, 20th Floor             One Liberty Plaza
New York, New York 10017                New York, New York 10006
(212) 451-2900                                  (212) 412-9500

*Attorneys for Plaintiff*                         *Attorneys for Defendants*