Steven J. Rocci (Admitted *Pro Hac Vice*)
*Email: srocci@bakerlaw.com*
Kevin M. Bovard, SBN 247521
*Email: kbovard@bakerlaw.com*
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | Case No.: 2:16-cv-08033-AB-FFM |
| Plaintiff, | [*Honorable André Birotte Jr.*] |
| v. | **GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER** |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | |
| Defendant/Counter-Claimant, | [Filed concurrently with Declaration of Steven Rocci; (Proposed) Order] |
| v. | Hearing Date: April 27, 2018<br>Time: 10:00 a.m.<br>Courtroom: 7B |
| NOMADIX, INC., | |
| Counter-Defendant. | Action Filed: 10/28/16<br>Amended Complaint Filed: 03/23/17 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Michael J. Swope (Admitted *Pro Hac Vice*)
   *Email:*  mswope@bakerlaw.com
2  Curt R. Hineline (Admitted *Pro Hac Vice*)
   *Email:*  chineline@bakerlaw.com
3  **BAKER & HOSTETLER LLP**
   999 Third Avenue, Suite 3500
4  Seattle, WA 98104-4040
   Telephone:   206.332.1379
5  Facsimile:   206.624.7317

6  Michael R. Matthias, SBN 57728
   *Email:*  mmatthias@bakerlaw.com
7  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
8  Los Angeles, CA  90025-0509
   Telephone:  310.820.8800
9  Facsimile:  310.820.8859

10 *Attorneys for Defendant/Counter-Claimant*
   GUEST-TEK INTERACTIVE
11 ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on Friday, April 27, 2018 at 10:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 7B of the above-captioned court, located at 350 W. First Street, Los Angeles, California 90012, before the Honorable André Birotte Jr., Defendant/Counter-Claimant Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek") will, and hereby does, move this Court for an order modifying the scheduling order in this action.

The Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the declaration of Steven J. Rocci, including the exhibits attached thereto; the pleadings and papers filed in this action; and any other arguments, evidence, and matters submitted to the Court, at the hearing or otherwise. Guest-Tek will also lodge a proposed order for the Court's consideration.

This Motion is made following the conference of counsel pursuant to Civil Local Rule 7-3, which took place on November 10, 2017.

Dated: March 30, 2018                    Respectfully submitted,

                                         BAKER & HOSTETLER LLP

                                         By: */s/ Steven J. Rocci*
                                             Steven J. Rocci
                                             Kevin M. Bovard
                                             Michael J. Swope
                                             Michael R. Matthias

                                         *Attorneys for Defendant/Counter-Claimant*
                                         GUEST-TEK INTERACTIVE
                                         ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ....................................................................................... 1

II. LEGAL STANDARD ................................................................................. 2

III. ARGUMENT ............................................................................................... 4

    A. The Reasons Necessitating Modifying the Case Schedule Result from Developments that Occurred After the Issuance of the Scheduling Order ................................................................................. 5

        1. The Case Schedule Should be Amended to Allow for Claim Construction and Consideration of the New Patent Invalidity and Patent Misuse Defenses ......................................................... 5

        2. The Case Schedule Should also be Amended to Allow for Discovery into Patent Ownership Issues ..................................... 8

    B. Good Cause Exists Because Guest-Tek has Been Diligently Defending Its Case, but Additional Time Will Still be Required ......... 9

    C. Denying an Extension Will Severely Prejudice Guest-Tek ................ 11

IV. CONCLUSION ......................................................................................... 12

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Advanced Card Technologies, LLC v. Versatile Card Technology, Inc.*,
    410 F. Supp. 2d 158 (S.D.N.Y. 2006) ................................................................ 6

*Amarel v. Connell*,
    102 F.3d 1494 (9th Cir. 1996) ............................................................................ 3

*Amcast Indus. Corp. v. Detrex Corp.*,
    132 F.R.D. 213 (N.D.Ind.1990) ......................................................................... 2

*DexCom, Inc. v. AgaMatrix, Inc.*,
    No. CV1605947SJOASX, 2016 WL 9450069 (C.D. Cal. Nov. 28,
    2016) .................................................................................................................. 8

*Harrison Beverage Co. v. Dribeck Importers, Inc.*,
    133 F.R.D. 463 (D.N.J.1990) ............................................................................. 2

*High Point Sarl v. Sprint Nextel Corp.*,
    2010 WL 129270, Civ. No. 09-2269-CM-DJW (D. Kan. Mar. 29,
    2010) .................................................................................................................. 7

*Johnson v. Mammoth Recreations, Inc.*
    972 F.2d 604 (9th Cir. 1992) .............................................................................. 3

*MacNeill Engineering Co. v. Trisport, Ltd.*,
    126 F. Supp. 2d 51 (D. Mass. 2001) .................................................................. 8

*Magarl, L.L.C. v. Crane Co.*,
    2004 WL 2750252 (S.D. Ind. 2004) ............................................................ 8, 11

*Markman v. Westview Instruments, Inc.*,
    517 U.S. 370 (1996) .................................................................................. 6, 7, 8

*Neal v. California City*,
    2015 WL 251848 (E.D. Cal. Jan. 20, 2015) ....................................................... 3

- ii -
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**Rules**

Federal Rule of Civil Procedure 16 ........................................................................... 2, 3

Federal Rule of Civil Procedure 16(b) .......................................................................... 2

Federal Rule of Civil Procedure 16(b)(4) ..................................................................... 2

Federal Rule of Civil Porcedure 26(f) ................................................................. 5, 6, 10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Guest-Tek moves for an order modifying the case schedule in the event that the Court does not stay this action.  While Guest-Tek maintains that a stay is warranted here to allow the New York court to address the ownership-transfer issue between the currently-named Plaintiff, Nomadix, Inc. ("Nomadix") and its purported successor, Gate Worldwide Holdings LLC ("GWH"), Guest-Tek brings this motion at this time so that – if the case is not stayed – the Court may timely consider this action before the May 31, 2018 discovery cut-off.

Good cause exists for modifying the Scheduling Order. Though the original complaint was filed on October 30, 2016, this action did not substantively begin until September 20, 2017, when Guest-Tek first answered Nomadix's First Amended Complaint – and after the Court issued the current Scheduling Order. Since that time:

(i) after a challenge by Nomadix, Guest-Tek's defenses of patent invalidity and patent misuse (and therefore unenforceability) were allowed into the case only as of November 30, 2017;

(ii) after a challenge by Nomadix, Guest-Tek's counterclaim of no patent coverage was allowed into the case only as of February 8, 2018; and

(iii) unbeknownst to Guest-Tek, a purported transfer of the License Agreement, licensed patents, and claims in this case has transpired, and on January 31, 2018, GWH moved to be substituted as the plaintiff.

Importantly, the introduction of Guest-Tek's patent invalidity and misuse defenses and no patent coverage counterclaim necessitate that the Court conduct claim construction prior to trial. The parties agree that this is necessary, and Guest-Tek has repeatedly but unsuccessfully sought agreement with Nomadix to alter the schedule to include a claim construction phase.

Moreover, given the present ownership dispute between GWH and Nomadix – and Nomadix's concealment and refusal to produce documents on the issue – additional time is required to address discovery relating thereto.

Since the beginning, Guest-Tek has been diligent in prosecuting and defending this case, and it timely brings this motion for modification. Fact discovery has not yet closed, claim construction has not occurred, no expert discovery has taken place, and trial is still nine months away. Accordingly, good cause exists to modify the Scheduling Order by about six months as proposed by Guest-Tek below.

Further, no prejudice will come to Nomadix (or GWH) if the case schedule is extended by six months because the remedies sought are monetary.[1] Even the equitable relief sought by Nomadix – specific performance – is monetary, because the specific performance that Nomadix requests is payment of royalties.

For the reasons herein, Guest-Tek respectfully requests that the Court grant the proposed revised Scheduling Order.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) allows the Court, in its discretion, to modify its scheduling order upon a showing of good cause by the moving party. The Ninth Circuit has explained the Rule 16(b) "good cause" standard as follows:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990);

---

[1] During the parties' meet and confer on the stay motion, counsel for Nomadix indicated that it would entertain (though it did not commit to) a stay of this action if Guest-Tek were to offer something in return, such as a withdrawal of Guest-Tek's pending Petitions for *Inter Partes* Review of two of the Licensed Patents in the United States Patent and Trademark Office. (Stay Motion, Bovard Decl. ¶ 9.) Presumably, Nomadix would not even entertain such offers if a case extension were prejudicial to it.

> Forstmann, 114 F.R.D. at 85; 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). […] [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. [Citation omitted].

*Johnson v. Mammoth Recreations, Inc.*, 972 F.2d 604, 609 (9th Cir. 1992).

A party requesting modification of a scheduling order may be required to show: "(1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." *Neal v. Cal. City*, No. 1:14-cv-00269, 2015 WL 251848, at *3 (E.D. Cal. Jan. 20, 2015) (granting motion to modify scheduling order).

The Ninth Circuit also notes that in considering a request to modify a pre-trial order, district courts "should generally allow amendments of pre-trial orders provided three criteria are met: (1) no substantial injury will be occasioned to the opposing party, (2) refusal to allow the amendment might result in injustice to the movant, and (3) the inconvenience to the court is slight." *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) (citations omitted).

///
///
///

### III. ARGUMENT

Guest-Tek moves this Court to modify the Scheduling Order as follows:

| | Current deadline | Proposed deadline |
|---|---|---|
| Exchange of terms for claim construction | None | 7/31/2018 |
| Exchange proposed claim constructions and any extrinsic evidence | None | 8/21/2018 |
| Joint Claim Construction and Prehearing Statement | None | 9/17/2018 |
| Opening Claim Construction Brief | None | 10/24/2018 |
| Responsive Claim Construction Brief | None | 11/7/2018 |
| Reply Claim Construction Brief | None | 11/14/2018 |
| Claim Construction Hearing | None | 11/27/2018 |
| Non-expert Discovery Cut-Off | 5/31/2018 | 11/27/2018 |
| Expert Disclosure (Initial) | 6/29/2018 | 1/04/2019 |
| Expert Disclosure (Rebuttal) | 7/27/2018 | 1/30/2019 |
| Expert Discovery Cut-off | 8/27/2018 | 2/22/2019 |
| Last Day to Hear Motions | 8/27/2018 | 2/22/2019 |
| Last Day to Conduct ADR Proceeding | 9/10/2018 | 3/11/2019 |
| File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in *Limine* | 10/15/2018 | 4/18/2019 |
| Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict Forms, file statement regarding Disputed Instructions and Verdict Forms, and File Oppositions to Motions in *Limine* | 10/22/2018 | 4/25/2019 |
| Final Pretrial Conference and Hearing on Motions in *Limine* | 11/5/2018 | 5/13/2019 |
| Trial Date (Est. __ Days) | 12/4/2018 (4 days) | 6/10/2019 (6-8 days) |

The proposed schedule extends the current schedule by about six months – four

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

months for claim construction plus two additional months to consider the effects of claim construction on the parties' claims and defenses, and for discovery into ownership of the patents.

Good cause exists for modifying the Scheduling Order because Guest-Tek has been diligent since the outset of this action, Guest-Tek timely brings this motion, the parties need the Court to construe disputed claim terms of the patents, and events since the issuance of the Scheduling Order necessitate modifying the Scheduling Order, namely, (1) Guest-Tek's new defenses and counterclaims relating to patent invalidity, misuse, and no patent coverage, (2) the absence of a claim construction phase, and (3) the recent ownership dispute between Nomadix and GWH.

### A. The Reasons Necessitating Modifying the Case Schedule Result from Developments that Occurred After the Issuance of the Scheduling Order.

#### 1. The Case Schedule Should be Amended to Allow for Claim Construction and Consideration of the New Patent Invalidity and Patent Misuse Defenses.

When the Rule 26(f) report was filed, and at the time that the Scheduling Order was issued, the only issue in the case was Nomadix's breach of contract claim. At that time, Guest-Tek had not yet answered the complaint.

Guest-Tek's subsequent answers and counterclaims, including defenses relating to patent invalidity and patent misuse and a counterclaim relating to no patent coverage were all met by opposition by Nomadix. (*See* D.I. 92, D.I. 107, D.I. 126-2, D.I. 133, D.I. 155-1, and 177). It wasn't until November 30 (patent invalidity and patent misuse defenses) and February 8 (no patent coverage counterclaim), nearly six months and nine months, respectively, after the scheduling order was issued, that it was determined that Guest-Tek could plead

1  patent invalidity and patent misuse defenses, and a no patent coverage
2  counterclaim. (*See* D.I. 150 and D.I. 202).
3        These defenses and counterclaim, combined with Nomadix's royalty claim,
4  all require claim construction by the Court before proceeding to the jury. *See*
5  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 387 (1996) (construction of
6  claims is a question of law for the court); *Advanced Card Techs., LLC v. Versatile*
7  *Card Tech., Inc.*, 410 F. Supp. 2d 158, 160 (S.D.N.Y. 2006) ("it is necessary to
8  construe [] patent claims, or the trier of fact will be unable to determine whether the
9  products on which no royalties have been paid are covered by the license.").
10 Accordingly, Guest-Tek moves this Court to modify the scheduling order to include
11 a claim construction phase and a two-month post-claim construction discovery
12 phase to address any new issues raised by the constructions.
13       The parties do not dispute that claim construction will be necessary in this
14 case. In fact, as far back as the parties' June 5, 2017 Rule 26(f) Statement, the
15 parties generally agreed that claim construction would be necessary because patent
16 claim coverage directly bears on whether a Guest-Tek product or service triggers
17 certain royalty obligations under the License Agreement. Therefore, in the Rule
18 26(f) Statement, Guest-Tek proposed that the schedule "provide for a claim
19 construction phase, and specifically proposed that the claim construction
20 procedures set forth in Section 4 of the Patent Local Rules of the Northern District
21 of California be employed. http://www.cand.uscourts.gov/localrules/patent." (D.I.
22 51 at R.2.) Nomadix agreed, stating in its portion of the Joint Rule 26(f) Statement
23 that "this case may involve some issues of patent claim-construction briefing by the
24 parties and a claim-construction order from the Court may be helpful." (*Id.* at R.1.)
25       However, whether intentionally or through possible inadvertence, when the
26 Court issued its Scheduling Order (D.I. 56) on June 16, 2017, the case schedule did
27 not include a claim construction period. Thereafter, Guest-Tek immediately
28 reached out to Nomadix to request that the parties jointly approach the Court to

amend the schedule to include a claim construction provision. (Declaration of Steven Rocci ("Rocci Decl.") at Ex. A.)  Through correspondence and telephonic conferences of counsel, the parties never reached agreement on a specific stipulation or motion to be made to the Court.

In or about November 2017, Guest-Tek again reached out to Nomadix to seek an agreement on a claim construction schedule. While Nomadix itself agreed in principle to claim construction briefing and a subsequent claim construction order, no agreement could be reached on a claim construction schedule. (*Id.* at Ex. B.)

Given the parties' inability to reach an agreement, Guest-Tek now moves to amend the case schedule to add a four-month claim construction, or *Markman*, phase prior to the close of discovery and an additional two months for post-claim construction discovery to address any impact the Court's construction may have on the parties' claims and defenses. *See High Point Sarl v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2010 WL 1292710 at *3 (D. Kan. Mar. 29, 2010) (when parties refused to reveal positions, the court ordered a supplemental scheduling order relating to claim construction to "ensure a just, speedy, and inexpensive resolution of this litigation").

Guest-Tek's proposal is consistent with claim construction process in other jurisdictions, for example, the Northern District of California (*see* N.D. Cal. L.P.R. 4-1 through 4-6), and consistent with the Federal Judicial Center's Patent Case Management Judicial Guide, which observes that "[a] majority of courts have found that the most opportune time to hold the *Markman* hearing is midway through, or before the close of, fact discovery, and prior to expert discovery. This timing affords the parties sufficient discovery in advance of the claim-construction hearing to gain an understanding of the liability issues and accurately identify the terms needing construction."
https://www.fjc.gov/sites/default/files/2017/PCMJG3d_2016_final.pdf.

The proposed timing also allows the parties (1) time to amend infringement or invalidity contentions to account for the *Markman* ruling or other events that may arise during discovery (such as newly discovered prior art, or newly discovered, nonpublic information about the accused devices), and (2) the benefit of allowing the parties to focus expert discovery after the court has issued its claim construction ruling and avoids requiring an expert to opine on alternative claim constructions or to issue a new report if the Court does not adopt either party's construction and devises its own. *Id.* at 5.1.5., *citing Magarl, L.L.C. v. Crane Co.*, 2004 WL 2750252 (S.D. Ind. 2004) (encouraging holding Markman hearings in advance of summary judgment briefing, because a "claim construction which precedes summary judgment could avoid unnecessary alternative briefing and evidentiary submissions, including expert witness testimony addressed to or based on rejected claim constructions"); *accord MacNeill Engineering Co. v. Trisport, Ltd.*, 126 F. Supp. 2d 51, 55 (D. Mass. 2001) ("It has now become generally accepted that … the best time to hold the [claim construction] hearing is at the summary judgment stage of the litigation--at or near the close of discovery while some time yet remains before trial for the parties to gear up (or settle) in light of the judge's claim construction."), quoted favorably in *DexCom, Inc. v. AgaMatrix, Inc.*, No. CV1605947SJOASX, 2016 WL 9450069, at *4 (C.D. Cal. Nov. 28, 2016).

Because the parties agree that claim construction is required and Guest-Tek's proposed timing and length for the claim construction process is consistent with that of other courts, the Court should grant Guest-Tek's motion for modification.

### 2. The Case Schedule Should also be Amended to Allow for Discovery into Patent Ownership Issues.

If the case is not stayed, the requested modification is also necessary because additional discovery will be required into the proper ownership interests in the licensed patents and the License Agreement before trial.

- 8 -

As explained in earlier briefing, a dispute concerning ownership of the Licensed Patents, the License Agreement, and the rights thereunder, has existed since at least as early as September 8, 2017. (D.I. 193 at 7.) Yet Nomadix did not then, and has not since, advised Guest-Tek of any of the facts relating to this dispute. Guest-Tek only learned of them independently when it received a letter from GWH's attorneys only in January 2018. (D.I. 226-1, Exhibit B), and further when GWH filed its Motion to Substitute (D.I. 193).

More egregiously, despite Guest-Tek's pending discovery requests on the issue of ownership, Nomadix has yet to produce any of the documents that it has had it in its possession that directly relate to these circumstances. (*See* D.I. 228-1, Ex. A, Request for Production No. 23).

Nomadix's refusal to inform Guest-Tek of the dispute over the ownership of the Licensed Patents, and associated rights thereunder, has been prejudicial to Guest-Tek. Had Nomadix brought these facts to Guest-Tek's attention, Guest-Tek could have brought this issue to the Court's attention as soon as mid-September 2017. Unnecessary expense and fees in defending this case could have been avoided, and judicial resources could have been conserved. However, if the case is not stayed, Guest-Tek will need to press ahead with discovery into these issues. Discovery will likely be needed from both Nomadix and GWH to establish proper ownership interests. Given that Nomadix for months hid the ownership dispute from Guest-Tek and the Court, fairness requires that Guest-Tek be afforded adequate time to conduct discovery into these matters.

### B. Good Cause Exists Because Guest-Tek has Been Diligently Defending Its Case, but Additional Time Will Still be Required.

Here, the requisite "good cause" exists to extend the discovery cut-off. Guest-Tek was diligent in assisting the Court to create a Scheduling Order. Guest-Tek worked with Nomadix and the Court to create a workable case schedule and proposed a claim construction phase, in accordance with the procedure set forth in

1   Section 4 of the Patent Local Rules of the Northern District of California, in its
2   portion of the Rule 26(f) report. (D.I. 051, pp. 10-11, 12).

3   Since the scheduling order was entered, Guest-Tek has also been diligent in
4   pursuing discovery, and has on multiple occasions reached out to Nomadix in an
5   attempt to secure agreement on a claim construction protocol, but not agreement
6   was ever reached. *See* Rocci Decl. at Ex. B.[2]  These efforts to reach an agreement
7   have nevertheless been unsuccessful.  In terms of discovery, Guest-Tek has served
8   24 interrogatories, 54 Requests for Production, and 12 Requests for Admission.
9   Guest-Tek has produced over 43,212 documents, or 425,972 pages, and
10  approximately 5.6 gb of source code.  On the other hand, Nomadix has consistently
11  obstructed discovery efforts.  Nomadix has only produced 981 documents, no
12  source code, and has not yet provided documents into the ownership of the property
13  rights in the licensed patents and the License Agreement. It has done so knowing
14  that there was an ongoing ownership dispute, which it concealed from both Guest-
15  Tek and the Court.

16  Once Guest-Tek learned of the ownership dispute with GWH, Guest-Tek
17  served a subpoena on GWH for documents. Rocci Decl. at Ex. C. Yet, to date, no
18  documents have been produced, and it is unclear whether documents will
19  voluntarily be produced or if Guest-Tek's subpoena will lead to another discovery
20  dispute.  In any event, it is doubtful that discovery into this issue can be completed
21  by the currently-scheduled fact-discovery cutoff, especially since motion practice is
22  likely to be necessary to procure the required information.  Although a stay of this
23  litigation is warranted (*see* pending Stay Motion, D.I. 241), in the event that the
24  Court does not stay this case, good cause exists for an extension of the case
25  calendar.

---

[2] Significantly, Guest-Tek sought to introduce into the case schedule a deadline by which Nomadix would identify the specific patents and claims that it was asserting so that claim construction could proceed on the proper claims. Nomadix refused to agree.

- 10 -

### C. Denying an Extension Will Severely Prejudice Guest-Tek.

Denying the requested amendment will also result in injustice and prejudice to Guest-Tek:

- Without a claim construction order before expert discovery, any expert will be evaluating patent coverage and invalidity in a vacuum. Expert reports would need to entertain multiple constructions of claim terms, and experts might even need to issue revised reports once claim construction is resolved. This will be costly and time consuming. *Magarl, L.L.C. v. Crane Co.*, 2004 WL 2750252, at *15 (S.D. Ind. 2004).

- Without a built-in period for claim construction, summary judgment will be made more difficult because alternative briefing and evidentiary submissions will be required, and experts will be operating in a vacuum. *Id.*

- Without extending discovery in connection with the claim construction period, this could stymie any necessary facts needed for claim construction.

- Without an extension, Guest-Tek likely will not be able to fully explore the ownership of the property interests in the licensed patents and the License Agreement vis-à-vis GWH. This is through no fault of Guest-Tek's. Rather, Nomadix concealed the ownership dispute from the Court and from Guest-Tek. Guest-Tek only learned the details of the issue when GWH filed a motion to substitute on January 31, 2018. It would be the height of unfairness to force Guest-Tek to proceed to summary judgment and trial without fulsome discovery into the question of who may be the rightful plaintiff/counterclaim-defendant.

On the other hand, the extension will not substantially harm Nomadix; nor will a six-month extension cause significant delay. Nomadix has known for months that claim construction will be necessary, but has generally refused to submit any areas of agreement to the Court. Rocci Decl. at Ex. B. Moreover, Nomadix has known for months that its purported ownership interests in the licensed patents and the License Agreement were under dispute. Yet, Nomadix hid these facts. Insofar as this request is necessitated by discovery into patent and license-interest ownership, the delay is a result of Nomadix's own concealment of pertinent facts.

## IV.   CONCLUSION

For the foregoing reasons, Guest-Tek respectfully requests that – if the case is *not* stayed as Guest-Tek maintains it should be – the Court extend the case calendar as set forth above.

Dated:  March 30, 2018                    Respectfully submitted,

BAKER & HOSTETLER LLP

By:  */s/ Steven J. Rocci*
Steven J. Rocci
Michael J. Swope
Kevin M. Bovard
Michael R. Matthias

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.