1  Steven J. Rocci (Admitted *Pro Hac Vice*)
   *Email: srocci@bakerlaw.com*
2  Kevin M. Bovard, SBN 247521
   *Email: kbovard@bakerlaw.com*
3  **BAKER & HOSTETLER LLP**
   2929 Arch Street, 12th Floor
4  Philadelphia, PA 19104-2891
   Telephone: 215.568.3100
5  Facsimile: 215.568.3439

6  *Attorneys for Defendant/Counter-Claimant*
   GUEST-TEK INTERACTIVE
7  ENTERTAINMENT LTD.

8  (*additional counsel listed on following page*)

9           **IN THE UNITED STATES DISTRICT COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11                  **WESTERN DIVISION**

12  NOMADIX, INC.,                          Case No.: 2:16-cv-08033-AB-FFM

13          Plaintiff,                       [*Honorable André Birotte Jr.*]

14      v.                                   **DECLARATION OF STEVEN J.
                                             ROCCI IN SUPPROT OF GUEST-**
15  GUEST-TEK INTERACTIVE                    **TEK INTERACTIVE
    ENTERTAINMENT LTD.,                      ENTERTAINMENT LTD.'S**
16                                           **MOTION FOR AN ORDER**
            Defendant/Counter-              **MODIFYING THE SCHEDULING**
17          Claimant,                        **ORDER**

18      v.                                   [Filed concurrently with Motion;
                                             (Proposed) Order]
19  NOMADIX, INC.,
                                             Hearing Date: April 27, 2018
20          Counter-Defendant.               Time:          10:00 a.m.
                                             Courtroom:     7B
21
                                             Action Filed: 10/28/16
22                                           Amended Complaint Filed: 03/23/17

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Michael J. Swope (Admitted *Pro Hac Vice*)
   *Email:  mswope@bakerlaw.com*
2  Curt R. Hineline (Admitted *Pro Hac Vice*)
   *Email:  chineline@bakerlaw.com*
3  **BAKER & HOSTETLER LLP**
   999 Third Avenue, Suite 3500
4  Seattle, WA 98104-4040
   Telephone:     206.332.1379
5  Facsimile:     206.624.7317

6  Michael R. Matthias, SBN 57728
   *Email:  mmatthias@bakerlaw.com*
7  Joelle A. Berle, SBN 252532
   *Email:  jberle@bakerlaw.com*
8  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
9  Los Angeles, CA  90025-0509
   Telephone:  310.820.8800
10 Facsimile:   310.820.8859

11 *Attorneys for Defendant/Counter-Claimant*
   GUEST-TEK INTERACTIVE
12 ENTERTAINMENT LTD.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

1    I, Steven J. Rocci, hereby declare and state:

2    1.    I am an attorney at law duly licensed to practice before all the Courts

3    of the State of Pennsylvania.  I am a partner at the law firm of Baker & Hostetler

4    LLP, counsel of record for Defendant/Counter-Claimant Guest-Tek Interactive

5    Entertainment, Ltd. ("Guest-Tek").  I submit this declaration in support of Guest-

6    Tek's Motion for an Order Modifying the Scheduling Order (the "Motion").  I have

7    personal knowledge of the facts set forth below and if called as a witness, I could

8    and would testify competently as follows.

9    2.    Attached hereto as Exhibit A is a true and correct copy of an email

10   dated August 14, 2017 between Steven Rocci and Mark Lezama.

11   3.    Attached hereto as Exhibit B is a true and correct copy of an email

12   dated November 16, 2017 between Steven Rocci and Mark Lezama.

13   4.    Attached hereto as Exhibit C is a true and correct copy of a subpoena

14   served on Gate Worldwide Holdings, LLC on March 16, 2018.

15   I declare under penalty of perjury under the laws of the United States of

16   America that the foregoing is true and correct.  Executed this 30th day of March

17   2018, at Philadelphia, Pennsylvania.

18

19

20   */s/ Steven J. Rocci*
     Steven J. Rocci

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

# Exhibit A

**From:** Rocci, Steven
**Sent:** Monday, August 14, 2017 4:20 PM
**To:** 'Mark.Lezama' <Mark.Lezama@knobbe.com>
**Cc:** 'Nomadix.Guest-Tek' <Nomadix.Guest-Tek@knobbe.com>; Guest-Tek <Guest-Tek@bakerlaw.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark:

I am following up to the below e-mail, which we briefly discussed during our meet and confer on August 2.

I propose that we notify the Court that there are no provisions for claim construction in the June 16, 2017 Order re Deadlines, etc., and that we suggest the following modification to the Order:

The addition of a claim construction phase, beginning on January 15, 2018 and concluding by mid-May, 2018, that includes:

1)  A final identification of the claims that Nomadix asserts cover the Guest-Tek products and services (not to exceed five claims) and Nomadix's final detailed contentions as to how each asserted claim covers the Guest-Tek products and services, by November 15, 2017;
2)  An exchange of disputed claim terms by January 15, 2018;
3)  An exchange of proposed constructions for the disputed claim terms, and supporting evidence, by February 15, 2018;
4)  A meet and confer re the disputed claim terms and proposed constructions by March 1, 2018;
5)  Simultaneous exchange of opening claim construction briefs by April 2, 2018;
6)  Simultaneous exchange of rebuttal briefs by April 23, 2018; and,
7)  Tutorial and claim construction hearing by mid-May, 2018.

Regards,

Steve

---

**From:** Rocci, Steven
**Sent:** Tuesday, July 25, 2017 11:51 AM
**To:** Mark.Lezama
**Cc:** Nomadix.Guest-Tek; Guest-Tek
**Subject:** Nomadix v Guest-Tek Scheduling Order

Mark,

In paragraph R.1 of the parties' Rule 26(f) report, Nomadix agreed with Guest-Tek that this matter will involve claim construction issues:

> Nomadix acknowledges that this case may involve some issues of patent claim construction and that special claim-construction briefing by the parties and a claim-construction order from the Court may be helpful. Nomadix is not opposed to adding dates to the case schedule for claim-construction briefing and a claim-construction hearing. But Nomadix believes that Guest-Tek's suggestion of adopting Section 4 of the Patent Local Rules of the Northern District of California in its entirety—and Rules 4-1 through 4-4 in particular—will make the case unnecessarily complicated and expensive. Nomadix would not oppose adopting the gist of Patent Local Rules 4-5 through 4-7. But in Nomadix's counsel's experience, Rules 4-1 through 4-4 significantly increase costs and tend to multiply the disputed issues rather than reduce them. The parties can narrow the list of disputed claim terms more quickly and cost-effectively through the type of routine conferences of counsel that Central District Local Rule 7-3 requires in connection with motions. Nomadix notes that both parties are considering summary-judgment motions regarding whether Guest-Tek's devices include Nomadix's patented technology; these summary-judgment motions will likely be an efficient vehicle for focusing on the claim-construction issues that are truly in dispute.

However, we note that the Court's June 16 case schedule (attached) does not include any claim construction provisions/schedule. We believe that, since the parties agreed in principle on the inclusion of at least some of the provisions of the ND CA Patent Local Rule 4, the omission of any claim construction process/schedule in the order was an oversight by the Court. Please let me know if Nomadix will join Guest-Tek in a joint motion to amend the schedule to include these provisions. If so, I suggest that we discuss areas of agreement and disagreement on our proposals so that the issues can be narrowed for the Court. Please let me know your availability for a call to discuss this matter sometime this week.

Regards,

Steve

**Steven J. Rocci**
Partner

Cira Centre
2929 Arch Street | 12th Floor
Philadelphia, PA 19104-2891
T +1.215.564.8364

srocci@bakerlaw.com
bakerlaw.com

# Exhibit B

**From:** Rocci, Steven
**Sent:** Thursday, November 16, 2017 11:10 PM
**To:** 'Mark.Lezama' <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

You have now received Guest-Tek's supplemental interrogatory responses and we expect to know your final position re this issue by noon, Pacific, Monday, Nov 20.

Your final comment in your below Nov 13 e-mail is disingenuous, to put it mildly. The correspondence in this case reveals that Nomadix becomes extremely impatient and threatening when it doesn't get something that it wants on its own schedule, while, on several occasions, ignoring, or belatedly replying to (e.g., replying only when Guest-Tek follows up to), Guest-Tek requests for information, conferences of counsel, etc. Please heed your own admonitions.

Steve

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Monday, November 13, 2017 10:06 PM
**To:** Rocci, Steven
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Steve,

You asked on Friday whether Nomadix's position on claim construction and scheduling had changed since my August 29 e-mail. I told you that that e-mail likely captured Nomadix's current position, but that I would need to review the e-mail again to confirm. I said I would do my best to get back to you today. You said you would follow-up today. In other words, contrary to what your e-mail appears to assert, I did not agree on Friday that Nomadix's position had not changed since August 29 (or August 31, as you state in your e-mail).

As I explained on the phone and via e-mail, Guest-Tek's supplemental interrogatory responses and any revised schedule that Guest-Tek proposes will inform Nomadix's ultimate position on claim construction and scheduling. Nomadix still does not have Guest-Tek's supplemental responses or a proposed revised schedule from Guest-Tek. Until Nomadix receives that information, it's current positions include:

- Nomadix does not agree to extend any case deadlines.

- Nomadix does not agree to creating special contention obligations or a new deadline for them.

- Nomadix is not necessarily opposed to scheduling claim-construction briefing or a hearing.

- To the extent claim-construction briefing and a hearing are scheduled:

  o Nomadix is not inclined to conduct a separate technology tutorial.

  o Nomadix does not agree to a deadline for exchanging evidence supporting proposed claim constructions.

  o Nomadix is not inclined to use a special master for claim construction.

You e-mailed me three times today on this topic. You never mentioned on Friday needing an answer by noon today; nor can I discern any reason why you needed an answer by noon or needed to e-mail three times. In your final e-mail, you asked, "May I please have the courtesy of a reply?" Your suggestion that, by not responding earlier today, I have denied you some courtesy is not well taken. I said I would do my best to get back to you by today, and I have.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, November 13, 2017 7:47 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

Following up to our conference of counsel on Friday:

1) Nomadix has not changed its position from that summarized in its below August 31 e-mail;
2) Please advise us by noon pacific today whether Nomadix will agree to a special master for claim construction.

Steve

**From:** Rocci, Steven
**Sent:** Monday, November 06, 2017 4:22 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

Guest-Tek intends to move the Court for a revised Scheduling Order that includes a claim construction phase that would include the phases set forth in my below August 14, 2017 e-mail. As you are aware, this issue was put aside while the Court ruled on Guest-Tek's motions to dismiss the action and to compel arbitration.

Guest-Tek believes that the Scheduling Order should now be modified to adjust all dates, including extending the trial date, to accommodate the claim construction process. Claim construction is central to Nomadix's claims of whether any asserted Nomadix patent covers any Guest-Tek system or service. Thus, Guest-Tek believes that the schedule should be adjusted so that the parties may adequately address the claim construction issues and allow sufficient time for them to be decided.  In this regard, Guest-Tek submits that the parties should agree to refer claim construction to a mutually agreed upon special master.

Please let us know Nomadix's availability for a L.R. 37-1 conference on these issues on Tuesday, November 9 or Wednesday, November 10, at 2PM Eastern.

Steve

**From:** Rocci, Steven
**Sent:** Thursday, September 07, 2017 6:23 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Re: Nomadix v Guest-Tek Scheduling Order

Mark,

This is fine. Thank you for handling.

Regards,

Steve

Sent from my mobile device. Please excuse any informalities.

On Sep 7, 2017, at 4:50 PM, Mark.Lezama <Mark.Lezama@knobbe.com> wrote:

Steve,

How about the following e-mail?

=============
Dear Ms. Badirian,

I represent Plaintiff Nomadix in Case No. CV16-08033, and I'm copying counsel for Defendant Guest-Tek on this e-mail. The Court entered an order today under seal as Docket No. 65. Neither party has been able to access the sealed document even when using the ECF credentials of the attorneys of record. The ECF helpdesk has confirmed that the document cannot be accessed through ECF. The parties would therefore both like to respectfully request an electronic courtesy copy of the sealed order. Both parties consent to the order being released to the attorneys and distribution lists included on this e-mail. If any other information would be helpful in evaluating the parties' joint request, please do not hesitate to contact us.

=============

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Thursday, September 07, 2017 11:54 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Yes, that would be good. Thanks.

---

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Thursday, September 07, 2017 2:35 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Steve,

Thanks for your e-mail. We are able to access only the redacted copy as well. The helpdesk has informed us that the order will not be available online even using the ECF

credentials of the attorneys of record. The helpdesk indicated that it expected the Court to mail the parties a copy of the order. If we don't hear from the Court shortly, would you like to send a joint e-mail to the Court's courtroom deputy requesting a courtesy electronic copy?

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens

2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Thursday, September 07, 2017 11:27 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

I understand that the Court has this morning issued an opinion and order denying Guest-Tek's motion to dismiss. However, at the moment, I have only a heavily redacted copy of the opinion. I would like the opportunity to read and consider the unredacted opinion before we discuss claim construction issues, so I'd like to postpone our meet and confer on that issue until next week. I will follow up with proposed dates/times.

In the meantime. I am cancelling today's meet and confer.

Steve

**From:** Rocci, Steven
**Sent:** Wednesday, September 06, 2017 9:35 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Re: Nomadix v Guest-Tek Scheduling Order

Mark,

Lets go with 11:30 am Pacific on Thursday.

Dial 800-768-2983

Code 564-8364

I will refrain from addressing your (disingenuous and unproductive) passing comments.

Steve

On Sep 6, 2017, at 1:58 AM, Mark.Lezama <Mark.Lezama@knobbe.com> wrote:

> Steve,
>
> I can be available at 11:30 a.m. or 1:45 p.m. Pacific on Thursday. If either time works for you, please let me know.
>
> When possible, we will endeavor in good faith to accommodate your schedule. But this case is pending in the Central District of California; 4:30 p.m. Pacific is therefore a perfectly reasonable time for a conference of counsel. Guest-Tek has four attorneys of record on the west coast, at least two of whom are seasoned attorneys who have handled other conferences of counsel in this case. Nomadix made itself available once already for a conference on this issue, and it did so again today on two business days' notice.
>
> Best regards,
>
> Mark
>
> **Mark Lezama**
> Partner
> mark.lezama@knobbe.com
> 949-721-5362 **Direct**
>
> Knobbe Martens
> 2040 Main St., 14th Fl.
> Irvine, CA 92614
> www.knobbe.com/mark-lezama
>
> **From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
> **Sent:** Tuesday, September 5, 2017 12:55 PM
> **To:** Mark.Lezama <Mark.Lezama@knobbe.com>
> **Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
> **Subject:** RE: Nomadix v Guest-Tek Scheduling Order
>
> Mark,
>
> That time does not work for me. Can we agree to a time that is within normal business hours for both of us, or should I propose 9 AM

eastern tomorrow?

Steve

---

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Tuesday, September 05, 2017 3:30 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Steve,

I am available at 4:30 Pacific today. Please let me know if you'd like to talk then.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Tuesday, September 05, 2017 5:40 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

Please let me know your availability to discuss this today.

Regards,

Steve

---

**From:** Rocci, Steven
**Sent:** Thursday, August 31, 2017 4:03 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>

**Subject:** Re: Nomadix v Guest-Tek Scheduling Order

Mark,

Please let me know if you are available for a meet and confer on this issue tomorrow (Friday, September 1) at 2 PM Eastern. If that time does not work for you, please suggest another time tomorrow or Tuesday (September 5) at the latest. We intend to file a motion on this issue to the extent that we are unable to reach agreement through a meet and confer.

Regards,

Steve

Sent from my mobile device. Please excuse any informalities.

On Aug 29, 2017, at 3:33 AM, Mark.Lezama <Mark.Lezama@knobbe.com> wrote:

> Steve,
>
> Guest-Tek's August 23 response on source code was inadequate for reasons I explained yesterday. The scope and timing of Guest-Tek's production of source code bear on at least point 1 of Guest-Tek's proposal.
>
> As I have previously indicated, Nomadix is open to jointly approaching the Court regarding claim construction, but we do not agree with various aspects of Guest-Tek's proposal:
>
> - Nomadix does not agree to creating special contention obligations or a new deadline for them. Guest-Tek is free to pursue contention interrogatories, but Nomadix does not agree to any discovery obligations beyond what the Federal Rules require. Nomadix does not agree to any additional deadlines for its contentions beyond the discovery cutoffs the Court has imposed. Nomadix certainly cannot agree at this stage to rely on only five patent claims total; Guest-Tek has yet to produce the vast majority of the source code it has promised to produce, Guest-Tek has declined to discuss representative versions of source code, and Nomadix does not yet know the extent to which Guest-Tek will dispute Nomadix's contentions or its grounds therefor.

- Nomadix is fine with scheduling claim-construction briefing and a hearing. With opening expert reports due at the end of June 2018, it likely makes more sense to hold the hearing earlier than Guest-Tek has proposed. The rough timeline we suggest is early March for the hearing, with opening briefs in late January and responsive briefs in mid-February.

- Nomadix is not opposed to eventually setting an initial deadline for exchanging proposed constructions of terms to be addressed at the hearing; but I'm not sure we need to set a deadline now. After the parties exchange some more discovery, they will be in a better position to assess the likely disputes and figure out an appropriate schedule for exchanging constructions and conferring on the scope of the construction disputes.

- At this juncture, Nomadix is not inclined to conduct a tutorial.

- Nomadix does not agree to a deadline for exchanging evidence supporting proposed claim constructions. Nor do we think the parties need to exchange formal claim-construction contentions or submit a joint statement as the Northern District rules contemplate.

- To the extent Guest-Tek seeks a claim-construction process more in line with what the Northern District rules contemplate than what Nomadix will agree to, Nomadix may argue that briefing should also be conducted as contemplated in those rules, with Nomadix filing an opening brief, Guest-Tek filing a responsive brief, and Nomadix then filing a reply.

We look forward to hearing your thoughts.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

**Knobbe** Martens
2040 Main St., 14th Fl.

Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, August 28, 2017 6:58 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Guest-Tek <Guest-Tek@bakerlaw.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

May I please have the courtesy of a reply to my below August 14 e-mail?

Despite the absence of any connection (as implied by your silence) between your August 3 discovery related letter and our August 14 e-mail regarding claim construction, we note that you have had our response to your August 3 letter since last Wednesday. You still have not responded.

If we need to take this matter up with the Court alone, we will note our unsuccessful attempts to engage Nomadix in approaching the Court jointly.

Regards,

Steve

---

**From:** Rocci, Steven
**Sent:** Tuesday, August 22, 2017 9:05 AM
**To:** 'Mark.Lezama'
**Cc:** Nomadix.Guest-Tek; Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

Can you let me know what you believe the connection is between your discovery related letter and our e-mail re: claim construction scheduling?

We have been investigating the issues you raised in your August 3 letter. You will receive a response soon.

Steve

---

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]

**Sent:** Monday, August 21, 2017 2:56 PM
**To:** Rocci, Steven; Guest-Tek
**Cc:** Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Steve,

I think we can back to you later this week, but it would help if Guest-Tek would first respond to my August 3 letter to Kevin regarding source code and related materials and inform Nomadix when it plans to produce the remaining source code and related files.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, August 21, 2017 5:49 AM
**To:** Mark.Lezama
**Cc:** Nomadix.Guest-Tek; Guest-Tek
**Subject:** Re: Nomadix v Guest-Tek Scheduling Order

Mark,

When can I expect your response to my below e-mail of August 14?

Steve

Sent from my mobile device. Please excuse any informalities.

On Aug 14, 2017, at 4:19 PM, Rocci, Steven <SRocci@bakerlaw.com> wrote:

Mark:

I am following up to the below e-mail,

which we briefly discussed during our meet and confer on August 2.

I propose that we notify the Court that there are no provisions for claim construction in the June 16, 2017 Order re Deadlines, etc., and that we suggest the following modification to the Order:

The addition of a claim construction phase, beginning on January 15, 2018 and concluding by mid-May, 2018, that includes:

1) A final identification of the claims that Nomadix asserts cover the Guest-Tek products and services (not to exceed five claims) and Nomadix's final detailed contentions as to how each asserted claim covers the Guest-Tek products and services, by November 15, 2017;
2) An exchange of disputed claim terms by January 15, 2018;
3) An exchange of proposed constructions for the disputed claim terms, and supporting evidence, by February 15, 2018;
4) A meet and confer re the disputed claim terms and proposed constructions by March 1, 2018;
5) Simultaneous exchange of opening claim construction briefs by April 2, 2018;
6) Simultaneous exchange of rebuttal briefs by April 23, 2018; and,
7) Tutorial and claim construction hearing by mid-May, 2018.

Regards,

Steve

---

**From:** Rocci, Steven
**Sent:** Tuesday, July 25, 2017 11:51 AM
**To:** Mark.Lezama
**Cc:** Nomadix.Guest-Tek; Guest-Tek
**Subject:** Nomadix v Guest-Tek Scheduling Order

Mark,

In paragraph R.1 of the parties' Rule 26(f) report, Nomadix agreed with Guest-Tek that this matter will involve claim construction issues:

> Nomadix acknowledges that this case may involve some issues of patent claim construction and that special claim-construction briefing by the parties and a claim-construction order from the Court may be helpful. Nomadix is not opposed to adding dates to the case schedule for claim-construction briefing and a claim-construction hearing. But Nomadix believes that Guest-Tek's suggestion of adopting Section 4 of the Patent Local Rules of the Northern District of California in its entirety—and Rules 4-1 through 4-4 in particular—will make the case unnecessarily complicated and expensive. Nomadix would not oppose adopting the gist of Patent Local Rules 4-5 through 4-7. But in Nomadix's counsel's experience, Rules 4-1 through 4-4 significantly increase costs and tend to multiply the disputed issues rather than reduce them. The parties can narrow the list of disputed claim terms more quickly and cost-effectively through the type of routine conferences of counsel that Central District Local Rule 7-3 requires in connection with motions. Nomadix notes that both parties are considering summary-judgment motions regarding whether Guest-Tek's devices include Nomadix's patented technology; these summary-judgment motions will likely be an efficient vehicle for focusing on the claim-construction issues that are truly in dispute.

However, we note that the Court's June 16 case schedule (attached) does not include any claim construction provisions/schedule.

We believe that, since the parties agreed in principle on the inclusion of at least some of the provisions of the ND CA Patent Local Rule 4, the omission of any claim construction process/schedule in the order was an oversight by the Court. Please let me know if Nomadix will join Guest-Tek in a joint motion to amend the schedule to include these provisions. If so, I suggest that we discuss areas of agreement and disagreement on our proposals so that the issues can be narrowed for the Court. Please let me know your availability for a call to discuss this matter sometime this week.

Regards,

Steve

**Steven J. Rocci**
Partner
━━━━━━━━━━━━━━━━━━━━━━━
<image001.jpg>
Cira Centre
2929 Arch Street | 12th Floor
Philadelphia, PA 19104-2891
T +1.215.564.8364

srocci@bakerlaw.com
bakerlaw.com
<image001.jpg><image002.jpg>

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information.

Any unauthorized
review, use, disclosure or distribution is prohibited. If
you are not the
intended recipient, please contact the sender by reply
email and destroy all
copies of the original message.

---

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

NOTICE: This email message is for the sole use of the
intended recipient(s)
and may contain confidential and privileged information.
Any unauthorized
review, use, disclosure or distribution is prohibited. If
you are not the
intended recipient, please contact the sender by reply
email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended
recipient(s)
and may contain confidential and privileged information. Any
unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and
destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended
recipient(s)
and may contain confidential and privileged information. Any
unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and
destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s)

and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

# Exhibit C

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Central District of California

| | |
|---|---|
| NOMADIX, INC. | ) |
| *Plaintiff* | ) |
| v. | ) |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD. | ) |
| *Defendant* | ) |

Civil Action No.   2:16-cv-08033

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                             Gate Worldwide Holdings LLC
c/o The Corporation Trust Co., Corporation Trust Center, 1209 Orange St, Wilmington DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit 1.

| Place: Responsive material shall be transmitted electronically or produced at a physical location mutually agreed upon by the parties in accordance with FRCP 45(c)(2)(A). | Date and Time:<br><br>04/10/2018 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/16/2018

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | s/ Steven J. Rocci |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Steven J. Rocci
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD. (Defendant)     , who issues or requests this subpoena, are:
Steven J. Rocci, Cira Centre, 12th Fl., 2929 Arch St., Philadelphia, PA 19104, srocci@bakerlaw.com, 215.564.8364

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:16-cv-08033

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____   on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                            *Server's signature*

                                    _____
                                            *Printed name and title*

                                    _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**GWH**

## Exhibit 1

## DEFINITIONS

1.    The term "Guest-Tek Entities" refers inclusively to both Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek Canada") and Guest-Tek Interactive Entertainment Inc. ("Guest-Tek US").

2.    The term "Nomadix" means Nomadix, Inc., a Delaware corporation.

3.    The term "Nomadix Patents" refers to the following patents:

| Jurisdiction | Patent No. |
|---|---|
| United States | 6,130,892 |
| United States | 6,636,894 |
| United States | 6,868,399 |
| United States | 7,088,727 |
| United States | 7,194,554 |
| United States | 7,554,995 |
| United States | 7,689,716 |
| United States | 5,936,542 |
| United States | 6,194,992 |
| United States | 6,795,852 |
| United States | 6,810,426 |
| United States | 6,857,009 |
| United States | 7,020,082 |
| United States | 7,117,526 |
| United States | 7,197,556 |
| United States | 7,216,152 |
| Canada | 2408233 |
| China | ZL00815982.3 |
| China | ZL01810733.8 |
| Europe | 1224788 |
| Europe | 1226687 |
| Europe | 1234425 |
| Europe | 1282955 |
| Israel | 149188 |

- 1 -

EXHIBIT 1

| Israel | 152642 |
| Japan | 3880856 |
| Japan | 4471554 |
| Singapore | 88483 |
| Singapore | 93120 |
| South Korea | 10-0559357 |
| South Korea | 10-0544217 |

4.      The terms "You" and "Your" means Gateway Worldwide Holdings LLC, a Delaware corporation.

5.      The term "California Lawsuit" means the matter captioned "Nomadix, Inc. v. Guest-Tek Interactive Entertainment Ltd.," currently pending in the U.S. District Court for the Central District of California, Western Division, Case No. 2:16-cv-08033.

6.      The term "New York Lawsuit" means the matter captioned "Gate Worldwide Holdings LLC v. Intertouch Holdings LLC, ST Holdings LLC, Intertouch Topco LLC, and Nomadix, Inc." currently pending in the Supreme Court for the State of New York, County of New York, Index No. 650026/2018, filed January 3, 2018.

7.      The term "NTT DoCoMo" refers to NTT DoCoMo, Inc, a company with headquarters in Tokyo, Japan, and NTT DoCoMo USA, a company with headquarters in New York.

8.      The term "License Agreement" means the License Agreement between Nomadix and the Guest-Tek Entities that is the subject of the California Lawsuit.

9.      The term "Purchase Agreement" means the Purchase Agreement referenced in the Complaint in the New York Lawsuit.

10.      The terms "Note" and "Note Documents" mean the Note and Note Documents, respectively, referenced in the Complaint in the New York Lawsuit.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT 1

**DOCUMENTS REQUESTED**

1.     All documents and things relating to any license agreements between Nomadix and any third party, including, but not limited to the License Agreement.

2.     All documents concerning any value or valuation of any of the Nomadix Patents.

3.     All documents relating to any value or valuation of Nomadix.

4.     All documents relating to, and/or embodying communications or evaluations of, the California Lawsuit.

5.     All documents relating to, and/or embodying communications or evaluations of, the New York Lawsuit.

6.     The Purchase Agreement.

7.     All documents relating to any consideration paid by, and/or provided by, You for the transfer, and/or assignment, to You of the Note and/or Note Documents.

8.     All documents relating to, and/or embodying communications between You and NTT DoCoMo, that relate to the anticipated and/or actual amount of consideration paid/to be paid by You for the transfer and/or assignment to You of the Note and/or Note Documents.

9.     All documents relating to any non-monetary consideration exchanged/to be exchanged between You and NTT DoCoMo for the transfer and/or assignment to You of the Note and/or Note Documents.

10.    All documents relating to post Purchase Agreement obligations that You have to NTT DoCoMo.

11.    All documents relating to Your hiring and/or Your decision to hire Jack Brannelly.

12.    All documents relating to and/or embodying communications between Jack Brannelly and Kelly Hughes.

EXHIBIT 1

1    13.    All documents relating to and/or embodying communications between
2  Jack Brannelly and You and/or Ted Helvey before You formally hired Jack
3  Brannelly.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT 1