UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMADIX, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>　　　　Defendant. | Case No.: CV 16-08033-AB (FFMx)<br><br>**REDACTED ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT PLEADINGS [220]** |

**I.　INTRODUCTION**

Currently before the Court is Plaintiff Nomadix's ("Nomadix") Motion for Leave to Supplement the Pleadings. (Dkt. No. 220.) Defendant Guest-Tek Interactive Entertainment LTD ("Guest-Tek") filed an Opposition, (Dkt. No. 226), and Nomadix replied, (Dkt. No. 234-1). The Court heard oral argument on March 23, 2018, and took the matter under submission. Having carefully reviewed the materials submitted by the parties and the arguments presented during oral argument, and for the reasons indicated below, the Court **GRANTS** Nomadix's Motion.

**II.　BACKGROUND**

The facts of this case are familiar to the parties and the Court. Accordingly,

only the facts relevant to the instant Motion are outlined below.

Nomadix initiated the instant suit for breach of contract in October 2016. (*See* Dkt. No. 1.) Initially, Nomadix alleged that Guest-Tek breached the License Agreement in the following ways: █████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

Guest-Tek filed its original answer on September 20, 2017, wherein it raised the affirmative defense of patent invalidity. (*See* Dkt. No. 70.) More recently, in December 2017, Guest-Tek filed for *inter partes* review of the licensed patents with the Patent Trial and Appeal Board ("PTAB"). As a result of these actions, Nomadix claims ████████████████████████████████████████████████████
████████████████████████████████████████████████ (*See* Dkt. No. 221, Declaration of Mark Lezama in Support of Nomadix's Motion to Supplement ("Lezama Decl.") at Ex. 2.)

Nomadix claims it notified Guest-Tek of its intent to file a supplemental complaint on these grounds on January 8, 2018. One week later, Guest-Tek allegedly consented to the amendment, subject to reviewing the final draft of the proposed supplemental complaint. Based on these communications, Nomadix did not believe a full briefing scheduling and a hearing would be necessary. On February 15, 2018, Nomadix sent Guest-Tek the initial draft of its proposed supplemental complaint. However, on February 22, Guest-Tek informed Nomadix that it no longer believed

2.

stipulation to amend was appropriate, given the developments with Gate Worldwide Holdings and the related New York action. Nomadix filed its Motion for Leave to Supplement the next day. (Dkt. No. 208 ("Mot.").)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 15(d) permits a Court, upon a party's noticed motion, to allow the party "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). Courts have broad discretion to allow supplemental pleadings, as the rule is a "tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1998).

Although the Ninth Circuit has not specifically addressed the issue, many district courts have found that the legal standard for granting or denying a motion to supplement a pleading under Rule 15(d) is the same as the standard for granting or denying a motion for leave to amend a pleading under Rule 15(a). *See Lyon v. United States Immigration & Customs Enf't,* 308 F.R.D. 203, 214 (N.D. Cal. 2015); *TaiMed Biologics, Inc. v. Numoda Corp.*, No. C 10–03260 LB, 2011 WL 1630041, at *2 (N.D. Cal. Apr. 29, 2011). Accordingly, before a pretrial scheduling order is issued, courts typically freely grant parties leave to supplement pleadings where justice so requires. *See generally Infa–Lab, Inc. v. KDS Nail Int'l*, No. 2:07–01270 WBS EFB, 2008 WL 4793305, at * 1–2 (E. D. Cal. Oct. 27, 2008).

However, after a pretrial scheduling order is issued establishing a timetable for pretrial motions, courts generally consider motions to amend or supplement under Rule 16. *See id.* Unlike Rule 15's "liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted); *see also Eckert Cold Storage, Inc. v.*

*Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (holding that "the focus of the Rule 16 'good cause' inquiry is on the moving party's diligence, or lack thereof, in seeking amendment"). "As Rule 16 recognizes, scheduling orders are at the heart of case management, and are intended to alleviate case management problems" and "good-faith compliance with Rule 16 plays an important role in this process." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citations and quotations omitted).

Accordingly, to demonstrate diligence, the moving party is required to show: (1) that it was diligent in assisting the Court in creating a workable Rule 16 scheduling order; (2) that its noncompliance with the scheduling order's deadline occurred or will occur notwithstanding diligent efforts to comply because of "the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference;" and (3) that it was diligent in seeking amendment of the scheduling order once it became apparent it could not comply with the order. *Jackson*, 186 F.R.D. at 608. Finally, the Ninth Circuit has stated that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609; *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.").

## IV. DISCUSSION

Pursuant to the Court's Scheduling Order, the deadline to amend pleadings was February 26, 2018. (Dkt. No. 56.) Therefore, Rule 16 applies and Nomadix must first demonstrate that it was diligent in seeking amendment.

### A. Nomadix Was Diligent in Bringing the Motion

Guest-Tek does not specifically argue that Nomadix was not diligent in seeking leave to supplement; instead, Guest-Tek focuses on Nomadix's alleged delay. Guest-Tek claims that Nomadix unreasonably delayed in bringing this Motion because

4.

1  Guest-Tek first challenged ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in September 2017.
2  (Dkt. No. 226 ("Opp'n") at 5.) Thus, Guest-Tek claims Nomadix has been on notice
3  of this claim for months, yet waited until February to bring the Motion.
4        However, as Nomadix points out, Guest-Tek fails to account for much of the
5  activity surrounding its affirmative defenses that occurred in the meantime. On
6  October 11, 2017, shortly after ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮ Nomadix moved to strike the defense ▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮. (*See* Dkt. No. 107.) This process was repeated after Guest-Tek
9  filed an amended answer and counterclaims. On November 30, 2017, the Court ruled
10  on the motion and declined to strike Guest-Tek's ▮▮▮▮▮▮▮▮▮▮▮▮. (Dkt. No.
11  150.) Because a favorable ruling on Nomadix's motion to strike would have
12  eliminated the basis for the new claim, it was reasonable for Nomadix to await the
13  Court's ruling before filing a motion to supplement.
14        Thereafter, in December 2017, Guest-Tek filed petitions for *inter partes* review
15  of the licensed patents. Guest-Tek does not challenge Nomadix's diligence in seeking
16  to supplement the complaint since December 2017. Indeed, Nomadix notified Guest-
17  Tek of its intent to file a supplemental complaint within weeks of the Court's ruling
18  on its motion to strike and within days of receiving notice of the petitions for *inter
19  partes* review. Because it would not have been reasonable to file this Motion before
20  the pleadings were at issue, and because Nomadix acted quickly following the Court's
21  decision on its motion to strike and upon learning of Guest-Tek's petitions for *inter
22  partes* review, the Court finds Nomadix was diligent in seeking to supplement the
23  complaint.
24      **B. The Rule 15 Factors Weigh in Favor of Permitting Supplementation**
25        Because Nomadix was diligent in seeking leave to supplement, the Court must
26  also consider whether amendment is proper under Rule 15(a). Courts balance the
27  following factors in determining whether to grant leave to amend: (1) undue delay; (2)
28

bad faith or dilatory motive of the moving party; (3) repeated failure to cure deficiencies by prior amendments; (4) undue prejudice to the non-moving party; and (5) futility of amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts need not give each factor equal weight; rather the prejudice factor carries the most weight in considering whether to grant leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052.

The Court has already discussed and rejected Guest-Tek's undue delay arguments. As explained in further detail above, Nomadix acted quickly after the Court denied its motion to strike and after it learned of Guest-Tek's petitions for *inter partes* review. Thus, Nomadix did not unduly delay in seeking to supplement the complaint.

Guest-Tek fails to address the second and third *Foman* factors, and thus implicitly concedes that there was no bad faith or a repeated failure to cure deficiencies. As to prejudice, Nomadix argues that because Guest-Tek asserts invalidity and unenforceability as affirmative defenses, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ even without the proposed supplementation. (Mot. at 5.) Thus, because no new theories or arguments will be presented if this claim is added, Nomadix contends that supplementation will not disrupt or delay the proceedings or cause prejudice to Guest-Tek.

Although Guest-Tek asserts that it has suffered prejudice, its argument does not relate to the proposed supplementation. Guest-Tek complains it was prejudiced because it did not learn of the patent ownership dispute between Nomadix and GWH until January 2018. According to Guest-Tek, had Nomadix informed it of the dispute earlier, it could have relayed the information to the Court and avoided unnecessary fees and expenses. (Opp'n at 8.) However, whether Guest-Tek suffered prejudice

6.

from its unawareness of GWH's claim is not the relevant consideration here. Guest-Tek does not explain how it would suffer prejudice if the Court permits the proposed supplemental complaint or dispute that the issue will be litigated regardless. Accordingly, the Court finds that no prejudice will result from the proposed supplementation.

Lastly, Guest-Tek argues that amendment would be futile because Nomadix may not have standing to assert the claims at issue. (Opp'n at 6.) This argument is based on Gate Worldwide Holdings, LLC ("GWH") recent motion to substitute as plaintiff and the related New York litigation between GWH and Nomadix. On January 31, 2018, GWH filed a motion to substitute itself as Plaintiff, or in the alterative, to intervene. (Dkt. No. 193.) In that motion, GWH argued that it is the proper plaintiff in this action because Nomadix alleged assigned its rights under the licensed patents to GWH on January 12, 2018. Based on this purported assignment, Guest-Tek argues that GWH "own[s] the rights that Nomadix is suing under." (Opp'n at 6.)

Nomadix disputes the validity of the assignment in its opposition to GWH's motion to substitute and in its answer to the New York complaint. This Court has yet to consider whether the assignment was proper because it agreed to postpone ruling on GWH's motion to substitute—which may require a finding on this issue—to give Guest-Tek the opportunity to file a motion to stay pending the New York court's decision. Ultimately, the New York court's determination of whether the assignment was valid will confirm whether Nomadix remains the owner of the licensed patents or whether its interests were transferred to GWH. However, Nomadix argues that, even assuming the assignment was valid, it still has standing to assert at least some of the claims alleged here. According to Nomadix, GWH claims only Nomadix's right to receive *royalty payments* under the licensed patents. Therefore, Nomadix argues it would still have standing to assert its other claims for ▮▮▮▮▮▮▮▮▮▮▮▮▮

7.

██████████████████████████████████████ (Reply at 5–6.) Further, Nomadix contends that under Rule 25(c), in the case of any transfer of interest, an action may be continued by the original party "unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).

Although Guest-Tek argues that Nomadix may *lose* standing if the assignment was valid, it is undisputed that Nomadix *had* standing at the outset of this action. Thus, as the Court understands it, Rule 25(c) permits Nomadix to continue as Plaintiff unless and until the Court directs the transferee to be substituted in as plaintiff. *See General Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 261–62 (D. Del. 1982) (noting that Rule 25(c) contemplates a scenario where the plaintiff's cause of action survives after a transfer of interest); *see also Biovail Labs. Inc. v. Anchen Pharm. Inc.*, No. SACV 04-1468-JVS (RCx), 2006 WL 8071250, at *2–3 (E.D. Cal. Aug. 1, 2006) (permitting original party to continue the action under Rule 25(c) where patent ownership changed during pendency of the action). And here, even though Nomadix's ownership of the licensed patents is in question, there is no question that the instant claims will survive regardless of whether Nomadix or Gate Worldwide Holdings, LLC is found to be the patent owner: if Guest-Tek owes royalties based on its use of the licensed patents, it owes the royalties regardless of who owns the underlying patents.

Accordingly, the real question is not whether the case survives but which party should be permitted to assert the claims and act as the plaintiff here. In this scenario, either party may be able to properly do so under Rule 25(c). If the assignment was ineffective, Nomadix would still own the patents and its "standing" would be unaffected. If the assignment was effective, the Court could still permit Nomadix to continue with the case under Rule 25(c). Accordingly, because Nomadix may continue as Plaintiff regardless of whether the assignment was valid, the Court is

unpersuaded by Guest-Tek's futility argument.

Considering all the factors, the Court finds Rule 15 weighs in favor of permitting Nomadix's requested supplementation.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Nomadix's Motion. (Dkt. No. 220.)

**IT IS SO ORDERED.**

Dated: April 03, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE