Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alexander J. Martinez (SBN 293925)
alex.martinez@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>Defendant. | Case No.<br>CV16-08033 AB (FFMx)<br><br>**NOMADIX'S SUPPLEMENTAL COMPLAINT FOR BREACH OF CONTRACT**<br><br>Honorable André Birotte Jr. |

REDACTED VERSION OF DOCUMENT PROPOSED
TO BE FILED UNDER SEAL

In addition to the allegations and relief sought in its Amended Complaint, Plaintiff Nomadix hereby complains of Defendant Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek") and alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1.     Plaintiff Nomadix and Defendant Guest-Tek Interactive Entertainment Ltd. entered into a written license agreement with effective date December 30, 2010 (the "License Agreement"). This Supplemental Complaint states a cause of action for breach of contract—specifically, for breach of the License Agreement. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a).

2.     Nomadix incorporates by reference the allegations from paragraphs 2 and 3 of its Amended Complaint.

3.     The amount in controversy exceeds $75,000, exclusive of interest and costs. Nomadix estimates that its collective damages on its claims in this case exceed $16,000,000.

4.     Nomadix incorporates by reference the allegations from paragraphs 5 through 11 of its Amended Complaint.

### SECOND CLAIM FOR RELIEF (FIRST SUPPLEMENTAL CLAIM): BREACH OF CONTRACT

5.     Nomadix incorporates by reference the allegations from paragraphs 12 through 14 of its Amended Complaint.

6.     Clause 2.10 of the License Agreement states:

- 1 -

7. Unless "███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ███████████" within the meaning of clause 2.10 of the License Agreement, clause 2.10 obligates Guest-Tek ███████████████████████████████ ████████████████████████████████████████████.

8. Through Guest-Tek's Eleventh Affirmative Defense (Patent Invalidity) and Fifteenth Affirmative Defense (Patent Misuse) in its Second Amended Answer (Dkt. No. 167), Guest-Tek has challenged in this litigation the validity and enforceability of Licensed Patents and Bandwidth Management Patents.

9. In cases IPR2018-00376 and IPR2018-00392, Guest-Tek has petitioned for *inter partes* review of U.S. Patent Nos. 8,266,266 and 8,725,899 before the Patent Trial and Appeal Board (PTAB) of the United States Patent and Trademark Office, challenging the validity of all claims of those two patents. In each case, Guest-Tek seeks cancellation of all claims of the challenged patent.

10. U.S. Patent Nos. 8,266,266 and 8,725,899 are both ████████████ under the License Agreement.

11.    Nomadix has not " ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆ " within the meaning of clause 2.10 of the License Agreement.

12.    Guest-Tek has breached the License Agreement through its ▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ .

13.    One of the benefits Nomadix bargained for in the License Agreement was to improve the value of the Licensed Patents and Bandwidth Management Patents by ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆ . These patents' value improved in ways that cannot be easily calculated or even reduced to a monetary amount; to the extent a monetary value could be assigned to the improvement in the patents' value, it cannot be easily calculated. By ▆▆▆▆▆▆▆▆▆▆ , Guest-Tek has deprived Nomadix of that bargained-for benefit and has thus harmed Nomadix in a manner that cannot be easily translated to a monetary amount. Guest-Tek's legal challenges to Nomadix's patents threaten further irreparable harm. For example, in opposing Guest-Tek's challenges, Nomadix will likely need to address the differences between its patents and alleged prior art; and to explain why its patents are not invalid in view of the alleged prior art, Nomadix may be forced to characterize the language of its patent claims or the scope of the prior art in ways that affect the scope of Nomadix's Licensed Patents and Bandwidth Management Patents, and even possibly other Nomadix patents using similar claim language. As another example, Guest-Tek's challenges inhibit Nomadix's ability to sell or license its patents; the challenges may prevent a sale or license altogether or may depress sales prices or license fees; in either case, the potential revenue Nomadix might have obtained absent the challenges is extremely difficult to calculate. Furthermore, the aim of Guest-Tek's legal challenges to Nomadix's patents is to irreparably harm Nomadix through the loss of unique, intangible assets.

14.      Legal remedies would be inadequate to afford relief for Guest-Tek's violation of its obligation                       . Pecuniary compensation cannot afford adequate relief for the harm; at the very least, it would be extremely difficult to ascertain the amount of money that would afford adequate relief for the harms to Nomadix and its intangible assets.

15.      Under the License Agreement, Guest-Tek owes Nomadix its legal fees and costs to prepare for and conduct this action to enforce the License Agreement.

16.      Nomadix has already incurred legal fees and costs in opposing Guest-Tek's challenges to Licensed Patents and Bandwidth Management Patents in this litigation and before the PTAB that Nomadix would not have incurred but for Guest-Tek's failure to comply with                   . Nomadix will continue to incur such legal fees and costs until Guest-Tek's                are terminated.

<strong>PRAYER FOR RELIEF</strong>

Nomadix respectfully prays for the following relief:

A.      an order adjudging Guest-Tek to have breached the License Agreement, including by having breached its obligations under clause 2.10;

B.      a declaration of Guest-Tek's obligations under clause 2.10 of the License Agreement;

C.      an order of specific performance of Guest-Tek's obligations under clause 2.10 of the License Agreement, including preliminary and permanent injunctions enjoining Guest-Tek from breaching its obligations;

D.      an award of all legal fees and costs, including attorneys' fees, that Nomadix incurs to prepare for and conduct this action against Guest-Tek and to oppose Guest-Tek's challenges before the PTAB, whether as a contractual or statutory right, as compensation incidental to specific performance, as delay damages, or as any other form of appropriate relief;

E.    in the alternative to specific performance of Guest-Tek's obligations under clause 2.10, an award of general, compensatory, consequential, and special damages arising from Guest-Tek's breach of clause 2.10;

F.    an award of prejudgment and postjudgment interest; and

G.    such other relief as the Court deems just and proper.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 4, 2018          /s/ *Mark Lezama*
                              Douglas G. Muehlhauser
                              Mark Lezama
                              Alexander J. Martinez

                              Attorneys for Plaintiff
                              NOMADIX, INC.