Steven J. Rocci (Admitted *Pro Hac Vice*)
Email: srocci@bakerlaw.com
Kevin M. Bovard, SBN 247521
Email: kbovard@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>Defendant/Counter-Claimant,<br><br>v.<br><br>NOMADIX, INC.,<br><br>Counter-Defendant. | Case No.: 2:16-cv-08033-AB-FFM<br><br>[*Honorable Frederick F. Mumm*]<br><br>**GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S RESPONSE TO NOMADIX'S BRIEF ON THE ISSUE OF REDACTIONS IN RESPONSE TO THE COURT'S MARCH 28, 2018 ORDER (DKT. NO. 254)**<br><br>[Filed concurrently with Declaration of Kevin M. Bovard]<br><br>Action Filed: 10/28/16<br>Amended Complaint Filed: 03/23/17<br>Fact Discovery Cutoff: 5/31/2018<br>Trial: 12/4/2018 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Michael J. Swope (Admitted *Pro Hac Vice*)
Email: mswope@bakerlaw.com
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone:   206.332.1379
Facsimile:   206.624.7317

Michael R. Matthias, SBN 57728
Email: mmatthias@bakerlaw.com
Joelle A. Berle, SBN 252532
Email: jberle@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:  310.820.8859

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

In December 2017, Guest-Tek moved to compel production of certain of Nomadix's third-party licenses, namely, those which involved the same patents at issue in the parties' present license dispute. (D.I. 157.) Guest-Tek argued that, in particular, the royalty rates and structure of the license agreements with third parties were relevant to the question of damages in this case. *Id.* at 4-9; *see also DataQuill Ltd. v. High Tech Computer Corp.*, 2011 WL 13100732 at *2, Civ. No. 08cv543 (S.D. Cal. Sept. 1, 2011) (compelling production of third party licenses because "[p]arties often introduce licenses previously granted to third-parties in order to estimate reasonable royalties.") Guest-Tek specifically sought information revealing the royalty payment structure in these agreements:

> Guest-Tek is therefore entitled to adduce evidence showing what a reasonable royalty rate would be ….The most relevant data-point in this regard may perhaps be the royalty rates Nomadix negotiated with other third parties for licenses of its patents. The question of what other third parties were paying to license the very same patents is directly relevant to the question of a reasonable royalty.

(D.I. 157 at 9.) The Court agreed with Guest-Tek, and compelled production of third party license agreements extant in 2016. The court specifically noted the relevance of the royalty rate structure in its Order:

> [T]he Court has determined that if plaintiff were to prevail on its claim that defendant did not pay the license fee on all of its uses of plaintiff's patents, **the reasonable royalty rate may very well become implicated. Specifically, if plaintiff does not prevail on its argument that the course of performance will establish the rate, the damages issue will require determination of a reasonable rate**. …. Thus, plaintiff is ordered to produce redacted copies of its patent licenses that were extant in 2016 for those patents implicated by schedule E of the agreement between the parties. To the extent plaintiff contends that it would suffer harm if defendant were allowed access to these agreements, plaintiff may produce them subject to an "attorney's eyes only" designation.

(D.I. 203 at 1-2, emphasis added.)[1]

Notwithstanding the Court's Order, Nomadix produced a version of its license agreement with SolutionInc Technologies Limited ("STL") that is so heavily redacted that no meaningful information bearing on the royalty structure is visible to Guest-Tek. (D.I. 252.) Guest-Tek timely objected to the redactions, and requested that Nomadix provide a version of the STL license agreement consistent with the Court's order and showing at least the following information:

- The scope of the license agreement (*e.g.*, the patents subject to the license agreement);
- The duration or term of the license agreement;
- All financial terms in the agreement, including but not limited to lump sum payments and any royalty rate(s).

*See* Declaration of Kevin M. Bovard, Ex. 1.

Guest-Tek, Nomadix, and STL conferred on this dispute. STL stated its view that it only needed to reveal its name and fact that patents were licensed. *Id.* It contended that it did not need to produce "other 'business terms,' including royalty rates." *Id.* But this position is contrary to spirit and text of the Court's Order, since the license agreement—dated September 2013—was plainly "extant in 2016."

Notably, STL stated that if the Court "clarified" that fewer redactions were required, it would comply. *Id.* STL did not offer any reason why a "Highly Confidential - Attorneys' Eyes Only" designation would fail to protect its interests; STL's counsel merely stated that this designation did not give him much comfort

---

[1] Guest-Tek also argued that for a broader subset of licenses, the identities of the licensees were separately relevant on the basis that Nomadix breached its obligation to identify licensees to Guest-Tek. (D.I. 157 at 9-10.) The Court's Order spelled out that greater redactions may be appropriate for licensees falling only within this subset. (D.I. 203 at 2.) But because the STL license is relevant to the narrower set of licenses (i.e., those bearing on the issue of royalties and thus damages in the relevant time frame), redactions of the key terms is inappropriate. STL conflates the two categories of relevant licenses, ignoring a distinction clearly articulated in the Court's Order.

because he is in Canada. *Id.* Contrary to Nomadix's assertion (D.I. 258), STL did not represent at the parties' conference that that "such a designation is not a concept in the Licensee's jurisdiction." It is unclear when or where Nomadix came by this understanding, but Canadian courts do in fact issue confidentiality orders, and the Canadian Rules contemplate "solicitors-only" access to discovery documents. *Casella Wines Pty Ltd. v. Constellation Brands Canada, Inc.*, 2015 FC 403 (CanLII) (observing that "in most [Canadian] intellectual property cases confidentiality orders under *Federal Courts Rule* 151 are almost always granted as a matter of course."); Canada *Federal Courts Rules*, Rule 151. In any event, STL has been a party to litigation in this District and has itself proposed a stipulated protective order with a "Highly Confidential - Attorneys' Eyes Only" designation. *See Nomadix, Inc. v. SolutionInc Techs. Ltd.*, United Stated District Court, Central District of California, Case No. 2:10-cv-00381 DDP (VBKx), D.I. 21, 35. The concept is therefore not foreign to STL.

    In view of the foregoing, Guest-Tek respectfully asks that the Court compel Nomadix to produce the STL license in unredacted form, but subject to a "Highly Confidential - Attorneys' Eyes Only" designation.

Dated: April 5, 2018          Respectfully submitted,

                                  BAKER & HOSTETLER LLP

By: */s/ Kevin M. Bovard*
Steven J. Rocci
Kevin M. Bovard
Michael J. Swope
Michael R. Matthias
Joelle A. Berle

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.