1  Douglas G. Muehlhauser (SBN 179495)
   doug.muehlhauser@knobbe.com
2  Mark Lezama (SBN 253479)
   mark.lezama@knobbe.com
3  Alexander J. Martinez (SBN 293925)
   alex.martinez@knobbe.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
5  Irvine, CA 92614
   Telephone: 949-760-0404
6  Facsimile: 949-760-9502

7  Attorneys for Plaintiff
   NOMADIX, INC.

8

9

10

11            IN THE UNITED STATES DISTRICT COURT

12         FOR THE CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14

15  NOMADIX, INC.,                    Case No.
                                      CV16-08033 AB (FFMx)
16            Plaintiff,
                                      **NOMADIX'S OPPOSITION**
17       v.                           **TO GUEST-TEK'S MOTION**
                                      **FOR AN ORDER**
18  GUEST-TEK INTERACTIVE             **MODIFYING THE**
    ENTERTAINMENT LTD.,               **SCHEDULING ORDER**
19
20            Defendant.              HEARING:
                                      April 27, 2018
21                                    10:00 a.m.
                                      Courtroom 7B
22
23
24                                    Honorable André Birotte Jr.

25

26

27

28

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................1

II.  LEGAL STANDARDS .................................................................2

III. GUEST-TEK FAILS TO SHOW GOOD CAUSE ..........................3

    A.  Guest-Tek was not diligent in seeking to modify
        the Scheduling Order to include special claim
        construction proceedings..........................................................3

    B.  Guest-Tek's defenses and counterclaims fail to
        establish "good cause" to modify the scheduling
        order ..........................................................................................5

    C.  Guest-Tek fails to show good cause for an
        extension based on patent ownership issues .........................8

    D.  The circumstances of Guest-Tek's motion
        demonstrate its lack of diligence in abiding by the
        Court's Scheduling order ........................................................9

    E.  Granting this motion will result in prejudice to
        Nomadix, but denying this motion will not result
        in prejudice to Guest-Tek......................................................11

        1.  Denying Guest-Tek's proposal to add
            special, lengthy claim construction
            proceedings will not result in prejudice....................11

        2.  Denying Guest-Tek's extension to obtain
            more patent ownership discovery will not
            result in prejudice.......................................................11

        3.  Nomadix will be prejudiced by the
            modification Guest-Tek seeks ...................................12

IV.  CONCLUSION .........................................................................13

**TABLE OF AUTHORITIES**

*Amarel v. Connell*,
   102 F.3d 1494 (9th Cir. 1996) .................................................................. 2

*Beiner Enterprises, Inc. v. Adam Caldwell, Inc.*,
   No. 13-cv-08723 AB, 2014 WL 11858164 (C.D. Cal. Dec. 16,
   2014) ........................................................................................................ 7

*Dunfee v. Truman Capital Advisors, L.P.*,
   No. 12-cv-1925-BEN (DHB), 2013 WL 5603258 (S.D. Cal. Oct.
   11, 2013) ................................................................................................. 11

*Experexchange, Inc. v. Doculex, Inc.*,
   No. 08-cv-03875, 2009 WL 3837275 (N.D. Cal. Nov. 16, 2009) .............. 7, 9

*Gate Worldwide Holdings LLC v. interTouch Holdings, LLC, et al.*,
   New York Supreme Court Index No. 650026/2018 ............................... 8

*Gestetner Corp. v. Case Equip. Co.*,
   108 F.R.D. 138 (D. Me. 1985) ................................................................. 8

*Estate of Gonzalez v. Hickman*,
   No. EDCV 05-660 MMM, 2007 WL 3237639 (C.D. Cal. Jan. 8,
   2007) ...................................................................................................... 12

*Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*,
   No. IPR2018-00376 (P.T.A.B. Dec. 22, 2017) ....................................... 13

*Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*,
   No. IPR2018-00392 (P.T.A.B. Dec. 28, 2017) ....................................... 13

*Jackson v. Laureate, Inc.*,
   186 F.R.D. 605 (E.D. Cal. 1999) ............................................................ 6

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ......................................................... 2, 5, 10

*Lacy v. American Biltrite, Inc.*,
   No. 10-cv-0830, 2012 WL 909309 (S.D. Cal. Mar. 16, 2012) ................ 2

*Sako v. Wells Fargo Bank, Nat. Ass'n*,
   No. 14-cv-1034, 2015 WL 5022326 (S.D. Cal. Aug. 24, 2015) ............ 7, 9

1
2

# TABLE OF AUTHORITIES
### *(cont'd.)*

3
4

*Schwerdt v. Int'l Fidelity Ins. Co.*,
   28 F.App'x 715 (9th Cir. 2002)..........................................................7, 9

5
6

*United States v. First Nat'l Bank of Circle*,
   652 F.2d 882 (9th Cir. 1981) .................................................................2

7
8

*Zivkovic v. S. California Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002) ...........................................................2, 5

9

# OTHER AUTHORITIES

10

C.D. Cal. L.R. 7-3 ....................................................................................9

11

Fed. R. Civ. P. 16.............................................................................2, 7, 9

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.  INTRODUCTION

Nomadix's fundamental claim in this case is that, for years, Guest-Tek has breached its obligation to make quarterly patent royalty payments based on Guest-Tek's ongoing use of Nomadix's patented inventions. Guest-Tek of course has known about Nomadix's breach claim for well over a year, as Nomadix pleaded that claim in its original complaint filed in October 2016. Guest-Tek has also known from the outset that litigating Nomadix's breach claim would involve addressing whether Guest-Tek's products fall within the scope of Nomadix patents, which could raise a subsidiary issue of interpreting the claims of the patents, also known as "claim construction."

Despite knowing all along that the exercise of claim construction could be involved in this case, Guest-Tek has also been aware that the case schedule does not include a special phase or special proceedings dedicated to claim construction. The Court ordered that schedule in June 2017. (Dkt. No. 56 ("Scheduling Order").) For ten months, the parties have been litigating under this schedule understanding that any required claim construction (which is ultimately a question of law for the Court) would be performed in the ordinary course of the litigation, such as through motions for summary judgment—and not as part of a special proceedings dedicated to claim construction. There is no question that Guest-Tek has been aware from the outset that no special claim-construction proceedings were part of the case schedule. In July 2017, within weeks of the Scheduling Order, Guest-Tek raised the possibility of moving to modify the Scheduling Order to include a claim-construction phase. But instead of following through with its motion, Guest-Tek did nothing.

After almost ten months, and with fact discovery closing next month, Guest-Tek now moves to modify the scheduling order to delay this case by six months, including adding four months of special claim construction proceedings. The Court

should reject this motion because the facts demonstrate that Guest-Tek has been anything but diligent in seeking this modification.

## II.  LEGAL STANDARDS

Rule 16(b) of the Federal Rules of Civil Procedure allows a district court to modify a pretrial scheduling order upon a showing of "good cause." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). The "pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *Johnson*, 975 F.2d at 609). If the "party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id.* (quoting *Johnson*, 975 F.2d at 609). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609.

Instead of focusing on the central diligence requirement, Guest-Tek suggests that the Court apply a multi-factor test outlined in *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996). But *Amarel* did not involve any request to amend a scheduling order; rather it involved a request to modify a pre-trial order to address admissibility of expert testimony. Moreover, available guidance indicates that the *Amarel* multi-factor test does not apply to a request to amend a scheduling order. *See Lacy v. American Biltrite, Inc.*, No. 10-cv-0830, 2012 WL 909309, at *5 (S.D. Cal. Mar. 16, 2012) (addressing the multi-factor test set forth in *Amarel*; citing authority relied upon in *Amarel* (*United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981)); and explaining that the multi-factor test does not apply to a request to amend a scheduling order, and holding instead that "the inquiry is whether the movant was diligent" (citing *Zivkovic*, 302 F.3d at 1087)).

Therefore, in deciding this Motion, the Court should focus on assessing whether Guest-Tek was diligent.

### III.  GUEST-TEK FAILS TO SHOW GOOD CAUSE

Guest-Tek seeks an order extending "the current schedule by about six months — four months for claim construction plus two additional months to consider the effects of claim construction on the parties' claims and defenses, and for discovery into ownership of the patents." (Opening Br. 4–5.) Guest-Tek contacted Nomadix in July 2017, explaining that it wanted to modify the Scheduling Order to add special claim construction proceedings. (Declaration of Mark Lezama ("Lezama Decl.") Ex. 1 at 11–12 (e-mail from Rocci to Lezama dated July 25, 2017).) Instead of promptly following through with its contemplated motion, Guest-Tek waited until nearly ten months since the Court issued the Scheduling Order to file the present motion. Given its unexcused delay of almost ten months, Guest-Tek cannot make the required showing of diligence.

**A.      Guest-Tek was not diligent in seeking to modify the Scheduling Order to include special claim construction proceedings**

Guest-Tek understood the need for claim construction at least as early as the parties' June 5, 2017 Joint Rule 26(f) Report. (*See* Dkt. No. 51 at 10–11 ("Guest-Tek submits that a claim construction hearing (preceded by claim construction discovery, exchange of disputed claim terms, and exchange of claim construction briefs) is also appropriate and necessary to expedite trial.").) The Court issued its Scheduling Order on June 16, 2017 (Dkt. No. 56), and it did not include any specialized claim construction proceedings or a distinct phase of the case for claim construction. Over the next nine months, Guest-Tek failed to request any modification to the Scheduling Order to add special claim construction proceedings.

To try to excuse its substantial delay, Guest-Tek argues that it has been diligent in discovery. (Opening Br. 10.) Not only does this argument fail to address any need for special claim construction proceedings, it also undercuts any

argument by Guest-Tek that it will not be able to adhere to the current Scheduling Order.

Again attempting to excuse delay, Guest-Tek argues it "has on multiple occasions reached out to Nomadix in an attempt to secure agreement on a claim construction protocol, but not [sic] agreement was ever reached." (Opening Br. 10.) Guest-Tek never explains how its inability to reach agreement with Nomadix somehow prevented it from acting months earlier to seek modification of the Scheduling Order.

Back in July 2017, Guest-Tek requested a call with Nomadix to discuss modifying the scheduling order to include claim construction. (Lezama Decl. Ex. 1 at 11–12 (e-mail from Rocci to Lezama dated July 25, 2017).) The parties conferred in August 2017, and the discussions indicated a mutual openness to some form of claim construction proceeding. (*Id.* at 7–11 (e-mail exchange from Aug. 14–29).)  However, the parties did not reach agreement, and Guest-Tek took no action to seek any modification of the Scheduling Order.

In September, Guest-Tek sought to confer further. (*Id.* at 7 (Sept. 5, 2017 e-mail from Rocci to Lezama).) Nomadix promptly made itself available. (*Id.* at 5–6 (e-mail exchange from Sept. 5–6).) Guest-Tek then canceled the scheduled conference of counsel, citing the Court's unrelated ruling denying Guest-Tek's motion to dismiss based on failure to arbitrate. (*Id.* at 5 (Sept. 7 e-mail from Rocci to Lezama).) Guest-Tek stated it wished to postpone the conference for a week, promising to propose dates and times. (*Id.*)

But Guest-Tek did not raise its request for a special claim construction phase again until November 2017. (*Id.* at 3 (Nov. 6 e-mail from Rocci to Lezama).) At Guest-Tek's request, the parties conferred again in November regarding the possibility of modifying the Scheduling Order to include special claim construction proceedings. (*Id.* at 2–3 (Nov. 13 e-mail from Rocci to Lezama noting Nov. 10 conference).) Again the discussion indicated openness to some form of claim

construction proceedings, but again the parties did not reach agreement. (*Id.* at 1–3 (e-mail exchange on November 13).) Guest-Tek expressed urgency (*id.* (discussing Guest-Tek's demand that Nomadix respond to a query by noon the same day)), but Guest-Tek failed to follow through on its motion. On November 18, 2017, Nomadix explained to Guest-Tek that it "is not asking Guest-Tek to hold up its motion for any reason." (*Id.* at 1.) Nomadix continued: "Guest-Tek alone has controlled the timing of its motion . . . and whether to share its proposed revised case schedule." (*Id.*) In the months following that discussion, Guest-Tek again took no action to seek any modification of the Scheduling Order. The "burden was upon [Guest-Tek] to prosecute its case properly. [Guest-Tek] cannot blame [Nomadix] for its failure to do so." *Johnson*, 975 F.2d at 609–10 (holding the nonmovant's failure to raise issues did not constitute good cause for movant's four-month delay in seeking to modify the scheduling order).

It has been apparent to Guest-Tek for ten months that this case is being litigated under a Scheduling Order that does not require special claim construction proceedings. That Guest-Tek and Nomadix have discussed the possibility of modifying the Scheduling Order does not establish Guest-Tek's diligence in seeking modification, particularly when Guest-Tek took no action to seek any modification in the months following its discussions with Nomadix. Indeed, for the last four-and-a-half months, Guest-Tek has been utterly silent on the topic of modification and has taken no steps at all to address any supposed need for special claim construction proceedings. This is not diligence. *Zivkovic*, 302 F.3d at 1087–88 (holding movant's failure to modify within four months of the scheduling order demonstrated a lack of diligence).

**B.   Guest-Tek's defenses and counterclaims fail to establish "good cause" to modify the scheduling order**

Guest-Tek asserts that its "new defenses and counterclaims relating to patent invalidity, misuse, and no patent coverage" necessitate modifying the Scheduling

Order. (Opening Br. 5.) As its basis, Guest-Tek merely states that "these defenses and counterclaim, combined with Nomadix's claim, all require claim construction by the Court before proceeding to the jury." (*Id.*) But Guest-Tek recognized early in the case that claim construction would likely be part of litigating Nomadix's breach-of-contract claim. Thus, Guest-Tek cannot credibly assert that any recent event in this case has given rise to a sudden need to include special claim construction proceedings. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 609 (E.D. Cal. 1999) (declining to modify a scheduling order where the movant failed "to explain whether the information prompting Plaintiff to seek an amendment now was unknown to her before the Rule 16 Scheduling Order issued").

Guest-Tek's moving papers rely on a November 10, 2017 conference of counsel. At a minimum, Guest-Tek has taken no steps to seek modification of the Scheduling Order in four-and-a-half months since that conference.

In attempting to point to more recent events to try to show diligence, Guest-Tek argues that it did not learn that it could litigate the issues of patent invalidity and patent misuse until November 30, 2017. However, had Guest-Tek shared all bases it would rely on in support of this motion on November 10, it would have included the issues of patent invalidity and patent misuse. Moreover, Guest-Tek pleaded its defenses of patent invalidity and patent misuse in its original answer (September 20, 2017) as well as in each amended version afterward. (Dkt. Nos. 69-1, 126-1, 155-1.)

Similarly, Guest-Tek argues that it was not until February 8, 2018, that it first learned that it could litigate the issue of "no patent coverage." (Opening Br. 1, 5–6.) But Guest-Tek first pleaded its counterclaim for no patent coverage on September 20, 2017, in its original counterclaim filing, and in each amended version thereafter. (Dkt. Nos. 69-1, 126-1, 155-1.) Guest-Tek tries to discount its early pleading of the no-patent-coverage counterclaim by repeatedly arguing that Nomadix had been challenging the counterclaim. (Opening Br. 1, 5–6.) Guest-Tek

1   cites Nomadix's motions to dismiss and also the Court's orders on those motions
2   as supposedly showing that Nomadix had been challenging the no-patent-coverage
3   counterclaim. (*Id.* at 5–6.) But none of the cited motions to dismiss or orders even
4   mentions the no-patent-coverage counterclaim—because Nomadix has never once
5   challenged those pleadings. Contrary to its badly mistaken arguments, Guest-Tek
6   has never had any reason to believe that the pleading of its no-patent-coverage
7   counterclaim was ever under challenge. Thus, to the extent that its pleaded
8   defenses and counterclaims could be considered material, the question of Guest-
9   Tek's diligence on this motion should be assessed based on Guest-Tek's original
10  pleading date of September 20, 2017, rather than February 8, 2018, as Guest-Tek
11  argues.

12          Indisputable facts demonstrate that Guest-Tek sought modification of the
13  Scheduling Order more than six months after unchallenged pleading of its no-
14  patent-coverage counterclaim and four months after unchallenged pleading of its
15  defenses of patent misuse and invalidity. Guest-Tek offers no explanation for
16  either delay, and thus has failed to establish good cause to modify the Scheduling
17  Order. *See e.g., Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F.App'x 715, 719 (9th Cir.
18  2002) (nonprecedential) (finding a delay of one month to meet and confer on a
19  motion to amend after obtaining newly discovered evidence and a subsequent
20  seven week delay did not constitute diligence under Rule 16); *Sako v. Wells Fargo
21  Bank, Nat. Ass'n*, No. 14-cv-1034, 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24,
22  2015) ("Courts have held that waiting two months after discovering new facts to
23  bring a motion to amend does not constitute diligence under Rule 16."); *Beiner
24  Enterprises, Inc. v. Adam Caldwell, Inc.*, No. 13-cv-08723 AB (MRWx), 2014 WL
25  11858164, at *2 (C.D. Cal. Dec. 16, 2014) (denying extension of discovery
26  deadline for a deposition where the movant delayed taking a deposition for three
27  months without explanation); *Experexchange, Inc. v. Doculex, Inc.*, No. 08-cv-
28  03875, 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (finding delay of two

- 7 -

months after discovering new facts did not meet good cause standard); *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 140 (D. Me. 1985) (denying joint stipulation to extend discovery deadlines where the parties moved four months after the development of new complex legal and factual issues).

**C.   Guest-Tek fails to show good cause for an extension based on patent ownership issues**

Guest-Tek argues that its requested modification is "necessary because additional discovery will be required into the proper ownership interests in the licensed patents and the License Agreement before trial." (Opening Br. 8.) Yet Guest-Tek fails to articulate basic details to support such a need. For example, Guest-Tek never explains what discovery it seeks and why it cannot obtain such discovery within the Scheduling Order's deadlines. Guest-Tek also fails to explain how much time will be required to obtain the supposedly needed discovery. Having failed to provide these key details, no extension can be deemed warranted, much less the six-month extension Guest-Tek now requests.

Guest-Tek also fails to explain how its supposed discovery needs relate to its requested modification. All of Guest-Tek's proposed dates relate to claim construction; Guest-Tek justifies its six-month extension request based on requiring four months for claim construction proceedings and two months to consider the effects of claim construction on the parties' claims and defenses. Guest-Tek fails to articulate any relationship between patent ownership discovery on the one hand, and its requested modification for special claim construction proceedings on the other. Given its sparse arguments, this Court should decline Guest-Tek's requested six-month extension to obtain patent ownership discovery.

No basis exists for Guest-Tek's extension to obtain patent ownership discovery. Documents related to the patent ownership dispute in the New York action between Nomadix and Gate Worldwide (*Gate Worldwide Holdings LLC v. interTouch Holdings, LLC, et al.*, New York Supreme Court Index No.

- 8 -

650026/2018) are publicly available. Similarly, assignment documents are available from the United States Patent and Trademark Office. Nevertheless, Nomadix has produced documents in its possession related to its ownership of the patents and to the dispute with Gate Worldwide. Again, Guest-Tek never details what discovery it supposedly needs.

Guest-Tek has also failed to show diligence in seeking to extend the discovery deadline. Guest-Tek became aware of the patent ownership dispute as early as January 16, 2018, when it received a letter from Gate Worldwide's attorneys. (Opening Br. 15; Dkt. No. 226-1, Ex. B.) Yet Guest-Tek waited more than nine weeks to seek an extension to conduct more discovery. A nine week delay near the end of the discovery period is not diligence. *See e.g., Schwerdt*, 28 F.App'x at 719 (finding a delay of one month to meet and confer on a motion to amend after obtaining newly discovered evidence, and a subsequent seven week delay did not constitute diligence under Rule 16); *Sako*, 2015 WL 5022326, at *2 ("Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16"); *Experexchange*, 2009 WL 3837275, at *29 (finding delay of two months after discovering new facts did not meet good cause standard). Furthermore, it bears noting that Guest-Tek never conducted any meet and confer with Nomadix regarding any extension of the discovery deadline to accommodate discovery into patent ownership issues. C.D. Cal. L.R. 7-3.

**D.    The circumstances of Guest-Tek's motion demonstrate its lack of diligence in abiding by the Court's Scheduling order**

On March 6, 2018 Nomadix served its second set of interrogatories on Guest-Tek. (Lezama Decl., Ex. 2 at 4.) Nomadix's interrogatory 6 seeks Guest-Tek's invalidity contentions, including any proposed claim constructions. (*Id.*) Guest-Tek responded in relevant part:

1
2
3
4
5
6
7
8
9
10
11

   Guest-Tek further objects that this Interrogatory is a premature contention interrogatory. As the parties previously agreed, and as this Interrogatory reflects, Guest-Tek's invalidity defense requires claim construction. Guest-Tek has repeatedly but unsuccessfully sought agreement with Nomadix to modify the case schedule to include a claim construction phase. On March 30, 2018, Guest-Tek moved for an order modifying the case schedule to provide for a claim construction phase, among other modifications. (*See* Doc. 256 at 4.) Until the Court rules on Guest-Tek's motion, it is too soon for Nomadix to demand Guest-Tek's claim constructions and invalidity contentions.

12   (Lezama Decl. Ex. 3 at 5.)

13
14
15
16
17
18
19
20
21
22
23
24

   As shown, Guest-Tek refuses to provide its invalidity contentions until an order on this motion, and the Court will not hold a hearing until April 27, 2018. It is hard to see how Guest-Tek can maintain that it is "too soon" for Nomadix to learn Guest-Tek's invalidity theories when discovery is set to close next month. It is improper for Guest-Tek to withhold discovery based on its failure to earlier seek the claim construction proceedings it now requests. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 609. The Court should refuse to reward Guest-Tek's deliberate delay and deny this motion. *Id.* (affirming denial of modification of scheduling order and observing that "[d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier").

25
26
27
28

**E.  Granting this motion will result in prejudice to Nomadix, but denying this motion will not result in prejudice to Guest-Tek**

**1.  Denying Guest-Tek's proposal to add special, lengthy claim construction proceedings will not result in prejudice**

According to Guest-Tek, a denial of its request for special claim construction proceedings will result in a costly, difficult and more time-consuming claim construction process and will stymie the discovery of facts needed for claim construction. (Opening Br. 11.) But Guest-Tek's unsupported attorney argument ignores the substantial costs associated with an additional six months of litigation, including the costs to conduct four months of specialized claim construction litigation, that would be added to this case under Guest-Tek's proposed modification. Moreover, it is hard to see how adding four months of special claim construction proceedings will somehow make claim construction less time-consuming.

With regard to the discovery of facts for claim construction, "[a] party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction." *Dunfee v. Truman Capital Advisors, L.P.*, No. 12-cv-1925-BEN (DHB), 2013 WL 5603258, at *4 (S.D. Cal. Oct. 11, 2013) (quoting *Rosario v. Lividatis*, 963 F.2d 1013, 1019 (7th Cir. 1992)) (denying movant's request to continue discovery cut-off ). Guest-Tek delayed for nearly ten months in seeking to extend the discovery deadline, and cannot now be heard to argue prejudice when discovery is due to close next month.

**2.  Denying Guest-Tek's extension to obtain more patent ownership discovery will not result in prejudice**

Guest-Tek argues that, without an extension it "likely will not be able to fully explore the ownership of the property interested in the licensed patents and the License Agreement." (Opening Br. 11.) As explained above, Nomadix has already produced documents relating to the ownership of the licensed patents.

1    Guest-Tek also argues that "[i]t would be the height of unfairness to force
2    Guest-Tek to proceed to summary judgment and trial without fulsome discovery
3    into the question of who may be the rightful plaintiff/counterclaim-defendant."
4    (Opening Br. 11.) Although Guest-Tek argues a need for "fulsome discovery" into
5    patent ownership, Guest-Tek has yet to take or even notice a single deposition
6    when it has known of the dispute with Gate Worldwide since at least January 16,
7    2018.

8        The Court has already observed that "if Guest-Tek owes royalties based on
9    its use of the licensed patents, it owes the royalties regardless of who owns the
10   underlying patents." (Dkt. No. 261 at 8.) Similarly, even if Nomadix assigned its
11   patents to another party "the Court could still permit Nomadix to continue with the
12   case under Rule 25(c)." (*Id.*)

13       In light of the public availability of documents concerning patent ownership,
14   Nomadix's production of these documents in parallel, Guest-Tek showing no need
15   for any deposition discovery over two-and-a-half months, and the Court's prior
16   observations, Guest-Tek will suffer no undue prejudice from a denial of this
17   motion.

18       **3.    Nomadix will be prejudiced by the modification Guest-Tek seeks**

19       As discussed above, Guest-Tek has already deliberately delayed providing
20   Nomadix vital invalidity contentions based on this Motion. Granting this Motion
21   will ensure Guest-Tek's delay and likely prompt similar delay tactics. Nomadix
22   filed this case over a year and a half ago and has diligently litigated its case in
23   order to obtain relief. A sixth-month extension will disrupt the agreed-upon course
24   of the litigation which the parties' have been following for over nine months. *See*
25   *Estate of Gonzalez v. Hickman*, No. EDCV 05-660 MMM (RCx), 2007 WL
26   3237639, at *2 (C.D. Cal. Jan. 8, 2007) (declining to modify the court's scheduling
27   order to add additional parties days before fact discovery in part because of the
28   prejudice that defendants would suffer if the scheduling order were modified at this

late date . . . defendants are entitled to rely on the court's scheduling order to litigate an action filed against them in an orderly manner").

A six-month extension will likely prevent Nomadix from obtaining permanent injunctive relief early enough to halt Guest-Tek's challenge to the validity of Nomadix's Patents before the Patent Trial and Appeal Board (PTAB) of the Patent and Trademark Office. The parties will litigate the issue of whether Guest-Tek is precluded from challenging the validity and enforceability of the licensed patents. In late December Guest-Tek filed with the PTAB two petitions for *inter partes* review specifically to challenge two Nomadix patents. *See Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*, No. IPR2018-00376 (P.T.A.B. Dec. 22, 2017) and *Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*, No. IPR2018-00392 (P.T.A.B. Dec. 28, 2017). If this Court extends the Scheduling Order by six months, Guest-Tek's validity challenge may conclude before Nomadix can obtain relief from the Court to force Guest-Tek to terminate its *inter partes* review proceedings. Thus, granting this motion could render moot significant relief that is currently available to Nomadix.

## IV. CONCLUSION

Guest-Tek failed for nearly ten months to diligently seek to amend the Scheduling Order to include special claim construction proceedings. For the reasons provided above, Guest-Tek has failed to show the good cause required to modify the Scheduling Order, and its motion should be denied.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: April 6, 2018      /s/ *Douglas G. Muehlhauser*
                          Douglas G. Muehlhauser
                          Mark Lezama
                          Alexander J. Martinez

                          Attorneys for Plaintiff
                          NOMADIX, INC.

- 13 -