# EXHIBIT 1

| | |
|---|---|
| **From:** | Mark.Lezama |
| **Sent:** | Saturday, November 18, 2017 1:32 PM |
| **To:** | Rocci, Steven |
| **Cc:** | Guest-Tek; Nomadix.Guest-Tek |
| **Subject:** | RE: Nomadix v Guest-Tek Scheduling Order |

Steve,

Nomadix does not promise a response by the deadline you have unilaterally set. We will not rush our review of Guest-Tek's supplemental interrogatory responses simply because Guest-Tek demands it. At the same time, Nomadix is not asking Guest-Tek to hold up its motion for any reason. Guest-Tek alone has controlled the timing of its motion, the timing of its service of its interrogatory responses, and whether to share its proposed revised case schedule.

I disagree with the second paragraph of your e-mail.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

**949-721-5362 Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Thursday, November 16, 2017 8:10 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

You have now received Guest-Tek's supplemental interrogatory responses and we expect to know your final position re this issue by noon, Pacific, Monday, Nov 20.

Your final comment in your below Nov 13 e-mail is disingenuous, to put it mildly. The correspondence in this case reveals that Nomadix becomes extremely impatient and threatening when it doesn't get something that it wants on its own schedule, while, on several occasions, ignoring, or belatedly replying to (e.g., replying only when Guest-Tek follows up to), Guest-Tek requests for information, conferences of counsel, etc. Please heed your own admonitions.

Steve

---

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Monday, November 13, 2017 10:06 PM
**To:** Rocci, Steven

1

**EXHIBIT 1**

**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Steve,

You asked on Friday whether Nomadix's position on claim construction and scheduling had changed since my August 29 e-mail. I told you that that e-mail likely captured Nomadix's current position, but that I would need to review the e-mail again to confirm. I said I would do my best to get back to you today. You said you would follow-up today. In other words, contrary to what your e-mail appears to assert, I did not agree on Friday that Nomadix's position had not changed since August 29 (or August 31, as you state in your e-mail).

As I explained on the phone and via e-mail, Guest-Tek's supplemental interrogatory responses and any revised schedule that Guest-Tek proposes will inform Nomadix's ultimate position on claim construction and scheduling. Nomadix still does not have Guest-Tek's supplemental responses or a proposed revised schedule from Guest-Tek. Until Nomadix receives that information, it's current positions include:

- Nomadix does not agree to extend any case deadlines.

- Nomadix does not agree to creating special contention obligations or a new deadline for them.

- Nomadix is not necessarily opposed to scheduling claim-construction briefing or a hearing.

- To the extent claim-construction briefing and a hearing are scheduled:

    - Nomadix is not inclined to conduct a separate technology tutorial.

    - Nomadix does not agree to a deadline for exchanging evidence supporting proposed claim constructions.

    - Nomadix is not inclined to use a special master for claim construction.

You e-mailed me three times today on this topic. You never mentioned on Friday needing an answer by noon today; nor can I discern any reason why you needed an answer by noon or needed to e-mail three times. In your final e-mail, you asked, "May I please have the courtesy of a reply?" Your suggestion that, by not responding earlier today, I have denied you some courtesy is not well taken. I said I would do my best to get back to you by today, and I have.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, November 13, 2017 7:47 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

**EXHIBIT 1**

Following up to our conference of counsel on Friday:

1) Nomadix has not changed its position from that summarized in its below August 31 e-mail;
2) Please advise us by noon pacific today whether Nomadix will agree to a special master for claim construction.

Steve

---

**From:** Rocci, Steven
**Sent:** Monday, November 06, 2017 4:22 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

Guest-Tek intends to move the Court for a revised Scheduling Order that includes a claim construction phase that would include the phases set forth in my below August 14, 2017 e-mail. As you are aware, this issue was put aside while the Court ruled on Guest-Tek's motions to dismiss the action and to compel arbitration.

Guest-Tek believes that the Scheduling Order should now be modified to adjust all dates, including extending the trial date, to accommodate the claim construction process. Claim construction is central to Nomadix's claims of whether any asserted Nomadix patent covers any Guest-Tek system or service. Thus, Guest-Tek believes that the schedule should be adjusted so that the parties may adequately address the claim construction issues and allow sufficient time for them to be decided.  In this regard, Guest-Tek submits that the parties should agree to refer claim construction to a mutually agreed upon special master.

Please let us know Nomadix's availability for a L.R. 37-1 conference on these issues on Tuesday, November 9 or Wednesday, November 10, at 2PM Eastern.

Steve

---

**From:** Rocci, Steven
**Sent:** Thursday, September 07, 2017 6:23 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Re: Nomadix v Guest-Tek Scheduling Order

Mark,

This is fine. Thank you for handling.

Regards,

Steve

Sent from my mobile device. Please excuse any informalities.

On Sep 7, 2017, at 4:50 PM, Mark.Lezama <Mark.Lezama@knobbe.com> wrote:

3

**EXHIBIT 1**

Steve,

How about the following e-mail?

=============
Dear Ms. Badirian,

I represent Plaintiff Nomadix in Case No. CV16-08033, and I'm copying counsel for Defendant Guest-Tek on this e-mail. The Court entered an order today under seal as Docket No. 65. Neither party has been able to access the sealed document even when using the ECF credentials of the attorneys of record. The ECF helpdesk has confirmed that the document cannot be accessed through ECF. The parties would therefore both like to respectfully request an electronic courtesy copy of the sealed order. Both parties consent to the order being released to the attorneys and distribution lists included on this e-mail. If any other information would be helpful in evaluating the parties' joint request, please do not hesitate to contact us.

=============

**Mark Lezama**
Partner
mark.lezama@knobbe.com

**949-721-5362 Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Thursday, September 07, 2017 11:54 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Yes, that would be good. Thanks.

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Thursday, September 07, 2017 2:35 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Steve,

Thanks for your e-mail. We are able to access only the redacted copy as well. The helpdesk has informed us that the order will not be available online even using the ECF credentials of the attorneys of record. The helpdesk indicated that it expected the Court to mail the parties a copy of the order. If we don't hear from the Court shortly, would you like to send a joint e-mail to the Court's courtroom deputy requesting a courtesy electronic copy?

Best regards,

Mark

**EXHIBIT 1**

**Mark Lezama**
Partner
mark.lezama@knobbe.com

**949-721-5362 Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Thursday, September 07, 2017 11:27 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

I understand that the Court has this morning issued an opinion and order denying Guest-Tek's motion to dismiss. However, at the moment, I have only a heavily redacted copy of the opinion. I would like the opportunity to read and consider the unredacted opinion before we discuss claim construction issues, so I'd like to postpone our meet and confer on that issue until next week. I will follow up with proposed dates/times.

In the meantime. I am cancelling today's meet and confer.

Steve

---

**From:** Rocci, Steven
**Sent:** Wednesday, September 06, 2017 9:35 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Re: Nomadix v Guest-Tek Scheduling Order

Mark,

Lets go with 11:30 am Pacific on Thursday.

Dial 800-768-2983
Code 564-8364

I will refrain from addressing your (disingenuous and unproductive) passing comments.

Steve

On Sep 6, 2017, at 1:58 AM, Mark.Lezama <Mark.Lezama@knobbe.com> wrote:

> Steve,
>
> I can be available at 11:30 a.m. or 1:45 p.m. Pacific on Thursday. If either time works for you, please let me know.

**EXHIBIT 1**

When possible, we will endeavor in good faith to accommodate your schedule. But this case is pending in the Central District of California; 4:30 p.m. Pacific is therefore a perfectly reasonable time for a conference of counsel. Guest-Tek has four attorneys of record on the west coast, at least two of whom are seasoned attorneys who have handled other conferences of counsel in this case. Nomadix made itself available once already for a conference on this issue, and it did so again today on two business days' notice.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Tuesday, September 5, 2017 12:55 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

That time does not work for me. Can we agree to a time that is within normal business hours for both of us, or should I propose 9 AM eastern tomorrow?

Steve

---

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Tuesday, September 05, 2017 3:30 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Steve,

I am available at 4:30 Pacific today. Please let me know if you'd like to talk then.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

**EXHIBIT 1**

949-721-5362 **Direct**

Knobbe Martens

2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Tuesday, September 05, 2017 5:40 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

Please let me know your availability to discuss this today.

Regards,

Steve

---

**From:** Rocci, Steven
**Sent:** Thursday, August 31, 2017 4:03 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Re: Nomadix v Guest-Tek Scheduling Order

Mark,

Please let me know if you are available for a meet and confer on this issue tomorrow (Friday, September 1) at 2 PM Eastern. If that time does not work for you, please suggest another time tomorrow or Tuesday (September 5) at the latest. We intend to file a motion on this issue to the extent that we are unable to reach agreement through a meet and confer.

Regards,

Steve

Sent from my mobile device. Please excuse any informalities.

On Aug 29, 2017, at 3:33 AM, Mark.Lezama <Mark.Lezama@knobbe.com> wrote:

> Steve,
>
> Guest-Tek's August 23 response on source code was inadequate for reasons I explained yesterday. The scope and timing of Guest-Tek's production of source code bear on at least point 1 of Guest-Tek's proposal.

**EXHIBIT 1**

As I have previously indicated, Nomadix is open to jointly approaching the Court regarding claim construction, but we do not agree with various aspects of Guest-Tek's proposal:

- Nomadix does not agree to creating special contention obligations or a new deadline for them. Guest-Tek is free to pursue contention interrogatories, but Nomadix does not agree to any discovery obligations beyond what the Federal Rules require. Nomadix does not agree to any additional deadlines for its contentions beyond the discovery cutoffs the Court has imposed. Nomadix certainly cannot agree at this stage to rely on only five patent claims total; Guest-Tek has yet to produce the vast majority of the source code it has promised to produce, Guest-Tek has declined to discuss representative versions of source code, and Nomadix does not yet know the extent to which Guest-Tek will dispute Nomadix's contentions or its grounds therefor.

- Nomadix is fine with scheduling claim-construction briefing and a hearing. With opening expert reports due at the end of June 2018, it likely makes more sense to hold the hearing earlier than Guest-Tek has proposed. The rough timeline we suggest is early March for the hearing, with opening briefs in late January and responsive briefs in mid-February.

- Nomadix is not opposed to eventually setting an initial deadline for exchanging proposed constructions of terms to be addressed at the hearing; but I'm not sure we need to set a deadline now. After the parties exchange some more discovery, they will be in a better position to assess the likely disputes and figure out an appropriate schedule for exchanging constructions and conferring on the scope of the construction disputes.

- At this juncture, Nomadix is not inclined to conduct a tutorial.

- Nomadix does not agree to a deadline for exchanging evidence supporting proposed claim constructions. Nor do we think the parties need to exchange formal claim-construction contentions or submit a joint statement as the Northern District rules contemplate.

- To the extent Guest-Tek seeks a claim-construction process more in line with what the Northern District rules contemplate than what Nomadix will agree to, Nomadix may argue that briefing should also be conducted as contemplated in those rules, with Nomadix filing an opening brief, Guest-Tek filing a responsive brief, and Nomadix then filing a reply.

We look forward to hearing your thoughts.

Best regards,

Mark

**Mark Lezama**

**EXHIBIT 1**

Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, August 28, 2017 6:58 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Guest-Tek <Guest-Tek@bakerlaw.com>
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

May I please have the courtesy of a reply to my below August 14 e-mail?

Despite the absence of any connection (as implied by your silence) between your August 3 discovery related letter and our August 14 e-mail regarding claim construction, we note that you have had our response to your August 3 letter since last Wednesday. You still have not responded.

If we need to take this matter up with the Court alone, we will note our unsuccessful attempts to engage Nomadix in approaching the Court jointly.

Regards,

Steve

---

**From:** Rocci, Steven
**Sent:** Tuesday, August 22, 2017 9:05 AM
**To:** 'Mark.Lezama'
**Cc:** Nomadix.Guest-Tek; Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Mark,

Can you let me know what you believe the connection is between your discovery related letter and our e-mail re: claim construction scheduling?

We have been investigating the issues you raised in your August 3 letter. You will receive a response soon.

Steve

**EXHIBIT 1**

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Monday, August 21, 2017 2:56 PM
**To:** Rocci, Steven; Guest-Tek
**Cc:** Nomadix.Guest-Tek
**Subject:** RE: Nomadix v Guest-Tek Scheduling Order

Steve,

I think we can back to you later this week, but it would help if Guest-Tek would first respond to my August 3 letter to Kevin regarding source code and related materials and inform Nomadix when it plans to produce the remaining source code and related files.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, August 21, 2017 5:49 AM
**To:** Mark.Lezama
**Cc:** Nomadix.Guest-Tek; Guest-Tek
**Subject:** Re: Nomadix v Guest-Tek Scheduling Order

Mark,

When can I expect your response to my below e-mail of August 14?

Steve

Sent from my mobile device. Please excuse any informalities.

On Aug 14, 2017, at 4:19 PM, Rocci, Steven <SRocci@bakerlaw.com> wrote:

> Mark:
>
> I am following up to the below e-mail, which we briefly discussed during our meet and confer on August 2.
>
> I propose that we notify the Court that there are no provisions for claim construction in the June 16,

10

**EXHIBIT 1**

2017 Order re Deadlines, etc., and that we suggest the following modification to the Order:

The addition of a claim construction phase, beginning on January 15, 2018 and concluding by mid-May, 2018, that includes:

1) A final identification of the claims that Nomadix asserts cover the Guest-Tek products and services (not to exceed five claims) and Nomadix's final detailed contentions as to how each asserted claim covers the Guest-Tek products and services, by November 15, 2017;

2) An exchange of disputed claim terms by January 15, 2018;

3) An exchange of proposed constructions for the disputed claim terms, and supporting evidence, by February 15, 2018;

4) A meet and confer re the disputed claim terms and proposed constructions by March 1, 2018;

5) Simultaneous exchange of opening claim construction briefs by April 2, 2018;

6) Simultaneous exchange of rebuttal briefs by April 23, 2018; and,

7) Tutorial and claim construction hearing by mid-May, 2018.

Regards,

Steve

**From:** Rocci, Steven
**Sent:** Tuesday, July 25, 2017 11:51 AM
**To:** Mark.Lezama
**Cc:** Nomadix.Guest-Tek; Guest-Tek
**Subject:** Nomadix v Guest-Tek Scheduling Order

Mark,

In paragraph R.1 of the parties' Rule 26(f) report, Nomadix agreed with Guest-Tek that this matter will involve claim construction issues:

Nomadix acknowledges that this case may involve some issues of patent claim construction and that special claim-construction briefing by the parties and a claim-construction order from the Court may be helpful. Nomadix is not opposed to adding dates to the case

11

**EXHIBIT 1**

schedule for claim-construction briefing and a claim-construction hearing. But Nomadix believes that Guest-Tek's suggestion of adopting Section 4 of the Patent Local Rules of the Northern District of California in its entirety—and Rules 4-1 through 4-4 in particular—will make the case unnecessarily complicated and expensive. Nomadix would not oppose adopting the gist of Patent Local Rules 4-5 through 4-7. But in Nomadix's counsel's experience, Rules 4-1 through 4-4 significantly increase costs and tend to multiply the disputed issues rather than reduce them. The parties can narrow the list of disputed claim terms more quickly and cost-effectively through the type of routine conferences of counsel that Central District Local Rule 7-3 requires in connection with motions. Nomadix notes that both parties are considering summary-judgment motions regarding whether Guest-Tek's devices include Nomadix's patented technology; these summary-judgment motions will likely be an efficient vehicle for focusing on the claim-construction issues that are truly in dispute.

However, we note that the Court's June 16 case schedule (attached) does not include any claim construction provisions/schedule. We believe that, since the parties agreed in principle on the inclusion of at least some of the provisions of the ND CA Patent Local Rule 4, the omission of any claim construction process/schedule in the order was an oversight by the Court. Please let me know if Nomadix will join Guest-Tek in a joint motion to amend the schedule to include these provisions. If so, I suggest that we discuss areas of agreement and disagreement on our proposals so that the issues can be narrowed for the Court. Please let me know your availability for a call to discuss this matter sometime this week.

Regards,

Steve

**Steven J. Rocci**
Partner

<image001.jpg>

**EXHIBIT 1**

Cira Centre
2929 Arch Street | 12th Floor
Philadelphia, PA 19104-2891
T +1.215.564.8364

srocci@bakerlaw.com
bakerlaw.com
<image001.jpg><image002.jpg>

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any

**EXHIBIT 1**

unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**EXHIBIT 1**