# EXHIBIT 3

1  Steven J. Rocci (Admitted *Pro Hac Vice*)
   *Email:  srocci@bakerlaw.com*
2  Kevin M. Bovard, SBN 247521
   *Email: kbovard@bakerlaw.com*
3  **BAKER & HOSTETLER LLP**
   2929 Arch Street, 12th Floor
4  Philadelphia, PA 19104-2891
   Telephone:  215.568.3100
5  Facsimile:  215.568.3439

6  *Attorneys for Defendant/Counter-Claimant*
   GUEST-TEK INTERACTIVE
7  ENTERTAINMENT LTD.

8  (*additional counsel listed on following page*)

9

10              **IN THE UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12                      **WESTERN DIVISION**

13

14  NOMADIX, INC.,                    | Case No.:  2:16-cv-08033-AB-FFM

                 Plaintiff,           | [*Honorable André Birotte Jr.*]

15      v.                            | **GUEST-TEK INTERACTIVE**
                                      | **ENTERTAINMENT LTD.'S**
16  GUEST-TEK INTERACTIVE             | **OBJECTIONS AND RESPONSES TO**
17  ENTERTAINMENT LTD.,               | **NOMADIX'S SECOND SET OF**
                                      | **INTERROGATORIES**
18              Defendant/Counter-
                Claimant,
19
        v.
20
21  NOMADIX, INC.,

22              Counter-Defendant.

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 3**

Michael J. Swope (Admitted *Pro Hac Vice*)
*Email:  mswope@bakerlaw.com*
Curt R. Hineline (Admitted *Pro Hac Vice*)
*Email:  chineline@bakerlaw.com*
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone:    206.332.1379
Facsimile:    206.624.7317

Michael R. Matthias, SBN 57728
*Email:  mmatthias@bakerlaw.com*
Joelle A. Berle, SBN 252532
*Email:  jberle@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:  310.820.8859

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 3**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Guest-Tek Interactive Entertainment Ltd. ("Guest-Tek") hereby objects and responds to the Second Set of Interrogatories propounded by Nomadix, Inc. ("Nomadix").

## **PRELIMINARY STATEMENT**

The responses provided herein are based upon Guest-Tek's current knowledge, information and reasonable belief. Guest-Tek expressly reserves the right to modify, update, and/or supplement any response and to assert additional objections to these Interrogatories as additional information becomes available to Guest-Tek, including additional information from Nomadix as set forth below, and as otherwise necessary or appropriate.

Guest-Tek has responded to these Interrogatories in accordance with its interpretation and understanding of each Interrogatory, and based upon information received from Nomadix as of the date hereof. If Nomadix subsequently asserts an interpretation of any Interrogatory or part thereof that differs from Guest-Tek's understanding of that Interrogatory or part thereof, or modifies or supplements any information already provided to Guest-Tek, Guest-Tek reserves the right to supplement its responses and/or objections.

Guest-Tek's responses are made without waiving or intending to waive, but to the contrary, intending to preserve and preserving: (a) the right, with respect to each response to these Interrogatories, to raise all questions of authenticity of referenced documents, relevance, materiality, privilege, and admissibility as evidence in any proceeding in this or any other case; (b) the right, with respect to each response to these Interrogatories, to object to the use of such response in any proceeding in this or any other case; and (c) the right, with respect to each response to these Interrogatories, to object on any ground at any time to other discovery relating to such response.

Nothing in these responses shall be deemed an admission by Guest-Tek regarding the existence of any information; the relevance or admissibility of any

**EXHIBIT 3**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1   information for any purpose; or the truth or accuracy of any statement or

2   characterization contained in any Interrogatory. Any response provided herein that

3   states that documents and/or things will be produced is to be construed as relating

4   only to responsive documents and things that are not otherwise subject to any

5   specific objection.  Moreover, such a statement is not a representation that any such

6   documents and things exist, but rather that any such documents and things that may

7   be located upon a reasonable search will be produced or made available for

8   inspection.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 5:**

For each version of each Guest-Tek Product at each property that has been a Customer Property in any License Quarter, provide a detailed, step-by-step explanation of how to take the Code for the Guest-Tek Product you have produced in this litigation and install and execute it on a machine so that the machine operates as the Guest-Tek Product operated at the Customer Property and includes all functionality resident on the Guest-Tek Product at the Customer Property ("Guest-Tek Operation").

In your explanation, specify all compiling, building, and linking steps involved and all Build Parameters necessary to achieve such Guest-Tek Operation, including the exact values, versions, and configurations of such Build Parameters; to the extent any particular Build Parameter has more than one option sufficient to achieve Guest-Tek Operation, your explanation should specify at least one such option, such that the entire set of Build Parameters provided is internally consistent and will suffice to achieve Guest-Tek Operation. To the extent your explanation involves files, libraries, tools, or other Code or other Build Parameters that you have produced in this litigation, identify those items by their production (Bates) number or, if no production number exists, the date of production and specific filepath. To the extent your explanation involves files, libraries, tools, or other

- 2 -

**EXHIBIT 3**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Code or other Build Parameters that you have not produced in this litigation and
2  that you contend you need not produce, explain unambiguously where to download
3  or otherwise obtain the precise version and configuration of such items.

4  **Response to Interrogatory No. 5:**

5      Guest-Tek objects that Nomadix has not established standing to propound
6  this Interrogatory. If Nomadix validly assigned its interests in the License
7  Agreement, in the Licensed Patents, and in this litigation to Gate Worldwide
8  Holdings LLC ("GWH"), then GWH—not Nomadix—is the proper
9  Plaintiff/Counter-Defendant here. Guest-Tek further objects that this Interrogatory
10  calls for Highly Confidential – Attorneys' Eyes Only information, which the
11  Protective Order bars Nomadix from viewing if Nomadix lacks standing to
12  prosecute this action.

13      Guest-Tek further objects that this Interrogatory is unduly burdensome and
14  seeks discovery not proportional to the needs of the case because it would require
15  Guest-Tek to create "a detailed, step-by-step explanation" of how to install and
16  execute code "[f]or each version of each Guest-Tek Product at each property that
17  has been a Customer Property in any License Quarter." The Federal Rules of Civil
18  Procedure do not require Guest-Tek to create documents explaining how to use the
19  documents and things that it produces.

20      Guest-Tek further objects that the phrase "a detailed, step-by-step
21  explanation" is vague and ambiguous. Nomadix does not specify whether this
22  explanation includes even more than the already burdensome information
23  expressly requested in this Interrogatory.

24      Guest-Tek further objects that this Interrogatory seeks information not
25  relevant to the parties' claims and defenses. Nomadix defines "Guest-Tek
26  Products" to encompass products not at issue in this case.

27      Guest-Tek further objects that this Interrogatory is an improper compound
28  interrogatory comprising an indefinite number of parts. Nomadix defines "Guest-

- 3 -

**EXHIBIT 3**

Tek Products" to encompass six categories of products, and these categories consist of multiple products or versions of products. Guest-Tek will not respond to this Interrogatory unless and until the parties reach agreement on the scope of this Interrogatory and the number of Interrogatories that it contains.

**Interrogatory No. 6:**

To the extent that you contend that one or more claims of the License Agreement Patents are invalid, explain the specific facts, legal arguments (including any proposed claim constructions), and evidentiary basis that you will rely on for your contentions, identifying the specific statutory provisions you will rely on (e.g., 35 U.S.C. § 102(a) printed publication versus § 102(b) printed publication versus § 102(b) on-sale bar). For example, to the extent that you contend that a claim is invalid in view of prior art, your response should explain the facts you will rely on to contend that the alleged prior-art references qualify as prior art and should provide charts (or similarly organized information) showing how you contend the alleged prior art discloses or teaches the limitations of the claim in accordance with the applicable legal standard. As another example, to the extent that you contend a claim is invalid for failing to satisfy a requirement of § 112, your response should identify the specific claim limitations involved and explain why the legal standard for that requirement of § 112 is not satisfied.

**Response to Interrogatory No. 6:**

Guest-Tek objects that Nomadix has not established standing to propound this Interrogatory. If Nomadix validly assigned its interests in the License Agreement, in the Licensed Patents, and in this litigation to Gate Worldwide Holdings LLC ("GWH"), then GWH—not Nomadix—is the proper Plaintiff/Counter-Defendant here.

Guest-Tek further objects that this Interrogatory calls for legal strategies and other information protected by the attorney-client privilege or the work-product doctrine.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 3**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Guest-Tek further objects that this Interrogatory is a premature contention interrogatory. As the parties previously agreed, and as this Interrogatory reflects, Guest-Tek's invalidity defense requires claim construction. Guest-Tek has repeatedly but unsuccessfully sought agreement with Nomadix to modify the case schedule to include a claim construction phase. On March 30, 2018, Guest-Tek moved for an order modifying the case schedule to provide for a claim construction phase, among other modifications. (*See* Doc. 256 at 4.) Until the Court rules on Guest-Tek's motion, it is too soon for Nomadix to demand Guest-Tek's claim constructions and invalidity contentions.

Guest-Tek further objects that this Interrogatory is an improper compound interrogatory, covering multiple distinct invalidity theories. Guest-Tek need not respond to this Interrogatory unless and until the parties reach agreement on the scope of this Interrogatory and the number of Interrogatories that it contains.

Subject to and without waiving its objections, Guest-Tek refers Nomadix to the Petitions for *Inter Partes* Review filed in *Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*, No. IPR2018-00376 and *Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*, No. IPR2018-00392. Guest-Tek reserves the right to supplement this response, especially after the Court rules on its motion for an order modifying the case schedule.

**Interrogatory No. 7:**

To the extent that you contend that equitable estoppel applies in this case (see, e.g., the Eighth Affirmative Defense in your Second Amended Answer), explain the specific facts, legal arguments, and evidentiary basis you will rely on for your contentions, identifying the specific events, communications (and content thereof), and persons involved.

**Response to Interrogatory No. 7:**

Guest-Tek objects that Nomadix has not established standing to propound this Interrogatory. If Nomadix validly assigned its interests in the License

**EXHIBIT 3**

1   Agreement, in the Licensed Patents, and in this litigation to Gate Worldwide
2   Holdings LLC ("GWH"), then GWH—not Nomadix—is the proper
3   Plaintiff/Counter-Defendant here.

4       Guest-Tek further objects that this Interrogatory calls for legal strategies and
5   other information protected by the attorney-client privilege or the work-product
6   doctrine.

7       Guest-Tek further objects that this Interrogatory is a premature contention
8   interrogatory because Nomadix has prevented Guest-Tek from obtaining the
9   evidence that it needs to fully develop its equitable estoppel defense. This defense
10  relies in part on representations made by Charles Reed on behalf of Nomadix. (*See*
11  D.I. 171 at 31.) Yet Nomadix has obstructed Guest-Tek's access to Mr. Reed by
12  refusing to jointly arrange an interview between Guest-Tek and Mr. Reed.

13      Subject to and without waiving its objections, Guest-Tek answers that before
14  and/or during the parties' April 16, 2014 mediation, Charles Reed represented to
15  Guest-Tek CEO Arnon Levy that Nomadix would not sue Guest-Tek for breach of
16  the License Agreement. Guest-Tek reserves the right to supplement this response,
17  especially after Guest-Tek is able to interview Mr. Reed.

18  **Interrogatory No. 8:**

19      To the extent that you will rely on any defense of waiver, explain the
20  specific facts, legal arguments, and evidentiary basis you will rely on for your
21  defense, identifying the specific events, communications (and content thereof), and
22  persons involved.

23  **Response to Interrogatory No. 8:**

24      Guest-Tek objects that Nomadix has not established standing to propound
25  this Interrogatory. If Nomadix validly assigned its interests in the License
26  Agreement, in the Licensed Patents, and in this litigation to Gate Worldwide
27  Holdings LLC ("GWH"), then GWH—not Nomadix—is the proper
28  Plaintiff/Counter-Defendant here.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

**EXHIBIT 3**

1    Guest-Tek further objects that this Interrogatory calls for legal strategies and

2    other information protected by the attorney-client privilege or the work-product

3    doctrine.

4    Guest-Tek further objects that this Interrogatory is a premature contention

5    interrogatory because Nomadix has prevented Guest-Tek from obtaining the

6    evidence that it needs to fully develop its waiver defense. Guest-Tek alleges that

7    Charles Reed, on behalf of Nomadix, represented to Guest-Tek CEO Arnon Levy

8    that Nomadix would not sue Guest-Tek for breach of the License Agreement. (*See*

9    D.I. 171 at 31.) Yet Nomadix has obstructed Guest-Tek's access to Mr. Reed by

10   refusing to jointly arrange an interview between Guest-Tek and Mr. Reed.

11   Subject to and without waiving its objections, Guest-Tek answers that by

12   failing to follow the Dispute Resolution provisions of the License Agreement,

13   Nomadix waived any right that it may have had to bring this action. Guest-Tek

14   further answers that by representing that it would not sue Guest-Tek for breach of

15   the License Agreement, Nomadix waived any right that it may have had to bring

16   this action. Guest-Tek reserves the right to supplement this response, especially

17   after Guest-Tek is able to interview Mr. Reed.

18   **Interrogatory No. 9:**

19   Explain Guest-Tek's contentions—including the specific facts, legal

20   arguments, and evidentiary basis Guest-Tek will rely on—for its First

21   Counterclaim (breach of the License Agreement) against Nomadix based on

22   negotiation of royalty rates (see, e.g., paragraphs 10–20 and 32 of Guest-Tek's

23   Second Amended Counterclaims), including an explanation of what royalty rates

24   Guest-Tek contends should apply for 2016 onward and why, as well as any

25   contentions that Guest-Tek negotiated in good faith, that Nomadix did not

26   negotiate in good faith, that Guest-Tek raised the issue of royalty rates between

27   January 22, 2016, and July 31, 2017, that Guest-Tek has sought binding arbitration

28   in accordance with clause 7.1 of the License Agreement, that Guest-Tek has not

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 3**

waived or otherwise forfeited its claim for failure to seek arbitration, or that Guest Tek has suffered proximately caused damages (including an explanation of the amount of damages).

**Response to Interrogatory No. 9:**

Guest-Tek objects that Nomadix has not established standing to propound this Interrogatory. If Nomadix validly assigned its interests in the License Agreement, in the Licensed Patents, and in this litigation to Gate Worldwide Holdings LLC ("GWH"), then GWH—not Nomadix—is the proper Plaintiff/Counter-Defendant here.

Guest-Tek further objects that this Interrogatory calls for legal strategies and other information protected by the attorney-client privilege or the work-product doctrine.

Guest-Tek further objects that this Interrogatory improperly shifts the burden of proof on Nomadix's affirmative defenses. It is not Guest-Tek's job to prove "that Guest-Tek has not waived or otherwise forfeited its claim for failure to seek arbitration." It is Nomadix's job to prove that alleged affirmative defense.

Guest-Tek further objects that this Interrogatory is an improper compound interrogatory, covering multiple distinct aspects of Guest-Tek's counterclaim. Guest-Tek will not respond to this Interrogatory unless and until the parties reach agreement on the scope of this Interrogatory and the number of Interrogatories that it contains.

**Interrogatory No. 10:**

Explain Guest-Tek's contentions—including the specific facts, legal arguments, and evidentiary basis Guest-Tek will rely on—for its First Counterclaim (breach of the License Agreement) against Nomadix based on alleged failure to update Schedule F or identify licensees (see, e.g., paragraphs 21–25 and 32 of Guest-Tek's Second Amended Counterclaims), including an explanation of any contentions that Nomadix failed to identify licensees it was

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 3**

obligated to identify (including which specific licensees and why they qualified for identification), that a breach arose in connection with each such licensee (including when precisely the breach arose), that Guest-Tek has paid royalties under the License Agreement in connection with a device falling within the scope of clause 1.21.4 of the License Agreement, or that Guest-Tek has suffered proximately caused damages (including an explanation of the amount of damages).

**Response to Interrogatory No. 10:**

Guest-Tek objects that Nomadix has not established standing to propound this Interrogatory. If Nomadix validly assigned its interests in the License Agreement, in the Licensed Patents, and in this litigation to Gate Worldwide Holdings LLC ("GWH"), then GWH—not Nomadix—is the proper Plaintiff/Counter-Defendant here.

Guest-Tek further objects that this Interrogatory calls for legal strategies and other information protected by the attorney-client privilege or the work-product doctrine.

Guest-Tek further objects that this Interrogatory is a premature contention interrogatory. On February 12, 2018, the Court ordered Nomadix "to produce redacted copies of [its] third party licenses" and, "[t]o the extent the scope of the license qualifies under [License Agreement] clause 1.21.4, the name of the licensee." (D.I. 203 at 2.) On March 1, 2018, the Court ordered Nomadix to produce the licenses to Guest-Tek by February 27, 2018. (D.I. 223 at 1.) The Court further ordered that "if the parties and affected third parties are unable to agree on the scope of redactions" to the licenses, then "Nomadix shall submit the disputed documents to the Court for *in camera* review" by March 27, 2018. (*Id.*) Under the March 1, 2018 order, "Nomadix need not produce further copies of the license agreements" until "the Court issues a ruling on the scope of redactions after . . . *in camera* review." (*Id.*) This process remains pending: Nomadix submitted its license agreement with SolutionInc for *in camera* review, and the Court has yet to

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 3**

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  rule. Until this process is complete, Guest-Tek does not have all of the information

2  that it needs to answer this Interrogatory. Guest-Tek will not respond to this

3  Interrogatory until it has received, and has had a reasonable opportunity to analyze,

4  all third party license agreements required to be produced by Nomadix.

5      Guest-Tek further objects that this Interrogatory is an improper compound

6  interrogatory, covering multiple distinct aspects of Guest-Tek's counterclaim.

7  Guest-Tek will not respond to this Interrogatory unless and until the parties reach

8  agreement on the scope of this Interrogatory and the number of Interrogatories that

9  it contains.

10  **Interrogatory No. 11:**

11      To the extent not required by interrogatories 9 and 10, explain Guest-Tek's

12  contentions—including the specific facts, legal arguments, and evidentiary basis

13  Guest-Tek will rely on—for its First Counterclaim (breach of the License

14  Agreement).

15      Include an explanation of Guest-Tek's contentions for its First Counterclaim

16  based on alleged breaches of the Confidential Amendment (see, e.g., paragraphs

17  26–32 of Guest-Tek's Second Amended Counterclaims), including an explanation

18  of any contentions that Guest-Tek requested the "List" and "Log" referred to in

19  paragraphs 28–31 of Guest-Tek's Second Amended Counterclaims or any list or

20  log mentioned in paragraph 4 of Exhibit 1 to the Confidential Amendment

21  (including the specific dates, methods, persons, and other circumstances involved

22  in any such requests), that at the time it made any such requests Guest-Tek

23  believed Highly Confidential – Source Code – Restricted Access Only Material

24  had been improperly disclosed (including the exact disclosure it believed had

25  occurred), that such disclosure was improper (including what provisions, if any, of

26  the Confidential Amendment the disclosure would have violated), that any such

27  belief of improper disclosure was justifiable, or that Guest-Tek has suffered

28  proximately caused damages (including an explanation of the amount of damages).

**EXHIBIT 3**

**Response to Interrogatory No. 11:**

Guest-Tek objects that Nomadix has not established standing to propound this Interrogatory. If Nomadix validly assigned its interests in the License Agreement, in the Licensed Patents, and in this litigation to Gate Worldwide Holdings LLC ("GWH"), then GWH—not Nomadix—is the proper Plaintiff/Counter-Defendant here.

Guest-Tek further objects that this Interrogatory calls for legal strategies and other information protected by the attorney-client privilege or the work-product doctrine.

Guest-Tek further objects that this Interrogatory is unduly burdensome and seeks discovery not proportional to the needs of the case because it would require Guest-Tek to identify every piece of factual and legal support for every one of Nomadix's breaches of the License Agreement. Guest-Tek further objects that the clause "[t]o the extent not required by interrogatories 9 and 10" not only is vague and ambiguous, but also makes this Interrogatory even more burdensome and disproportionate to the needs of the case. Rather than limiting the scope of these Interrogatories, this clause ensures that Interrogatory Nos. 9 through 11 collectively cover every aspect of Guest-Tek's counterclaim.

Guest-Tek further objects that this Interrogatory is an improper compound interrogatory, covering multiple distinct theories of breach and multiple distinct aspects of each theory. Guest-Tek will not respond to this Interrogatory unless and until the parties reach agreement on the scope of this Interrogatory and the number of Interrogatories that it contains.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 3**

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S OBJECTIONS AND RESPONSES TO NOMADIX'S SECOND SET OF INTERROGATORIES; CASE NO.: 2:16-CV-08033-AB-FFM

Dated: April 5, 2018

BAKER & HOSTETLER LLP

By: /s/ Steven J. Rocci
Steven J. Rocci

Attorneys for Defendant
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 3**

- 12 -

# PROOF OF SERVICE

## *Nomadix, Inc. v. Guest-Tek Interactive Entertainment LTD.*
## [Case No. 2:16-cv-08033-AB-FFM]

I, Andrew E. Samuels, declare:

I am employed in Columbus, OH.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 200 Civic Center Drive, Suite 1200, Columbus, OH 43215.  On April 5, 2018 I served a copy of the within document(s):

## GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S OBJECTIONS AND RESPONSES TO NOMADIX'S SECOND SET OF INTERROGATORIES

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed  envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FEDERAL EXPRESS agent for delivery.

☑ by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date.

Douglas G. Muehlhauser
*doug.muehlhauser@knobbe.com*
Mark Lezama
*mark.lezama@knobbe.com*
Alexander J. Martinez
*alex.martinez@knobbe.com*
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
240 Main Street, Fourteenth Floor
Irvine, California 92614
*Attorneys for Plaintiff Nomadix, Inc.*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 5, 2018, at Columbus, OH.

*/s/ Andrew E. Samuels*
Andrew E. Samuels

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**EXHIBIT 3**

- 13 -