Steven J. Rocci (Admitted *Pro Hac Vice*)
Email: srocci@bakerlaw.com
Kevin M. Bovard, SBN 247521
Email: kbovard@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone:  215.568.3100
Facsimile:   215.568.3439

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | Case No.: 2:16-cv-08033-AB-FFM |
| Plaintiff, | [*Honorable André Birotte Jr.*] |
| v. | **GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER** |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | |
| Defendant/Counter-Claimant, | [Filed concurrently with Declaration of Steven Rocci] |
| v. | Hearing Date: April 27, 2018 |
| NOMADIX, INC., | Time: 10:00 a.m. |
| Counter-Defendant. | Courtroom: 7B |
| | Action Filed: 10/28/16 |
| | Amended Complaint Filed: 03/23/17 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Michael J. Swope (Admitted *Pro Hac Vice*)
*Email: mswope@bakerlaw.com*
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone:    206.332.1379
Facsimile:    206.624.7317

Michael R. Matthias, SBN 57728
*Email: mmatthias@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:  310.820.8859

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

# TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 2

    A. Guest-Tek diligently notified Nomadix that claim construction proceedings would be necessary, diligently conducted discovery relating thereto, and diligently sought modification of the Scheduling Order once it became clear that Nomadix would not timely supplement its discovery responses. ........................................... 3

        1. Guest-Tek diligently notified Nomadix of the need for Claim Construction. ................................................................... 3

        2. Nomadix's delay in providing Guest-Tek with requested claim construction discovery provides good cause for modifying the Scheduling Order. ............................................ 4

    B. Guest-Tek diligently conducted discovery into ownership of patents-in-suit. ........................................................................................ 7

    C. Nomadix's failure to cooperate in interviewing Mr. Charles Reed and its late Supplemental Complaint also necessitate modifying the case schedule. .................................................................................... 10

    D. Nomadix will not be prejudiced by a short extension, while Guest-Tek will suffer significant prejudice as a result of Nomadix's discovery tactics. .................................................................................. 12

    E. Guest-Tek's proposed modifications to the Scheduling Order will simplify issues and result in efficiencies. .......................................... 13

III. CONCLUSION .................................................................................................. 14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT
OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpha One Transporter, Inc. v. Bragg Companies*,
  2015 WL 12660414 .................................................................................................. 13

*Balboa Acquisition LLC v. Ratkovich*,
  2008 WL 11343355, Civ. No. SACV 07-00091-JVS (C.D. Cal.
  Feb. 27, 2008) (J. Selna) ........................................................................................ 11

*Beiner Enterprises, Inc. v. Adam Caldwell, Inc.*,
  No. 13-cv-08723 AM, 2014 WL 11858164 (C.D. Cal. Dec. 16,
  2014) ....................................................................................................................... 7

*Experexchange, Inc. v. Doculex, Inc.*,
  No. 08-cv-03875, 2009 WL 3837275 (N.D. Cal. Nov. 16, 2009) ........................ 7

*Gestetner Corp. v. Case Equip. Co.*,
  108 F.R.D. 138 (D. Me. 1985) ............................................................................. 7

*Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*,
  IPR2018-00376 (P.T.A.B. Dec. 22, 2017) ......................................................... 13

*Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*,
  IPR2018-00392 (P.T.A.B. Dec. 28, 2017) ......................................................... 13

*Metrologic Instruments, Inc. v. Symbol Technologies, Inc.*,
  460 F. Supp. 2d 571 (D.N.J. 2006) .................................................................... 14

*Saca v. Molyneux*,
  2007 WL 4524329, No. 2:06-cv-02818-MCE-EFB (N.D. Cal. Dec.
  18, 2007) .......................................................................................................... 4, 6

*Sako v. Wells Fargo Bank, Nat. Ass'n.*,
  No. 14-cv-1034, 2015 WL 5022326 (S.D. Cal. Aug. 24, 2015) .......................... 7

*Schwerdt v. Int'l Fidelity Ins. Co.*,
  28 F. App'x 715 (9th Cir. 2002) .......................................................................... 7

- ii -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT
OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

**Statutes**

35 U.S.C. § 316(a)(11) ............................................................................................... 12

**Rules**

Rule 11 .......................................................................................................................... 5

- iii -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT
OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

## I. INTRODUCTION

Nomadix's opposition fails to inform the Court of its repeated discovery delays and material obfuscations that have necessitated Guest-Tek's request for a claim construction process and an extension of the discovery deadlines. It also ignores that this case has become bogged down in procedural issues through no fault of Guest-Tek's, most recently the dispute between Gate Worldwide Holdings, LLC ("GWH") and Nomadix over which party is the proper plaintiff. Nomadix suggests that Guest-Tek was not diligent in seeking modification of the Scheduling Order, but the facts belie its argument. Indeed, Nomadix concedes that Guest-Tek notified it of the need for claim construction proceedings within weeks of the issuance of the Scheduling Order, which had overlooked the parties' agreement to a claim construction period. Then, Nomadix continuously and repeatedly led Guest-Tek to believe it would be open to approaching the Court to add a claim construction period, only to eventually cut off all dialogue on the issue.

Guest-Tek has diligently conducted discovery and abided by the Scheduling Order. Guest-Tek served Nomadix with claim construction interrogatories almost nine (9) months ago, requesting that Nomadix identify all accused products, asserted claims, and patent coverage contentions. Yet to date, Nomadix has only identified asserted patent claims and infringement contentions for one product – of the five it has accused of being covered by the patents in this case. Nomadix has had the relevant source code since at least September 1, 2017, but has not updated its responses as required by the Federal Rules. Importantly, with discovery closing next month, Nomadix still has not identified all patents and all claims it will be asserting and how Guest-Tek's products allegedly are covered by the patents.

At every stage, Nomadix has also delayed Guest-Tek's attempts to conduct discovery into ownership of the asserted patents, further necessitating Guest-Tek's proposed modifications to the Scheduling Order. Despite Guest-Tek's pending discovery requests on the ownership issue and having knowledge of the ownership

- 1 -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT
OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

dispute with GWH since at least September 2017, Nomadix refused to search, let alone, produce any responsive documents. Only after Guest-Tek filed the instant motion did Nomadix produce eight (8) documents relating to ownership of the patents. Thus, good cause exists to extend the discovery deadline to allow Guest-Tek to conduct discovery on this issue, including moving to compel production, if necessary.

Even more recently, Nomadix has refused to cooperate in agreeing to dates for Guest-Tek to interview Nomadix's former CEO, Mr. Charles Reed, a central witness for Guest-Tek's breach of the Memorandum of Understanding and equitable estoppel claims. Nomadix's tactics required Judge Mumm to intervene just last week. (*See* D.I. 260 ("The Court's order is clear on its face and requires no clarification…The Court expects plaintiff to cooperate with defendant in arranging such contacts [with Mr. Reed.]")).

Moreover, Nomadix just yesterday (April 12) filed its Supplemental Complaint, providing further good cause for Guest-Tek's Motion, as Guest-Tek will require time to move to dismiss Nomadix's new claim and – if not granted – conduct discovery into Nomadix's basis for its claim. Guest-Tek has been diligent in conducting claim construction discovery, discovery on the ownership of the patents, as well as other discovery, but Nomadix's continued delays necessitate modification of the Scheduling Order. Nomadix delayed almost four years in bringing this suit, has repeatedly stymied discovery in this case, and continues to expand the claims at issue, so it cannot credibly claim prejudice based on the requested additional six-month extension. Accordingly, good cause exists to modify the Scheduling Order, and the Court should grant Guest-Tek's motion.

## II.  ARGUMENT

Guest-Tek has diligently conducted discovery into claim construction and ownership of the asserted patents, but Nomadix's refusal to respond to Guest-Tek's discovery and refusal to stake its ground with regards to its asserted claims and

claim-coverage contentions provides good cause for modifying the Scheduling Order to include a claim construction proceeding and allow for additional discovery. The Court's recent allowance of Nomadix's Supplemental Complaint and Order directing Nomadix to cooperate with Guest-Tek in communicating with Charles Reed provide further good cause for granting Guest-Tek's Motion.

### A. Guest-Tek diligently notified Nomadix that claim construction proceedings would be necessary, diligently conducted discovery relating thereto, and diligently sought modification of the Scheduling Order once it became clear that Nomadix would not timely supplement its discovery responses.

#### 1. Guest-Tek diligently notified Nomadix of the need for Claim Construction.

Nomadix admits that Guest-Tek diligently notified it of the need for claim construction proceedings. Soon after the Court issued the Scheduling Order, on July 25, 2017, Guest-Tek notified Nomadix of the need for claim construction proceedings. (D.I. 256-1 at Ex. B, July 25, 2018, 11:51AM Email from Rocci to Lezama). Receiving no response, on August 14, 2017, Guest-Tek specifically proposed a special claim construction proceeding and corresponding proposed dates, requesting, among other things, that Nomadix agree to a date for final identification of asserted claims and detailed infringement contentions. (*Id.*, August 14, 2017 Email from Rocci to Lezama).

Nomadix substantively responded – one month after Guest-Tek's original request – stating, "[a]s I have previously indicated, Nomadix is open to jointly approaching the Court regarding claim construction." (*Id.* at August 29, 2017 Email from Lezama to Rocci). Nomadix at that time indicated that, although open to a claim construction schedule, it opposed setting a date to serve its patent coverage contentions. (*Id.*).

On September 22, 2017, Guest-Tek filed a motion to compel arbitration. (D.I. 73). Guest-Tek set aside moving to modify the Scheduling Order while its motion to compel was pending, as a favorable decision would moot the claim construction

- 3 -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT
OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

issue. The Court denied Guest-Tek's motion on October 17, 2017. (D.I. 116).

Shortly thereafter, on November 6, 2017, Guest-Tek again wrote to Nomadix regarding the need for a specific claim construction process. (D.I. 256-1 at Ex. B, November 6, 2017 Email from Rocci to Lezama). In response, on November 13, 2017, Nomadix indicated that Guest-Tek's supplemental interrogatory responses would inform Nomadix's ultimate position on claim construction and scheduling. (*Id.* at Ex. B, November 13, 2017 Email from Lezama to Rocci). Guest-Tek supplemented its interrogatory responses on November 16, 2017 and again sought Nomadix's position on extending the case schedule. (*Id.* at Ex. B, November 16, 2017 Email from Rocci to Lezama). Nomadix last responded on November 18, 2017, but despite multiple letters and conferences of counsel earlier (and repeated assurances that it was open to incorporating a claim construction period), Nomadix has now ceased dialogue and taken to opposing any and all extensions of the case schedule to allow claim construction. (D.I. 267-1 at 1).

### 2. Nomadix's delay in providing Guest-Tek with requested claim construction discovery provides good cause for modifying the Scheduling Order.

Contrary to Nomadix's attorney argument, Guest-Tek has been diligent in pursuing discovery, but Nomadix's continuous delays and unwillingness to disclose its asserted claims and claim-coverage contentions necessitate this motion. *See Saca v. Molyneux*, 2007 WL 4524329, at *3, No. 2:06-cv-02818-MCE-EFB (N.D. Cal. Dec. 18, 2007) (extending discovery deadlines where movant was diligent in conducting discovery).

Nomadix suggests that claim construction may be accomplished through discovery and summary judgment, but it has stymied discovery that would actually inform claim construction. Guest-Tek *already* served claim-related contention interrogatories on Nomadix—on July 31, 2018—seeking, among other things, (i) identification of products that allegedly infringe Nomadix's patents, (ii) identification of each claim of each patent that allegedly infringes, and (iii)

- 4 -

Nomadix's infringement contentions relating to the identified products. (*See, e.g.*, D.I. 139-2, Ex. D). In response, Nomadix accused five separate products of infringing its patents, but only identified claims and contentions for one of those products. (*Id.* at Ex. D, pp. 3-6). Nomadix contended that it was unable to identify other claims and contentions without further document production from Guest-Tek, notwithstanding that Nomadix should have had at least a Rule 11 basis to allege that all five accused products allegedly read on the patents-in-suit. (*See id.*). Even for the single product which Nomadix provided asserted claims and contentions, Nomadix explicitly reserved the right to amend or supplement after receiving or reviewing additional discovery from Guest-Tek.

Guest-Tek diligently produced further documents on September 1, 2017, including source code for all of the accused products and for which it has source code. Yet, to date, Nomadix has refused to supplement its August 30, 2017 responses to interrogatories to identify all asserted claims and infringement contentions. The parties are in the process of scheduling a conference of counsel on these interrogatories. Guest-Tek requested a conference of counsel on April 5, 2018, but despite *three* further reminders and requests, Nomadix has refused to make itself available during regular business hours, only belatedly offering a time to confer on April 16, 2018. Declaration of Steven J. Rocci in Support of Reply ("Rocci Reply Decl.") at Ex. D, email exchanges between S. Rocci and M. Lezama and J. Gillett. Guest-Tek will bring a motion to compel responses if an agreement cannot be reached, but the discovery clock continues to wind down as Nomadix delays.

As shown above, for ten months, Guest-Tek has attempted to litigate this case in accordance with the Scheduling Order. Guest-Tek has been diligent in notifying Nomadix of the need for a claim construction process, serving discovery relating thereto, and for producing relevant documents needed for such. But despite Guest-Tek's efforts, Nomadix refuses to stake its claim with respect to the claims it

- 5 -

is asserting and how the claims allegedly read on the Guest-Tek's accused products. In similar instances, courts have ordered supplementation of the scheduling order.

For example, in *High Point Sarl v. Spring Nextel Corp.*, plaintiff accused defendant of infringing 125 patent claims across four patents, and defendant moved the court to limit the plaintiff to 10 asserted patent claims and to require plaintiff to articulate its infringement contentions with respect to those claims. 2010 WL 1292710, Civ. No. 09-2269-CM-DJW (D. Kan. Mar. 29, 2010). The court denied defendant's motion but ordered a claim construction schedule and supplemental scheduling order stating, "a detailed and aggressive scheduling order relating to claim construction would benefit the parties, their counsel, and the court, and would serve to ensure a just, speedy, and inexpensive resolution of this litigation. As much as the parties may wish not to reveal their positions at this stage, they must do so if they seek the benefit of claim construction before filing motions for summary judgment and eventually proceeding to a trial." *Id.* at *3. The court proceeded to order the parties to confer on a supplemental schedule for disclosure of asserted claims and preliminary infringement contentions, disclosure of non-infringement and invalidity contentions, exchange of proposed terms for construction, exchange of preliminary claim construction and extrinsic evidence, submission of joint claim construction statement, claim construction briefing, and a *Markman* hearing. *Id.* at *3-*4.

Like *High Point Sarl*, a modification of the Scheduling Order is necessary to force Nomadix to disclose its asserted claims and contentions and construe any disputed claim terms prior to trial. Given that the close of discovery is approaching and Nomadix has yet to solidify its asserted claims and infringement contentions, even if Nomadix were to supplement its deficient responses today, Guest-Tek would not have sufficient time to consider infringement contentions directed to asserted claims across six different patents and conduct follow up discovery. Once it became apparent to Guest-Tek that it would not be able to complete its claim

- 6 -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT
OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

construction discovery before the close of discovery given Nomadix's continual delays, Guest-Tek diligently filed this Motion in advance of the close of discovery and trial.

The cases Nomadix relies upon are inapposite as none of them involve substantial discovery delays caused by the nonmoving party – as is the case here. *See Schwerdt v. Int'l Fidelity Ins. Co.*, 28 F. App'x 715, 719 (9th Cir. 2002) (nonprecedential); *Sako v. Wells Fargo Bank, Nat. Ass'n*, No. 14-cv-1034, 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015); *Beiner Enterprises, Inc. v. Adam Caldwell, Inc.*, No. 13-cv-08723 AM (MRWx), 2014 WL 11858164, at *2 (C.D. Cal. Dec. 16, 2014); *Experexchange, Inc. v. Doculex, Inc.*, No. 08-cv-03875, 2009 WL 3837275, at *20 (N.D. Cal. Nov. 16, 2009); and *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 140 (D. Me. 1985).

Accordingly, for the above reasons and those identified in the Motion, good cause exists for modifying the Scheduling Order as proposed by Guest-Tek.

**B.     Guest-Tek diligently conducted discovery into ownership of patents-in-suit.**

Nomadix's allegations that Guest-Tek has not diligently conducted discovery into the ownership issue is entirely disingenuous. The ownership issue is one of Nomadix's own making, and one that Nomadix hid from Guest-Tek for months – despite pending discovery on the issue – until third party GWH, brought it to Guest-Tek's attention.

As an initial matter, Nomadix's response fails to address Nomadix's and its counsel's complete lack of cooperation in allowing Guest-Tek to conduct discovery into the ownership of the patents at issue and its utter deception in hiding the ownership conflict with GWH from both Guest-Tek and the Court. In its opposition:

- Nomadix does not dispute that Guest-Tek sought discovery into the ownership of the patents at issue as early as June 7, 2017. (*See* D.I.

- 7 -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT
OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

228-1, Ex. A at RFP 23 ("All documents reflecting ownership of each of the Nomadix Patents"); RFP 24 ("All documents reflecting any liens, security interests or judgements in, to or against any of the Nomadix Patents"); and RFP 32 ("All communications between Nomadix and any Nomadix Related Party mentioning or relating to…any transfer of ownership…of any of the Nomadix Patents.")).

- Nomadix fails to mention that, in its responses to these requests for production, it categorically refused to produce ownership-related documents, stating, for example in response to RFP 23, "Nomadix will not search for, and may withhold, materials responsive to this request." (D.I. 228-1, Ex. B).

- Nomadix does not dispute it failed to advise Guest-Tek of a pending ownership dispute of the asserted patents, which it was aware of at least as early as September 8, 2017.

- Nomadix does not dispute that it never supplemented its discovery or produced any responsive documents relating to any alleged ownership issues surrounding the patents-in-suit until April 5, 2018 – *after* Guest-Tek filed this Motion. Even then, Nomadix only produced 8 documents and advised that other documents are subject to "public availability." (D.I. 266 at 9).

Guest-Tek only learned of the ownership issue when GWH's counsel alerted Guest-Tek to the issue in January 2018, and GWH filed a motion to substitute. (D.I. 193). Briefing on the motion to substitute was only completed recently on March 2, 2018 (D.I. 225).

Contrary to Nomadix's assertions, upon learning of the ownership issue, Guest-Tek acted diligently. On or about January 25, 2018, prior to GWH's filing of its motion to substitute, Guest-Tek served third party subpoenas on Intertouch (USA) Inc., InterTouch Holdings LLC, DOCOMO InterTouch (USA) Inc.,

- 8 -

Exceptional Innovation, Inc., and James Naro seeking, among other things, "documents relating to any anticipated or actual acquisition of any ownership interest in Nomadix." To date, these third parties – who are being represented by the same counsel as Nomadix – have refused to produce *any* documents, instead alleging that the documents should be obtained from Nomadix (who has refused to even search, let alone produce, any responsive documents). (*See* D.I. 228-1, Ex. B).

Moreover, on the very same day that GWH filed its motion for substitution, Guest-Tek served Nomadix with an interrogatory requesting Nomadix to "[d]escribe with particularity [GWH's] relationship to Nomadix and all Nomadix Related Parties, including any ownership interest which GWH may have in the Nomadix Patents, the License Agreement, or the outcome of this lawsuit, and identify all documents relating thereto." Rocci Reply Decl. at Ex. E.

As further evidence of Guest-Tek's continued diligence, soon after briefing on GWH's motion to substitute was completed, and the issues finalized, Guest-Tek served a third party subpoena on GWH on March 16, 2018. (D.I. 256-1, Ex. C).

In its opposition, Nomadix alleges that (i) Guest-Tek allegedly does not detail what ownership discovery it needs, (ii) ownership documents are publicly available, and (iii) Nomadix produced ownership documents. First, as shown, for example, in RFP's 23, 24, 32, and Interrogatory No. 8, Guest-Tek has fully notified Nomadix of the ownership discovery it seeks. Second, while some of the final executed ownership documents are publicly available, many other documents relevant to the understanding of these agreements – which is in dispute – are not. Finally, Nomadix's opposition conveniently omits that Nomadix only produced eight (8) publicly available documents on April 5, 2018 – after Guest-Tek filed the instant motion.

The ownership issue is one of Nomadix's own-making, yet Nomadix hid the issue for months. Now, Nomadix's alleges that Guest-Tek failed to show diligence in seeking to extend the discovery deadline. But, as shown above, Guest-Tek has

- 9 -

diligently exhausted its discovery options and attempted to comply with the Scheduling Order since learning about the ownership issue. Once it became clear that Nomadix and third parties – through Nomadix's counsel – would not be cooperative in producing relevant discovery, Guest-Tek diligently moved for an extension. Nomadix complains that Guest-Tek has not deposed anyone on the issue of the ownership-dispute issues.  But this argument is unbelievable:  Nomadix hid the ownership dispute from Guest-Tek and the Court for months; since that time, Guest-Tek has diligently sought discovery into the issue, and Nomadix has only produced 8 documents on the issue, and only *after* the instant motion was filed. It should go without saying that Guest-Tek requires the relevant documents before taking any depositions, and it has yet to receive a complete production.  (Guest-Tek still has not received any documents from GWH in response to the subpoena served on March 16, 2018).

Accordingly, additional time is necessary to conduct discovery into the ownership issues of the patents in suit, including moving to compel production in the event that Nomadix or the third parties remain uncooperative.

### C. Nomadix's failure to cooperate in interviewing Mr. Charles Reed and its late Supplemental Complaint also necessitate modifying the case schedule.

Since Guest-Tek filed its Motion to Modify the Scheduling Order on March 30, 2018, two new issues have arisen providing further good cause for modifying the Scheduling Order to provide Guest-Tek sufficient time to conduct discovery: (1) Nomadix's refusal to cooperate in allowing Guest-Tek to speak with Mr. Charles Reed, an essential Guest-Tek witness, and (2) Nomadix's newly-filed Supplemental Complaint.

First, as set forth in Guest-Tek's Motion for Clarification of the Protective Order Preventing *Ex Parte* Communications with Charles Reed (D.I. 259), Mr. Reed—an unrepresented third party—is a central witness to Guest-Tek's affirmative defense of equitable estoppel and counterclaim for breach of the 2014

- 10 -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT
OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

1  Memorandum of Understanding ("MOU"). On February 1, 2018, the Court issued a
2  protective order prohibiting Guest-Tek from *ex parte* communications with Mr.
3  Reed so as to avoid divulgence of attorney-client privileged communications. The
4  Order clearly stated that Guest-Tek could communicate with Mr. Reed with
5  Nomadix present at such meetings. Following the Court's order, since February 12,
6  2018, Guest-Tek has tried to coordinate with Nomadix a time for Guest-Tek to
7  speak with Mr. Reed. Yet, Nomadix refused to cooperate, necessitating yet another
8  motion and Judge Mumm's swift admonishment that Nomadix needed to cooperate.
9  (D.I. 259 and 260 (The Court's order is clear on its face and requires no
10 clarification…The Court expects plaintiff to cooperate with defendant in arranging
11 such contacts [with Mr. Reed.]"))  Even after the Court's April 3, 2018 Order
12 directing Nomadix to cooperate, Nomadix continues to delay. On April 5, 2018,
13 Guest-Tek again sought availability from Nomadix to contact Mr. Reed, but Guest-
14 Tek received no response until Monday April 9, 2018, and, even then, it remains
15 unclear the extent to which Nomadix will cooperate. Given Guest-Tek's diligence
16 in pursuing discovery from Mr. Reed and Nomadix's continual delay of such
17 discovery, additional good cause exists for modifying the Scheduling Order four to
18 six months to allow Guest-Tek sufficient time conduct its discovery of Mr. Reed's
19 knowledge relating to his understanding of the MOU and Guest-Tek's equitable
20 estoppel claim. *See* Rocci Reply Decl. at Ex. F.

21     Similarly, Nomadix's April 12, 2018 filing—which had been authorized by
22 the Court on April 3, 2018 —of a Supplemental Complaint is further good cause to
23 extend the Scheduling Order. (D.I. 263).  An additional four to six months of
24 discovery will also permit Guest-Tek time to potentially move to dismiss and
25 consider and serve necessary discovery relating to Nomadix's new claim in its
26 Supplemental Complaint, and compel production or response, if necessary. Courts
27 have granted extensions of the scheduling order in similar circumstances. *See*
28 *Balboa Acquisition LLC v. Ratkovich*, 2008 WL 11343355 at *2, Civ. No. SACV

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

07-00091-JVS (C.D. Cal. Feb. 27, 2008) (J. Selna) (ordering an extension of discovery deadlines and finding counterclaim defendants would be prejudiced if counterclaim plaintiff were permitted to file an amended counterclaim "but the current discovery schedule remained unchanged"). In fact, Guest-Tek would be greatly prejudiced were the Court to allow Nomadix to supplement its Complaint at this late hour without also allowing Guest-Tek time for related discovery.

### D. Nomadix will not be prejudiced by a short extension, while Guest-Tek will suffer significant prejudice as a result of Nomadix's discovery tactics.

In its opposition, Nomadix unbelievably claims that it would be prejudiced by a short six-month extension – when Nomadix has been threatening litigation since January 2013, yet delayed bringing suit for almost four years. (D.I. 31 ¶ 47). Nomadix also took five full months to seek leave to file a Supplemental Complaint to add a breach of contract claim on the basis that Guest-Tek had challenged its patents' validity. (D.I. 261 at 2). Nomadix now alleges that a six-month extension would prevent Nomadix from obtaining injunctive relief of Guest-Tek's validity challenge before the Patent Trial and Appeal Board (PTAB). But Nomadix waited five months from Guest-Tek's original answer asserting an affirmative defense of invalidity, and five weeks from the time it allegedly notified Guest-Tek of its intent to file a Supplemental Complaint, before even moving the Court for leave to file a Supplemental Complaint. Moreover, it took Nomadix almost two weeks from the Court's order granting leave to actually file its Supplemental Complaint. (D.I. 275). If Nomadix was truly concerned about its ability to obtain injunctive relief, it should have – and would have – acted sooner.

Nomadix's arguments further lack merit because the Court will likely rule before the PTAB issues a final decision in the *inter partes* reviews (IPR). Under Guest-Tek's proposed schedule, trial would be set for June 10, 2019. In the IPRs, the PTAB would not be expected to institute the IPRs until July 9 and July 10, 2018, making its final decision due on or before July 9 or July 10, 2019. *See* 35

U.S.C. § 316(a)(11) (Final Written Decision issued no later than one year after the institution of the *inter partes* review), *see also Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*, IPR2018-00376 (P.T.A.B. Dec. 22, 2017) and *Guest-Tek Interactive Entertainment, Ltd. v. Nomadix, Inc.*, IPR2018-00392 (P.T.A.B. Dec. 28, 2017).

On the other hand, denying Guest-Tek's Motion will severely prejudice Guest-Tek because it would be unable to fully complete its discovery given Nomadix's continued delays and obfuscations as outlined above.[1] Guest-Tek would further be prejudiced by being forced to defend against a moving target, since Nomadix refuses to commit to assert claims and claim-coverage positions.

Here, modifying the Scheduling Order as Guest-Tek proposes will not cause substantial injury to Nomadix, whereas denying Guest-Tek such relief will result in an injustice to Guest-Tek. *See Alpha One Transporter, Inc. v. Bragg Companies*, 2015 WL 12660414, at *3, Civ. No. 13-cv-2663-H (S.D. Cal. February 6, 2015) (granting motion to modify Scheduling Order and considering *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996) factors).

### E. Guest-Tek's proposed modifications to the Scheduling Order will simplify issues and result in efficiencies.

Contrary to Nomadix's unsupported attorney argument, Guest-Tek's proposed claim construction process would not increase costs – but it *would* provide structure for the parties' respective disclosures. The costs would be substantially the same because the parties would have to brief claim construction issues in a similar manner regardless of the form. Moreover, had Nomadix complied with its discovery obligations, it would not have to expend any additional costs in identifying asserted claims and infringement contentions.

---

[1] Heretofore, Nomadix had produced less than 1,000 total documents. Yet, just today, April 13, 2018, after months of delay, Nomadix produced another 1,129 documents (approximately 30,000 pages) – or more than 50% of its total document production.

- 13 -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT
OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER;
CASE NO.: 2:16-CV-08033-AB-FFM

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

A claim construction proceeding will also simplify the case as the parties will have clear direction for motions for summary judgment of noninfringment or invalidity, instead of arguing claim construction and noninfringement/invalidity in parallel. Indeed, "claim construction may be dispositive of the entire case because the likelihood of success for one side is greater on the issue of infringement based on the court's construction. In those cases, the court's and litigants' resources may be saved by consenting to judgment. Even if claim construction is not dispositive…it will lay the groundwork for the ensuing infringement trial." *Metrologic Instruments, Inc. v. Symbol Technologies, Inc.*, 460 F. Supp. 2d 571, 582 (D.N.J. 2006).

Accordingly, for these additional reasons, the Court should grant Guest-Tek's motion.

### III.  CONCLUSION

Guest-Tek respectfully requests that the Court extend the case calendar as set forth in Guest-Tek's Motion.

Dated: April 13, 2018

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Steven J. Rocci*
Steven J. Rocci
Michael J. Swope
Kevin M. Bovard
Michael R. Matthias

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

- 14 -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER MODIFYING THE SCHEDULING ORDER; CASE NO.: 2:16-CV-08033-AB-FFM