# Exhibit D

| | |
|---|---|
| **From:** | Rocci, Steven |
| **Sent:** | Friday, April 13, 2018 5:47 AM |
| **To:** | 'Mark.Lezama'; Guest-TekCA |
| **Cc:** | Nomadix.Guest-Tek; Doug.Muehlhauser; Justin.Gillett |
| **Subject:** | RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues |

Mark,

We'll proceed with 10:30 am on Monday.

Dial in info:

800-768-2983
Code 564-8364

Steve

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Thursday, April 12, 2018 3:33 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekCA <Guest-TekCA@bakerlaw.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Doug.Muehlhauser <Doug.Muehlhauser@knobbe.com>; Justin.Gillett <Justin.Gillett@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues

Steve,

Unless Guest-Tek wants to accept one of the times Nomadix has offered or wishes to propose a new time after 10:30 a.m. Pacific on Monday, it doesn't seem like there is anything more to say on this topic.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com
949-721-5362 **Direct**
Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Thursday, April 12, 2018 10:50 AM
**To:** Mark.Lezama; Guest-TekCA
**Cc:** Nomadix.Guest-Tek; Doug.Muehlhauser; Justin.Gillett
**Subject:** RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues

Mark,

Between April 5 and today, I have asked four times for a conference of counsel. Your last minute response indicating that you are available at 7:30 PM my time on a Friday (and the last weekday before the ten day deadline) is what is inappropriate.

Please provide a time before 3 PM eastern tomorrow, or assign someone else who can do this conduct this conference before 5 PM eastern today or before 3PM eastern tomorrow.

Again, I am willing to give you an extra day and put this off until Monday, but, if we do so, I expect reciprocity on one of your present or future requests for a conference of counsel, or other deadline.

Steve

---

**From:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Sent:** Thursday, April 12, 2018 1:42 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>; Guest-TekCA <Guest-TekCA@bakerlaw.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Doug.Muehlhauser <Doug.Muehlhauser@knobbe.com>; Justin.Gillett <Justin.Gillett@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues

Steve,

We disagree with your assertions, and your demands are inappropriate. We remain available tomorrow at 4:00 p.m. Pacific, which is within eight days of Guest-Tek's request for a conference of counsel. We are also happy to confer on Monday at 10:30 a.m. Pacific if that works better for you.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Thursday, April 12, 2018 10:29 AM
**To:** Justin.Gillett; Nomadix.Guest-Tek; Doug.Muehlhauser; Mark.Lezama; Alex.Martinez
**Cc:** Guest-TekCA
**Subject:** RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues

Justin,

That is not acceptable. I have been asking for this conference since April 5. Please provide a time before 3 PM eastern tomorrow, or assign someone else who can do this conduct this conference before 5 PM eastern today or before 3PM eastern tomorrow.

I am willing to give you an extra day and put this off until Monday, but, if we do so, I expect reciprocity on one of your present or future requests for a conference of counsel, or other deadline.

Steve

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Thursday, April 12, 2018 1:13 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Doug.Muehlhauser <Doug.Muehlhauser@knobbe.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Alex.Martinez <Alex.Martinez@knobbe.com>
**Cc:** Guest-TekCA <Guest-TekCA@bakerlaw.com>
**Subject:** RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues

Steve,

Thanks for your email. We are available to confer tomorrow at 4:00 p.m. Pacific time.

Best regards,
Justin

**Justin Gillett**
Associate
Justin.Gillett@knobbe.com

949-721-6322 **Direct**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/justin-gillett

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Thursday, April 12, 2018 9:06 AM
**To:** Justin.Gillett; Nomadix.Guest-Tek; Doug.Muehlhauser; Mark.Lezama; Alex.Martinez
**Cc:** Guest-TekCA
**Subject:** RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues

Justin,

The L.R. 37-1 ten (10) day period for Nomadix to make itself available for the conference of counsel that I requested in Charlie Lyu's below April 5 e-mail expires on April 15. You have not yet supplied me with a date/time that works for you. Please advise.

Steve

---

**From:** Rocci, Steven
**Sent:** Tuesday, April 10, 2018 1:55 PM
**To:** 'Justin.Gillett' <Justin.Gillett@knobbe.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Doug.Muehlhauser <Doug.Muehlhauser@knobbe.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Alex.Martinez <Alex.Martinez@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>
**Subject:** RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues

Justin,

Wed, April 11 at 11 am Pacific. If that does not work for you, please let me know what does.

Steve

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Monday, April 09, 2018 4:28 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Doug.Muehlhauser <Doug.Muehlhauser@knobbe.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Alex.Martinez <Alex.Martinez@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>
**Subject:** RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues

Steve,

Nomadix is still analyzing the several issues raised in the email Guest-Tek sent Thursday night. That email only proposes one date and time to hold the conference Guest-Tek requests; please provide alternative dates and times after tomorrow to hold that conference of counsel.

Best regards,
Justin

**Justin Gillett**
Associate
Justin.Gillett@knobbe.com

949-721-6322 **Direct**

**Knobbe** Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/justin-gillett

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, April 09, 2018 6:43 AM
**To:** Nomadix.Guest-Tek; Doug.Muehlhauser; Mark.Lezama; Alex.Martinez
**Cc:** Guest-Tek
**Subject:** RE: Nomadix v. Guest-Tek, Outstanding Discovery Issues

Mark,

We have not heard back from you on this request. Please respond by 11 AM Pacific today.

Steve

---

**From:** Lyu, Charlie
**Sent:** Thursday, April 05, 2018 5:30 PM
**To:** Nomadix.Guest-Tek@knobbe.com; doug.muehlhauser@knobbe.com; mark.lezama@knobbe.com; alex.martinez@knobbe.com
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>
**Subject:** Nomadix v. Guest-Tek, Outstanding Discovery Issues

Dear Mark,

We would like to conduct a L.R. 37-1 conference on Tuesday, April 10 at 11 AM Pacific in respect to Nomadix's objections and responses to Guest-Tek's document request and interrogatories identified below.

## INTERROGATORY NOS. 1-3

Interrogatory No. 1
Identify each Network Service and Network Device which you contend constitutes a Licensed Network Device or Licensed Network Service under the License Agreement. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name and model number. Each method or process shall be identified by name or by the product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.

Interrogatory No. 2
For each Network Device and Network Service identified in response to Interrogatory No. 1, identify each claim of each patent that you contend reads on the Network Device or Network Service's structure, functionality, or operation, either literally or under the doctrine of equivalents.

Interrogatory No. 3
For each patent claim identified in response to Interrogatory No. 2, identify specifically where and how each limitation of each patent claim is found within each purported Licensed Network Device and Licensed Network Service, and specify whether each limitation of each patent claim is alleged to be literally present or present under the doctrine of equivalents.

In response to Interrogatory No. 1, Nomadix identified:

- all versions of OneView Internet at any U.S. property during any License Quarter; (*)

- all versions of RendezView at any U.S. property during any License Quarter;

- all versions of Mercury at any U.S. property during any License Quarter;

- all Head-End Processors (HEPs) installed at any U.S. property at the time of, or after, Guest-Tek's acquisition of assets of iBAHN General Holdings Corporation or other iBAHN entities; and

- all Golden Tree or GTC devices at any U.S. property during any License Quarter.

However, Nomadix's responses to Interrogatory Nos. 2 and 3 do not identify any patents or patent claims that Nomadix contends read on the RendezView and Golden Tree/ GTC solutions/systems/devices, do not specify whether claim coverage is alleged to be literal or under the doctrine of equivalents, and do not specify where and how each limitation of each such patent claim is allegedly found in those solutions/systems devices. Nomadix objected to providing this information because, it asserted, Guest-Tek's document and source code production was incomplete. Nomadix has now had all of the information that it needs to responds to these interrogatories since at least September 5, 2017, and still has not supplemented its responses. During our conference of counsel, please be prepared to advise us whether Nomadix will supplement no later than April 19, 2018. In the absence of an agreement as to a timetable for supplementing, Guest-Tek will move to compel supplementation.

## INTERROGATORY NO. 9 AND REQUEST FOR PRODUCTION NO. 44

Interrogatory No. 9
Identify all persons who have ever had access to any room in which You stored Guest-Tek's Source Code.

Request for Production No. 44
All documents constituting, referring to, relating to, or embodying the log of all persons entering any room in which You stored Guest-Tek's Source Code, as described in Paragraph 4 of Exhibit 1 to the Confidential Amendment to License Agreement.

Nomadix's "voluntary" response to Interrogatory No. 9 is not responsive. The interrogatory requests the identification of "all persons who have ever had access to any room" in which the source code was stored. However, Nomadix's "voluntary" response is limited to persons who "had access to the combination and keys necessary to access source code with the locked room…." Nomadix's objections are also off the mark and are a clear attempt to evade the interrogatory. The interrogatory is relevant to whether Nomadix has complied with the license agreement by keeping the information required to be kept by it. Guest-Tek has been demanding this information since mid-2017.

Nomadix's objections to Request for Production No. 44 and its refusal to produce any responsive documents are also another attempt to evade discovery. Guest-Tek is entitled to the requested documents, as they relate directly to Guest-Tek's breach of contract counterclaim. The requested documents are relevant to whether Nomadix has complied with the license agreement by keeping the information required to be kept by it. Guest-Tek has been demanding this information since mid-2017.

**REQUEST FOR PRODUCTION NOS. 23, 24, 31, 32 AND 45 AND INTEROGTORY NO. 8**

Request No. 23
All documents reflecting ownership of each of the Nomadix Patents.

Request No. 24
All documents reflecting any liens, security interests or judgments in, to or against any of the Nomadix Patents.

Request No. 31
All documents relating to any transfer of ownership or any contemplated transfer of ownership of Nomadix at any time.

Request No. 32
All communications between Nomadix and any Nomadix Related Party mentioning or relating to…any transfer of ownership or licensing of any of the Nomadix Patents…

Request No. 45
All documents referring or relating to any interest of Global World Holdings, Inc. ("GWH") in the Nomadix Patents, the License Agreement, or the outcome of this action, including but not limited to any agreements or correspondence with GWH. (*)

Interrogatory No. 8
Describe with particularity Global World Holdings, Inc.'s relationship to Nomadix and all Nomadix Related Parties, including any ownership interest which GWH may have in the Nomadix Patents, the License Agreement or the outcome of this lawsuit, and identify all documents relating thereto.(*)

(*) If Nomadix's responses are based upon the clear typographical error in Request No. 45 and Interrogatory No. 8, please so state. We assume that, had Nomadix intended to respond with respect to ownership by "Global World Holdings," it would have so stated.

We conferred last year regarding Request Nos. 23, 24 and 31. Since our conference of counsel, however, there have been substantial developments in this case that make the requested documents even more relevant than they were at the time the requests were propounded, namely, Gate Worldwide Holdings, LLC asserts that it is the successor in interest to the Nomadix patents covered by the License Agreement. Thus, ownership of the patents is squarely at issue in this case.

All of these requests and the interrogatory are relevant to the issue of Nomadix's alleged ownership of the Licensed Patents and/or its ability to maintain this action. Nomadix has objected to them on the grounds of privilege, relevancy, and proportionality and/or has stated that "Nomadix will not search for, and may withhold, materials responsive to this request." In addition, counsel for Nomadix, which also represents various 3rd parties to whom Guest-Tek has sent subpoenas for similar documents, has invoked objections to those subpoenas and refused to allow those parties to produce responsive documents. The objections state that Guest-Tek should obtain the documents from Nomadix, but Nomadix has continually refused to even search for them.

During the conference of counsel, please be prepared to state whether and when Nomadix will be producing documents responsive to RFPs 23, 24, 31 and 32, and 45 (with respect to Gate Worldwide Holdings).

**REQUEST FOR PRODUCTION NOS. 2 AND 25**

Request No. 2:
All documents and things relied upon or referred to in preparing your pleadings or any amendments thereto.

Request No. 25:
All documents and things produced by Nomadix in any patent infringement actions brought by Nomadix under any of the Nomadix Patents, including, but not limited to the action brought against Blueprint RF or Hospitality Core Services LLC.

During our conference of counsel, please be prepared to represent whether Nomadix has produced _all_ prior art responsive to these requests. (Note that "Nomadix Patents" is a defined  term in Guest-Tek's First Set of Requests for Production of Documents).

Regards,
Charlie

**Charlie Lyu**
Associate
*Licensed in GA only
_____

<span style="color:red">BakerHostetler</span>
Cira Centre
2929 Arch Street | 12th Floor
Philadelphia, PA 19104-2891
T +1.215.564.3580

clyu@bakerlaw.com
bakerlaw.com



This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying

or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

# Exhibit E

Michael R. Matthias, SBN 57728
*Email: mmatthias@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:  310.820.8800
Facsimile:    310.820.8859

Steven J. Rocci (Admitted *Pro Hac Vice*)
*Email: srocci@bakerlaw.com*
Kevin M. Bovard, SBN 247521
*Email: kbovard@bakerlaw.com*
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone:  215.568.3100
Facsimile:    215.568.3439

Michael J. Swope (Admitted *Pro Hac Vice*)
*Email: mswope@bakerlaw.com*
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3600
Seattle, WA 98104-4040
Telephone:  206.332.1380
Facsimile:    206.624.7317

*Attorneys for Defendant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | Case No.:  2:16-cv-08033-AB-FFM |
| Plaintiff, | [*Honorable André Birotte Jr.*] |
| v. | **GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S SECOND SET OF INTERROGATORIES TO NOMADIX, INC.** |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | |
| Defendant. | Complaint Filed:   October 28, 2016<br>FAC filed:             March 23, 2017 |

1  **INTERROGATORY NO. 8:**

2      Describe with particularity Global World Holdings, Inc.'s ("GWH")

3  relationship to Nomadix and all Nomadix Related Parties, including any ownership

4  interest which GWH may have in the Nomadix Patents, the License Agreement, or

5  the outcome of this lawsuit, and identify all documents relating thereto.

6  **INTERROGATORY NO. 9:**

7      Identify all persons who have ever had access to any room in which You

8  stored Guest-Tek's Source Code.

9

10 Dated:  January 31, 2018          BAKER & HOSTETLER LLP

11

12

13                                By:  _Kevin M. Bovard_____

                                       Kevin M. Bovard
14
                                  Attorneys for Defendant
15                                GUEST-TEK INTERACTIVE
                                  ENTERTAINMENT LTD.
16

17

18

19

20

21

22

23

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

# PROOF OF SERVICE

### *Nomadix, Inc. v. Guest-Tek Interactive Entertainment LTD.*
### [Case No. 2:16-cv-08033-AB-FFM]

I, Priscilla Markus, declare:

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA  90025-0509.  On January 31, 2018 I served a copy of the within document(s):

## GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S SECOND SET OF INTERROGATORIES TO NOMADIX, INC.

 **VIA EMAIL** by transmitting via electronic mail the document(s) listed above to the e-mail address(es) set forth below on this date.

Douglas G. Muehlhauser
*doug.muehlhauser@knobbe.com; Nomadix.Guest-Tek@knobbe.com*
Mark Lezama
*mark.lezama@knobbe.com*
Alexander J. Martinez
*Alex.martinez@knobbe.com*
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
240 Main Street, Fourteenth Floor
Irvine, California 92614

### *Attorneys for Plaintiff Nomadix, Inc.*

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose discretion the service as made, and I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 31, 2018, at Los Angeles, California.

Priscilla Markus

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit F

| | |
|---|---|
| **From:** | Justin.Gillett <Justin.Gillett@knobbe.com> |
| **Sent:** | Wednesday, April 11, 2018 11:56 AM |
| **To:** | Rocci, Steven; Mark.Lezama |
| **Cc:** | Guest-TekCA; Nomadix.Guest-Tek |
| **Subject:** | RE: Nomadix v. Guest-Tek - Charles Reed |

Steve,

We disagree with Guest-Tek's accusations of obstruction and intimidation and Guest-Tek's characterization of the parties' interactions regarding Mr. Reed.

Given Guest-Tek's allegations relating to Mr. Reed, Nomadix plans to take Mr. Reed's deposition. We note your comments but at this point it does not seem productive to email back and forth on procedure; Nomadix plans to arrange a procedurally appropriate deposition. To the extent the meeting Guest-Tek seeks with Mr. Reed occurs in Asia, Nomadix should not be forced to make a second trip to Asia. Nomadix would therefore like to schedule its deposition of Mr. Reed for the day after any meeting between Guest-Tek and Mr. Reed. Guest-Tek's communications with Mr. Reed are relevant to that deposition. Nomadix will need a reasonable amount of time to review those communications before any deposition occurs. Nomadix requested those communications on June 5, 2017. On February 21, March 1, March 5, and March 26 of 2018, Nomadix asked when Guest-Tek would complete its production of such communications. Earlier this month, Guest-Tek confirmed it would produce responsive, nonprivileged documents but has yet to commit to a date by when it will complete its production. Please let us know when Guest-Tek expects to complete its production of materials relating to Mr. Reed and Guest-Tek's claims and defenses that pertain to Mr. Reed. Nomadix is open to Guest-Tek's suggestion of a trip around May 3, but Guest-Tek should produce its communications with Mr. Reed in time for Nomadix to review those materials prior to the meeting.

Guest-Tek states that the meeting in Singapore "is our [Guest-Tek's] meeting with Mr. Reed" and that Guest-Tek "will not accept" interjections from Nomadix. It is up to Mr. Reed to determine the nature of any meeting with the parties, or whether he even wants to meet with the parties at all. Nomadix will of course allow Guest-Tek to communicate with Mr. Reed on the terms he agrees to. But, at a minimum, Nomadix needs to be able to protect its privileged information, which may require Nomadix to interject or confer with Mr. Reed.

Guest-Tek incorrectly implies that Nomadix must provide Guest-Tek notice of and opportunity to be present for any meeting between Nomadix and Mr. Reed. The Court has recognized a danger that Mr. Reed will disclose Nomadix's privileged information if Guest-Tek questions him about Nomadix. There is no parallel privilege concern that would warrant the restriction that Guest-Tek suggests.

Guest-Tek makes assertions of intimidation stemming from an unclear reference to contact between "Singapore counsel" and Mr. Reed. These assertions are unfounded. Nomadix assumes that Guest-Tek is referring to a July 21, 2017 letter from interTouch's attorneys in Singapore that discusses employment and termination agreements Mr. Reed entered into with interTouch's predecessor. Please correct that assumption if it is wrong. Guest-Tek calls the contact between Singapore counsel and Mr. Reed an attempted "intimidation tactic" against Mr. Reed. But in the July 21, 2017 letter, interTouch simply reminds Mr. Reed of his contractual obligations. Moreover, Guest-Tek itself suggested that interTouch send such a letter. Guest-Tek's threat to "advise the Court" is pointless. The Court is already aware of the July 21, 2017 letter, as Nomadix provided it to the Court and discussed it in support of Nomadix's motion for a protective order prohibiting *ex parte* contact between Guest-Tek and Mr. Reed, which the Court granted. As Nomadix has explained repeatedly throughout this litigation, there is no need for Guest-Tek to threaten to bring matters to the Court's attention.

We look forward to being copied on Guest-Tek's email to Mr. Reed. In addition to asking him to "reply all," we suggest that Guest-Tek attach a copy of the Court's order dated February 1, 2018 (Dkt. No. 194) and explain that the "reply all" request is to avoid putting Guest-Tek in a position that would conflict with the Court's order.

Best regards,
Justin

**Justin Gillett**
Associate
Justin.Gillett@knobbe.com

949-721-6322 **Direct**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/justin-gillett

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Tuesday, April 10, 2018 3:42 PM
**To:** Justin.Gillett; Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Justin,

Regarding the first sentence of your e-mail, I'd like to remind you that Guest-Tek has been seeking to meet with Mr. Reed for months, and Nomadix has been obstructing. It was only Judge Mumm's recent order that has forced Nomadix to cooperate.

We will contact Mr. Reed via email regarding his availability to meet on May 3, and we will copy you on that e-mail. We'll be sure to remind Mr. Reed to "Reply All," and he if he forgets to do so, we'll forward his reply it to you. If he is available and willing to meet with us, we will arrange a location and let you know. Obviously, you are also free to ask Mr. Reed to meet with you whenever you want, provided that you give us notice and an opportunity to be present.

As you know, Mr. Reed is neither resident in the US nor is he an American citizen. Regarding your stated intention to "depose" Mr. Reed, that is subject to international law and the laws of Thailand.  Our understanding is that Thailand is not a signatory to the Hague convention.  Any legally sanctioned process for taking Mr. Reed's deposition will be a lengthy process.  As we said in our motion to Court, our meeting with Mr. Reed should not be subject to a deposition – either directly or indirectly.  Moreover, circumventing the proper legal channels in a rush to depose Mr. Reed raises potential legal issues, including potential criminal penalties, under the laws of Thailand.  Consequently, we are not comfortable participating in that process unless and until you proceed through proper legal channels.

Assuming Mr. Reed is available on May 3, or, if he is not available on that date, on whatever date we can arrange with him, Guest-Tek will proceed with that meeting. If Nomadix continues to disrupt the occurrence of that meeting, Guest-Tek will advise the Court and seek permission to meet with Mr. Reed *ex parte*.

We also want to make clear that this is our meeting with Mr. Reed.  This is not a joint meeting with Nomadix.  Nomadix may only listen.  We will not accept attempts from Nomadix's counsel to interject or ask its own questions of Mr. Reed.

We note that, at the behest of Nomadix, Mr. Reed was previously contacted through Singapore counsel and threatened with legal action for discussing any matters with us pertaining to Guest-Tek. Should Guest-Tek learn of any further intimidation tactics against Mr. Reed, we will so advise the Court.

Steve

---

**From:** Justin.Gillett <Justin.Gillett@knobbe.com>
**Sent:** Monday, April 9, 2018 8:39 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>; Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Steve,

After business hours on Thursday night, Guest-Tek asked Nomadix to provide its availability to speak with Mr. Reed. Before business hours this morning, Guest-Tek sent Nomadix an email accusing it of delay. Guest-Tek's accusation is unfounded.

Nomadix is available tomorrow for a teleconference with Mr. Reed to arrange logistics for Guest-Tek's planned interview with Mr. Reed. We understand that Mr. Reed is in Thailand. A teleconference at 6:00 p.m. Pacific would be 8:00 a.m. in Bangkok. Nomadix is available at that time tomorrow. Nomadix has not tried to coordinate a call with Mr. Reed yet and does not know if he will be available at that time. If Guest-Tek would like to confer before speaking with Mr. Reed, please let us know and we can schedule a time for that.

Nomadix plans to take Mr. Reed's deposition and would like to schedule that deposition for the day after any meeting between Guest-Tek and Mr. Reed.

Best regards,
Justin

**Justin Gillett**
Associate
Justin.Gillett@knobbe.com

949-721-6322 **Direct**

**Knobbe Martens**
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/justin-gillett

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, April 09, 2018 6:39 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Mark,

The Court's April 3 Order states in part:

> Nonetheless, to the extent plaintiff has proved or proves to be uncooperative, the Court will entertain a motion to amend the order to provide that defendant must only give reasonable notice to plaintiff for any such meeting. Defendant could then meet with Mr. Reed outside the presence of plaintiff's counsel if such counsel does not appear at the meeting.

3

We have been trying to arrange a meeting with Mr. Reed since February 12, and Nomadix has been uncooperative. My below e-mail stated that Guest-Tek wished to reach out to Mr. Reed "over the next few days [from April 5] to arrange logistics" for a meeting with him on May 3 or 4.. Nomadix's delays have been and continue to be prejudicial to Guest-Tek. If we have not heard back from you today, we will be required to go back to the Court and seek further relief.

Steve

---

**From:** Rocci, Steven
**Sent:** Thursday, April 05, 2018 11:08 PM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Mark,

Following up on the Court's April 3rd Order, Guest-Tek plans to meet with Mr. Reed and is presently looking at doing so on May  3 or 4, if that works for him. We would like to schedule a time to speak with Mr. Reed over the next few days to arrange logistics.  Please provide us know your availability tomorrow, Monday or Tuesday.

Steve

---

**From:** Rocci, Steven
**Sent:** Tuesday, March 20, 2018 9:23 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Re: Nomadix v. Guest-Tek - Charles Reed

Mark,

We are not going to discuss Nomadix's  issues today. Please schedule another time for them. We plan on proceeding with our scheduled conference of counsel regarding Mr. Reed today, at 11 am pacific. The dial-in information is in my below email.

Steve

Sent from my mobile device. Please excuse any informalities.

On Mar 19, 2018, at 5:33 PM, Mark.Lezama <Mark.Lezama@knobbe.com> wrote:

Steve,

We offered to add Guest-Tek's anticipated motion to the agenda for the call that we had proposed tomorrow regarding the issues in my March 14 letter; we never proposed conferring only on Guest-Tek's motion tomorrow. With the hearing scheduled for Friday and the motion to stay that Guest-Tek filed, it makes sense to use the time we're prepared to set aside tomorrow to discuss both parties' motions. Please be prepared to discuss Guest-Tek's document production at least on the topics in my March 14 letter. If Guest-Tek will not be prepared to discuss those topics, then I suggest we reschedule the call.

Nomadix is not stalling on anything. Guest-Tek has declined Nomadix's repeated offers to try to arrange a deposition of Mr. Reed; if Guest-Tek was unsatisfied with a deposition, Guest-Tek could have taken steps to move for the relief it seeks a month ago.


Best regards,


Mark


**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama


**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, March 19, 2018 12:33 PM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Mark,

We will not discuss the issues in your March 14 and 16 letters during our conference of counsel tomorrow at 11 AM Pacific. We will use that time to receive your answers to my below questions relating to Mr. Reed. I will respond separately to your March 16 letter.

It has been well over one month since Guest-Tek requested dates and times to meet with Mr. Reed. Nomadix has been and is stalling. We expect that, during our call tomorrow, Nomadix will directly answer the questions below, and also will let us know how Nomadix, or its authorized agent(s), will participate in meeting with Nomadix, so that Guest-Tek can schedule it.

Please use this dial in number tomorrow:

Dial: 800-768-2983
Code: 564-8364

Steve

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.comNomadix.Guest-Tek@knobbe.com]

**Sent:** Friday, March 16, 2018 6:40 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>Guest-Tek@bakerlaw.com

**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Steve,

Nomadix disagrees with the characterizations in your e-mail but we can confer on Guest-Tek's motion on Tuesday. I assume we will also discuss at that time the issues in my March 14 letter regarding Guest-Tek's production.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Friday, March 16, 2018 10:27 AM
**To:** Mark.Lezama
**Cc:** Guest-Tek; Nomadix.Guest-Tek
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Mark,

Guest-Tek wishes only to interview Mr. Reed at this juncture. Nomadix has been stymieing Guest-Tek's efforts, and will not even answer Guest-Tek's below questions.  The motion will seek clarification of the Order re Reed to address Nomadix's assertion that Guest-Tek's contact with Mr. Reed is limited to taking his deposition. The motion will also request the Court to compel Nomadix to cooperate with Guest-Tek in interviewing Mr. Reed, since Nomadix is the party that requested the relief.

Steve

---

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Friday, March 16, 2018 1:11 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Re: Nomadix v. Guest-Tek - Charles Reed

Steve,

Thank you. Please explain the motion, including the basis and the relief, as the Local Rules require.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.

Irvine, CA 92614
www.knobbe.com/mark-lezama

On Mar 16, 2018, at 10:01 AM, Rocci, Steven <SRocci@bakerlaw.com> wrote:

> Mark,
>
> The questions we wish to discuss with you are set forth below, but I will clarify them.
>
> Does Knobbe represent Mr. Reed?
>
> Is Mr. Reed a present employee,  officer or director of Nomadix or any entity affiliated with Nomadix?
>
> If Nomadix does not wish for its lawyers to travel to Singapore, then why can't Nomadix's lawyers participate in the interview by phone, and/or why can't Nomadix designate a Singapore lawyer to be present, especially given that Nomadix's parent has already retained counsel in Singapore in connection with the Reed matter.
>
> I am available Tuesday at 11 am Pacific.
>
> Steve

---

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Wednesday, March 14, 2018 10:34 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>; Guest-Tek <Guest-Tek@bakerlaw.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Steve,

My schedule on Monday is uncertain. In a letter I sent earlier today on some of Nomadix's requests for production, I proposed a conference of counsel on Tuesday at 11:00 a.m. Pacific. I'd be happy to confer regarding Charles Reed and the subpoenas at that time as well if that works for you.

Please clarify what question(s) in connection with Mr. Reed you are referring to and would like to discuss next week. In addition, before any conference of counsel, please explain what motion Guest-Tek plans to bring regarding Mr. Reed, including the relief it plans to seek, and its basis therefor, in accordance with Local Rule 37-1. If there is some specific aspect of the subpoenas Guest-Tek plans to move on, it would be helpful if you provided a fully compliant Local Rule 37-1 letter/e-mail on that as well; if Guest-Tek simply plans to move to enforce the subpoenas in full, there is no need to send further correspondence on the subpoenas in advance of the conference.

I note your assertions in the e-mail below and your e-mail today regarding the subpoenas that Nomadix had not responded to earlier e-mails. Nomadix and the

subpoenaed parties explained their positions to the extent warranted several times over the course of several e-mails. Guest-Tek may have disagreed with those positions, but that does not mean the parties should send e-mail after e-mail going around in circles. Nomadix is not going to litigate this case by e-mail.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com
**949-721-5362 Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Wednesday, March 14, 2018 8:29 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>; Guest-Tek <Guest-Tek@bakerlaw.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Mark,

I have no record of you responding to my below request of more than a week ago. (*)

Please let me know your availability for a conference of counsel on Monday, March 19 at 10:30 PM Pacific to discuss this issue, and your answers to my questions, before we take this matter to the Court.

Steve

---

**From:** Rocci, Steven
**Sent:** Tuesday, March 06, 2018 9:44 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>; Guest-Tek <Guest-Tek@bakerlaw.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Mark,

Please answer the questions in my below, March 5, e-mail by 5 PM eastern today.

Steve

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Monday, March 05, 2018 9:02 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>; Guest-Tek <Guest-Tek@bakerlaw.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Steve,

I'm not going to respond to every point in your e-mail; suffice it to say, Nomadix disagrees with Guest-Tek's general position. I don't have a transcript of the hearing, but it was clear to me that the Court believed a deposition would suffice. Nomadix's position has not changed.

Please let us know when Guest-Tek expects to complete its production of materials relating to Mr. Reed and Guest-Tek's claims and defenses that pertain to Mr. Reed.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com
**949-721-5362** Direct

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, March 05, 2018 12:04 PM
**To:** Mark.Lezama; Guest-Tek
**Cc:** Nomadix.Guest-Tek
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Mark,

Neither the relief that Nomadix requested in its proposed Order to the Court, nor the Order issued by the Court, say anything about limiting contact with Mr. Reed to a deposition. Moreover, not once, in all of the numerous pieces of correspondence that you have sent us on this issue over the past 6 months or so, have you ever said anything about limiting contact with Mr. Reed to a deposition. Nomadix's position has always been merely that its lawyers must be present if Guest-Tek wishes to speak with Mr. Reed about Nomadix. And that is the position that Nomadix advanced to the Court.

Unless Knobbe represents Mr. Reed, or unless he is a present employee, officer or director of Nomadix, Guest-Tek is free to decide whether to depose Mr. Reed or merely interview him. Mr. Reed is a third party, and subject to the limitations that the Court has put into place, Guest-Tek is free to exercise its discretion as to how to speak with Mr. Reed.

If Nomadix does not wish for its lawyers to travel to Singapore, that is certainly Nomadix's prerogative. Nomadix's lawyers can participate in the interview by phone, or it can designate a Singapore lawyer to be present. In fact, Nomadix's parent has already retained counsel in Singapore in connection with the Reed matter.

As to your comment about the hearing, Judge Mumm never made any statement to the effect that Guest-Tek's contact with Mr. Reed should or must be limited to a deposition. In fact, at least as best I can recall, he never stated that a deposition would be "sufficient." Rather, he asked me why Guest-Tek required to speak with Mr. Reed ex parte.  After I answered the question, as I recall, he asked whether Guest-Tek could get what it needed through a deposition. But a deposition was never a condition of contact. If you have a hearing transcript, and you can direct us to the portion thereof in which Judge Mumm made such a statement, please do so no later than Friday, March 9.

When you respond on or before Friday, March 9, please also explain why, if Nomadix does not want its counsel to travel to Singapore, Nomadix cannot participate by phone or have Singapore counsel present when we meet with Mr. Reed in person.

Steve

---

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Thursday, March 1, 2018 8:21 PM
**To:** Rocci, Steven <SRocci@bakerlaw.com>; Guest-Tek <Guest-Tek@bakerlaw.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Steve,

The Court made clear at the hearing that it is sufficient for Guest-Tek to take Mr. Reed's deposition. Nomadix does not agree to schedule a trip to Asia simply for Guest-Tek to speak with Mr. Reed off the record.

If Guest-Tek would like to discuss coordinating a deposition of Mr. Reed, please let us know when Guest-Tek expects to complete its production of materials relating to Mr. Reed and Guest-Tek's claims and defenses that pertain to Mr. Reed.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, February 26, 2018 12:01 PM
**To:** Mark.Lezama; Guest-Tek
**Cc:** Nomadix.Guest-Tek
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Mark,

We did not specify taking Mr. Reed's deposition. We said simply that we'd like to speak with him. Your request for documents is therefore misplaced.

Also, unless you are representing Mr. Reed, or unless Nomadix has a relationship with him that we are not aware of, we do not understand your comment that Nomadix will undertake to reach out to him. Please advise whether Knobbe is representing or will represent Mr. Reed. Please also advise of the nature of any present relationship between Nomadix and Mr. Reed that, in Nomadix's view, makes Nomadix the appropriate party to reach out to Mr. Reed.

We believe that the appropriate approach is to identify dates that we are mutually available to meet with Mr. Reed in Singapore, and to reach out to him jointly as to his availability on those dates.

Please respond to my request for dates.

Steve

---

**From:** Mark.Lezama [mailto:Mark.Lezama@knobbe.com]
**Sent:** Wednesday, February 21, 2018 2:45 AM
**To:** Rocci, Steven <SRocci@bakerlaw.com>; Guest-Tek <Guest-Tek@bakerlaw.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** RE: Nomadix v. Guest-Tek - Charles Reed

Steve,

Nomadix is happy to discuss coordinating a deposition of Mr. Reed. Before any deposition occurs, however, Nomadix will need Guest-Tek to produce materials in response to a number of outstanding document requests. As just one example, Nomadix has requested communications with Mr. Reed, but Guest-Tek has produced none. Nomadix will also need a reasonable amount of time to review these outstanding documents before any deposition occurs. At your earliest convenience, please let us know when Guest-Tek expects to complete its production of materials relating to Mr. Reed and Guest-Tek's claims and defenses that pertain to Mr. Reed. Once we have a sense of when that will occur, Nomadix will be happy to reach out to Mr. Reed regarding his availability for a deposition.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

11

949-721-5362 Direct

## Knobbe Martens

2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

---

**From:** Rocci, Steven [mailto:SRocci@bakerlaw.com]
**Sent:** Monday, February 12, 2018 7:57 AM
**To:** Mark.Lezama <Mark.Lezama@knobbe.com>
**Cc:** Guest-Tek <Guest-Tek@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Nomadix v. Guest-Tek - Charles Reed

Mark,

We would like to speak with Charles Reed. Please let us have some dates/times that work for you after February 26, 2018 so that we can jointly coordinate this with Mr. Reed. It is our present intention to meet with Mr. Reed in person, in Singapore, unless he is amenable to meeting somewhere else that is convenient for us.

Regards,

Steve

**Steven J. Rocci**
Partner
_____

<image001.jpg>
Cira Centre
2929 Arch Street | 12th Floor
Philadelphia, PA 19104-2891
T +1.215.564.8364

srocci@bakerlaw.com
bakerlaw.com
<image002.jpg><image003.jpg>

---

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.