UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant. | Case No.: CV 16-8033-AB (FFMx) <br><br> [~~PROPOSED~~] **ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY CASE [241]** |

## I. INTRODUCTION

Currently before the Court are two related motions. The first is Gate Worldwide Holdings, LLC's ("GWH") Motion to Substitute Movant GWH for Plaintiff, or in the alternative, to Intervene. (Dkt. No. 193.) Plaintiff Nomadix ("Nomadix") filed an Opposition, (Dkt. No. 206), and GWH replied, (Dkt. No. 225). The second motion is Defendant Guest-Tek Interactive Entertainment LTD's ("Guest-Tek") Motion to Stay Case Pending Resolution of Related Proceedings. (Dkt. No. 241.) Both GWH and Nomadix oppose Guest-Tek's motion. (Dkt. Nos. 247, 248.) Guest-Tek replied and filed a notice of reliance on additional authority in support of its motion. (Dkt. Nos. 255, 273.) The Court heard oral argument on April 13, 2018,

1.

and took the matter under submission. For the following reasons, the Court **GRANTS in part** Guest-Tek's Motion to Stay. GWH's Motion to Substitute will remain under submission until the stay is lifted.

## II. BACKGROUND

During the pendency of this action, Nomadix allegedly transferred "all right, title, and interest in and to the Nomadix Patents, including all payments under all licenses entered into with respect to the Nomadix Patents and damages and payments for past or future infringements of the patents, to GWH." (Dkt. No. 193 at 4.) As a result, GWH claims that it is the proper plaintiff in this action. (*Id.*) Although Nomadix challenges the validity of the assignment, it argues that it remains a proper plaintiff regardless of whether the assignment was valid. (Dkt. No. 206.)

GWH has filed a separate lawsuit in New York against Nomadix and its parent company for breach of contract and foreclosure. That court will determine whether the assignment from Nomadix to GWH was valid, and will thus determine who owns the patent rights at issue here.

## III. LEGAL STANDARD

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A court may "find it . . . efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The rule applies to judicial proceedings and does not require the issues of such proceedings be necessarily controlling of the action before the court. *Id.* at 863–64. But, a stay should not be granted unless it appears likely that the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims. *Id.*; *see Landis*, 299 U.S. at 256–57 (finding lower court abused its discretion in granting stay

because the stay "continue[d] in effect" without "reasonable limits"). The proponent of a stay has the burden of proving that a stay is justified. *Clinton*, 520 U.S. at 708.

In exercising its discretion in determining whether to grant a stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Specifically, the court must consider: (1) the possible damage or harm to the non-moving party which may result from granting a stay; (2) the hardship or inequity the moving party may suffer in being required to go forward with the case if the request for a stay is denied; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Regarding the second *Lockyer* factor, courts have held that there is no likelihood of damage or harm to the non-moving party merely because a stay could cause a delay to the plaintiff in receiving money damages. *See Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, No. 5:13–CV–05430–EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014); *see also Nussbaum v. Diversified Consultants, Inc.*, No. 15–CV–600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) ("Because delay results inherently from the issuance of a stay, courts have found that mere delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage.").

## IV. DISCUSSION

According to Guest-Tek, the New York court will determine whether Nomadix or GWH owns the patent rights at issue, and until that issue is resolved, this case should proceed no further. (*See* Dkt. No. 241 at 4.) Guest-Tek asserts that no injury will result to Nomadix or GWH if the case is temporarily stayed because only money damages are sought, only minimal discovery has been completed, and claim construction has yet to occur. (*Id.* at 6.) On the other hand, Guest-Tek avers it would

suffer extreme prejudice without a stay because it would be forced to litigate against a party who may or may not "have standing." (*Id.* at 5) And although the New York matter was only filed in January of this year, Guest-Tek argues that "there is no indication that the New York Action will be particularly lengthy," especially considering GWH has already moved for summary judgment. (*Id.*)

In opposition, GWH argues that a stay is unwarranted because the claims and discovery at issue here will not change as a result of the New York court's ruling. (Dkt. No. 247 at 6.) GWH states that "Guest-Tek has not, and cannot, articulate any harm it would suffer if this case continues. Regardless of the New York Action, Guest-Tek will be required to defend against the current claims. There is no conceivable scenario where the claims in this action go away." (*Id.* at 7.) Similarly, Nomadix opposes a stay of this action. (Dkt. No. 248 at 3.) First, Nomadix contends that a stay here would be open-ended and indefinite because it would be tied to the conclusion of the New York litigation which has just begun. GWH initiated the New York case in January 2018, and the mere filing of a motion for summary judgment does not itself indicate that the case will soon be resolved. Second, Nomadix argues that Guest-Tek has manufactured an alleged "standing" problem where none exists. (*Id.* at 7–9.) Under Rule 25(c), courts have discretion to permit a lawsuit to continue by the original party after a transfer of interest. Fed. R. Civ. P. 25(c). Accordingly, even assuming GWH now owns the patent rights, Nomadix argues that it could remain as the plaintiff under Rule 25(c).

The Court agrees that the New York court is best equipped to decide whether the assignment was valid, given that the determination requires application of New York law. With this issue outstanding, the Court finds that a temporary stay is appropriate. The New York court may soon decide the relevant issues in its summary judgment ruling, or otherwise render a ruling on the issue in the near future, which would greatly reduce or eliminate the uncertainty and confusion regarding the proper

plaintiff here. Determining the real party in interest will ensure the case proceeds in a manner fair to all parties involved.

Further, the Court finds a limited stay will not cause prejudice to Nomadix or GWH. In fact, a stay will likely prevent the prejudice to GWH that would occur if the Court permitted Nomadix to continue as plaintiff—which would effectively eliminate GWH from exercising any degree of control over this case or making the tactical decisions it would be entitled to make if it were the patent owner. As to Nomadix, a short delay in its ability to collect money allegedly owed is not sufficient prejudice to deny a stay. Although Nomadix does request nonmonetary relief, the crux of Nomadix's complaint is a demand for monetary damages. Indeed, Nomadix's request for nonmonetary relief is designed to prevent future financial harm to Nomadix; in other words, the declaration and specific performance requested are "just another method of recouping monetary damages." *Bay Area Surgical Grp., Inc.*, 2014 WL 2759571, at *5.

Lastly, the Court must note that Nomadix has contributed to the situation it now finds itself in by refusing to notify Guest-Tek of GWH's interest in the patents.[1] Had Nomadix been forthcoming with this important information, the parties may have come to a workable solution and avoided the extensive motion practice and back and forth that has transpired.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Guest-Tek's Motion to Stay. (Dkt. No. 241.) This case will be **STAYED** for 120 days from the date of this Order. In the event the New York court issues a relevant ruling sooner, the parties are to notify the Court within fourteen (14) days of the ruling by filing a status report.

---

[1] Other courts have found similar behavior unacceptable. *See Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1202 (Fed. Cir. 2005) (confirming that party's misrepresentations and failure to inform opposing counsel and the court of assignment of patent was sanctionable conduct and grounds for vacating judgment).

The parties are further **ORDERED** to appear for a status conference on **Friday, August 31, 2018**, at 10:00 am to discuss the progression of issues and how this case should proceed. The Court will await issuing a final ruling on GWH's Motion to Substitute, or in the alternative, Intervene, (Dkt. No. 193), until the stay concludes and the parties have attended the status conference.

Lastly, Guest-Tek's Motion for an Order Modifying the Scheduling Order, which was filed in the event the Court denied Guest-Tek's Motion to Stay, is **DENIED as moot**. (Dkt. No. 256.)

**IT IS SO ORDERED.**

Dated: April 18, 2018

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE