1  Steven J. Rocci (Admitted *Pro Hac Vice*)
   Email: srocci@bakerlaw.com
2  Kevin M. Bovard, SBN 247521
   Email: kbovard@bakerlaw.com
3  **BAKER & HOSTETLER LLP**
   2929 Arch Street, 12th Floor
4  Philadelphia, PA 19104-2891
   Telephone: 215.568.3100
5  Facsimile: 215.568.3439

6  *Attorneys for Defendant/Counter-Claimant*
   GUEST-TEK INTERACTIVE
7  ENTERTAINMENT LTD.

8  (*additional counsel listed on following page*)

9            **IN THE UNITED STATES DISTRICT COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                    **WESTERN DIVISION**

12  NOMADIX, INC.,                    Case No.: 2:16-cv-08033-AB-FFM

13        Plaintiff,                   [*Honorable Frederick F. Mumm*]

14     v.                             **DECLARATION OF MICHAEL J.
                                       SWOPE IN SUPPORT OF GUEST-
15  GUEST-TEK INTERACTIVE             TEK INTERACTIVE
    ENTERTAINMENT LTD.,               ENTERTAINMENT LTD.'S
16                                     NOTICE OF MOTION AND
          Defendant/Counter-          MOTION TO DISSOLVE OR, IN
17        Claimant,                    THE ALTERNATIVE, TO
                                       MODIFY PROTECTIVE ORDER
18     v.                             (D.I. 194)

19  NOMADIX, INC.,                    [Filed concurrently with Notice of
                                       Motion and Motion, and (Proposed)
20        Counter-Defendant.          Order]

21                                     Hearing Date:   July 3, 2018
22                                     Time:           10:00 a.m.
                                       Courtroom:      580
23
                                       Action Filed: 10/28/16
24                                     Amended Complaint Filed: 03/23/17

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Michael J. Swope (Admitted *Pro Hac Vice*)
*Email:  mswope@bakerlaw.com*
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone:     206.332.1379
Facsimile:     206.624.7317

Michael R. Matthias, SBN 57728
*Email:  mmatthias@bakerlaw.com*
Joelle A. Berle, SBN 252532
*Email:   jberle@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Baker & Hostetler LLP
ATTORNEYS AT LAW
LOS ANGELES

I, Michael J. Swope, declare and state:

1.      I am an attorney at law duly licensed to practice before all the courts of the State of Washington. I am a partner at the law firm of Baker & Hostetler LLP, counsel of record for Defendant/Counter-Claimant Guest-Tek Interactive Entertainment, Ltd. ("Guest-Tek"). I submit this declaration in support of Guest-Tek's motion to dissolve or, in the alternative, to modify protective order (D.I. 194). I have personal knowledge of the facts set forth below and if called as a witness, I could and would testify competently as follows.

2.      Attached as **Exhibit 1** is a true and correct copy of an April 11, 2018 – May 10, 2018 email chain including Guest-Tek's counsel, Plaintiff/Counter-Defendant Nomadix, Inc. ("Nomadix")'s counsel, and Charles Reed.

3.      Attached as **Exhibit 2** is a true and correct copy of an April 11, 2018 – April 19, 2018 email chain including Guest-Tek's counsel, Nomadix's counsel, and Charles Reed.

4.      On May 3, 2018, I arrived at a meeting room in the Bangkok hotel where I was to meet with Charles Reed. Alan Laquer of Knobbe Martens and Kelly Hughes of Nomadix were already waiting in the room. Mr. Reed had not yet arrived.

5.      In the meeting room, I reiterated to Messrs. Laquer and Hughes that Mr. Hughes' presence at the meeting would be disruptive and that Guest-Tek did not want Mr. Hughes in the room during the meeting. Mr. Laquer responded that "Nomadix's position is clear. Mr. Hughes has every right to be there." I reminded Mr. Laquer of Nomadix's obligation to cooperate with Guest-Tek. (D.I. 260 at 1.) Yet Mr. Laquer simply repeated Nomadix's position.

6.      Because Mr. Reed had not arrived at the appointed time, Mr. Laquer and I went to the hotel lobby and found Mr. Reed waiting there with three other people, a Thai judge, a Thai police officer, and a Thai lawyer. In the lobby, Mr. Reed told Mr. Laquer that he was not comfortable with Mr. Hughes attending the

meeting. Mr. Reed explained that he and Mr. Hughes had a history and that he did not trust him. Mr. Reed voiced his concern that Mr. Hughes would use his attendance at the meeting to listen to his comments for the purpose of using the information to try to create problems for Mr. Reed. Mr. Laquer responded to Mr. Reed by repeating Nomadix's position that Mr. Hughes' attendance was mandatory.

7.   Mr. Reed said several times that he had no issue with Mr. Laquer's attendance at the meeting. After Mr. Laquer's continued insistence the Mr. Hughes presence was required, Mr. Reed offered that he would agree to Mr. Hughes' attendance, on the condition that Mr. Hughes only listen for privileged information and not use anything said at the meeting against Mr. Reed. Mr. Laquer said that Nomadix could not agree this condition. Mr. Reed asked Mr. Laquer to discuss it with Mr. Hughes and reconsider. Mr. Laquer replied that Nomadix's position was unlikely to change but that he would discuss it with Mr. Hughes.

8.   Mr. Laquer left the lobby and caucused with Mr. Hughes in a private room. After their conversation, they found me and said that we should all return to the lobby and continue the discussion with Mr. Reed. In the lobby, Messrs. Hughes and Laquer asked Mr. Reed to accept a pre-prepared, sealed letter that supposedly summarized Nomadix's position. I asked what the letter was about, but Messrs. Laquer and Reed refused to tell me unless Mr. Reed opened it. Mr. Reed declined to open the letter.

9.   Attached as **Exhibit 3** is a picture of the sealed envelope that was presented to Mr. Hughes.  I took the picture with my phone camera in the lobby of the hotel right after Mr. Reed refused to accept the letter.

10.   After Mr. Reed declined, I expressed to Mr. Laquer that he was trying to prevent Mr. Reed from meeting with me. Mr. Hughes interjected that I should not be meeting with Mr. Reed at all because he is a former Nomadix employee. I disagreed and reminded Mr. Hughes that the Court had already decided the matter and had issued a protective order regarding our meeting with Mr. Reed.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

11.    I once again offered to Mr. Laquer the option to proceed but indicated that, in view of the sealed letter, the meeting would only proceed without Mr. Hughes in attendance. Mr. Laquer declined and reiterated that Mr. Hughes' attendance was mandatory and that we are required to allow Mr. Hughes attend per the protective order.  I then informed Mr. Laquer that Guest-Tek had decided that we could not hold the meeting with Mr. Reed under the circumstances and particularly in view of the letter that was unexpectedly presented to Mr. Reed.  Mr. Laquer retorted, "That's your decision."

12.    Mr. Laquer and I went to inform Mr. Reed that the meeting was canceled in view of the circumstances.  Mr. Reed then remarked that Mr. Hughes' presence had something to do with Seale Moorer, CEO of Exceptional Innovation (Nomadix's parent company), and that Mr. Moorer no longer owns Nomadix. Mr. Laquer told Mr. Reed to stop talking about that because that information was privileged. I disagreed that it was privileged; Mr. Reed noted that it was public information.

13.    Mr. Laquer and I did not reach an agreement on the terms of an interview meeting with Mr. Reed. Mr. Laquer, Mr. Hughes, and I left Bangkok without having held the meeting.

14.    Attached as **Exhibit 4** is a true and correct copy of a May 16, 2018 email (including attachments) from Mark Lezama to Kevin Bovard and me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 5th day of June 2018, at Seattle, Washington.

_____
Michael J. Swope

EXHIBIT "1"

| | |
|---|---|
| **From:** | Bovard, Kevin M. |
| **Sent:** | Thursday, May 10, 2018 4:47 PM |
| **To:** | Alan.Laquer |
| **Cc:** | Nomadix.Guest-Tek; Mark.Lezama; Swope, Michael; Guest-TekCA |
| **Subject:** | RE: Meeting Request -- Nomadix v. Guest-Tek |

Alan,

Guest-Tek intends to file a motion to modify the Protective Order on communications with Charles Reed.

Mike Swope flew to Thailand to meet with Mr. Reed last week, and I understand that you were also present for the meeting in accordance with the Protective Order.  As Mike summarized below, days before the meeting, Nomadix informed Guest-Tek that in addition to your attendance at the meeting, you also intended to bring Nomadix's general counsel, Kelly Hughes.  Mr. Hughes of course had a previous relationship with Mr. Reed – and Mr. Reed strongly objected to Mr. Hughes' presence because it would make him uncomfortable.

Despite Mr. Reed's objections, you nevertheless refused to allow Guest-Tek's attorneys to meet with Mr. Reed unless Mr. Hughes was present.  You then attempted to deliver a sealed document to Mr. Reed, which he refused to accept.  These actions were clearly done to obstruct Guest-Tek and harass Mr. Reed. You took these actions even though you were present in Thailand and are more than capable of identifying and protecting communications protected by the attorney-client privilege, which was the stated purpose of the Protective Order.  As you know, Mr. Reed never objected to *your* being present at the meeting, but only objected—strongly—to the presence of Mr. Hughes because of their past relationship.

In light of Nomadix's actions, we will ask the Court to modify the protective order so that Guest-Tek may meet with Mr. Reed without his having to be intimidated by Mr. Hughes or anyone else from Nomadix.  This will be the third time we have had to go to Judge Mumm on these issues.  In view of Nomadix's vexatious tactics, we will also be seeking sanctions.  So that we—and the Court—may understand the full scope of your actions, please provide us a copy of the document(s) you tried to deliver to Mr. Reed.

As you know, Judge Mumm previously invited further motion practice in the event Nomadix proved uncooperative in allowing Guest-Tek to meet with Mr. Reed. ("[T]o the extent plaintiff has proved or proves to be uncooperative, the Court will entertain a motion to amend the order to provide that defendant must only give reasonable notice to plaintiff for any such meeting.").  Given Judge Mumm's Order and our multiple previous communications on these topics, we do not believe a further conference of counsel is required.  Nevertheless, to the extent you believe a conference is required by L.R. 37-1, we request such a conference.  I am available Monday, Tuesday, or Wednesday at 4pm Eastern next week.  Please let me know if you are available to confer at one of these times.

Regards,
Kevin

---

**From:** Swope, Michael [mailto:MSwope@bakerlaw.com]
**Sent:** Tuesday, May 1, 2018 12:16 PM
**To:** Alan.Laquer <Alan.Laquer@knobbe.com>

**Cc:** Guest-TekCA <Guest-TekCA@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Re: Meeting Request -- Nomadix v. Guest-Tek

Alan,

The rationale that Nomadix has put forward for justifying Mr. Hughes's presence is contrived and lacks merit.  By your reasoning, Nomadix's outside counsel is incapable of assessing when a conversation may turn to privileged matters.  Surely, that isn't the case.

In any event, this is Guest-Tek's interview of a third party, and Guest-Tek is entitled to proceed unfettered by Nomadix or its counsel, except to advise Mr. Reed that he should not reveal privileged communications. Nomadix's outside counsel is clearly capable of doing that. Since neither Nomadix's outside counsel nor Mr. Hughes will be permitted to ask questions or to advise Mr. Reed not to answer questions, Mr. Hughes presence is not needed.  Clearly, and especially in view of  Mr. Reed's e-mail of yesterday, stating that he did not want Mr. Hughes in the room, Mr. Hughes presence can only serve as an attempt to intimidate Mr. Reed, make him uncomfortable, and/or to evoke some emotion from him. While that might be an appropriate in a deposition or in a court room, it is inappropriate this setting. This is Guest-Tek's interview.

You state that Mr. Hughes is already on his way to Bangkok. That is a problem of Mr. Hughes' own making since Nomadix and Mr. Hughes have known of Guest-Tek's position before he left. You never mentioned that Mr. Hughes would attend until the last days moment. Telephonically, you indicated to me that you would attend for Nomadix and never mentioned Mr. Hughes.  Moreover, In spite of our notice to you regarding Mr. Hughes, he chose to travel anyway.

Nomadix has been attempting to circumvent Judge Mumm's Order since the day it issued. When Guest-Tek advised Nomadix that it was going to interview Mr. Reed, Nomadix interfered, arguing that Guest-Tek could only speak with him through a deposition. Judge Mumm rejected that notion in his minute order. Then, Nomadix improperly attempted to tie our interview to Mr. Reed's deposition the day after the interview.  Now, Nomadix very belatedly states that Mr. Hughes must attend the interview despite Mr. Reed's discomfort.

Guest-Tek may choose not to proceed with the interview if Nomadix persists in its position that Mr. Hughes must be present. Either way, in accordance with Judge Mumm's minute order, Guest-Tek will request a modification of Judge Mumm's order to allow Guest-Tek to interview Mr. Reed after providing notice to Nomadix. If needed, Guest-Tek will reschedule this interview.

Regards,

Mike

Sent from my iPhone

On May 1, 2018, at 8:55 AM, Alan.Laquer <Alan.Laquer@knobbe.com> wrote:

Mike,

Mr. Hughes has been Nomadix's General Counsel for several years. Throughout Mr. Reed's tenure with Nomadix, Mr. Hughes provided legal advice to Mr. Reed continuously. Many of the privileged communications Mr. Reed was privy to involved only Mr. Hughes and not outside counsel. Of Nomadix's attorneys, Mr. Hughes has the greatest knowledge of the scope and content of Nomadix's privileged and confidential information that Mr. Reed has. Nomadix needs Mr. Hughes to attend any meeting between Guest-Tek and Mr. Reed to safeguard against disclosure of its confidential and privileged information. The Court has prohibited Guest-Tek from meeting with Mr. Reed as planned unless Nomadix's attorneys are present. Mr. Hughes is a Nomadix attorney and he will be present for the May 3 meeting. Mr. Hughes has already begun traveling to Bangkok for the meeting, which Guest-Tek insisted on conducting during the stay.

Best regards,
Alan

**Alan Laquer**
Partner

949-721-5285 Direct

**Knobbe Martens**

**From:** Swope, Michael [mailto:MSwope@bakerlaw.com]
**Sent:** Tuesday, May 01, 2018 7:00 AM
**To:** Alan.Laquer <Alan.Laquer@knobbe.com>
**Cc:** Guest-TekCA <Guest-TekCA@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** FW: RE: Meeting Request -- Nomadix v. Guest-Tek

Alan,

In light of Mr. Reed's request, please let us know by 9 AM tomorrow morning PT whether you intend to bring Mr. Hughes. If you do intend to bring Mr. Hughes in view of this, we will consider filing a motion with the court.

Best regards,
Mike

-----Original Message-----
From: <charles_reed██████>
Sent: Monday, April 30, 2018 4:51 PM
To: Swope, Michael <MSwope@bakerlaw.com>
Cc: Guest-TekCA <Guest-TekCA@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Justin.Gillett <Justin.Gillett@knobbe.com>

Subject: Re: RE: Meeting Request -- Nomadix v. Guest-Tek

Michael,

I have been thinking further and discussed this my lawyer.

My last conversation with Kelly Hughes when I left interTouch was that our friendship was no longer and that I will never speak to him again. This was the result of his actions during the sale of interTouch and Nomadix.

I object to Mr Hughes attending the meeting.

Regards

Charles

------ Original Message ------
Received: 08:55 AM +08, 04/27/2018
From: "Swope, Michael" <MSwope@bakerlaw.com>
To: "charles_reed███████" <charles_reed███████> Cc:
Guest-TekCA <Guest-TekCA@bakerlaw.com>,    "Nomadix.Guest-Tek"
<Nomadix.Guest-Tek@knobbe.com>,    "Justin.Gillett" <Justin.Gillett@knobbe.com>
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Dear Charles,

Room availability at the Grande Hyatt necessitated a change to our meeting location. Although I thought that we had a reservation at the Grande Hyatt, I learned that we were merely waitlisted. Consequently, I changed to a meeting room at the Intercontinental Bangkok Hotel:
https://www.ihg.com/intercontinental/hotels/us/en/bangkok/bkkhb/hoteldetail.
It's very close to the Grande Hyatt. Please confirm that the new location is acceptable to you. The meeting time is the same, 10 AM.

On a related note, counsel for Nomadix very recently informed me that they intend to have Mr. Kelley Hughes attend the meeting along with Mr. Laquer. I know that you and Mr. Hughes are former colleagues. Therefore, please let me know if you believe that Mr. Hughes' presence would in any way impede or inhibit our meeting.

Best regards,
Mike

-----Original Message-----
From: charles_reed ███████
Sent: Tuesday, April 17, 2018 7:00 PM
To: Swope, Michael ; charles_reed ███████
Cc: Guest-TekCA ; Nomadix.Guest-Tek ; Justin.Gillett
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Hi Mike

10am is fine.

I suggest Grande Erawan Hyatt to meet. I will be bringing 4 pax with me so 5 in total.

Regards


Charles

------ Original Message ------
Received: Tue, 17 Apr 2018 04:50:22 AM +08
From: "Swope, Michael"
To: "charles_reed ████████" Cc: Guest-TekCA
, "Nomadix.Guest-Tek"
, "Justin.Gillett"

Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

Thank you for your reply.

Can you please suggest an area of Bangkok that is convenient for you to attend
the meeting? Based on that I will locate a facility with a meeting room and let you know the location. Regarding the time of the meeting, I suggest 10 am
if that's convenient for you. If not, I can adjust my schedule accordingly.

Best regards,
Mike


-----Original Message-----
From: charles_reed ████████
Sent: Wednesday, April 11, 2018 9:02 PM
To: Swope, Michael ; charles_reed ████████
Cc: Guest-TekCA ; Nomadix.Guest-Tek
; Justin.Gillett
Subject: Re: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr Swope,

I am available on the 3rd of May 2018 in Bangkok.

First, I understand I am under no obligation whatsoever to meet with you.

Second, I understand this is not a deposition, but merely an informal

meeting.

Third, I understand Nomadix lawyers may appear at this meeting.

Fourth, neither you nor your law firm, BakerHostetler, represents me.

Fifth, I may bring a lawyer or other persons to this meeting.

Sixth, I note your point on contacting you and Nomadix at the same time. I have done so with this email.

Seventh, I confirm Guest-Tek is not paying me, or compensating me, in any manner, for this meeting, and has not promised to do so.


Best regards


Charles Reed

------ Original Message ------
Received: Thu, 12 Apr 2018 09:35:13 AM +08
From: "Swope, Michael"
To: "charles_reed█████████" Cc: Guest-TekCA
, "Nomadix.Guest-Tek"
, "Justin.Gillett"

Subject: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

I write to request that you meet with me in Bangkok on May 3rd or 4th, 2018.
If you are available on either day, I will arrange for a meeting in a location
convenient for you.

As you know, I represent Guest Tek Interactive Entertainment Ltd. As you are also aware, Nomadix sued Guest-Tek in October, 2016 in U.S. federal court in California. In that lawsuit, Nomadix has alleged that Guest-Tek breached the 2010 License Agreement between Nomadix and Guest-Tek by allegedly underpaying royalties that Nomadix asserts should have been paid.

In general, the focus of the meeting will be on any discussions that you may have had with Guest-Tek's CEO, Arnon Levy, regarding the License Agreement. If
we meet, I do not seek and request that you do not reveal to me any discussions that you have had with lawyers for Nomadix.

I am aware that, in July, 2016, you received a letter from the law firm of

6

Rajah & Tann, written on behalf of Intertouch Pte. Ltd., directing you not to
speak with Guest Tek or its lawyers regarding Nomadix. However, Guest-Tek has
received approval from the federal Magistrate Judge overseeing the above
mentioned lawsuit to meet and speak with you, provided that Nomadix is given
an opportunity to be present. I have attached a copy of the Magistrate
Judge's
Order for your review. Nomadix is aware that we are reaching out to you and
we
have copied Nomadix's lawyers on this e-mail.

Assuming that you will agree to meet with me, there are a few important
points
of which you should be aware.

First, you are under no obligation whatsoever to meet with me. Your meeting
with me would be completely voluntary, and there are no consequences if you
choose not to meet me. Moreover, should you choose to meet with me, you may
terminate or leave the meeting at any time that you wish and for any reason.

Second, this is not a deposition, but merely an informal meeting. The meeting
will not be recorded. No court reporter will be present and Guest-Tek will
not
attempt to use anything you say during the meeting in court. Moreover, even
if we wanted to take your deposition, because you are not a US citizen or
resident in the US, we would need to follow very strict international and
Thailand legal procedures in order to obtain your testimony involuntarily.
Otherwise, unless you voluntarily agree, the parties in this lawsuit are not
entitled to depose you. If we asked to voluntarily arrange your deposition,
you could simply say that you decline.

Of course, Nomadix may try to arrange to take your deposition after you meet
with us. They are similarly bound to abide by international law and the
laws
of Thailand.

Third, Nomadix lawyers will likely appear at this meeting. Nonetheless, we
have advised Nomadix that this is Guest-Tek's meeting only, that Nomadix
lawyers may only listen, and its lawyers may not ask questions except to the
extent needed to ensure that you do not disclose the legally protected
substance of communications that are properly attorney-client privileged.

Fourth, neither I nor my law firm, BakerHostetler, represent you. We are
appearing on behalf of our client Guest Tek only. Similarly, we are advised
that Nomadix's lawyers, Knobbe Martens, do not represent you. To the extent
that they may attempt to intervene during my meeting with you, they may do so
only to protect Nomadix's attorney-client privileged information.

Fifth, even though this is an informal meeting, you may choose to have a
lawyer present to represent you. Since it would be inappropriate for either
Guest Tek or Nomadix to pay for any counsel that you may wish to have
present,

you will need to arrange for payment of that counsel's fees, should you retain
one.

Sixth, if you wish to contact me either before or after the meeting, it is important to include Nomadix's lawyers on that communication. Likewise, if you
wish to contact Nomadix or its lawyers before or after the meeting, I'd appreciate it if you would let me know. Of course, if Nomadix or its lawyers reach out to you without notifying us, please let me know.

Seventh, Guest-Tek is not paying you, or compensating you, in any manner, for you to meet with me, and has not promised to do so. As I understand it, you have no financial or other interest in the outcome of this matter.

Please "Reply All" to this email.
Best regards,
Mike


Michael J. Swope
Partner




[cid:image001.jpg@01D3D1C3.B02FB1E0]

999 Third Avenue | Suite 3600
Seattle, WA 98104-4040
T +1.206.332.1386
M +1.206.313.0143

mswope@bakerlaw.com
bakerlaw.com
[cid:image002.jpg@01D3D1C3.B02FB1E0][cid:image003.jpg@01D3D1C3.B02FB1E0][cid:image004.jpg@01D3D1C3.B02FB1E0]

_____

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.

> -------------------------------------------
> Attachment: DI 194 - 2018-02-01 - Order on Nomadix's Motion for ProtectiveOrder Pre....pdf
> MIME Type: application/pdf
> -------------------------------------------

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

EXHIBIT "2"

| | |
|---|---|
| **From:** | charles_reed ████████ |
| **Sent:** | Thursday, April 19, 2018 9:37 PM |
| **To:** | Alan.Laquer; charles_reed ████████ |
| **Cc:** | Guest-TekCA; Swope, Michael; Nomadix.Guest-Tek |
| **Subject:** | RE: Meeting Request -- Nomadix v. Guest-Tek |

Hi Alan

I have sent your request to my lawyer and other advisers in Thailand and asked them for advise about your request for a deposition using US Embassy personnel.  I am not sure if you are aware but I am not a US citizen.

In terms of travel, I am gong to the UK to visit my kids and prefer not to take any meetings. I may be in the US in August if that helps.

Regards


Charles

------ Original Message ------
Received: Thu, 19 Apr 2018 08:50:09 AM +08
From: Alan.Laquer <Alan.Laquer@knobbe.com>
To: "charles_reed ██████" Cc: Guest-TekCA
<Guest-TekCA@bakerlaw.com>, "'Swope, Michael'"      <MSwope@bakerlaw.com>,
Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Hi Charles,

Thanks for the update.  The deposition shouldn't take all day, so we could schedule it for the afternoon of May 3, after the meeting that Mike mentioned and at the same hotel.  Or, would you prefer to hold the meeting on May 2 and then the deposition on May 3?  Please confirm if either of those options works for you.  If they don't, please let me know if there is some other date and location that would work in the next few weeks.  For example, will you be in the UK long?  Or, do you have any upcoming travel plans to the US or Singapore?

Best regards,
Alan

Alan Laquer
Partner
949-721-5285 Direct
Knobbe Martens

From: charles_reed ████████ 

1

Sent: Tuesday, April 17, 2018 7:29 PM
To: Alan.Laquer <Alan.Laquer@knobbe.com>; charles_reed ████████
Cc: Guest-TekCA <Guest-TekCA@bakerlaw.com>; 'Swope, Michael'
<MSwope@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>;
Justin.Gillett <Justin.Gillett@knobbe.com>
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Hi Alan,

I'm afraid the 4 May will not work for me as I am flying to the UK the next
day.

Regards


Charles

------ Original Message ------
Received: Tue, 17 Apr 2018 09:15:18 AM +08
From: Alan.Laquer <Alan.Laquer@knobbe.com<mailto:Alan.Laquer@knobbe.com>>
To: "charles_reed ████████ "
Cc: Guest-TekCA
<Guest-TekCA@bakerlaw.com<mailto:Guest-TekCA@bakerlaw.com>>, "'Swope,
Michael'" <MSwope@bakerlaw.com<mailto:MSwope@bakerlaw.com>>,
Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com<mailto:Nomadix.Guest-Tek@knobbe.com>>,
Justin.Gillett
<Justin.Gillett@knobbe.com<mailto:Justin.Gillett@knobbe.com>>
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

As you know, I am an attorney for Nomadix.

Nomadix would like to take your deposition on topics including the
Nomadix/Guest-Tek License Agreement, any discussions you might have had with
Arnon Levy or others at Guest-Tek, and any other subject matter from the
meeting mentioned by Mr. Swope. We suggest that the deposition occur the next
day, May 4th, at whatever location in Bangkok is convenient for you. Such
depositions are easily and conveniently permitted under Thai law. See
https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
Information/Thailand.html<https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-
Information/Thailand.html>
("Oral depositions or depositions on written questions may be taken by U.S.
consular officers or by private attorneys from the United States or Thailand
at the U.S. Embassy or at another location such as a hotel or office, either
on notice or pursuant to a commission.")

Guest-Tek's attorneys would be invited to attend and participate in the
deposition if they so choose. Nomadix would arrange for a court reporter to
be present in order to administer the deposition oath under U.S. law and
transcribe the deposition. As with Guest-Tek's proposal, the deposition

2

proposed by Nomadix would be completely voluntary to you. And, you may of
course choose to have a lawyer present to represent you.

Please confirm whether you will agree to the above, and please reply-all to
this email when providing that confirmation.

Best regards,
Alan

Alan Laquer
Partner
alan.laquer@knobbe.com<mailto:alan.laquer@knobbe.com<mailto:alan.laquer@knobbe.com%3cmailto:alan.laquer@k
nobbe.com>>
949-721-5285 Direct
Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/alan-laquer<http://www.knobbe.com/alan-laquer><http://www.knobbe.com/alan-
laquer<http://www.knobbe.com/alan-laquer>>

From: Swope, Michael [mailto:MSwope@bakerlaw.com]
Sent: Monday, April 16, 2018 1:50 PM
To: charles_reed█████████<mailto:charles_reed███████>
Cc: Guest-TekCA <Guest-TekCA@bakerlaw.com<mailto:Guest-TekCA@bakerlaw.com>>;
Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com<mailto:Nomadix.Guest-Tek@knobbe.com>>;
Justin.Gillett <Justin.Gillett@knobbe.com<mailto:Justin.Gillett@knobbe.com>>
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

Thank you for your reply.

Can you please suggest an area of Bangkok that is convenient for you to
attend
the meeting? Based on that I will locate a facility with a meeting room and
let you know the location. Regarding the time of the meeting, I suggest 10 am
if that's convenient for you. If not, I can adjust my schedule accordingly.

Best regards,
Mike

-----Original Message-----
From:
charles_reed█████████<mailto:charles_reed█████████<mailto:charles_reed████████%3cmailto:charles_reed█████████>>
<charles_reed████████<mailto:charles_reed█████████<mailto:charles_reed█████████%3cmailto:charles_reed████████>
>>
Sent: Wednesday, April 11, 2018 9:02 PM
To: Swope, Michael
<MSwope@bakerlaw.com<mailto:MSwope@bakerlaw.com<mailto:MSwope@bakerlaw.com%3cmailto:MSwope@bake
rlaw.com>>>;

3

charles_reed ███████ 
Cc: Guest-TekCA
<Guest-TekCA@bakerlaw.com<mailto:Guest-TekCA@bakerlaw.com<mailto:Guest-TekCA@bakerlaw.com%3cmailto:Guest-TekCA@bakerlaw.com>>>;
Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com<mailto:Nomadix.Guest-Tek@knobbe.com<mailto:Nomadix.Guest-Tek@knobbe.com%3cmailto:Nomadix.Guest-Tek@knobbe.com>>>;
Justin.Gillett
<Justin.Gillett@knobbe.com<mailto:Justin.Gillett@knobbe.com<mailto:Justin.Gillett@knobbe.com%3cmailto:Justin.Gillett@knobbe.com>>>
Subject: Re: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr Swope,

I am available on the 3rd of May 2018 in Bangkok.

First, I understand I am under no obligation whatsoever to meet with you.

Second, I understand this is not a deposition, but merely an informal meeting.


Third, I understand Nomadix lawyers may appear at this meeting.

Fourth, neither you nor your law firm, BakerHostetler, represents me.

Fifth, I may bring a lawyer or other persons to this meeting.

Sixth, I note your point on contacting you and Nomadix at the same time. I have done so with this email.

Seventh, I confirm Guest-Tek is not paying me, or compensating me, in any manner, for this meeting, and has not promised to do so.


Best regards


Charles Reed

------ Original Message ------
Received: Thu, 12 Apr 2018 09:35:13 AM +08
From: "Swope, Michael"
<MSwope@bakerlaw.com<mailto:MSwope@bakerlaw.com<mailto:MSwope@bakerlaw.com%3cmailto:MSwope@bakerlaw.com>>>
To:
"charles_reed ███████ "
<charles_reed ███████ Cc:
Guest-TekCA

4

&lt;Guest-TekCA@bakerlaw.com&lt;mailto:Guest-TekCA@bakerlaw.com&lt;mailto:Guest-TekCA@bakerlaw.com%3cmailto:Guest-TekCA@bakerlaw.com&gt;&gt;&gt;,
"Nomadix.Guest-Tek"
&lt;Nomadix.Guest-Tek@knobbe.com&lt;mailto:Nomadix.Guest-Tek@knobbe.com&lt;mailto:Nomadix.Guest-Tek@knobbe.com%3cmailto:Nomadix.Guest-Tek@knobbe.com&gt;&gt;&gt;,
"Justin.Gillett"
&lt;Justin.Gillett@knobbe.com&lt;mailto:Justin.Gillett@knobbe.com&lt;mailto:Justin.Gillett@knobbe.com%3cmailto:Justin.Gillett@knobbe.com&gt;&gt;&gt;
Subject: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

I write to request that you meet with me in Bangkok on May 3rd or 4th, 2018.
If you are available on either day, I will arrange for a meeting in a
location
convenient for you.

As you know, I represent Guest Tek Interactive Entertainment Ltd. As you are
also aware, Nomadix sued Guest-Tek in October, 2016 in U.S. federal court in
California. In that lawsuit, Nomadix has alleged that Guest-Tek breached the
2010 License Agreement between Nomadix and Guest-Tek by allegedly underpaying
royalties that Nomadix asserts should have been paid.

In general, the focus of the meeting will be on any discussions that you may
have had with Guest-Tek's CEO, Arnon Levy, regarding the License Agreement.
If
we meet, I do not seek and request that you do not reveal to me any
discussions that you have had with lawyers for Nomadix.

I am aware that, in July, 2016, you received a letter from the law firm of
Rajah & Tann, written on behalf of Intertouch Pte. Ltd., directing you not to
speak with Guest Tek or its lawyers regarding Nomadix. However, Guest-Tek has
received approval from the federal Magistrate Judge overseeing the above
mentioned lawsuit to meet and speak with you, provided that Nomadix is given
an opportunity to be present. I have attached a copy of the Magistrate
Judge's
Order for your review. Nomadix is aware that we are reaching out to you and
we
have copied Nomadix's lawyers on this e-mail.

Assuming that you will agree to meet with me, there are a few important
points
of which you should be aware.

First, you are under no obligation whatsoever to meet with me. Your meeting
with me would be completely voluntary, and there are no consequences if you
choose not to meet me. Moreover, should you choose to meet with me, you may
terminate or leave the meeting at any time that you wish and for any reason.

Second, this is not a deposition, but merely an informal meeting. The meeting
will not be recorded. No court reporter will be present and Guest-Tek will
not

attempt to use anything you say during the meeting in court. Moreover, even if we wanted to take your deposition, because you are not a US citizen or resident in the US, we would need to follow very strict international and Thailand legal procedures in order to obtain your testimony involuntarily. Otherwise, unless you voluntarily agree, the parties in this lawsuit are not entitled to depose you. If we asked to voluntarily arrange your deposition, you could simply say that you decline.

Of course, Nomadix may try to arrange to take your deposition after you meet with us. They are similarly bound to abide by international law and the laws of Thailand.

Third, Nomadix lawyers will likely appear at this meeting. Nonetheless, we have advised Nomadix that this is Guest-Tek's meeting only, that Nomadix lawyers may only listen, and its lawyers may not ask questions except to the extent needed to ensure that you do not disclose the legally protected substance of communications that are properly attorney-client privileged.

Fourth, neither I nor my law firm, BakerHostetler, represent you. We are appearing on behalf of our client Guest Tek only. Similarly, we are advised that Nomadix's lawyers, Knobbe Martens, do not represent you. To the extent that they may attempt to intervene during my meeting with you, they may do so only to protect Nomadix's attorney-client privileged information.

Fifth, even though this is an informal meeting, you may choose to have a lawyer present to represent you. Since it would be inappropriate for either Guest Tek or Nomadix to pay for any counsel that you may wish to have present,
you will need to arrange for payment of that counsel's fees, should you retain
one.

Sixth, if you wish to contact me either before or after the meeting, it is important to include Nomadix's lawyers on that communication. Likewise, if you
wish to contact Nomadix or its lawyers before or after the meeting, I'd appreciate it if you would let me know. Of course, if Nomadix or its lawyers reach out to you without notifying us, please let me know.

Seventh, Guest-Tek is not paying you, or compensating you, in any manner, for you to meet with me, and has not promised to do so. As I understand it, you have no financial or other interest in the outcome of this matter.

Please "Reply All" to this email.
Best regards,
Mike


Michael J. Swope
Partner

[cid:image001.jpg@01D3D1C3.B02FB1E0]

999 Third Avenue | Suite 3600
Seattle, WA 98104-4040
T +1.206.332.1386
M +1.206.313.0143

mswope@bakerlaw.com<mailto:mswope@bakerlaw.com<mailto:mswope@bakerlaw.com%3cmailto:mswope@bakerla
w.com<mailto:mswope@bakerlaw.com%3cmailto:mswope@bakerlaw.com%3cmailto:mswope@bakerlaw.com%3cmailt
o:mswope@bakerlaw.com>>>
bakerlaw.com<http://bakerlaw.com><http://bakerlaw.com<http://bakerlaw.com>><http://www.bakerlaw.com/<http:/
/www.bakerlaw.com/><http://www.bakerlaw.com/<http://www.bakerlaw.com/>>>
[cid:image002.jpg@01D3D1C3.B02FB1E0]<http://www.bakerlaw.com/FindLawyers.aspx?Lookup_By_Email=mswope<ht
tp://www.bakerlaw.com/FindLawyers.aspx?Lookup_By_Email=mswope><http://www.bakerlaw.com/FindLawyers.aspx?
Lookup_By_Email=mswope<http://www.bakerlaw.com/FindLawyers.aspx?Lookup_By_Email=mswope>>>[cid:image003
.jpg@01D3D1C3.B02FB1E0]<http://www.bakerlaw.com/vcards/mswope.vcf<http://www.bakerlaw.com/vcards/mswop
e.vcf<http://www.bakerlaw.com/vcards/mswope.vcf<http://www.bakerlaw.com/vcards/mswope.vcf>>>[cid:image004
.jpg@01D3D1C3.B02FB1E0]<https://www.linkedin.com/in/michael-swope-
488a2b13<https://www.linkedin.com/in/michael-swope-488a2b13><https://www.linkedin.com/in/michael-swope-
488a2b13<https://www.linkedin.com/in/michael-swope-488a2b13>>>

_____

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

> ---------------------------------------------
> Attachment: DI 194 - 2018-02-01 - Order on Nomadix's Motion for

ProtectiveOrder Pre....pdf
> MIME Type: application/pdf
> ---------------------------------------------

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

EXHIBIT "3"



**RAJAH & TANN**

TO BE OPENED BY
ADDRESSEE ONLY

PRIVATE &
CONFIDENTIAL



**Mr Charles Reed**

SENDER'S REF                    RECIPIENT'S REF                    DATE

RAJAH & TANN SINGAPORE LLP
9 Battery Road #25-01, Singapore 049910
www.rajahtannasia.com



# EXHIBIT "4"

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

















