Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alan G. Laquer (SBN 259257)
alan.laquer@knobbe.com
Alexander J. Martinez (SBN 293925)
alex.martinez@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
James F. Smith (SBN 313015)
james.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant. | Case No. CV16-08033 AB (FFMx) <br><br> **NOMADIX'S *EX PARTE* APPLICATION FOR ORDER STRIKING MOTION FILED IN VIOLATION OF STAY ORDER** <br><br> Honorable Frederick F. Mumm |

On April 18, 2018, Judge Birotte stayed this case for 120 days. (Dkt. No. 284.) Judge Birotte stayed the case at Defendant Guest-Tek Interactive Entertainment's request. (*Id.*) After business hours on June 5, 2018, Guest-Tek moved to dissolve a protective order in this case. Guest-Tek's June 5 motion violates Judge Birotte's April 18 order staying the case. The Court should therefore strike the motion.

**A.  The case is presently stayed at Guest-Tek's request**

In mid-March, Guest-Tek moved to stay this case pending the resolution of a New York state-court case involving Nomadix. (Dkt. No. 241.) Guest-Tek emphatically argued that, without a stay, discovery would continue and, as a result, Guest-Tek would supposedly suffer severe prejudice. (*E.g.*, *id.* at 7, 9.) A month later, Judge Birotte granted Guest-Tek's motion in part. (Dkt. No. 284.) Though Judge Birotte declined to stay the case indefinitely and instead limited the stay to 120 days, he stayed the case in its entirety, as Guest-Tek requested. (*Id.*)

As neither party has requested to lift the stay, the case remains stayed in its entirety.

**B.  Despite the stay it had requested and obtained, Guest-Tek insisted on meeting with Charles Reed during the stay, forcing Nomadix to travel to Thailand during the stay to protect its privilege**

In February 2018, the Court granted Nomadix a protective order limiting Guest-Tek's communications with Charles Reed, who had served on Nomadix's Board of Directors for over seven years and during that time was privy to much privileged information, including privileged information concerning Guest-Tek. The Court ordered in part: "Guest-Tek's attorneys, employees, or representatives shall not communicate with, or otherwise have contact with, Mr. Reed on any topic relating to Nomadix unless Nomadix's attorneys are present." (Dkt. No. 194.)

On April 11, 2018, via e-mail on which Nomadix was copied, Guest-Tek's counsel arranged to meet with Mr. Reed on May 3 in Bangkok, Thailand.

(Appendix at 9–10.) A week later, Judge Birotte stayed the case. Though the stay order is dated April 18, it did not appear on the docket until April 19. On April 20, Nomadix conferred with Guest-Tek to confirm that Guest-Tek would call off the meeting with Mr. Reed in view of the stay it had successfully obtained. Guest-Tek refused and insisted on proceeding with the meeting. Nomadix expressed disappointment at Guest-Tek's position, particularly because Mr. Reed had raised the possibility of meeting in the United States in August, the same month the stay was scheduled to lift.

When Guest-Tek insisted on proceeding despite the stay, Nomadix's attorneys flew to Thailand. On May 3, the parties met with Mr. Reed in Bangkok as scheduled. Guest-Tek chose to end the meeting after approximately forty-five minutes. Mr. Reed did not refuse to answer any questions Guest-Tek asked.

### C. Guest-Tek files its June 5 motion in violation of the April 18 stay order

On May 10, Guest-Tek notified Nomadix it intended to file a motion to modify the protective order limiting its contact with Mr. Reed. Guest-Tek stated it believed it had already satisfied Local Rule 37-1's requirement that counsel confer on discovery motions; but to the extent Nomadix believed such a conference was necessary, Guest-Tek requested a conference. Nomadix explained that the case was stayed and that it was therefore improper for Guest-Tek to file the type of discovery motion it was contemplating or demand conferences of counsel on such a motion. (See Appendix at 1.) Nomadix agreed to confer with Guest-Tek when the stay was lifted. (*Id.*)

Guest-Tek did not respond. Nearly a month later, on June 5, Guest-Tek filed its motion to dissolve the protective order. (Dkt. No. 288.)

### D. The Court should strike Guest-Tek's motion as a violation of the April 18 stay order

Judge Birotte's April 18 order stayed the case in its entirety. Even setting aside Guest-Tek's improper insistence on proceeding with the May 3 meeting in Thailand, Guest-Tek's June 5 motion was a violation of the stay order. The Court should therefore strike the motion. *Cf. Trustees of Teamsters Union No. 142 Pension Tr. v. Cathie's Cartage, Inc.*, No. 2:11-cv-00374, 2014 WL 1117447, at *1 (N.D. Ind. Mar. 20, 2014) (striking claims and defenses brought by defendant as to whom case was stayed); *Kiskadee Commc'ns (Bermuda), Ltd. v. Father*, No. 10-cv-05277, 2011 WL 5085284, at *1 (N.D. Cal. Oct. 26, 2011) (subpoena issued while case was stayed was improper; party ordered to withdraw subpoena).

Guest-Tek set the hearing on its motion for July 3, 2018. Nomadix's opposition is therefore ostensibly due in six days, on June 12, 2018. Without *ex parte* relief striking Guest-Tek's motion, Nomadix will be forced to either (1) respect the stay order but risk conceding Guest-Tek's motion as unopposed or (2) oppose Guest-Tek's motion while the case is stayed.

As one would expect, Guest-Tek has stopped providing discovery while the case has been stayed. Similarly, Guest-Tek has postponed conferences of counsel that Nomadix requested shortly before the stay went into effect. Guest-Tek has never taken the position that some emergency requires the Court and Nomadix to devote immediate attention to Guest-Tek's June 5 motion to dissolve the protective order, and Guest-Tek has made no showing why the Court should take the motion up while the case is stayed. In a footnote, Guest-Tek argues that its motion is not subject to the stay because it supposedly concerns only "non-discovery communications." (Dkt. No. 288 at 2 n.1.) Never mind that Guest-Tek itself has argued that it "should be permitted to conduct its *discovery* of Mr. Reed in any manner it chooses." (Dkt No. 259 at 7 (emphasis added).) In any event, the correct question is not whether Guest-Tek's motion concerns discovery but whether

Guest-Tek is forcing Nomadix to litigate substantive issues in the case before the stay has been lifted. Guest-Tek's attitude is clear: when Nomadix seeks to advance its case, Guest-Tek may rely on the stay order to prevent Nomadix from doing so; but when Guest-Tek seeks relief, the stay order is merely a suggestion that may be ignored.

The Court should strike Guest-Tek's June 5 motion.

**E.     Guest-Tek likely opposes**

Nomadix has advised Guest-Tek that it would be seeking *ex parte* relief today. Guest-Tek did not immediately respond, but based on Nomadix's May 14 warning that Guest-Tek's motion was improper in view of the stay, Nomadix expects Guest-Tek opposes this application. Guest-Tek's lead counsel can be reached as follows:

> Steven Rocci
> Baker & Hostetler LLP
> 2929 Arch Street
> Cira Centre, 12th Floor
> Philadelphia, PA 19104-2891
> 215-568-3100
> srocci@bakerlaw.com

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 6, 2018

/s/ *Mark Lezama*
Douglas G. Muehlhauser
Mark Lezama
Alan G. Laquer
Alexander J. Martinez
Justin J. Gillett
James F. Smith

Attorneys for Plaintiff
NOMADIX, INC.

# APPENDIX

| | |
|---|---|
| **From:** | Alan.Laquer |
| **Sent:** | Monday, May 14, 2018 4:23 PM |
| **To:** | Bovard, Kevin M. |
| **Cc:** | Swope, Michael; Guest-TekCA; Mark.Lezama; Nomadix.Guest-Tek |
| **Subject:** | RE: Meeting Request -- Nomadix v. Guest-Tek |

Kevin,

We disagree with Guest-Tek's characterizations of events, as well as Guest-Tek's arguments and proposed course of action.

As an initial matter, the Court stayed the case at Guest-Tek's request. When the stay is lifted, Nomadix will make itself available for the necessary conference of counsel. But until the stay is lifted, it is inappropriate for Guest-Tek to file the type of discovery motion it is contemplating or to demand conferences of counsel for such a motion.

Nomadix was well within its rights to bring Mr. Hughes to the meeting on May 3. The Court prohibited Guest-Tek from conducting the meeting it sought with Mr. Reed unless Nomadix's attorneys were present. The Court's order did not limit Nomadix to specific attorneys that could attend the meeting. Nor did it require Nomadix to identify any attorneys in advance.

Although it had no obligation to do so, Nomadix informed Guest-Tek on April 24 that Mr. Hughes and I would attend the meeting on May 3 in Bangkok. Your characterization that Nomadix communicated this information only "days before the meeting" is misleading. Moreover, in that same April 24 e-mail, I reminded Mike Swope that, during an April 20 phone call, I had explained Nomadix's position that it was inappropriate for Guest-Tek to force Nomadix to travel to Bangkok for a meeting with Mr. Reed after Guest-Tek had obtained a stay of the case, particularly as Mr. Reed had indicated he might be available in August when traveling to the United States. Guest-Tek then corresponded with both Mr. Reed and Nomadix over the next week regarding Mr. Hughes's attendance. To the extent it is appropriate to raise these issues with the Court now, after the meeting and with the case stayed, Guest-Tek had plenty of opportunity to address Mr. Hughes's attendance before all parties incurred the expense of meeting in Bangkok.

We disagree with Guest-Tek's contention that, since I was going to attend the meeting, there was no legitimate purpose for Mr. Hughes to attend as well. You chose to send your e-mail in reply to Mike Swope's May 1 e-mail, ignoring Mark Lezama's responsive May 2 e-mail, which addresses this point. For your convenience, I've reproduced Mark's May 2 e-mail at the bottom of this e-mail. As Mark explained, Mr. Hughes had numerous privileged discussions with Mr. Reed but without outside counsel, and Mr. Hughes is therefore in a unique position to determine what topics are likely to elicit discussion of privileged and confidential information. I will add that, leading up to the May 3 meeting, Guest-Tek repeatedly emphasized that it would be "Guest-Tek's" meeting, not Nomadix's, and that Nomadix's attendees should not interject or ask questions and would be there only to observe. Although Nomadix explained its view, including that it might need to interject to raise issues of privilege, Nomadix took Guest-Tek's views into consideration and had planned to interrupt as little as possible. Kelly Hughes's presence at any meeting with Mr. Reed is critical to minimize interruptions and questioning of Mr. Reed by Nomadix that would be necessary to determine whether a line of questioning by Guest-Tek is likely to elicit privileged and confidential information.

You fail to mention in your e-mail that it was not Mr. Reed but Guest-Tek who cut short the meeting after everyone had traveled to Bangkok and shown up at the Bangkok Intercontinental Hotel. While Mr. Reed initially asked whether Mr. Hughes would agree to leave, when he learned that Mr. Hughes would not leave, Mr. Reed began asking questions showing that he expected the meeting to continue. For example, Mr. Reed asked whether Mr. Hughes would agree to step out of the conference room at (unspecified) times, or whether Mr. Hughes would agree not to use anything he

heard Mr. Reed say against Mr. Reed in the future. But it was Guest-Tek's counsel, Mike Swope, who terminated the meeting around 10:45 a.m., and after all relevant parties had met in the hotel lobby.

Guest-Tek's allegations of obstruction, harassment, and intimidation are baseless. Mr. Reed showed up to meet with Guest-Tek. He did not refuse to answer any questions that Guest-Tek asked. Mr. Reed did make plain that he did not want to speak about some unspecified topics in front of Mr. Hughes—but not because he was intimidated by Mr. Hughes. Instead, Mr. Reed had a specific strategic objective in mind: for some reason he did not want Mr. Hughes to be a percipient witness who could later testify with personal knowledge about what Mr. Reed had said. Mr. Reed is of course under no obligation to meet with Guest-Tek at all, so if he had chosen not to answer certain questions or had cut the meeting short because he preferred not to have percipient witnesses to his statements, he would have been free to do so. But (1) it was Guest-Tek who ended the meeting (apparently early) and (2) Mr. Reed's interest in avoiding percipient witnesses is not a legitimate ground for Guest-Tek to object to Mr. Hughes's presence, much less for Guest-Tek to level accusations of obstruction, harassment, and intimidation.

Not only did Mr. Hughes and Nomadix do nothing to intimidate or harass Mr. Reed, Mr. Reed brought an entourage to accompany him, consisting of individuals he identified as his personal attorney, a Thai judge, and a Thai police major. He had significant representation, and there is no reasonable argument that the presence of Nomadix's General Counsel, Mr. Hughes, somehow constituted obstruction, harassment, or intimidation.

You are correct that I attempted to deliver a letter to Mr. Reed, but you provide no context. After Mr. Reed asked whether Nomadix would surrender legal rights and agree not to use anything he said during the meeting against him under any circumstance, I told him no and explained I had a letter that would more fully answer his questions. The letter simply clarified that Nomadix's presence at the meeting did not mean that Nomadix consented to the meeting or to Mr. Reed sharing any information with Guest-Tek and that Nomadix reserved all its rights. Mr. Reed chose not to take the letter and instructed his attorney not to take it either. Since Nomadix could not deliver the letter to Mr. Reed, it would have been inappropriate to provide Guest-Tek with the copy I had on hand for Guest-Tek. Rajah & Tann is likely to attempt again to provide the letter to Mr. Reed and his attorney. If and when they succeed, Nomadix will provide Guest-Tek its copy.

Guest-Tek met with Mr. Reed for nearly an hour. Guest-Tek chose to terminate the meeting, apparently cutting it short, after Mr. Hughes and I traveled to Bangkok for the meeting, and after knowing for more than a week that we would be attending. Nothing that Nomadix did was inappropriate. If Guest-Tek proceeds with its anticipated motion while the case is stayed, continues to make misrepresentations to the Court about Nomadix's positions or actions, or presents facts in a misleading way, Nomadix will seek sanctions.

Best regards,
Alan

**Alan Laquer**
Partner

949-721-5285  Direct

**Knobbe Martens**


[May 2 e-mail from Mark Lezama to Michael Swope]

> Mike,
>
> You mischaracterize Nomadix's positions, and we disagree with your arguments. Let me respond to just a few of your points.
>
> Despite agreeing not to do so, Guest-Tek solicited and obtained Mr. Reed's recollection of confidential and privileged communications, asked Mr. Reed to put that recollection in a sworn declaration, and then filed that

2

declaration publicly. Based on those and other facts, the Court found good cause to prohibit Guest-Tek from communicating with Mr. Reed on any topic relating to Nomadix outside of the presence of Nomadix's attorneys.

Mr. Reed may prefer to limit his interactions with Mr. Hughes, but it does not follow, as you suggest, that Mr. Hughes's presence at the meeting would serve no legitimate purpose. In his capacity as Nomadix's General Counsel, Mr. Hughes had numerous privileged discussions with Mr. Reed but without outside counsel, and Mr. Hughes is therefore in a unique position to determine what topics are likely to elicit discussion of privileged and confidential information. Guest-Tek has no basis for objecting to Mr. Hughes's presence, and your accusations of intimidation and provocation are unfounded. It is worth noting that Mr. Reed stated his purported objection to Mr. Hughes only after you pointedly asked him whether Mr. Hughes's presence would somehow "impede or inhibit" the meeting.

Contrary to what you suggest, Nomadix has never attempted to circumvent the protective order that Judge Mumm entered. First, the order limits only what Guest-Tek can do and does not require Nomadix to do anything, so there is nothing for Nomadix to circumvent. Second, you assert that, "[w]hen Guest-Tek advised Nomadix that it was going to interview Mr. Reed, Nomadix interfered, arguing that Guest-Tek could only speak with him through a deposition"; but that assertion is false. Guest-Tek's representation to the Court to the same effect was a misrepresentation. Let's be clear about what actually happened. Guest-Tek asked Nomadix to coordinate an in-person meeting with Mr. Reed in Asia. Nomadix believed that a deposition would suffice for Guest-Tek to obtain the information it claimed to need from Mr. Reed and that it would be unduly burdensome to incur the expense of traveling to Asia every time Guest-Tek wished to simply speak with Mr. Reed off the record. Based on a line of questioning at the hearing on the protective order, it appeared to Nomadix that the Court would agree. As a result, Nomadix's position was that a deposition would suffice and that it was offering to reach out to Mr. Reed to coordinate a deposition but that it did not agree to reach out to Mr. Reed to coordinate an off-the-record meeting in Asia. Nomadix never took the position that the Court had ordered Guest-Tek to limit its contact with Mr. Reed to a deposition; that was a position Guest-Tek repeatedly misattributed to Nomadix. Nor did Nomadix ever interfere with Guest-Tek's ability to reach out to Mr. Reed to inquire about his availability for a meeting. Guest-Tek chose to e-mail Mr. Reed in April—but unless Guest-Tek's e-mail correspondence with Mr. Reed in April violated the Court's order, Guest-Tek was free to have begun that correspondence in February.

Mr. Reed has stated a preference to not having Mr. Hughes at the May 3 meeting, but he has not said he will not attend the May 3 meeting. In any event, Mr. Reed is under no obligation to meet with Guest-Tek, and if he ultimately chooses not to speak with Guest-Tek because he is unwilling to do so in front of Mr. Hughes, that is out of Nomadix's control. He could have just as easily decided not to speak with Guest-Tek after learning that any Nomadix attorney would be present. Likewise, Nomadix cannot control whether Guest-Tek chooses not to go through with the meeting with Mr. Reed on May 3. But in either event, Nomadix will not have done anything to prevent Guest-Tek from meeting with Mr. Reed.

By now, all parties have traveled and made arrangements to be in Bangkok for this meeting. We suggest you do not cancel the meeting or insinuate to Mr. Reed that he should do so.

Best regards,

Mark

**Mark Lezama**
Partner
mark.lezama@knobbe.com

949-721-5362 **Direct**

Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/mark-lezama

3

**From:** Bovard, Kevin M. <KBovard@bakerlaw.com>
**Sent:** Monday, May 14, 2018 2:33 PM
**To:** Alan.Laquer <Alan.Laquer@knobbe.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Swope, Michael <MSwope@bakerlaw.com>; Guest-TekCA <Guest-TekCA@bakerlaw.com>
**Subject:** RE: Meeting Request -- Nomadix v. Guest-Tek

Alan,

As noted, we do not believe a further conference of counsel is required before moving to modify the Protective Order. Last week I proposed three times to confer if you felt it necessary, but you never responded. If you believe a conference is required, please let us know by tomorrow. Otherwise, we will plan on filing our motion and calendaring it for Judge Mumm's next available hearing date.

Regards,
Kevin

**From:** Bovard, Kevin M.
**Sent:** Thursday, May 10, 2018 4:47 PM
**To:** Alan.Laquer <Alan.Laquer@knobbe.com>
**Cc:** Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Mark.Lezama <Mark.Lezama@knobbe.com>; Swope, Michael <MSwope@bakerlaw.com>; Guest-TekCA <Guest-TekCA@bakerlaw.com>
**Subject:** RE: Meeting Request -- Nomadix v. Guest-Tek

Alan,

Guest-Tek intends to file a motion to modify the Protective Order on communications with Charles Reed.

Mike Swope flew to Thailand to meet with Mr. Reed last week, and I understand that you were also present for the meeting in accordance with the Protective Order. As Mike summarized below, days before the meeting, Nomadix informed Guest-Tek that in addition to your attendance at the meeting, you also intended to bring Nomadix's general counsel, Kelly Hughes. Mr. Hughes of course had a previous relationship with Mr. Reed – and Mr. Reed strongly objected to Mr. Hughes' presence because it would make him uncomfortable.

Despite Mr. Reed's objections, you nevertheless refused to allow Guest-Tek's attorneys to meet with Mr. Reed unless Mr. Hughes was present. You then attempted to deliver a sealed document to Mr. Reed, which he refused to accept. These actions were clearly done to obstruct Guest-Tek and harass Mr. Reed. You took these actions even though you were present in Thailand and are more than capable of identifying and protecting communications protected by the attorney-client privilege, which was the stated purpose of the Protective Order. As you know, Mr. Reed never objected to *your* being present at the meeting, but only objected—strongly—to the presence of Mr. Hughes because of their past relationship.

In light of Nomadix's actions, we will ask the Court to modify the protective order so that Guest-Tek may meet with Mr. Reed without his having to be intimidated by Mr. Hughes or anyone else from Nomadix. This will be the third time we have had to go to Judge Mumm on these issues. In view of Nomadix's vexatious tactics, we will also be seeking sanctions. So that we—and the Court—may understand the full scope of your actions, please provide us a copy of the document(s) you tried to deliver to Mr. Reed.

As you know, Judge Mumm previously invited further motion practice in the event Nomadix proved uncooperative in allowing Guest-Tek to meet with Mr. Reed. ("[T]to the extent plaintiff has proved or proves to be uncooperative, the Court will entertain a motion to amend the order to provide that defendant must only give reasonable notice to plaintiff for any such meeting."). Given Judge Mumm's Order and our multiple previous communications on these topics, we do not believe a further conference of counsel is required. Nevertheless, to the extent you believe a conference is required by L.R. 37-1, we request such a conference. I am available Monday, Tuesday, or Wednesday at 4pm Eastern next week. Please let me know if you are available to confer at one of these times.

Regards,
Kevin

**From:** Swope, Michael [mailto:MSwope@bakerlaw.com]
**Sent:** Tuesday, May 1, 2018 12:16 PM
**To:** Alan.Laquer <Alan.Laquer@knobbe.com>
**Cc:** Guest-TekCA <Guest-TekCA@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>
**Subject:** Re: Meeting Request -- Nomadix v. Guest-Tek

    Alan,

The rationale that Nomadix has put forward for justifying Mr. Hughes's presence is contrived and lacks merit. By your reasoning, Nomadix's outside counsel is incapable of assessing when a conversation may turn to privileged matters. Surely, that isn't the case.

    In any event, this is Guest-Tek's interview of a third party, and Guest-Tek is entitled to proceed unfettered by Nomadix or its counsel, except to advise Mr. Reed that he should not reveal privileged communications. Nomadix's outside counsel is clearly capable of doing that. Since neither Nomadix's outside counsel nor Mr. Hughes will be permitted to ask questions or to advise Mr. Reed not to answer questions, Mr. Hughes presence is not needed. Clearly, and especially in view of Mr. Reed's e-mail of yesterday, stating that he did not want Mr. Hughes in the room, Mr. Hughes presence can only serve as an attempt to intimidate Mr. Reed, make him uncomfortable, and/or to evoke some emotion from him. While that might be an appropriate in a deposition or in a court room, it is inappropriate this setting. This is Guest-Tek's interview.

    You state that Mr. Hughes is already on his way to Bangkok. That is a problem of Mr. Hughes' own making since Nomadix and Mr. Hughes have known of Guest-Tek's position before he left. You never mentioned that Mr. Hughes would attend until the last days moment. Telephonically, you indicated to me that you would attend for Nomadix and never mentioned Mr. Hughes. Moreover, In spite of our notice to you regarding Mr. Hughes, he chose to travel anyway.

Nomadix has been attempting to circumvent Judge Mumm's Order since the day it issued. When Guest-Tek advised Nomadix that it was going to interview Mr. Reed, Nomadix interfered, arguing that Guest-Tek could only speak with him through a deposition. Judge Mumm rejected that notion in his minute order. Then, Nomadix improperly attempted to tie our interview to Mr. Reed's deposition the day after the interview. Now, Nomadix very belatedly states that Mr. Hughes must attend the interview despite Mr. Reed's discomfort.

Guest-Tek may choose not to proceed with the interview if Nomadix persists in its position that Mr. Hughes must be present. Either way, in accordance with Judge Mumm's minute order, Guest-Tek will request a modification of Judge Mumm's order to allow Guest-Tek to interview Mr. Reed after providing notice to Nomadix. If needed, Guest-Tek will reschedule this interview.

Regards,

Mike

Sent from my iPhone

On May 1, 2018, at 8:55 AM, Alan.Laquer <Alan.Laquer@knobbe.com> wrote:

> Mike,
>
> Mr. Hughes has been Nomadix's General Counsel for several years. Throughout Mr. Reed's tenure with Nomadix, Mr. Hughes provided legal advice to Mr. Reed continuously. Many of the privileged communications Mr. Reed was privy to involved only Mr. Hughes and not outside counsel. Of Nomadix's attorneys, Mr. Hughes has the greatest knowledge of the scope and content of Nomadix's privileged and confidential information that Mr. Reed has. Nomadix needs Mr. Hughes to attend any meeting between Guest-Tek and Mr. Reed to safeguard against disclosure of its confidential and privileged information. The Court has prohibited Guest-Tek from meeting with Mr. Reed as planned unless Nomadix's attorneys are present. Mr. Hughes is a Nomadix attorney and he will be present for the May 3 meeting. Mr. Hughes has already begun traveling to Bangkok for the meeting, which Guest-Tek insisted on conducting during the stay.
>
> Best regards,
> Alan
>
> **Alan Laquer**
> Partner
>
> 949-721-5285  Direct
>
> **Knobbe Martens**

From: Swope, Michael [mailto:MSwope@bakerlaw.com]
Sent: Tuesday, May 01, 2018 7:00 AM
To: Alan.Laquer <Alan.Laquer@knobbe.com>
Cc: Guest-TekCA <Guest-TekCA@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-

6

Tek@knobbe.com>
**Subject:** FW: RE: Meeting Request -- Nomadix v. Guest-Tek

Alan,

In light of Mr. Reed's request, please let us know by 9 AM tomorrow morning PT whether you intend to bring Mr. Hughes. If you do intend to bring Mr. Hughes in view of this, we will consider filing a motion with the court.

Best regards,
Mike

-----Original Message-----
From: <charles_reed@usa.net>
Sent: Monday, April 30, 2018 4:51 PM
To: Swope, Michael <MSwope@bakerlaw.com>
Cc: Guest-TekCA <Guest-TekCA@bakerlaw.com>; Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>; Justin.Gillett <Justin.Gillett@knobbe.com>
Subject: Re: RE: Meeting Request -- Nomadix v. Guest-Tek


Michael,

I have been thinking further and discussed this my lawyer.

My last conversation with Kelly Hughes when I left interTouch was that our friendship was no longer and that I will never speak to him again. This was the result of his actions during the sale of interTouch and Nomadix.

I object to Mr Hughes attending the meeting.

Regards

Charles

------ Original Message ------
Received: 08:55 AM +08, 04/27/2018
From: "Swope, Michael" <MSwope@bakerlaw.com>
To: "charles_reed@usa.net" <charles_reed@usa.net> Cc: Guest-TekCA <Guest-TekCA@bakerlaw.com>,   "Nomadix.Guest-Tek" <Nomadix.Guest-Tek@knobbe.com>,   "Justin.Gillett" <Justin.Gillett@knobbe.com>
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Dear Charles,

Room availability at the Grande Hyatt necessitated a change to our meeting location. Although I thought that we had a reservation at the Grande Hyatt, I learned that we were merely waitlisted. Consequently, I changed to a meeting room at the Intercontinental Bangkok Hotel:
https://www.ihg.com/intercontinental/hotels/us/en/bangkok/bkkhb/hoteldetail.
It's very close to the Grande Hyatt. Please confirm that the new location is

7

acceptable to you. The meeting time is the same, 10 AM.

On a related note, counsel for Nomadix very recently informed me that they intend to have Mr. Kelley Hughes attend the meeting along with Mr. Laquer. I know that you and Mr. Hughes are former colleagues. Therefore, please let me know if you believe that Mr. Hughes' presence would in any way impede or inhibit our meeting.

Best regards,
Mike

-----Original Message-----
From: charles_reed@usa.net
Sent: Tuesday, April 17, 2018 7:00 PM
To: Swope, Michael ; charles_reed@usa.net
Cc: Guest-TekCA ; Nomadix.Guest-Tek ; Justin.Gillett
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Hi Mike

10am is fine.

I suggest Grande Erawan Hyatt to meet. I will be bringing 4 pax with me so 5 in total.

Regards


Charles

------ Original Message ------
Received: Tue, 17 Apr 2018 04:50:22 AM +08
From: "Swope, Michael"
To: "charles_reed@usa.net" Cc: Guest-TekCA
, "Nomadix.Guest-Tek"
, "Justin.Gillett"

Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

Thank you for your reply.

Can you please suggest an area of Bangkok that is convenient for you to attend
the meeting? Based on that I will locate a facility with a meeting room and
let you know the location. Regarding the time of the meeting, I suggest 10 am
if that's convenient for you. If not, I can adjust my schedule accordingly.

Best regards,

8

Mike

-----Original Message-----
From: charles_reed@usa.net
Sent: Wednesday, April 11, 2018 9:02 PM
To: Swope, Michael ; charles_reed@usa.net
Cc: Guest-TekCA ; Nomadix.Guest-Tek
; Justin.Gillett
Subject: Re: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr Swope,

I am available on the 3rd of May 2018 in Bangkok.

First, I understand I am under no obligation whatsoever to meet with you.

Second, I understand this is not a deposition, but merely an informal meeting.

Third, I understand Nomadix lawyers may appear at this meeting.

Fourth, neither you nor your law firm, BakerHostetler, represents me.

Fifth, I may bring a lawyer or other persons to this meeting.

Sixth, I note your point on contacting you and Nomadix at the same time. I have done so with this email.

Seventh, I confirm Guest-Tek is not paying me, or compensating me, in any manner, for this meeting, and has not promised to do so.

Best regards

Charles Reed

------ Original Message ------
Received: Thu, 12 Apr 2018 09:35:13 AM +08
From: "Swope, Michael"
To: "charles_reed@usa.net" Cc: Guest-TekCA
, "Nomadix.Guest-Tek"
, "Justin.Gillett"

Subject: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

I write to request that you meet with me in Bangkok on May 3rd or 4th, 2018. If you are available on either day, I will arrange for a meeting in a location convenient for you.

As you know, I represent Guest Tek Interactive Entertainment Ltd. As you are also aware, Nomadix sued Guest-Tek in October, 2016 in U.S. federal court in California. In that lawsuit, Nomadix has alleged that Guest-Tek breached the 2010 License Agreement between Nomadix and Guest-Tek by allegedly underpaying royalties that Nomadix asserts should have been paid.

In general, the focus of the meeting will be on any discussions that you may have had with Guest-Tek's CEO, Arnon Levy, regarding the License Agreement. If we meet, I do not seek and request that you do not reveal to me any discussions that you have had with lawyers for Nomadix.

I am aware that, in July, 2016, you received a letter from the law firm of Rajah & Tann, written on behalf of Intertouch Pte. Ltd., directing you not to speak with Guest Tek or its lawyers regarding Nomadix. However, Guest-Tek has received approval from the federal Magistrate Judge overseeing the above mentioned lawsuit to meet and speak with you, provided that Nomadix is given an opportunity to be present. I have attached a copy of the Magistrate Judge's Order for your review. Nomadix is aware that we are reaching out to you and we have copied Nomadix's lawyers on this e-mail.

Assuming that you will agree to meet with me, there are a few important points of which you should be aware.

First, you are under no obligation whatsoever to meet with me. Your meeting with me would be completely voluntary, and there are no consequences if you choose not to meet me. Moreover, should you choose to meet with me, you may terminate or leave the meeting at any time that you wish and for any reason.

Second, this is not a deposition, but merely an informal meeting. The meeting will not be recorded. No court reporter will be present and Guest-Tek will not attempt to use anything you say during the meeting in court. Moreover, even if we wanted to take your deposition, because you are not a US citizen or resident in the US, we would need to follow very strict international and Thailand legal procedures in order to obtain your testimony involuntarily. Otherwise, unless you voluntarily agree, the parties in this lawsuit are not entitled to depose you. If we asked to voluntarily arrange your deposition, you could simply say that you decline.

Of course, Nomadix may try to arrange to take your deposition after you meet with us. They are similarly bound to abide by international law and the laws

10

of Thailand.

Third, Nomadix lawyers will likely appear at this meeting. Nonetheless, we have advised Nomadix that this is Guest-Tek's meeting only, that Nomadix lawyers may only listen, and its lawyers may not ask questions except to the extent needed to ensure that you do not disclose the legally protected substance of communications that are properly attorney-client privileged.

Fourth, neither I nor my law firm, BakerHostetler, represent you. We are appearing on behalf of our client Guest Tek only. Similarly, we are advised that Nomadix's lawyers, Knobbe Martens, do not represent you. To the extent that they may attempt to intervene during my meeting with you, they may do so only to protect Nomadix's attorney-client privileged information.

Fifth, even though this is an informal meeting, you may choose to have a lawyer present to represent you. Since it would be inappropriate for either Guest Tek or Nomadix to pay for any counsel that you may wish to have present,
you will need to arrange for payment of that counsel's fees, should you retain
one.

Sixth, if you wish to contact me either before or after the meeting, it is important to include Nomadix's lawyers on that communication. Likewise, if you
wish to contact Nomadix or its lawyers before or after the meeting, I'd appreciate it if you would let me know. Of course, if Nomadix or its lawyers reach out to you without notifying us, please let me know.

Seventh, Guest-Tek is not paying you, or compensating you, in any manner, for you to meet with me, and has not promised to do so. As I understand it, you have no financial or other interest in the outcome of this matter.

Please "Reply All" to this email.
Best regards,
Mike


Michael J. Swope
Partner




[cid:image001.jpg@01D3D1C3.B02FB1E0]

999 Third Avenue | Suite 3600
Seattle, WA 98104-4040
T +1.206.332.1386

M +1.206.313.0143

[mswope@bakerlaw.com](mswope@bakerlaw.com)
[bakerlaw.com](bakerlaw.com)
[[cid:image002.jpg@01D3D1C3.B02FB1E0](cid:image002.jpg@01D3D1C3.B02FB1E0)][[cid:image003.jpg@01D3D1C3.B02FB1E0](cid:image003.jpg@01D3D1C3.B02FB1E0)][[cid:image004.jpg@01D3D1C3.B02FB1E0](cid:image004.jpg@01D3D1C3.B02FB1E0)]

_____

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,
confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.

> ---------------------------------------------
> Attachment: DI 194 - 2018-02-01 - Order on Nomadix's Motion for ProtectiveOrder Pre....pdf
> MIME Type: application/pdf
> ---------------------------------------------

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.