Steven J. Rocci (Admitted *Pro Hac Vice*)
Email: srocci@bakerlaw.com
Kevin M. Bovard, SBN 247521
Email: kbovard@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant/Counter-Claimant, <br><br> v. <br><br> NOMADIX, INC., <br><br> Counter-Defendant. | Case No.: 2:16-cv-08033-AB-FFM <br><br> [*Honorable Frederick F. Mumm*] <br><br> **GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S MEMORANDUM IN OPPOSITION TO NOMADIX, INC.'S *EX PARTE* APPLICATION (D.I. 289)** <br><br> Action Filed: 10/28/16 <br> Amended Complaint Filed: 03/23/17 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Michael J. Swope (Admitted *Pro Hac Vice*)
Email: mswope@bakerlaw.com
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone:   206.332.1379
Facsimile:   206.624.7317

Michael R. Matthias, SBN 57728
Email: mmatthias@bakerlaw.com
Joelle A. Berle, SBN 252532
Email: jberle@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

# MEMORANDUM IN OPPOSITION

The Court should deny Nomadix's *ex parte* application (D.I. 289) for an order striking Guest-Tek's motion (D.I. 288) to dissolve or modify the protective order governing its contact with third party Charles Reed.

## I. The stay order does not apply to informal third-party interviews.

Guest-Tek filed its motion because Nomadix is "interfering with [its] attempts to speak with Mr. Reed." (*Id.* at 3.)  Nomadix refused to confer on the motion before Guest-Tek filed it.  (D.I. 289, App'x at 1.)  Now, Nomadix refuses to respond to the motion because the Court entered an "April 18 order staying the case." (D.I. 289 at 1.)  But the stay order does not apply to Guest-Tek's attempted informal interview meetings with Mr. Reed, which had been scheduled to be, and will be, an off-the-record fact investigation. "**Courts generally do not consider . . . [a] stay to affect informal fact investigation or witness interviews.**" *Redus v. CSPH, Inc.*, No. 3:15-cv-2364, 2017 WL 2079807, at *6 (N.D. Tex. May 15, 2017) (collecting cases) (emphasis added).

Guest-Tek's attempted meetings with Mr. Reed are outside the scope of discovery in this litigation.  They are no different from informal fact investigations undertaken before the filing of a complaint or after discovery has closed.  But they are quite different from the inapposite authority and factual allegations that Nomadix relies upon, which involve bringing new claims and defenses, issuing a formal subpoena, and conducting formal discovery conferences.  (*See* D.I. 289 at 3.)  They also are quite different from the manner in which Nomadix has attempted to speak with Mr. Reed—through a formal deposition.  (Appendix at 1–2, April 11–18 Emails.)  To Guest-Tek's knowledge, Nomadix has never attempted to speak with Mr. Reed informally, which it could have attempted to do had it so chosen. Thus, Nomadix knows the difference between formal discovery (e.g., a deposition) and informal investigation (e.g., a meeting or interview).

The stay order does not preclude Guest-Tek from continuing its informal investigation into facts (or for that matter from having conversations with anyone it likes on any topic it likes), as long as its efforts do not require formal discovery or otherwise press forward in the *litigation*.  Guest-Tek's attempted meeting with Mr. Reed—which never went forward because of Nomadix's obstruction (D.I. 288 at 7)—is one such effort.

## II. No "substantive issues" are at stake.

Guest-Tek's motion does not "forc[e] Nomadix to litigate substantive issues in the case before the stay has been lifted." (D.I. 289 at 4.)  Guest-Tek's motion is, if anything, procedural in nature, and seeks to prevent Nomadix from interfering in Guest-Tek's off-the-record fact investigation.  Were it not for Nomadix's request that its attorney be present during the interview, this dispute would not have arisen.  Nomadix's own flaunting of the order it requested presents the procedural issue of whether to dissolve or modify the Reed protective order in light of Nomadix's conduct.  (D.I. 194 at 1.)  In fact, the Court has already rejected the notion that an informal meeting is in some way akin to formal discovery.  (*See* D.I. 260 at 1) (rejecting Nomadix's "interpret[ation of] Protective Order as precluding contact between [Guest-Tek] and Mr. Reed other than in a formal deposition setting").

## III. Nomadix's fact assertions are unsupported.

Nomadix's application states:

> When Guest-Tek insisted on proceeding despite the stay, Nomadix's attorneys flew to Thailand.  On May 3, the parties met with Mr. Reed in Bangkok as scheduled. Guest-Tek chose to end the meeting after approximately forty-five minutes. Mr. Reed did not refuse to answer any questions Guest Tek asked.

(D.I. 289 at 2.)  Nomadix does not state what it believes to be the import of this statement, which is misleading at best.  But it should be disregarded anyway.  Nomadix does not even attempt to support these statements—there is no declaration

or reference to any record evidence. They are simply attorney argument that should be given no weight.

Dated: June 7, 2018

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Joelle A. Berle*
Steven J. Rocci
Michael J. Swope
Kevin M. Bovard
Michael R. Matthias
Joelle A. Berle

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

- 3-

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S MEMORANDUM IN OPPOSITION
TO NOMADIX, INC.'S *EX PARTE* APPLICATION (D.I. 289)
CASE NO.: 2:16-CV-08033-AB-FFM

# APPENDIX

| | |
|---|---|
| **From:** | charles_reed@▮▮▮▮ |
| **Sent:** | Tuesday, April 17, 2018 10:29 PM |
| **To:** | Alan.Laquer; charles_reed@▮▮▮▮ |
| **Cc:** | Guest-TekCA; Swope, Michael; Nomadix.Guest-Tek; Justin.Gillett |
| **Subject:** | RE: Meeting Request -- Nomadix v. Guest-Tek |

Hi Alan,

I'm afraid the 4 May will not work for me as I am flying to the UK the next day.

Regards

Charles

------ Original Message ------
Received: Tue, 17 Apr 2018 09:15:18 AM +08
From: Alan.Laquer <Alan.Laquer@knobbe.com>
To: "charles_reed@▮▮▮▮" <charles_reed@▮▮▮▮>Cc: Guest-TekCA <Guest-TekCA@bakerlaw.com>, "'Swope, Michael'" <MSwope@bakerlaw.com>, Nomadix.Guest-Tek <Nomadix.Guest-Tek@knobbe.com>, Justin.Gillett <Justin.Gillett@knobbe.com>
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

As you know, I am an attorney for Nomadix.

Nomadix would like to take your deposition on topics including the Nomadix/Guest-Tek License Agreement, any discussions you might have had with Arnon Levy or others at Guest-Tek, and any other subject matter from the meeting mentioned by Mr. Swope. We suggest that the deposition occur the next day, May 4th, at whatever location in Bangkok is convenient for you. Such depositions are easily and conveniently permitted under Thai law. See https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Thailand.html ("Oral depositions or depositions on written questions may be taken by U.S. consular officers or by private attorneys from the United States or Thailand at the U.S. Embassy or at another location such as a hotel or office, either on notice or pursuant to a commission.")

Guest-Tek's attorneys would be invited to attend and participate in the deposition if they so choose. Nomadix would arrange for a court reporter to be present in order to administer the deposition oath under U.S. law and transcribe the deposition. As with Guest-Tek's proposal, the deposition proposed by Nomadix would be completely voluntary to you. And, you may of course choose to have a lawyer present to represent you.

Please confirm whether you will agree to the above, and please reply-all to
this email when providing that confirmation.

Best regards,
Alan

Alan Laquer
Partner
alan.laquer@knobbe.com<mailto:alan.laquer@knobbe.com>
949-721-5285 Direct
Knobbe Martens
2040 Main St., 14th Fl.
Irvine, CA 92614
www.knobbe.com/alan-laquer<http://www.knobbe.com/alan-laquer>

From: Swope, Michael [mailto:MSwope@bakerlaw.com]
Sent: Monday, April 16, 2018 1:50 PM
To: charles_reed@
Cc: Guest-TekCA <Guest-TekCA@bakerlaw.com>; Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com>; Justin.Gillett <Justin.Gillett@knobbe.com>
Subject: RE: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

Thank you for your reply.

Can you please suggest an area of Bangkok that is convenient for you to attend
the meeting? Based on that I will locate a facility with a meeting room and
let you know the location. Regarding the time of the meeting, I suggest 10 am
if that's convenient for you. If not, I can adjust my schedule accordingly.

Best regards,
Mike


-----Original Message-----
From: charles_reed@          <mailto:charles_reed@          >
<charles_reed@          <mailto:charles_reed@          >>
Sent: Wednesday, April 11, 2018 9:02 PM
To: Swope, Michael <MSwope@bakerlaw.com<mailto:MSwope@bakerlaw.com>>;
charles_reed@          <mailto:charles_reed@          >
Cc: Guest-TekCA <Guest-TekCA@bakerlaw.com<mailto:Guest-TekCA@bakerlaw.com>>;
Nomadix.Guest-Tek
<Nomadix.Guest-Tek@knobbe.com<mailto:Nomadix.Guest-Tek@knobbe.com>>;
Justin.Gillett <Justin.Gillett@knobbe.com<mailto:Justin.Gillett@knobbe.com>>
Subject: Re: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr Swope,

I am available on the 3rd of May 2018 in Bangkok.

First, I understand I am under no obligation whatsoever to meet with you.

2

Second, I understand this is not a deposition, but merely an informal meeting.

Third, I understand Nomadix lawyers may appear at this meeting.

Fourth, neither you nor your law firm, BakerHostetler, represents me.

Fifth, I may bring a lawyer or other persons to this meeting.

Sixth, I note your point on contacting you and Nomadix at the same time. I have done so with this email.

Seventh, I confirm Guest-Tek is not paying me, or compensating me, in any manner, for this meeting, and has not promised to do so.

Best regards

Charles Reed

------ Original Message ------
Received: Thu, 12 Apr 2018 09:35:13 AM +08
From: "Swope, Michael" <MSwope@bakerlaw.com<mailto:MSwope@bakerlaw.com>>
To: "charles_reed@▇▇▇▇<mailto:charles_reed@▇▇▇▇>"
<charles_reed@▇▇▇▇<mailto:charles_reed@▇▇▇▇>>Cc: Guest-TekCA
<Guest-TekCA@bakerlaw.com<mailto:Guest-TekCA@bakerlaw.com>>,
"Nomadix.Guest-Tek"
<Nomadix.Guest-Tek@knobbe.com<mailto:Nomadix.Guest-Tek@knobbe.com>>,
"Justin.Gillett"
<Justin.Gillett@knobbe.com<mailto:Justin.Gillett@knobbe.com>>
Subject: Meeting Request -- Nomadix v. Guest-Tek

Dear Mr. Reed,

I write to request that you meet with me in Bangkok on May 3rd or 4th, 2018. If you are available on either day, I will arrange for a meeting in a location convenient for you.

As you know, I represent Guest Tek Interactive Entertainment Ltd. As you are also aware, Nomadix sued Guest-Tek in October, 2016 in U.S. federal court in California. In that lawsuit, Nomadix has alleged that Guest-Tek breached the 2010 License Agreement between Nomadix and Guest-Tek by allegedly underpaying royalties that Nomadix asserts should have been paid.

In general, the focus of the meeting will be on any discussions that you may have had with Guest-Tek's CEO, Arnon Levy, regarding the License Agreement. If

we meet, I do not seek and request that you do not reveal to me any
discussions that you have had with lawyers for Nomadix.

I am aware that, in July, 2016, you received a letter from the law firm of
Rajah & Tann, written on behalf of Intertouch Pte. Ltd., directing you not to
speak with Guest Tek or its lawyers regarding Nomadix. However, Guest-Tek has
received approval from the federal Magistrate Judge overseeing the above
mentioned lawsuit to meet and speak with you, provided that Nomadix is given
an opportunity to be present. I have attached a copy of the Magistrate
Judge's
Order for your review. Nomadix is aware that we are reaching out to you and
we
have copied Nomadix's lawyers on this e-mail.

Assuming that you will agree to meet with me, there are a few important
points
of which you should be aware.

First, you are under no obligation whatsoever to meet with me. Your meeting
with me would be completely voluntary, and there are no consequences if you
choose not to meet me. Moreover, should you choose to meet with me, you may
terminate or leave the meeting at any time that you wish and for any reason.

Second, this is not a deposition, but merely an informal meeting. The meeting
will not be recorded. No court reporter will be present and Guest-Tek will
not
attempt to use anything you say during the meeting in court. Moreover, even
if we wanted to take your deposition, because you are not a US citizen or
resident in the US, we would need to follow very strict international and
Thailand legal procedures in order to obtain your testimony involuntarily.
Otherwise, unless you voluntarily agree, the parties in this lawsuit are not
entitled to depose you. If we asked to voluntarily arrange your deposition,
you could simply say that you decline.

Of course, Nomadix may try to arrange to take your deposition after you meet
with us. They are similarly bound to abide by international law and the laws
of Thailand.

Third, Nomadix lawyers will likely appear at this meeting. Nonetheless, we
have advised Nomadix that this is Guest-Tek's meeting only, that Nomadix
lawyers may only listen, and its lawyers may not ask questions except to the
extent needed to ensure that you do not disclose the legally protected
substance of communications that are properly attorney-client privileged.

Fourth, neither I nor my law firm, BakerHostetler, represent you. We are
appearing on behalf of our client Guest Tek only. Similarly, we are advised
that Nomadix's lawyers, Knobbe Martens, do not represent you. To the extent
that they may attempt to intervene during my meeting with you, they may do so
only to protect Nomadix's attorney-client privileged information.

Fifth, even though this is an informal meeting, you may choose to have a
lawyer present to represent you. Since it would be inappropriate for either

Guest Tek or Nomadix to pay for any counsel that you may wish to have
present,
you will need to arrange for payment of that counsel's fees, should you
retain
one.

Sixth, if you wish to contact me either before or after the meeting, it is
important to include Nomadix's lawyers on that communication. Likewise, if
you
wish to contact Nomadix or its lawyers before or after the meeting, I'd
appreciate it if you would let me know. Of course, if Nomadix or its lawyers
reach out to you without notifying us, please let me know.

Seventh, Guest-Tek is not paying you, or compensating you, in any manner, for
you to meet with me, and has not promised to do so. As I understand it, you
have no financial or other interest in the outcome of this matter.

Please "Reply All" to this email.
Best regards,
Mike


Michael J. Swope
Partner




[cid:image001.jpg@01D3D1C3.B02FB1E0]

999 Third Avenue | Suite 3600
Seattle, WA 98104-4040
T +1.206.332.1386
M +1.206.313.0143

mswope@bakerlaw.com<mailto:mswope@bakerlaw.com<mailto:mswope@bakerlaw.com%3cmailto:mswope@bakerlaw.com>>
bakerlaw.com<http://bakerlaw.com><http://www.bakerlaw.com/<http://www.bakerlaw.com/>>
[cid:image002.jpg@01D3D1C3.B02FB1E0]<http://www.bakerlaw.com/FindLawyers.aspx?Lookup_By_Email=mswope<http://www.bakerlaw.com/FindLawyers.aspx?Lookup_By_Email=mswope>>[cid:image003.jpg@01D3D1C3.B02FB1E0]<http://www.bakerlaw.com/vcards/mswope.vcf<http://www.bakerlaw.com/vcards/mswope.vcf>>[cid:image004.jpg@01D3D1C3.B02FB1E0]<https://www.linkedin.com/in/michael-swope-488a2b13<https://www.linkedin.com/in/michael-swope-488a2b13>>



_____

This email is intended only for the use of the party to which it is
addressed and may contain information that is privileged,

5

confidential, or protected by law. If you are not the intended
recipient you are hereby notified that any dissemination, copying
or distribution of this email or its contents is strictly prohibited.
If you have received this message in error, please notify us immediately
by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content
of this email is limited to the matters specifically addressed herein
and may not contain a full description of all relevant facts or a
complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of
inaccuracies as information could be intercepted, corrupted, lost,
destroyed, arrive late or incomplete, or contain viruses. Therefore,
we do not accept responsibility for any errors or omissions that are
present in this email, or any attachment, that have arisen as a result
of e-mail transmission.


> ---------------------------------------------
> Attachment: DI 194 - 2018-02-01 - Order on Nomadix's Motion for ProtectiveOrder Pre....pdf
> MIME Type: application/pdf
> ---------------------------------------------

NOTICE: This email message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all
copies of the original message.

6