# EXHIBIT B

1

```
 1
 2    NEW YORK STATE SUPREME COURT
      NEW YORK COUNTY : CIVIL TERM : PART 61
 3    ------------------------------------------------------X
      GATE WORLDWIDE HOLDINGS LLC,
 4
                        Plaintiff,
 5
            -against-
 6
      INTERTOUCH HOLDINGS LLC; ST HOLDINGS LLC;
 7    INTERTOUCH TOPCO LLC; AND NOMADIX, INC.,

 8                      Defendants.
      ------------------------------------------------------X
 9    Index No. 650026/2018

10

11    New York Supreme Court
      60 Centre Street
12    New York, New York 10007
      June 20, 2018
13

14
      B E F O R E:  HON. BARRY R. OSTRAGER
15                      Supreme Court Justice

16
      A P P E A R A N C E S:
17

18    ROBINSON & COLE LLP
      Attorneys for the Plaintiff
19    Chrysler East Building
      666 Third Avenue - 20th Floor
20    New York, New York  10017
      BY:    JOSEPH L. CLASEN, ESQ.
21    AND:   IAN T. CLARKE-FISHER, ESQ.

22
      FLEMMING, ZULACK, WILLIAMSON, ZAUDERER LLP
23    Attorneys for the Defendants
      One Liberty Plaza
24    New York, New York  10006
      BY:   CRAIG S. KESCH, ESQ.
25

26
```

FILED: NEW YORK COUNTY CLERK 06/26/2018 02:50 PM  INDEX NO. 650026/2018
NYSCEF DOC. NO. 86  RECEIVED NYSCEF: 06/26/2018
Case 2:16-cv-08033-AB-FFM   Document 295-2   Filed 07/02/18   Page 3 of 12   Page ID #:8964

2

```
 1
 2     A P P E A R A N C E S:   (Continued)
 3
 4     TONKON, TORP, LLP
       Attorneys for the Defendants
 5     1600 Pioneer Tower
       888 SW Fifth Avenue
 6     Portland, Oregon  97204
       BY:  CAROLINE HARRIS CROWNE, ESQ.
 7
 8
 9
10
                    Lori Ann Sacco
11                  Official Court Reporter
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

|   |   |
|---|---|
| 1 | PROCEEDINGS |
| 2 | THE COURT: All right. I've reviewed the |
| 3 | transcript of proceedings of May 31st and I've |
| 4 | reviewed the papers that were filed in advance of |
| 5 | May 31st as well as defendants' supplemental brief. |
| 6 | If I am to credit what is in the defendants' |
| 7 | supplemental brief, the defendants' claim to have |
| 8 | secured new financing. And the plaintiff, pursuant |
| 9 | to the Court's May 31st direction, has provided the |
| 10 | defendants with a copy of the purchase agreement. |
| 11 | Now, if the new financing has actually been |
| 12 | procured, I take it that the defendant has no |
| 13 | objection to the entry of summary judgment in favor |
| 14 | of the plaintiff at least with respect to the |
| 15 | principal amount of the note plus interest as of a |
| 16 | date in mid November of 2017. Is that correct? |
| 17 | MS. HARRIS CROWNE: Nearly correct. I have |
| 18 | three clarifications on that, if I may. First, we |
| 19 | seek, as part of determining that amount, a ruling |
| 20 | from the Court that upon payoff of the full amount, |
| 21 | whatever that may be, defendants redeem their rights |
| 22 | in all collateral, not subject to any claim |
| 23 | ownership, not subject to any reported licenses, |
| 24 | because we believe that to be crystal clear under the |
| 25 | UCC. If the Court were to -- |
| 26 | THE COURT: I'm familiar with the argument |

|   |   |
|---|---|
| 1 | PROCEEDINGS |
| 2 | and the position. I just want to be clear that the |
| 3 | defendant does not contest liability on the note |
| 4 | through -- in the principal amount together with |
| 5 | interest through a date in mid November 2017 that I |
| 6 | don't recall. That's a yes or no. |
| 7 | MS. HARRIS CROWNE: No. May I explain to the |
| 8 | Court? |
| 9 | THE COURT: I understand your position on |
| 10 | your counterclaim. |
| 11 | MS. HARRIS CROWNE: It's not our |
| 12 | counterclaim. Gate's position in the payoff letters |
| 13 | is that the payoff amount is reduced by the value of |
| 14 | the patents, because Gate has been claiming ownership |
| 15 | in patents. |
| 16 | THE COURT: I'm going to enter summary |
| 17 | judgment in your favor on the patent issue. Gate has |
| 18 | no right to the patents that belong to Nomadix. |
| 19 | MS. HARRIS CROWNE: Thank you. If the Court |
| 20 | is similarly inclined as to licenses, we entirely |
| 21 | agree that it is proper to enter an order of |
| 22 | liability as to the principal and that amount of |
| 23 | interest on the first claim against Intertouch, and |
| 24 | on the second claim except as to one of the |
| 25 | guarantors, because the security agreements provide |
| 26 | that -- |

|   |   |
|---|---|
| 1 | PROCEEDINGS |
| 2 | THE COURT:  That's ST Holdings LLC. |
| 3 | MS. HARRIS CROWNE:  Correct. |
| 4 | THE COURT:  Okay.  We're all on the same page |
| 5 | subject to what the plaintiff has to say. |
| 6 | MR. CLASEN:  Your Honor, I am not on the same |
| 7 | page as you granting summary judgment on the claim |
| 8 | that we don't own the patents. |
| 9 | THE COURT:  You don't own the patents.  It's |
| 10 | pretty clear under the UCC that they have the right |
| 11 | to regain the collateral. |
| 12 | MR. CLASEN:  First of all, your Honor, when |
| 13 | you say right to redeem, we're not at that state. |
| 14 | They have told us now ten times they were going to |
| 15 | pay us off.  They haven't.  Right now we took |
| 16 | ownership of the patents pursuant to -- pursuant to |
| 17 | the agreement.  The agreement was drafted by |
| 18 | experienced counsel.  And it said if they are in |
| 19 | default, we have the right -- we have the right to |
| 20 | ask them to assign it to us.  If they don't, we have |
| 21 | the right to pick somebody that will assign it to us |
| 22 | under the power of attorney.  We followed the |
| 23 | agreement. |
| 24 | The UCC says, if you look at the section, it |
| 25 | says the parties can agree to alternative procedures. |
| 26 | That's exactly what they did here. |

FILED: NEW YORK COUNTY CLERK 06/26/2018 02:50 PM    INDEX NO. 650026/2018
NYSCEF DOC. NO. 86    Case 2:16-cv-08033-AB-FFM   Document 295-2   Filed 07/02/18   Page 7 of 12   Page ID    RECEIVED NYSCEF: 06/26/2018
#:8968

6

```
 1                        PROCEEDINGS
 2            THE COURT:  Certain provisions of the UCC
 3    contain nonwaivable provisions.
 4            MR. CLASEN:  Your Honor --
 5            THE COURT:  And this falls within the scope
 6    of one of those nonwaivable provisions.
 7            MR. CLASEN:  It doesn't, your Honor.  If you
 8    look at I think it's 600 -- 602 I believe it is, it
 9    says the parties can agree to the nonwaivable.  They
10    can agree contractually to how these provisions
11    should be handled.  That's exactly what the parties
12    did, okay.  That's exactly what they did, your Honor.
13            And, again, I point out here this wasn't two
14    inexperienced people doing something.  This was very
15    experienced counsel negotiating a deal.  They agreed
16    to these terms and conditions.  There is no dispute
17    we followed the terms and conditions to a "T".  We
18    did exactly what the agreement says we're suppose to
19    do and we followed it.  And this arrangement about
20    the nonwaivable, there is no case which they pointed
21    to under circumstances like ours, which says own up.
22    The parties agreed contractually that you can take
23    it, but no, the UCC won't let you do it.  That's not
24    what the case law says.  There is case law and the
25    UCC says the parties can agree contractually how to
26    handle these.  With all due respect, your Honor, we
```

|   |   |
|---|---|
| 1 | PROCEEDINGS |
| 2 | we own the patents, but secondly, your Honor, we're |
| 3 | not even -- |
| 4 | THE COURT: You don't own the patents. |
| 5 | MR. CLASEN: I believe under the agreement we |
| 6 | clearly do. And I don't think they dispute under the |
| 7 | agreement we clearly do. Your Honor said we couldn't |
| 8 | under the UCC, if I understand you correctly. With |
| 9 | all due respect, I don't believe that's a correct |
| 10 | recitation of the law. That's a legal issue. I |
| 11 | understand your ruling, okay. But I also understand, |
| 12 | your Honor, we're talking about what they can redeem. |
| 13 | That's a hypothetical. We are not -- You're being |
| 14 | asked by her if we come up with the money, and we |
| 15 | have said we're going to come up with it ten times |
| 16 | and didn't before, if we do, we want to make sure we |
| 17 | get this back. So right now what you're adjudicating |
| 18 | is a hypothetical situation. |
| 19 | THE COURT: No. No. No. We're going to |
| 20 | have -- I'm not entering judgment on anything other |
| 21 | than summary judgment in your favor on liability |
| 22 | under the note with respect -- through -- with the |
| 23 | principal amount through some point in mid |
| 24 | November 2017. That's a judgment that you will |
| 25 | settle on notice which will grant you more than $50 |
| 26 | million in principal judgment, which you have against |

|   |   |
|---|---|
| 1 | PROCEEDINGS |
| 2 | the defendants.  And I'm granting the defendants |
| 3 | hypothetically that if, as and when they satisfy the |
| 4 | judgment, they are entitled to redeem the patents |
| 5 | period, full stop.  If they don't satisfy the |
| 6 | judgment, as they have represented that they will, |
| 7 | then you'll continue to hold the collateral and |
| 8 | you'll proceed with enforcement proceedings on your |
| 9 | judgment.  And if that means monetizing any of the |
| 10 | collateral that you're holding, you'll monetize |
| 11 | collateral that you're holding.  And the only |
| 12 | unresolved issue from my perspective is the fees and |
| 13 | interest post mid November 2017, which is something |
| 14 | that I would like to believe the parties could |
| 15 | consensually resolve.  But if the parties can't |
| 16 | consensually resolve that issue, then the Court will |
| 17 | resolve it at a hearing. |
| 18 | MR. CLASEN:  Okay. |
| 19 | THE COURT:  So, for purposes of today, the |
| 20 | only thing that is firmly adjudicated is that |
| 21 | plaintiff Gateway has a judgment of some 50 something |
| 22 | million dollars representing the principal and |
| 23 | interest due on the note through and including mid |
| 24 | November 2017.  And you'll settle that judgment.  And |
| 25 | then again if they satisfy that judgment, we'll -- |
| 26 | I'll allow the defendants to settle an order granting |

```
                        PROCEEDINGS
```

them judgment on their second counterclaim. If they don't satisfy the judgment, as they have told you ten times before they were going to pay, then you have all the rights as a judgment creditor, any judgment creditor with a valid and enforceable judgment has.

MR. CLASEN: Just if I could clarify one thing, your Honor. Even if they were to pay off, they have only told you once about the payoff, but if they pay off the amount, right, the collateral also secures my right to the additional interest and the additional attorneys' fees. Just so we're clear.

THE COURT: I will have to hold a hearing on whether there is additional interest due. Whether any fees that you've incurred are recoverable. But that's not anything I can decide today. That requires a hearing.

MR. CLASEN: I got it. I got it. I understand. Thank you very much, your Honor. We'll see.

MS. HARRIS CROWNE: Your Honor, may I read into the record the amount, which is as of November 16, 2017, which is in Mr. Clasen's letter of May 30th, 2018, a net amount again as of November 16, 2017 of principal interest as of that date combined is 49,548,768.08.

FILED: NEW YORK COUNTY CLERK 06/26/2018 02:50 PM         INDEX NO. 650026/2018
NYSCEF DOC. NO. 30                                        RECEIVED NYSCEF: 06/26/2018
Case 2:16-cv-08033-AB-FFM  Document 295-2  Filed 07/02/18  Page 11 of 12  Page ID #:8972

```
 1                      PROCEEDINGS
 2           THE COURT:  Okay.  That's an undisputed
 3    amount.
 4           MR. CLASEN:  We'll confirm.
 5           THE COURT:  That's an undisputed amount.
 6    They clearly have claims for sums in addition to
 7    that.
 8           MS. HARRIS CROWNE:  Correct.
 9           THE COURT:  Now if you work that out
10    consensually, better and better.  If you don't work
11    that out consensually, you'll advise the Court that
12    you were unable to come to a consensual resolution,
13    and I'll hold a hearing to determine whether or not
14    they are or aren't entitled to additional interest,
15    and whether or not they are or are not entitled to
16    certain fees that they are claiming.  But at a
17    minimum we're entering judgment in the stipulated
18    amount of -- that you just read into the record.  And
19    I've indicated unless and until somebody persuades me
20    otherwise, and I haven't to this point been persuaded
21    otherwise, that when that judgment is paid and the
22    other issues are resolved, you'll redeem the
23    collateral.  But they continue to hold the collateral
24    until we have resolved those other issues.
25           MS. HARRIS CROWNE:  Understood, your Honor.
26    We understand that future events could occur that
```

```
 1                          PROCEEDINGS
 2        affect -- that lead to disposition of the collateral.
 3        Defendants have no objection with how the Court
 4        intends to proceed.
 5                  THE COURT:  The defendants have no objection.
 6        You have an exception if you --
 7                  MR. CLASEN:  Right.
 8                  THE COURT:  -- choose to, but in the meantime
 9        it makes sense for you to go about perfecting your 49
10        plus million dollar judgment.
11                  MR. CLASEN:  Absolutely, your Honor.  We'll
12        settle the judgment on notice.  We'll start
13        collecting on our judgment.  In the meantime we will,
14        if we really get to the point they are offering to
15        pay us money, we'll come back on the open issues to
16        see what could be resolved.  In the meantime, we'll
17        enforce the judgment and collect it.  Thank you.
18                  THE COURT:  Thank you.  Have a nice day.
19                             ooOoo
20
21   Certified to be a true and accurate transcript of the
22   above-captioned stenographic minutes.
23
24   _____
25   Lori Ann Sacco
26   Official Court Reporter
```

SO ORDERED

BARRY R. OSTRAGER, J.S.C.