# EXHIBIT B

1

1

2     NEW YORK STATE SUPREME COURT
      NEW YORK COUNTY : CIVIL TERM : PART 61
3     --------------------------------------------------------X
      GATE WORLDWIDE HOLDINGS LLC,
4
                            Plaintiff,
5
            -against-
6
      INTERTOUCH HOLDINGS LLC; ST HOLDINGS LLC;
7     INTERTOUCH TOPCO LLC; AND NOMADIX, INC.,

8                           Defendants.
      --------------------------------------------------------X
9     Index No. 650026/2018

10

11    New York Supreme Court
      60 Centre Street
12    New York, New York 10007
      June 20, 2018
13

14

15    B E F O R E:   HON. BARRY R. OSTRAGER
                        Supreme Court Justice
16

17    A P P E A R A N C E S:

18    ROBINSON & COLE LLP
      Attorneys for the Plaintiff
19    Chrysler East Building
      666 Third Avenue - 20th Floor
20    New York, New York  10017
      BY:   JOSEPH L. CLASEN, ESQ.
21    AND:  IAN T. CLARKE-FISHER, ESQ.

22
      FLEMMING, ZULACK, WILLIAMSON, ZAUDERER LLP
23    Attorneys for the Defendants
      One Liberty Plaza
24    New York, New York  10006
      BY:  CRAIG S. KESCH, ESQ.

25

26

FILED: NEW YORK COUNTY CLERK 06/26/2018 02:50 PM INDEX NO. 650026/2018

NYSCEF DOC. NO. 86 RECEIVED NYSCEF: 06/26/2018

2

```
 1

 2      A P P E A R A N C E S:   (Continued)

 3

 4      TONKON, TORP, LLP
        Attorneys for the Defendants
 5      1600 Pioneer Tower
        888 SW Fifth Avenue
 6      Portland, Oregon  97204
        BY:  CAROLINE HARRIS CROWNE, ESQ.
 7

 8

 9

10
                    Lori Ann Sacco
11                  Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
```

Case 2:16-cv-08033-AB-FFM Document 296-2 Filed 07/02/18 Page 4 of 12 Page ID #:8987

3

PROCEEDINGS

1 THE COURT:  All right.  I've reviewed the

2 transcript of proceedings of May 31st and I've

3 reviewed the papers that were filed in advance of

4 May 31st as well as defendants' supplemental brief.

5 If I am to credit what is in the defendants'

6 supplemental brief, the defendants' claim to have

7 secured new financing.  And the plaintiff, pursuant

8 to the Court's May 31st direction, has provided the

9 defendants with a copy of the purchase agreement.

10 Now, if the new financing has actually been

11 procured, I take it that the defendant has no

12 objection to the entry of summary judgment in favor

13 of the plaintiff at least with respect to the

14 principal amount of the note plus interest as of a

15 date in mid November of 2017.  Is that correct?

16 MS. HARRIS CROWNE:  Nearly correct.  I have

17 three clarifications on that, if I may.  First, we

18 seek, as part of determining that amount, a ruling

19 from the Court that upon payoff of the full amount,

20 whatever that may be, defendants redeem their rights

21 in all collateral, not subject to any claim

22 ownership, not subject to any reported licenses,

23 because we believe that to be crystal clear under the

24 UCC.  If the Court were to --

25 THE COURT:  I'm familiar with the argument

Case 2:16-cv-08033-AB-FFM Document 296-2 Filed 07/02/18 Page 5 of 12 Page ID #:8988

4

```
 1                        PROCEEDINGS

 2    and the position.  I just want to be clear that the

 3    defendant does not contest liability on the note

 4    through -- in the principal amount together with

 5    interest through a date in mid November 2017 that I

 6    don't recall.  That's a yes or no.

 7              MS. HARRIS CROWNE:  No.  May I explain to the

 8    Court?

 9              THE COURT:  I understand your position on

10    your counterclaim.

11              MS. HARRIS CROWNE:  It's not our

12    counterclaim.  Gate's position in the payoff letters

13    is that the payoff amount is reduced by the value of

14    the patents, because Gate has been claiming ownership

15    in patents.

16              THE COURT:  I'm going to enter summary

17    judgment in your favor on the patent issue.  Gate has

18    no right to the patents that belong to Nomadix.

19              MS. HARRIS CROWNE:  Thank you.  If the Court

20    is similarly inclined as to licenses, we entirely

21    agree that it is proper to enter an order of

22    liability as to the principal and that amount of

23    interest on the first claim against Intertouch, and

24    on the second claim except as to one of the

25    guarantors, because the security agreements provide

26    that --
```

5

```
 1                        PROCEEDINGS
 2           THE COURT:  That's ST Holdings LLC.
 3           MS. HARRIS CROWNE:  Correct.
 4           THE COURT:  Okay.  We're all on the same page
 5   subject to what the plaintiff has to say.
 6           MR. CLASEN:  Your Honor, I am not on the same
 7   page as you granting summary judgment on the claim
 8   that we don't own the patents.
 9           THE COURT:  You don't own the patents.  It's
10   pretty clear under the UCC that they have the right
11   to regain the collateral.
12           MR. CLASEN:  First of all, your Honor, when
13   you say right to redeem, we're not at that state.
14   They have told us now ten times they were going to
15   pay us off.  They haven't.  Right now we took
16   ownership of the patents pursuant to -- pursuant to
17   the agreement.  The agreement was drafted by
18   experienced counsel.  And it said if they are in
19   default, we have the right -- we have the right to
20   ask them to assign it to us.  If they don't, we have
21   the right to pick somebody that will assign it to us
22   under the power of attorney.  We followed the
23   agreement.
24           The UCC says, if you look at the section, it
25   says the parties can agree to alternative procedures.
26   That's exactly what they did here.
```

Case 2:16-cv-08033-AB-FFM   Document 296-2   Filed 07/02/18   Page 7 of 12   Page ID
#:8990

6

```
1                         PROCEEDINGS
2              THE COURT:  Certain provisions of the UCC
3      contain nonwaivable provisions.
4              MR. CLASEN:  Your Honor --
5              THE COURT:  And this falls within the scope
6      of one of those nonwaivable provisions.
7              MR. CLASEN:  It doesn't, your Honor.  If you
8      look at I think it's 600 -- 602 I believe it is, it
9      says the parties can agree to the nonwaivable.  They
10     can agree contractually to how these provisions
11     should be handled.  That's exactly what the parties
12     did, okay.  That's exactly what they did, your Honor.
13             And, again, I point out here this wasn't two
14     inexperienced people doing something.  This was very
15     experienced counsel negotiating a deal.  They agreed
16     to these terms and conditions.  There is no dispute
17     we followed the terms and conditions to a "T".  We
18     did exactly what the agreement says we're suppose to
19     do and we followed it.  And this arrangement about
20     the nonwaivable, there is no case which they pointed
21     to under circumstances like ours, which says own up.
22     The parties agreed contractually that you can take
23     it, but no, the UCC won't let you do it.  That's not
24     what the case law says.  There is case law and the
25     UCC says the parties can agree contractually how to
26     handle these.  With all due respect, your Honor, we
```

Case 2:16-cv-08033-AB-FFM   Document 296-2   Filed 07/02/18   Page 8 of 12   Page ID #:8991

7

PROCEEDINGS

1

2          we own the patents, but secondly, your Honor, we're

3          not even --

4                    THE COURT:  You don't own the patents.

5                    MR. CLASEN:  I believe under the agreement we

6          clearly do.  And I don't think they dispute under the

7          agreement we clearly do.  Your Honor said we couldn't

8          under the UCC, if I understand you correctly.  With

9          all due respect, I don't believe that's a correct

10         recitation of the law.  That's a legal issue.  I

11         understand your ruling, okay.  But I also understand,

12         your Honor, we're talking about what they can redeem.

13         That's a hypothetical.  We are not -- You're being

14         asked by her if we come up with the money, and we

15         have said we're going to come up with it ten times

16         and didn't before, if we do, we want to make sure we

17         get this back.  So right now what you're adjudicating

18         is a hypothetical situation.

19                   THE COURT:  No.  No.  No.  We're going to

20         have -- I'm not entering judgment on anything other

21         than summary judgment in your favor on liability

22         under the note with respect -- through -- with the

23         principal amount through some point in mid

24         November 2017.  That's a judgment that you will

25         settle on notice which will grant you more than $50

26         million in principal judgment, which you have against

FILED: NEW YORK COUNTY CLERK 06/26/2018 02:50 PM INDEX NO. 650026/2018

NYSCEF DOC. NO. 88 Case 2:16-cv-08033-AB-FFM Document 296-2 Filed 07/02/18 Page 9 of 12 Page ID RECEIVED NYSCEF: 06/26/2018
#:8992

8

PROCEEDINGS

1

2      the defendants.  And I'm granting the defendants

3      hypothetically that if, as and when they satisfy the

4      judgment, they are entitled to redeem the patents

5      period, full stop.  If they don't satisfy the

6      judgment, as they have represented that they will,

7      then you'll continue to hold the collateral and

8      you'll proceed with enforcement proceedings on your

9      judgment.  And if that means monetizing any of the

10      collateral that you're holding, you'll monetize

11      collateral that you're holding.  And the only

12      unresolved issue from my perspective is the fees and

13      interest post mid November 2017, which is something

14      that I would like to believe the parties could

15      consensually resolve.  But if the parties can't

16      consensually resolve that issue, then the Court will

17      resolve it at a hearing.

18              MR. CLASEN:  Okay.

19              THE COURT:  So, for purposes of today, the

20      only thing that is firmly adjudicated is that

21      plaintiff Gateway has a judgment of some 50 something

22      million dollars representing the principal and

23      interest due on the note through and including mid

24      November 2017.  And you'll settle that judgment.  And

25      then again if they satisfy that judgment, we'll --

26      I'll allow the defendants to settle an order granting

Case 2:16-cv-08033-AB-FFM   Document 296-2   Filed 07/02/18   Page 10 of 12   Page ID
#:8993

9

```
 1                         PROCEEDINGS

 2      them judgment on their second counterclaim.  If they

 3      don't satisfy the judgment, as they have told you ten

 4      times before they were going to pay, then you have

 5      all the rights as a judgment creditor, any judgment

 6      creditor with a valid and enforceable judgment has.

 7             MR. CLASEN:  Just if I could clarify one

 8      thing, your Honor.  Even if they were to pay off,

 9      they have only told you once about the payoff, but if

10      they pay off the amount, right, the collateral also

11      secures my right to the additional interest and the

12      additional attorneys' fees.  Just so we're clear.

13             THE COURT:  I will have to hold a hearing on

14      whether there is additional interest due.  Whether

15      any fees that you've incurred are recoverable.  But

16      that's not anything I can decide today.  That

17      requires a hearing.

18             MR. CLASEN:  I got it.  I got it.  I

19      understand.  Thank you very much, your Honor.  We'll

20      see.

21             MS. HARRIS CROWNE:  Your Honor, may I read

22      into the record the amount, which is as of

23      November 16, 2017, which is in Mr. Clasen's letter of

24      May 30th, 2018, a net amount again as of November 16,

25      2017 of principal interest as of that date combined

26      is 49,548,768.08.
```

10

```
 1                      PROCEEDINGS

 2              THE COURT:  Okay.  That's an undisputed

 3     amount.

 4              MR. CLASEN:  We'll confirm.

 5              THE COURT:  That's an undisputed amount.

 6     They clearly have claims for sums in addition to

 7     that.

 8              MS. HARRIS CROWNE:  Correct.

 9              THE COURT:  Now if you work that out

10     consensually, better and better.  If you don't work

11     that out consensually, you'll advise the Court that

12     you were unable to come to a consensual resolution,

13     and I'll hold a hearing to determine whether or not

14     they are or aren't entitled to additional interest,

15     and whether or not they are or are not entitled to

16     certain fees that they are claiming.  But at a

17     minimum we're entering judgment in the stipulated

18     amount of -- that you just read into the record.  And

19     I've indicated unless and until somebody persuades me

20     otherwise, and I haven't to this point been persuaded

21     otherwise, that when that judgment is paid and the

22     other issues are resolved, you'll redeem the

23     collateral.  But they continue to hold the collateral

24     until we have resolved those other issues.

25              MS. HARRIS CROWNE:  Understood, your Honor.

26     We understand that future events could occur that
```

FILED: NEW YORK COUNTY CLERK 06/26/2018 02:50 PM
INDEX NO. 650026/2018
NYSCEF DOC. NO. 30
Case 2:16-cv-08033-AB-FFM   Document 296-2   Filed 07/02/18   Page 12 of 12   Page ID
RECEIVED NYSCEF: 06/26/2018
#:8995

11

```
 1                        PROCEEDINGS
 2        affect -- that lead to disposition of the collateral.
 3        Defendants have no objection with how the Court
 4        intends to proceed.
 5               THE COURT:   The defendants have no objection.
 6        You have an exception if you --
 7               MR. CLASEN:   Right.
 8               THE COURT:   -- choose to, but in the meantime
 9        it makes sense for you to go about perfecting your 49
10        plus million dollar judgment.
11               MR. CLASEN:   Absolutely, your Honor.   We'll
12        settle the judgment on notice.   We'll start
13        collecting on our judgment.   In the meantime we will,
14        if we really get to the point they are offering to
15        pay us money, we'll come back on the open issues to
16        see what could be resolved.   In the meantime, we'll
17        enforce the judgment and collect it.   Thank you.
18               THE COURT:   Thank you.   Have a nice day.
19                            ooOoo
20
21        Certified to be a true and accurate transcript of the
22        above-captioned stenographic minutes.
23
24        _____
25        Lori Ann Sacco
26        Official Court Reporter
```

SO ORDERED,

*Barry Ostrager* (signature)

BARRY R. OSTRAGER, J.S.C.