Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alan G. Laquer (SBN 259257)
alan.laquer@knobbe.com
Alexander J. Martinez (SBN 293925)
alex.martinez@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
James F. Smith (SBN 313015)
james.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>      Defendant. | Case No.<br>CV16-08033 AB (FFMx)<br><br>**NOMADIX'S STATUS REPORT ON THE NEW YORK LITIGATION**<br><br>Honorable André Birotte Jr. |

A.   Background

Plaintiff Nomadix filed this breach-of-contract action against Defendant Guest-Tek Interactive Entertainment in 2016. Nomadix contends that Guest-Tek has breached an agreement under which Nomadix granted Guest-Tek a limited license to certain patents and that Guest-Tek's breaches include failure to pay millions of dollars in royalties. In January 2018, Gate Worldwide Holdings LLC ("GWH") moved to be substituted for Nomadix on Nomadix's claims against Guest-Tek. (Dkt. No. 193.)

GWH claimed to own Nomadix's patents and the rights to Guest-Tek's royalty payments under the license agreement. GWH based these assertions on its claims that it owned the rights to collect on a promissory note that was secured in part by Nomadix's patents. Before moving to be substituted, GWH purported to appoint an individual with no connection to Nomadix as Nomadix's supposed attorney-in-fact and then arranged for this individual to execute a document purporting to assign to GWH all of Nomadix's patents and all rights to receive payments under Nomadix's patent licenses. (*See generally* Dkt. No. 206 (discussing GWH's claims).) GWH also filed a lawsuit in the Supreme Court of New York against interTouch Holdings LLC (the issuer of the promissory note), Nomadix, and related companies for nonpayment of the promissory note and judicial foreclosure of the collateral underlying the note. (*See* Dkt. No. 207-1 (corrected complaint in New York action).) That action is *Gate Worldwide Holdings LLC v. interTouch Holdings LLC et al.*, Index No. 650026/2018. The defendants in the New York action filed counterclaims against GWH.

In March, Guest-Tek moved to stay this case pending the outcome of the New York action. (Dkt. No. 241.)

In April 2018, the Court stayed this case for 120 days to allow events in the New York action to unfold and potentially resolve the GWH-related issues in this case. (Dkt. No. 284.)

- 1 -

### B. Update on the New York Action

#### 1. Procedural Posture

In the New York action, GWH moved for summary judgment on all claims. Nomadix and the other defendants opposed the motion. The defendants opposed summary judgment in GWH's favor on GWH's claims primarily because GWH had failed to present sufficient evidence that it owned the rights to the promissory note and related agreements. In particular, GWH failed to provide the primary agreement it had entered into with NTT DOCOMO, Inc., the original holder of the promissory note and original party to the related agreements.

The defendants also opposed summary judgment on their counterclaims. For example, Nomadix had filed a counterclaim against GWH through which Nomadix sought (1) declaratory judgment that it remained the owner of the patents and other collateral it had pledged to secure the promissory note, (2) an injunction preventing GWH from disposing of the collateral in a manner that failed to comply with the Uniform Commercial Code (UCC), and (3) damages for GWH's violations of the UCC. Nomadix opposed summary judgment on this counterclaim because, among other things, the patent assignment GWH had purported to orchestrate for its benefit violated nonwaivable provisions of the UCC.

The New York court has held hearings on GWH's motion and has now issued some initial rulings.

During a first hearing on GWH's motion, the New York court ordered GWH to produce the main purchase agreement it had entered into with NTT DOCOMO. The court then postponed a decision until the defendants had a chance to review the document.

After analyzing the document, the defendants decided to no longer contest that GWH was the successor in interest to the promissory note and related agreements. While the defendants admitted the principal amount owed on the note in the first instance, the parties disputed (1) the amount of interest and recoverable

fees and costs owed to GWH and (2) GWH's position that the amount of debt should be reduced by the value of the patents, which GWH claimed to own. In addition, the defendants still opposed summary judgment on their counterclaims.

The court held a second hearing on June 20, 2018, during which the parties identified issues that they no longer contested and clarified the remaining disputes on other issues.

### 2. Rulings

In a decision filed on June 25, the court (1) granted GWH's motion to the extent it was no longer disputed and (2) directed GWH to submit the transcript of the June 20 hearing to be "So Ordered" by the court. That decision appears on the docket in this case as Document 295-1.

On June 26, the court "So Ordered" the transcript of the June 20 proceedings. The "So Ordered" transcript appears on the docket in this case as Document 295-2.

On June 29, the court entered a partial judgment on the debt admitted by the defendants plus interest from June 20. The partial judgment appears on the docket in this case as Document 295-3.

Key points of these decisions include:

- Judgment has been entered against three of the four New York defendants in the amount of $49,568,725.62. (Dkt. No. 295-3.)

- GWH does **not** own the patents Nomadix pledged as collateral to secure the promissory note, and Nomadix retains the right to redeem the collateral and thereby extinguish GWH's security interest in the patents and other collateral. (*E.g.*, Dkt. No. 295-2 at 4:16–18 ("Gate has no rights to the patents that belong to Nomadix."); *id.* at 5:9–11 ("You [GWH] don't own the patents. It's pretty clear under the UCC that they have the right to regain the collateral.").) In particular, the court's decision that GWH does not own the patents was necessary to

- 3 -

the court's determination of the amount of debt and resulting monetary award.

- The court did **not** grant summary judgment in GWH's favor on the defendants' counterclaims, including Nomadix's counterclaim relating to ownership of the patents and GWH's violations of the UCC.

### C. Nomadix's Commentary

The New York court made clear at the June 20 hearing that GWH does not presently own any patents that Nomadix pledged as collateral, including the patents Nomadix licensed to Guest-Tek. The court repeatedly stated to GWH, "You don't own the patents." (Dkt. No. 295-2 at 5:9, 7:4.) Moreover, the monetary award reflected in the judgment the court entered is predicated on a rejection of GWH's position that it owns the patents and that the debt should be reduced by the value of the patents.

The New York court likewise made clear that Nomadix still possesses its absolute right to redeem the collateral under UCC § 9-623. The court informed GWH, "It's pretty clear under the UCC that they [the defendants] have the right to regain the collateral." (Dkt. No. 295-2 at 5:9–11.) The court further announced: "I'm going to enter summary judgment in [Nomadix's] favor on the patent issue." (*Id.* at 4:16–17.) The court clarified that it would hold off on entering judgment in Nomadix's favor on patent ownership until the monetary judgment against the defendants on the promissory note was satisfied and Nomadix thereby redeemed the collateral; if the monetary judgment is not satisfied, then GWH would be free to initiate foreclosure proceedings. (*See id.* at 8–10.) Since a UCC-compliant disposition could thus conceivably transfer ownership in the collateral at some point in the future, and since Nomadix had not moved for summary judgment, it is reasonable that the New York court did not *sua sponte* grant Nomadix summary judgment on its counterclaim at this juncture.

In its recent Notice of Entry of Ruling in this case, GWH points out that it will "'continue to hold the collateral'" until its claims for interest and attorneys' fees are resolved. (Dkt. No. 295.) This simply means that GWH maintains its security interest in the collateral and thus remains a secured party under the UCC with rights to dispose of the collateral in a foreclosure sale.

In short, the New York court's rulings thus confirm the position Nomadix has taken in this case: GWH does not own the patents or the rights to Nomadix's cause of action against Guest-Tek. Only a UCC-compliant disposition of the collateral to a bona fide purchaser for value can divest Nomadix of its ownership rights in the patents and rights to royalties from its patent licenses. (*See* Dkt. No. 193 at 6–9; Dkt. No. 248 at 5–6; Dkt. No. 268.) There is no dispute that such a disposition (foreclosure sale) has not yet occurred. Moreover, GWH's purported assignment to itself of Nomadix's patents was an invalid attempt to conduct a "strict foreclosure" without Nomadix's consent—i.e., an invalid attempt to accept collateral in satisfaction of the debt without Nomadix's consent. As Nomadix has pointed out, the UCC does not permit a debtor or obligor to waive the provisions of § 9-620, which provides that strict foreclosure may occur only with the debtor/obligor's consent (either affirmative consent or failure to object with notice) and only when such consent occurs *after* default. N.Y. U.C.C. § 9-602(j) (§ 9-620 not waivable), §§ 9-620(a)–(d) (requiring consent or failure to object to strict foreclosure proposal, *after* default). As the New York court noted in rejecting GWH's argument that it owns the patents: "Certain provisions of the UCC contain nonwaivable provisions. . . . And [GWH's attempt to have the patents assigned to it by someone it appointed as Nomadix's attorney-in-fact based on authorization supposedly granted *before* default] falls within the scope of one of those nonwaivable provisions." (Dkt. No. 295-2 at 6:2–6.)

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: July 9, 2018

/s/ *Mark Lezama*
Douglas G. Muehlhauser
Mark Lezama
Alan G. Laquer
Alexander J. Martinez
Justin J. Gillett
James F. Smith

Attorneys for Plaintiff
NOMADIX, INC.