Steven J. Rocci (admitted *pro hac vice*)
*srocci@bakerlaw.com*
Kevin M. Bovard, SBN 247521
*kbovard@bakerlaw.com*
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>Defendant/Counter-Claimant,<br><br>v.<br><br>NOMADIX, INC.,<br><br>Counter-Defendant. | Case No.: 2:16-cv-08033-AB-FFM<br><br>Honorable André Birotte Jr.<br><br>**GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S CASE STATEMENT IN ADVANCE OF AUGUST 31, 2018 CONFERENCE**<br><br>Status Conference: August 31, 2018<br>Time: 10:00 a.m.<br>Courtroom: 7B<br><br>Action Filed: 10/28/16<br>Amended Complaint Filed: 03/23/17 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Michael J. Swope (admitted *pro hac vice*)
   *mswope@bakerlaw.com*
2  **BAKER & HOSTETLER LLP**
   999 Third Avenue, Suite 3500
3  Seattle, WA 98104-4040
   Telephone:   206.332.1379
4  Facsimile:   206.624.7317

5  Michael R. Matthias, SBN 57728
   *mmatthias@bakerlaw.com*
6  Thomas D. Warren, SBN 160921
   *twarren@bakerlaw.com*
7  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
8  Los Angeles, CA  90025-0509
   Telephone:  310.820.8800
9  Facsimile:   310.820.8859

10 *Attorneys for Defendant/Counter-Claimant*
   GUEST-TEK INTERACTIVE
11 ENTERTAINMENT LTD.

On April 18, 2018, the Court stayed this action for 120 days so a New York state court could resolve a foreclosure and patent ownership dispute involving all of the licensed patents at issue in this case. (D.I. 284.) The stay order kept under submission Gate Worldwide Holdings, LLC's ("GWH") pending motion to substitute, or in the alternative, to intervene (D.I. 193), until the stay is lifted. Stay Order at 2.

The stay order also set a status conference for August 31, 2018, after the 120-day period ended, to discuss how the New York action was progressing and how this case should proceed. Stay Order at 6. Guest-Tek submits this brief in advance of the status conference to inform the Court about what happened in New York over the past four months.

In the New York action, GWH has sought foreclosure on a judgment against Nomadix (and related companies), including ownership of the patents that underlie this action. At a hearing on August 9, the New York court, Barry R. Ostrager, J., ordered that Nomadix and its related companies be sold promptly at a foreclosure auction. *See* Ex. A, Aug. 9 Hearing Tr. at 8-9.

On August 27, Judge Ostrager entered a stipulation and order setting forth an extremely accelerated timetable for the sale: GWH has 10 days to retain a broker, the broker has 10 days to notice the sale, the sale must occur within 30 days after the notice is published, and the hearing on the sale within 10 days after that. *See* Ex. B at 1-2. Per the stipulation and order, the sale will likely conclude within 60 days. To underscore his commitment to a fast resolution, Judge Ostrager advised that he would sign necessary paperwork while traveling to attend his daughter's wedding. Ex. A at 30-31.

Under these circumstances, both Guest-Tek and GWH ask the Court to extend the stay for 70 days, or as soon thereafter as is practical for the Court. Nomadix has informed us that it will not agree to a further stay. But as the Court is aware, Guest-Tek must proceed against the patent owner, and the sale should

remove the ownership cloud hanging over the patents and license at issue in this case. It makes little sense to proceed when that issue will be resolved post-haste. "The moving party's burden in litigating the case [may] be a legitimate form of hardship," particularly where resources will be wasted while another proceeding impacts the case. *Larsen v. City of L.A.*, No. 12-04392, 2012 WL 12887557, at *10 (C.D. Cal. Aug. 3, 2012).

Moreover, the August 27 order provides that Nomadix must maintain at least $800,000 in its bank accounts during the window of time before closing. At the August 9 hearing, however, Nomadix had only $700,000 in its accounts (against a $50 million judgment and security interest owned by GWH). Ex. A at pp. 7-9. The New York court also put a restraining order in place as to how Nomadix may act, including with respect to financial transfers. Ex. A at pp. 7-9. Needless to say, these restrictions would likely preclude Nomadix from litigating (or settling) this case at this time even if the case were to go forward now.

Accordingly, a modest extension of the stay is warranted to "eliminate the uncertainty and confusion regarding the proper plaintiff here [and] ensure the case proceeds in a manner fair to all parties involved." (D.I. 284 at 5.)

Should the Court deny a further stay, the case schedule will need to be modified, and Guest-Tek will file a motion to do so.

Dated: August 27, 2018

Respectfully submitted,

BAKER & HOSTETLER LLP

By: /s/Michael R. Matthias
Steven J. Rocci
Michael J. Swope
Michael R. Matthias
Thomas D. Warren
Kevin M. Bovard

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

- 2 -

GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.'S CASE STATEMENT
CASE NO.: 2:16-CV-08033-AB-FFM