EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------x
GATE WORLDWIDE HOLDINGS LLC, : Index No.: 650026/2018
: (ECF)
Plaintiff, :
:
- against - : **STIPULATION AND ORDER**
: **FOR THE PUBLIC SALE OF**
INTERTOUCH HOLDINGS LLC; : **SUBJECT COLLATERAL**
ST HOLDINGS LLC; :
INTERTOUCH TOPCO LLC; and :
NOMADIX, INC. :
:
Defendants. :
:
:
----------------------------------------------------------------x

Upon Plaintiff Gate Worldwide Holdings LLC's Notice of Motion for the Sale of Certain Assets (the "Motion"), dated July 17, 2018, and the supporting filings, the Defendants' Response to the Motion, dated July 23, 2018, and the supporting filings, and according to the Court proceedings of August 9, 2018, before the Honorable Barry R. Ostrager,

**IT IS HEREBY ORDERED THAT:**

1. The following procedures are hereby approved and shall govern the proceedings relating to the public sale (the "Public Sale") of the membership interest units of Defendant and Judgment Debtor interTouch Holdings LLC owned by Defendant and Judgment Debtor interTouch Topco LLC (the "Subject Collateral").

2. Within ten (10) days of this Order, the Parties will agree on and Gate Worldwide Holdings LLC ("GWH") will retain a qualified broker ("Broker") on commercially reasonable terms to conduct the Public Sale of the Subject Collateral.

3. Following the retention of the Broker, Defendants will immediately provide Broker with all reasonable and necessary information and documentation to assist Broker with the Sale.

4. Within ten (10) days of the retention of the Broker, the Broker will publish notice of the Public Sale (the "Notice") and make available appropriate bidding procedures.

5. The Broker will inform GWH and Defendants of all potential bidders in the Public Sale. GWH will initially determine who is a financially qualified bidder for the Public Sale. GWH will provide notice to Defendants of any potential bidder or bids that it believes to be unqualified. To the extent Defendants believe GWH's determination to be commercially unreasonable, Defendants will immediately notify GWH in writing of the basis for Defendants' position. If the Parties are unable to agree within two (2) business days of Defendants written notice, Defendants may seek the Court's intervention on the issue.

6. The Opening Credit Bid is set at $10,000,000.00 and any successive bids shall continue at the Public Sale in minimum increments of at least $500,000.00 higher than the previous bid.

7. The Public Sale will be held within thirty (30) days of publication of the Notice. Upon completion of the Public Sale, GWH shall file a motion to approve the highest bidder as the successful purchaser.

8. Within ten (10) days of the Public Sale, or as soon thereafter as the Court may permit, the Court will hold a hearing on the Public Sale (the "Sale Hearing").

9. Objections to the Public Sale shall be filed and served on counsel for all Parties no later than two (2) days before the Sale Hearing (the "Objection Deadline").

10. The failure of any objecting person or entity to file and serve an objection to the Public Sale of the Subject Collateral by the Objection Deadline shall be a bar to the assertion by

such objecting person to any objection at the Sale Hearing or thereafter to the Public Sale of the Subject Collateral.

11. The Defendants shall have the right to redeem the Subject Collateral at any point prior to the end of the date of the Sale Hearing by payment to GWH of the amount set forth in the Judgment dated June 29, 2018 and post-judgment statutory interest (collectively, the "Judgment"), which will have the effect of satisfying the Judgment and extinguishing any liens arising from the Judgment and execution thereon, and canceling the Public Sale. Defendants acknowledge that the foregoing would not affect the liens and security interests with respect to the balance of the disputed amounts that GWH has asserted against Defendants. To the extent that the Defendants redeem the Subject Collateral following the retention of the Broker, Defendants will further be required to pay all reasonable fees and costs associated with retaining the Broker.

12. Effective immediately, notwithstanding the Restraining Notice to Judgment Debtors, dated July 2, 2018 (the "Restraining Notice to Judgment Debtors") and the Restraining Notice to Garnishee, dated July 18, 2018 (the "Restraining Notice to Garnishee"), until the closing of the Public Sale or the Defendants exercise their right to redeem, Nomadix, Inc. is authorized to deposit funds into and spend funds from Nomadix, Inc.'s HSBC account (the "Original Account"), to engage in the ordinary course of its business, but in no event shall the balance of Nomadix, Inc.'s bank accounts with HSBC go below $800,000. To facilitate the implementation of this paragraph 12, Defendants and GWH will authorize and direct HSBC to establish a separate account for Nomadix, Inc. (the "Sequestered Account") and to transfer $800,000 to the Sequestered Account. The Sequestered Account will be subject to the Restraining Notice to Judgment Debtors and Restraining Notice to Garnishee. The Original Account will not be subject to the Restraining Notice to Judgment Debtors and Restraining Notice to Garnishee and HSBC will not retain or freeze deposits into the Original Account. Except as modified in this Order, the

Restraining Notice to Judgment Debtors and the Restraining Notice to Garnishee remains in full force and effect. HSBC shall have no liability for proceeding as set forth in this paragraph.

13. Effective immediately, to verify that Nomadix, Inc. complies with the spending restrictions set forth in Paragraph 12, Nomadix, Inc. will provide GWH's counsel with weekly reports, by the close of business on the following Friday of each week, containing a detailed accounting of all revenue generated and all expenses paid the prior week. To the extent GWH objects to any payments by Nomadix, Inc., GWH may seek immediate Court intervention.

14. Contemporaneous with the closing of the Public Sale, all GWH's rights and interest in the Subject Collateral and any of interTouch Holdings LLC's wholly owned subsidiaries will be extinguished, including all rights and interests arising from (a) the Membership Interest Pledge granted by interTouch Topco LLC with respect to its membership interest units in interTouch Holdings LLC, (b) the Guaranty executed by Nomadix, Inc., and (c) the Patent Security Agreement executed by Nomadix, Inc.

15. Except as provided for herein, the Broker is authorized to take all other actions as commercially reasonable to proceed with the Public Sale, including, without limitation, actions to notify creditors, regulators or other interested parties regarding the Public Sale of the Subject Collateral and to obtain any necessary consents or approvals regarding the Public Sale of the Subject Collateral.

16. The Parties may deviate from the timing or substance of this Order by mutual consent in writing.

17. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
August 27, 2018

GATE WORLDWIDE HOLDINGS LLC

By: _____
Joseph L. Clasen, Esq.
Ian T. Clarke-Fisher, Esq.
Robinson & Cole LLP
666 Third Avenue, 20th Floor
New York, New York 10017
Phone: (212) 451-2900
E-mail: jclasen@rc.com
E-mail: iclarke-fisher@rc.com
Attorneys for Plaintiff

INTERTOUCH HOLDINGS LLC; ST HOLDINGS LLC; INTERTOUCH TOPCO LLC; AND NOMADIX, INC.

By: _____
Craig S. Kesch, Esq.
Ganfer Shore Leeds & Zauderer LLP
360 Lexington Avenue, 14th Floor
New York, New York 10017
Phone: 212-412-9522
Fax: 212-922-9335
ckesch@ganfershore.com
Attorneys for Defendants

Caroline Harris Crowne
Timothy J. Conway
Tonkon Torp LLP
888 SW Fifth Avenue, Suite 1600
Portland, OR 97204
Phone (503) 221-1440
Email: caroline.harris.crowne@tonkon.com

_____
SO ORDERED
J.S.C

**BARRY R. OSTRAGER**
JSC

039621/00001/9221671v9