Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alan G. Laquer (SBN 259257)
alan.laquer@knobbe.com
Alexander J. Martinez (SBN 293925)
alex.martinez@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
James F. Smith (SBN 313015)
james.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>    Defendant. | Case No.<br>CV16-08033 AB (FFMx)<br><br>**NOMADIX'S STATEMENT IN ADVANCE OF STATUS CONFERENCE AND UPDATED STATUS REPORT**<br><br>Honorable André Birotte Jr. |

In advance of the August 31 status conference, Nomadix submits this statement to update the Court on the status of co-pending litigation in New York and to explain why a stay should not be reinstituted in the present case.

A.    **Background**

Nomadix filed this action against Guest-Tek Interactive Entertainment for breach of a patent license agreement in 2016. In January 2018, Gate Worldwide Holdings LLC ("GWH") moved to be substituted for Nomadix, claiming that it owned Nomadix's patents. (Dkt. No. 193.) GWH based these assertions on its claims that it owned the rights to collect on a promissory note secured in part by Nomadix's patents. (*See generally* Dkt. No. 206 (discussing GWH's claims).) GWH also filed a lawsuit in the Supreme Court of New York against Nomadix, interTouch Holdings LLC (the issuer of the promissory note and Nomadix's parent company), and related companies for nonpayment of the promissory note. (*See* Dkt. No. 207-1 (corrected complaint in New York action).) That action is *Gate Worldwide Holdings LLC v. interTouch Holdings LLC et al.*, Index No. 650026/2018.

In April 2018, the Court stayed this case for 120 days to allow events in the New York action to unfold and potentially resolve the GWH-related issues in this case. (Dkt. No. 284.) The 120 day stay period ended on August 16, 2018.

B.    **Update on the New York Action**

Developments in the New York action make clear that Nomadix currently owns the patents it pledged as collateral and will continue to do so regardless of whether GWH completes the foreclosure sale it has received approval to conduct.

First and foremost, the New York court ruled that GWH does not own the patents Nomadix pledged as collateral. (*E.g.*, Dkt. No. 295-2 at 4:16–18 ("Gate has no rights to the patents that belong to Nomadix."); *id.* at 5:9–11 ("You [GWH] don't own the patents.").) Justice Ostrager issued these rulings during a hearing whose transcript he designated "So Ordered." (*Id.* at 11:25.)

Consistent with that ruling, the New York court entered judgment against certain defendants on the promissory note in an amount that reflects no setoff for the value of any of the collateral, including the patents securing the note.

GWH has sought approval to conduct a foreclosure sale, but the sale would transfer only the LLC membership interest units of interTouch Holdings LLC, Nomadix's parent company. (Dkt. No. 299-2 ¶ 1.) In other words, the sale will leave Nomadix and its ownership of the patents intact, as the sale can change only the ownership of Nomadix's *parent* company. Even if the sale takes place, **Nomadix will remain the owner of the patents it pledged as collateral**.

And if the foreclosure sale of interTouch Holdings takes place, **the sale will extinguish GWH's security interest in Nomadix's patents**:

> 14. Contemporaneous with the closing of the Public Sale, ==all GWH's rights and interest in the Subject Collateral and any of interTouch Holdings LLC's wholly owned subsidiaries will be extinguished, including all rights and interests arising from== (a) the Membership Interest Pledge granted by interTouch Topco LLC with respect to its membership interest units in interTouch Holdings LLC, (b) the Guaranty executed by Nomadix, Inc., and (c) ==the Patent Security Agreement executed by Nomadix, Inc.==

(*Id.* ¶ 14.)

C.  **Nomadix's Commentary**

The entire premise of GWH's motion to substitute is that it owns Nomadix's patents, and that premise is false. (*E.g.*, Dkt. No. 295-2 at 4:16–18, 5:9–11.) Not only does Nomadix own the patents, Nomadix will remain the owner regardless of the course the New York action takes. Either (1) the New York defendants will pay what they owe GWH and thereby extinguish GWH's security interest in the patents, UCC § 9-623, or (2) GWH will conduct a foreclosure sale of the membership interests in interTouch Holdings, which, by stipulated court order, will also extinguish GWH's security interest in the patents without affecting Nomadix's

ownership of the patents (Dkt. No. 299-2 ¶ 14). GWH cannot maintain in good faith that it has any basis for substituting itself for Nomadix in this litigation.

Contrary to what Guest-Tek suggests (Dkt. No. 299 at 1–2), there is no "ownership cloud hanging over the patents and license." Nor will the ordered foreclosure sale affect Nomadix's ownership of the patents in the slightest, as the sale will only transfer ownership of the company that owns Nomadix.

Finally, Guest-Tek's suggestion that Nomadix is unable to litigate this case because of a "restraining order" is equally unfounded. The New York court did not issue a restraining order. Rather, as a judgment creditor, GWH served restraining notices pursuant to section 5222 of the New York Civil Practice Law & Rules, which only limited Nomadix's ability to transfer assets. Moreover, by stipulated court order, Nomadix may receive and spend funds in the ordinary course of business. (Dkt. No. 299-2 ¶ 12.) So long as Nomadix keeps $800,000 available in a sequestered bank account, which it has already funded, there are no restrictions on such spending. (*Id.*) In particular, Nomadix's original, non-sequestered bank account is no longer subject to the restraining notices, and Nomadix's bank is ordered not to retain or freeze deposits into that account. (*Id.*) Nomadix does not anticipate any problem maintaining this litigation under these circumstances. But more importantly, Nomadix's financial capacity simply has no bearing on whether this case should be stayed again.

In summary, Nomadix owns the patents it pledged as collateral, and Nomadix will remain the owner even if GWH completes its foreclosure sale. Waiting to see whether the foreclosure sale takes place will serve no purpose in this case, and the litigation should therefore remain unstayed.

| | |
|---|---|
| | Respectfully submitted, |
| | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: August 30, 2018 | /s/ *Mark Lezama* |
| | Douglas G. Muehlhauser |
| | Mark Lezama |
| | Alan G. Laquer |
| | Alexander J. Martinez |
| | Justin J. Gillett |
| | James F. Smith |
| | Attorneys for Plaintiff |
| | NOMADIX, INC. |