Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alan G. Laquer (SBN 259257)
alan.laquer@knobbe.com
Alexander J. Martinez (SBN 293925)
alex.martinez@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
James F. Smith (SBN 313015)
james.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>　　　　Defendant. | Case No.<br>CV16-08033 AB (FFMx)<br><br>**NOMADIX'S STATUS REPORT**<br><br>Honorable André Birotte Jr. |

In response to the Court's order (Dkt. No. 305), Plaintiff Nomadix submits this status report. Nomadix recognizes that the Court ordered the parties to file a single status report jointly. The parties were unable to agree on language for the report. Defendant Guest-Tek Interactive Entertainment and third-party Gate Worldwide Holdings declined to combine their proposed report with Nomadix's in a single filing and informed Nomadix they would file their own report.

A.  **Background**

Nomadix filed this action against Guest-Tek Interactive Entertainment for breach of a patent license agreement in 2016. In January 2018, Gate Worldwide Holdings LLC ("GWH") moved to be substituted for Nomadix, claiming that it owned Nomadix's patents. (Dkt. No. 193.) GWH based these assertions on its claims that it owned the rights to collect on a promissory note secured in part by Nomadix's patents. GWH also filed a lawsuit in the Supreme Court of New York against Nomadix, interTouch Holdings LLC (the issuer of the promissory note and Nomadix's parent company), and related companies for nonpayment of the promissory note. (*See* Dkt. No. 207-1.) That action is *Gate Worldwide Holdings LLC v. interTouch Holdings LLC et al.*, Index No. 650026/2018.

In April 2018, the Court initially stayed this case for 120 days to allow events in the New York action to unfold and potentially resolve the GWH-related issues in this case. (Dkt. No. 284.) In August and again in November, the Court extended the stay, with the case now stayed until the upcoming December 14 status conference. (*See* Dkt. Nos. 301, 305.)

B.  **Update on the New York Action**

In the New York action, GWH arranged for a putative foreclosure sale of interTouch Holdings LLC, Nomadix's parent company. GWH was the only bidder in the auction, and GWH has moved for approval of the sale of interTouch Holdings LLC to GWH. GWH thus seeks to transfer ownership of interTouch Holdings LLC from interTouch Topco LLC to GWH. The transfer GWH seeks

would not affect the patents and other collateral Nomadix pledged to secure the promissory note—that collateral would remain owned by Nomadix, and GWH's security interest in the collateral would be extinguished. (*See* Dkt. No. 300.)

The defendants, including Nomadix, have opposed the motion based on objections to the sale process.

At approximately 4:30 a.m. on December 10, 2018, interTouch Holdings LLC (the company proposed to be sold) and interTouch Topco LLC (the current owner) both filed voluntary Chapter 11 petitions for bankruptcy in the United States Bankruptcy Court for the District of Delaware. (Ex. 1.) The filing of the petitions automatically stayed the New York litigation as to interTouch Holdings and interTouch Topco. 11 U.S.C. § 362.

Later in the day, the New York court entered an order GWH had proposed for approval of the sale. (Ex. 2.) Despite the court's order, the automatic stay resulting from the bankruptcy petitions blocks the transfer of interTouch Holdings LLC to GWH.

### C. Update on the Parties

On April 17, 2018, Nomadix requested a conference with Guest-Tek's counsel to discuss a motion for preliminary injunction and a motion for summary judgment relating to Nomadix's position that Guest-Tek is contractually estopped from challenging the validity of Nomadix's patents. In particular, Nomadix sought to preliminarily enjoin Guest-Tek from challenging Nomadix's patents, including before the Patent and Trademark Office. Two days later, and before the parties could confer on Nomadix's motions, the parties received the Court's order staying the case. (Dkt. No. 284 (appearing on docket on April 19).)

While the present case has been stayed, Guest-Tek has filed four petitions with the Patent Trial and Appeal Board of the Patent and Trademark Office, through which Guest-Tek challenges the validity of four Nomadix patents. Guest-Tek filed the petitions naming Nomadix, not GWH, as the patent owner and

respondent. Guest-Tek did not serve the petitions on GWH and did not mention in its petitions any concerns that Nomadix might not be the owner of the challenged patents.

During the stay, Guest-Tek has also sued Nomadix for patent infringement in the District of Delaware.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 10, 2018

/s/ *Mark Lezama*
Douglas G. Muehlhauser
Mark Lezama
Alan G. Laquer
Alexander J. Martinez
Justin J. Gillett
James F. Smith

Attorneys for Plaintiff
NOMADIX, INC.

United States Bankruptcy Court
District of Delaware

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 12/10/2018 at 04:29 AM and filed on 12/10/2018.

**interTouch Holdings LLC**
480 Olde Washington Road
Ste 350
Westerville, OH 43082
Tax ID / EIN: 61-1772091

The case was filed by the debtor's attorney:

**Julia Bettina Klein**
Klein LLC
919 N. Market Street
Suite 600
Wilmington, DE 19801
(302) 438-0456

The case was assigned case number 18-12772-BLS to Judge Brendan Linehan Shannon.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.deb.uscourts.gov or at the Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, DE 19801.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Una O'Boyle**
**Clerk, U.S. Bankruptcy Court**

**Exhibit 1**
**-4-**

United States Bankruptcy Court
District of Delaware

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 11 of the United States Bankruptcy Code, entered on 12/10/2018 at 04:34 AM and filed on 12/10/2018.

**interTouch Topco LLC**
480 Olde Worthington Road
Suite 350
Westerville, OH 43082
Tax ID / EIN: 47-5146381

The case was filed by the debtor's attorney:

**Julia Bettina Klein**
Klein LLC
919 N. Market Street
Suite 600
Wilmington, DE 19801
(302) 438-0456

The case was assigned case number 18-12773-BLS to Judge Brendan Linehan Shannon.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.deb.uscourts.gov or at the Clerk's Office, 824 Market Street, 3rd Floor, Wilmington, DE 19801.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Una O'Boyle**
**Clerk, U.S. Bankruptcy Court**

**Exhibit 1**
**-5-**

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: Hon. <u>Barry R. Ostrager</u>　　　　　　　　PART 61
　　　　　　　　　　　　　　*Justice*

---

GATE WORLDWIDE HOLDINGS, LLC,　　　　　　INDEX NO. 650026/18

　　　　　　　　　　　　Plaintiff,　　　　　　MOTION DATE _____

　　　　　- v -　　　　　　　　　　　　　　　MOTION SEQ. NO. 005

INTERTOUCH HOLDINGS LLC; ST HOLDINGS LLC;
INTERTOUCH TOPCO LLC; and NOMADIX, INC.,

　　　　　　　　　　　　Defendants.

---

The following papers, numbered 1 to ____ were read on this motion to/for

| | |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | No(s). |
| Answering Affidavits — Exhibits | No(s). |
| Replying Affidavits | No(s). |

Upon the foregoing papers, it is order that this motion is *granted in accordance with the accompanying long-form order.*

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: 12-10-18　　　　　　　　　　　　　　　　_____, J.S.C.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　BARRY R. OSTRAGER
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　JSC

1. Check one:............................................　☐ CASE DISPOSED　　☒ NON-FINAL DISPOSITION
2. Check if appropriate:........ MOTION IS:　☒ GRANTED　☐ DENIED　☐ GRANTED IN PART　☐ OTHER
3. Check if appropriate:...........................　☐ SETTLE ORDER　　　☐ SUBMIT ORDER
　　　　　　　　　　　　　　　　　　　　　　　　　☐ DO NOT POST　☐ FIDUCIARY APPOINTMENT　☐ REFERENCE

FILED: NEW YORK COUNTY CLERK 12/10/2018 12:16 PM
INDEX NO. 650026/2018
NYSCEF DOC. NO. 169
RECEIVED NYSCEF: 12/10/2018

Case 2:16-cv-08033-AB-FFM Document 307 Filed 12/10/18 Page 8 of 9 Page ID #:9169

FILED: NEW YORK COUNTY CLERK 12/08/2018 02:01 PM
INDEX NO. 650026/2018
NYSCEF DOC. NO. 163
RECEIVED NYSCEF: 12/08/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
GATE WORLDWIDE HOLDINGS LLC,

                        Plaintiff,

           - against -

INTERTOUCH HOLDINGS LLC;
ST HOLDINGS LLC;
INTERTOUCH TOPCO LLC; and
NOMADIX, INC.

                        Defendants.
---------------------------------------------------------------x

Index No.: 650026/2018

[~~PROPOSED~~] ORDER CONFIRMING SALE OF INTERTOUCH HOLDINGS LLC

Upon Plaintiff Gate Worldwide Holdings LLC's ("GWH") Motion to Confirm the Sale of interTouch Holdings LLC (the "Motion"), dated October 30, 2018, and the supporting filings, and according to the Court proceedings of December 7, 2018, before the Honorable Barry R. Ostrager,

**IT IS HEREBY ORDERED THAT:**

1. **Transfer of Membership Interests**. As of the date that this Order Confirming Sale of interTouch Holdings LLC is "so ordered" (the "Effective Date"), all right, title, and interest in and to all membership interests (the "Interests") in InterTouch Holdings LLC, a Delaware limited liability company, are hereby transferred to GWH (the "Transfer"). The Interests are the entire ownership interests in interTouch Holdings LLC. The Interests are being transferred free and clear of all liens, claims and encumbrances of any kind.

2. **Binding Parties**. This Transfer shall be binding upon, and shall inure to the benefit of, the Parties to the Action hereto and their respective heirs, personal representatives, successors and assigns.

18583115

Exhibit 2

-7-

FILED: NEW YORK COUNTY CLERK 12/10/2018 12:16 PM
NYSCEF DOC. NO. 170
INDEX NO. 650026/2018
RECEIVED NYSCEF: 12/10/2018

Case 2:16-cv-08033-AB-FFM Document 307 Filed 12/10/18 Page 9 of 9 Page ID #:9170

FILED: NEW YORK COUNTY CLERK 12/08/2018 02:01 PM
NYSCEF DOC. NO. 163
INDEX NO. 650026/2018
RECEIVED NYSCEF: 12/08/2018

3. **Choice of Law**. This Transfer shall be governed by and construed in accordance with the law of the State of New York (without reference to the choice of law principles thereof).

4. **Agent**. interTouch Holdings LLC does hereby irrevocably constitute and appoint Jack Brannelly to act as its attorney to transfer and reissue said Interests on the books of interTouch Holdings LLC to GWH with full power of substitution in the premises.

5. **Reduction of Judgment**. As of the Effective Date, the amount of the Judgment, dated June 29, 2018 (Doc. No. 91), is reduced by Ten Million Dollars ($10,000,000). This reduction is without prejudice to GWH's claims for any additional interest or other fees and without prejudice to GWH's claims for judgment against defendant ST Holdings LLC, as provided for in the Court's Decision and Order, dated June 22, 2018 (Doc. No. 85).

6. **Jurisdiction**. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7. **Additional Documents**. The Parties to the action shall from time to time execute and deliver such additional documents and take such further actions as GWH may from time to time request to fully implement the terms of this Transfer.

8. **Stay of Proceedings**. Other than the enforcement of this Order, further proceedings in this action are hereby stayed for a period of 30 days from the Effective Date to allow defendants interTouch Topco LLC and ST Holdings LLC to retain new counsel.

SO ORDERED
J.S.C

BARRY R. OSTRAGER
J.S.C
12-10-18