Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Alan G. Laquer (SBN 259257)
alan.laquer@knobbe.com
Alexander J. Martinez (SBN 293925)
alex.martinez@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
James F. Smith (SBN 313015)
james.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.,<br><br>  Defendant. | Case No.<br>CV16-08033 AB (FFMx)<br><br>**NOMADIX'S BRIEF ON THE COURT'S POWER TO ENJOIN GUEST-TEK FROM PROSECUTING PATENT-OFFICE PROCEEDINGS**<br><br>HEARING:<br>January 4, 2019, 10:00 a.m.<br>Courtroom 7B<br><br>Honorable André Birotte Jr. |

# I. BACKGROUND AND SCOPE OF BRIEF

This case has been stayed since April 18, 2018. (Dkt. No. 284.) During the stay, Guest-Tek has filed four petitions with the Patent Trial and Appeal Board (PTAB or Board) of the United States Patent and Trademark Office (PTO). In these four petitions, Guest-Tek asks the Board to institute *inter partes* review (IPR) of four different Nomadix patents, with the aim of invalidating those patents. On December 14, 2018, the Court held a status conference and heard argument on whether the stay should be extended. Guest-Tek urged the Court to extend the stay; Guest-Tek also indicated it planned to file additional IPR petitions during the stay. Nomadix requested that the Court condition any further extension of the stay on Guest-Tek's agreement to withdraw its pending petitions before the Board and to refrain from proceeding with any new challenges to Nomadix's patents during the stay. The Court invited the parties to brief whether the Court has the power to grant Nomadix's request. (*See* Dkt. No. 309.) In this brief, Nomadix therefore addresses the Court's power to require Guest-Tek to withdraw its existing IPR petitions and to enjoin Guest-Tek from initiating further proceedings challenging Nomadix's patents, including as a condition to extending the stay in this case. In light of the limited scope of briefing that the Court emphasized it sought, Nomadix does not brief why the Court should exercise that power in this case.

# II. ARGUMENT

**A.     The Court has the power to enjoin Guest-Tek from prosecuting IPRs**

Federal district courts have the power to issue injunctions. *See* Fed. R. Civ. P. 65. While Rule 65 addresses procedural aspects of injunctions, the rule does not alter the general availability of injunctive relief, which depends on traditional principles of equity. 11A Charles Alan Wright et al., Federal Practice and Procedure § 2941 (3d ed., Sept. 2018 update). District courts' equitable powers are "broad," *Boston Celtics Ltd. P'ship v. Shaw*, 908 F.2d 1041, 1048 (1st Cir. 1990), / / /

and they include the power to enjoin otherwise lawful activity in furtherance of the public interest, *United States v. Holtzman*, 762 F.2d 720, 724 (9th Cir. 1985).

The injunctions that district courts have the power to issue include injunctions restraining or enjoining the prosecution of proceedings before other tribunals. In *Steelman v. All Continent Corporation*, 301 U.S. 278 (1937), the Supreme Court held that one federal district court, acting as a court of bankruptcy, had the power to enjoin the prosecution of a suit in another federal district court. The United States District Court for the District of New Jersey had adjudicated William Fox a bankrupt. *Steelman*, 301 U.S. at 279. Evidence had been presented that Fox may have created a corporation named All Continent as a means for insulating some of his assets. *See id.* at 280–81. Accordingly, the court ordered All Continent to turn over its books and records to the bankruptcy trustee for an audit. *Id.* The day that order was to be enforced, All Continent filed suit in the Eastern District of Pennsylvania to recover title to certain securities once belonging to Fox. *Id.* at 282. Among others, All Continent named the trustee in the New Jersey bankruptcy case as a defendant. *Id.* The trustee then successfully petitioned the New Jersey district court to enjoin All Continent from prosecuting the Pennsylvania case. *Id.* The Third Circuit reversed, holding that the New Jersey district court lacked the power to restrain the suit in the Pennsylvania district court. *Id.* at 284–85.

The Supreme Court granted certiorari to address the question of power. *Id.* at 285. As the Supreme Court noted, the Third Circuit had not found that the district court had abused its discretion assuming the district court had the power to issue the injunction in the first place—the sole question was whether the district court had such power. *Id.* at 288. The Court held that the New Jersey district court indeed held the power to enjoin prosecution of the Pennsylvania case and that it was appropriate to exercise that power in light of the risk that the Pennsylvania case could dispose of an asset of the estate that was the subject of the New Jersey

- 2 -

bankruptcy case. *Id.* The Court emphasized that the injunction was directed not to the Pennsylvania court, but to All Continent. *Id.* at 290–91. The Court expressly rejected the argument that restraint of a proper party would be tantamount to restraining the court itself. *Id.* at 291. The Supreme Court therefore reversed the decree of the Third Circuit and affirmed that of the district court. *Id.*

District courts have on numerous occasions exercised their power to enjoin parties from prosecuting proceedings in other forums, including other district courts,[1] the International Trade Commission (ITC),[2] and foreign tribunals.[3] For example, in *General Protecht Group, Inc. v. Leviton Manufacturing Co.*, 651 F.3d 1355 (Fed. Cir. 2011), the Federal Circuit affirmed the New Mexico district court's issuance of a preliminary injunction requiring the defendant to dismiss its claims of patent infringement in an ITC investigation as well as in another district court. Leviton Manufacturing had sued General Protecht Group (GPG) for patent infringement some years earlier. 651 F.3d at 1357. Leviton and GPG settled that

---

[1] *E.g.*, *Lab. Corp. of America Holdings v. Chiron Corp.*, 384 F.3d 1326 (Fed. Cir. 2004) (affirming Delaware district court's decision to enjoin defendant from prosecuting a co-pending lawsuit in the Northern District of California); *Finisar Corp. v. Cheetah Omni, LLC*, No. 11-cv-15625, 2012 WL 12931575 (E.D. Mich. Nov. 19, 2012) (enjoining defendant from prosecuting co-pending lawsuit in the Eastern District of Texas); *see also Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990) (affirming preliminary injunction granted by a court in the District of Massachusetts temporarily enjoining prosecution of plaintiff's co-pending lawsuit in the Western District of New York).

[2] *E.g.*, *Ciena Corp. v. Nortel Networks Inc.*, No. 2:05-cv-00014, 2005 WL 1189881 (E.D. Tex. May 19, 2005) (preliminarily enjoining plaintiff from participating in a co-pending investigation in the ITC); *see also Texas Instruments Inc. v. Tessera, Inc.*, 231 F.3d 1325 (Fed. Cir. 2000) (vacating district court's denial of a preliminary injunction that would have prohibited defendant from continued prosecution of a parallel ITC proceeding).

[3] *E.g.*, *Int'l Fashion Prod., B.V. v. Calvin Klein, Inc.*, No. 95-cv-0982, 1995 WL 92321 (S.D.N.Y. Mar. 7, 1995) (preliminarily enjoining plaintiff from prosecuting an action in the Netherlands).

case, and their settlement agreement provided that any dispute arising out of the agreement needed to be brought in District of New Mexico. *Id.* at 1357–58. A few years later, to pursue claims that GPG was infringing new patents, Leviton initiated two proceedings: an ITC investigation and an infringement lawsuit in the Northern District of California. *Id.* at 1358. In response, GPG filed suit in the District of New Mexico, alleging breach of contract and seeking declarations of noninfringement and invalidity of the patents. *Id.*

GPG maintained that the settlement agreement granted it an implied license to the newer patents and that the agreement's forum-selection clause required Leviton to litigate its claims in New Mexico. *Id.* Agreeing that GPG was likely to succeed on these positions, the New Mexico court granted GPG a preliminary injunction enforcing the forum-selection clause. *Id.* Specifically, the New Mexico court ordered Leviton to take all actions necessary to dismiss its claims in both the ITC investigation and the lawsuit in the Northern District of California, including moving to withdraw or dismiss its claims and moving to terminate the actions as to GPG. *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, No. 10-cv-1020, 2010 WL 5559750 (D.N.M. Nov. 30, 2010), *order clarified* 2010 WL 5477266 (D.N.M. Dec. 7, 2010). The Federal Circuit affirmed, holding that the New Mexico district court had not abused its discretion in granting the preliminary injunction. 651 F.3d at 1366.

District courts' power to enjoin prosecution of parallel proceedings extends to proceedings before the PTAB. The Federal Circuit implicitly acknowledged as much in a nonprecedential decision in *IGT v. Aristocrat Technologies, Inc.*, 646 F. App'x 1015 (Fed. Cir. 2016). In that case, IGT sued Aristocrat Technologies for infringing several patents. 646 F. App'x at 1017. According to IGT, IGT had acquired the patents from an inventor who later went to work for Aristocrat and had helped Aristocrat develop the allegedly infringing products. *Id.* IGT argued that Aristocrat was precluded from challenging the validity of the patents under the

- 4 -

doctrine of assignor estoppel, an equitable doctrine preventing the transferor of a patent and those in sufficient privity with the transferor from later contending that the transferred patent is invalid. *Id.* On that basis, IGT sought a preliminary injunction prospectively enjoining Aristocrat from challenging the validity of the patents at the PTAB. *Id.* The Federal Circuit concluded the district court was initially correct to deny the preliminary injunction because, at the time of the district court's ruling, Aristocrat had not initiated any such challenges at the PTAB and there was no indication Aristocrat was about to do so. *Id.* at 1018.

But in the interim Aristocrat filed IPR petitions challenging four of IGT's patents. *Id.* at 1019. The Federal Circuit therefore vacated the district court's decision and remanded to allow the parties to argue the impact of the changed circumstances. *Id.* If the district court lacked the power to enjoin Aristocrat from prosecuting the IPR proceedings, the Federal Circuit's remand would have been pointless, if not improper.

More recently, in *Dodocase VR, Inc. v. MerchSource, LLC*, the Northern District of California granted plaintiff's motion for a preliminary injunction that enforced a forum-selection clause by requiring the defendants to withdraw their petitions for *inter partes* review and post-grant review before the PTAB. No. 3:17-cv-7088, 2018 WL 1475289 (N.D. Cal. Mar. 26, 2018). Similar to *General Protecht Group*, *supra*, the parties in *Dodocase* entered into a patent license agreement with a provision requiring all disputes to be litigated before courts in San Francisco County or Orange County, California. 2018 WL 1475289 at *1. The licensee MerchSource stopped paying royalties under the license agreement and filed three petitions at the PTAB challenging the validity of the licensed patents. *Id.* at *3. The district court concluded that MerchSource had likely violated the forum-selection clause by litigating its validity challenges before the PTAB instead of a court in the specified California counties and that the other traditional equitable factors supported a preliminary injunction. *Id.* at *7–12. The district

court therefore ordered MerchSource to take steps under PTAB procedure to dismiss the PTAB proceedings. *Id.* at *13–14.

The district court's order in *Dodocase* is currently on appeal to the Federal Circuit. But the issues on appeal are (1) the proper interpretation of the forum-selection clause—specifically, whether PTAB proceedings fall within the scope of the clause—and (2) whether the other equitable factors supported the injunction. (Ex. 1 (appellant's brief).) The appeal, which has been fully briefed, does not question the district court's power to enjoin MerchSource from prosecuting its PTAB petitions. (Exs. 1–3 (parties' appeal briefs).)

## B. The Court has discretion to condition a stay on Guest-Tek's agreement to dismiss its pending IPR petitions and not to initiate further challenges during the stay

"Courts have inherent power to manage their dockets and stay proceedings." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A district court's discretion to exercise that inherent power is broad. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A district court may ensure it exercises its discretion fairly by "using its inherent power to condition a stay on [the moving party's] agreement" to terms that would mitigate otherwise inequitable aspects of the stay. *Tire Hanger Corp. v. My Car Guy Concierge Servs. Inc.*, No. 5:14-cv-00549, 2015 WL 857888, at *3 (C.D. Cal. Feb. 27, 2015).

For example, when determining whether to stay a case pending the outcome of parallel proceedings, courts typically consider whether a stay would present a tactical advantage to the moving party and whether the stay would simplify issues for trial. *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-cv-4206, 2014 WL 2738501, at *3 (N.D. Cal. June 11, 2014). Courts may therefore condition a stay on the moving party's agreement to terms designed to mitigate unfair tactical advantages, guard against gamesmanship, or ensure simplification of

the issues. *Id.* at *4; *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. 12-cv-4958, 2013 WL 4475940, at *2, *5 (N.D. Cal. Aug. 16, 2013), *modified in part on reconsideration*, 2013 WL 5513333 (N.D. Cal. Oct. 3, 2013).

Conditional stays arise frequently in patent litigation. For example, a patent owner may have multiple infringement actions pending simultaneously against different parties but on the same patent. The defendant in one action might challenge the patent at the PTAB, and an unrelated defendant in a second action might then move to stay the second lawsuit pending the outcome of the PTAB proceeding. Since the second defendant is not a party to the PTAB proceeding, the second defendant will not be estopped from pursuing any invalidity theories in the litigation, even if the patent owner prevails in the PTAB proceeding. As a result, staying the second litigation pending the outcome of the PTAB proceeding provides the second defendant with a tactical advantage and might not simplify the issues. In these circumstances, a court might be "persuaded that a stay is warranted, but only on certain conditions that will mitigate the risk of undue prejudice and gamesmanship." *Pi-Net Int'l*, 2013 WL 4475940, at *2. In particular, a court might condition a stay on the defendant's agreement to be bound by the same estoppel that would apply to the PTAB petitioner. *Id.* at *5, *modified in part on reconsideration*, 2013 WL 5513333 (adjusting conditions after moving party did not consent to initial conditions); *Evolutionary Intelligence*, 2014 WL 2738501, at *4 (similar).

Similarly, when asked to stay an infringement litigation pending the outcome of an *ex parte* reexamination of the patent at the PTO (which carries no estoppel effect), a court might condition a stay on the defendant's agreement not to argue invalidity in the litigation based on the prior art the PTO considers in the reexamination and on the defendant's agreement not to directly or indirectly institute any future PTO proceeding challenging the patent. *QPSX Developments 5*

///

*Pty Ltd. v. Ciena Corp.*, No. 2:07-cv-118, 2009 WL 8590964, at *2 (E.D. Tex. Aug. 27, 2009).

### III.  CONCLUSION

The Court's power to issue injunctions and its discretion to fashion the terms of injunctions and stays are both broad. The Court has the power to enjoin Guest-Tek from prosecuting challenges to Nomadix's patents in other forums, including by ordering Guest-Tek to dismiss its pending petitions at the PTAB and restraining Guest-Tek from initiating further challenges during the stay. Furthermore, the Court has the power to condition extending the stay on Guest-Tek's consent to such an injunction.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 21, 2018       /s/ *Mark Lezama*
Douglas G. Muehlhauser
Mark Lezama
Alan G. Laquer
Alexander J. Martinez
Justin J. Gillett
James F. Smith

Attorneys for Plaintiff
NOMADIX, INC.