Steven J. Rocci (Admitted *Pro Hac Vice*)
Email: srocci@bakerlaw.com
Kevin M. Bovard, SBN 247521
Email: kbovard@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone:  215.568.3100
Facsimile:   215.568.3439

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant/Counter-Claimant, <br><br> v. <br><br> NOMADIX, INC., <br><br> Counter-Defendant. | Case No.: 2:16-cv-08033-AB-FFM <br><br> [*Honorable André Birotte Jr.*] <br><br> **GUEST-TEK'S BRIEF ON THE COURT'S POWER TO ENJOIN FILINGS IN THE PATENT OFFICE** <br><br> Hearing: January 4, 2019 <br> Time:        10:00 a.m. <br> Courtroom:      7B <br><br> Action Filed: 10/28/16 <br> Amended Complaint Filed: 03/23/17 |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Michael J. Swope (Admitted *Pro Hac Vice*)
   Email:  mswope@bakerlaw.com
2  Curt R. Hineline (Admitted *Pro Hac Vice*)
   Email:  chineline@bakerlaw.com
3  **BAKER & HOSTETLER LLP**
   999 Third Avenue, Suite 3500
4  Seattle, WA 98104-4040
   Telephone:    206.332.1379
5  Facsimile:    206.624.7317

6  Michael R. Matthias, SBN 57728
   Email: mmatthias@bakerlaw.com
7  **BAKER & HOSTETLER LLP**
   11601 Wilshire Boulevard, Suite 1400
8  Los Angeles, CA  90025-0509
   Telephone:  310.820.8800
9  Facsimile:   310.820.8859

10 *Attorneys for Defendant/Counter-Claimant*
   GUEST-TEK INTERACTIVE
11 ENTERTAINMENT LTD.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION .................................................................................................. 1

II. THE COURT'S POWER TO ENJOIN THE FILINGS IN THE PTO IS QUESTIONABLE .................................................................................................. 2

III. NOR DOES THE COURT HAVE DISCRETION TO CONDITION STAYING THE CASE ON GUEST-TEK'S CONSENT TO AN INJUNCTION AS NOMADIX CONTENDS. ................................................ 8

IV. CONCLUSION .................................................................................................... 10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*,
No. C-09-1360 MMC, 2009 WL 4981164 (N.D. Cal. Dec. 15, 2009) ................................................................................................. 9

*Alvarez-Cortez v. Vallario*,
No. 11-CV-02307-WYD-KMT, 2013 WL 248459 (D. Colo. Jan. 23, 2013) ............................................................................................... 3

*Amstar Corp. v. Envirotech Corp., et al*,
No. C-79-0023J, 1986 WL 83653 (D. Utah May 16, 1986) ................. 5

*Callaway Golf Co. v. Kappos*,
802 F. Supp. 2d 678 (E.D. Va. 2011) .............................................. 5, 7

*Caribbean Marine Servs., Inc. v. Baldrige*,
844 F.2d 668 (9th Cir. 1988) ............................................................... 7

*Cuozzo Speed Techs., LLC v. Lee*,
136 S. Ct. 2131 (2016) ........................................................................ 3

*Elm 3DS Innovations, LLC v. Lee*,
No. 1:16-CV-1036, 2016 WL 8732315 (E.D. Va. Dec. 2, 2016) ........ 3

*Ford Motor Co. v. Versata Software, Inc.*,
No. 15-10628, 2016 WL 6650380 (E.D. Mich. Nov. 10, 2016) .......... 5

*Freeman v. Minnesota Min. & Mfg. Co.*,
661 F. Supp. 886 (D. Del. 1987) ......................................................... 5

*General Protecht Group, Inc. v. Leviton Manufacturing Co.*,
651 F.3d 1355 (Fed. Cir. 2011) ........................................................... 7

*Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*,
736 F.3d 1239 (9th Cir. 2013) ............................................................. 2

*IGT v. Aristocrat Techs., Inc.*
No. 2:15-CV-00473-GMN, 2015 WL 5554135 (D. Nev. Sept. 18, 2015), *vacated and remanded*, 646 F. App'x 1015 (Fed. Cir. 2016) .................. 4

- i -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

<1>
<1><1><1><1><1><1><1><1><1><1>

*IGT v. Aristocrat Techs., Inc.*,
   No. 215CV00473GMNGWF, 2016 WL 4367238 (D. Nev. Aug. 11, 2016) .......................................................................................................... 4

*Joy Mfg. Co. v. Nat'l Mine Serv. Co.*,
   810 F.2d 1127 (Fed. Cir. 1987) ................................................................... 4, 5

*Kucala Enterprises, Ltd. v. Auto Wax Co.*,
   No. 02 C 1403, 2004 WL 742252 (N.D. Ill. Apr. 6, 2004) ................................ 5

*MCM Portfolio LLC v. Hewlett-Packard Co.*,
   812 F.3d 1284 (Fed. Cir. 2015) ......................................................................... 6

*Realtime Data LLC v. Teradata Operations, Inc.*,
   No. SACV1602743AGFFMX, 2017 WL 3453295 (C.D. Cal. Feb. 27, 2017) ...................................................................................................... 10

*SAS Inst., Inc. v. ComplementSoft, LLC*,
   825 F.3d 1341 (Fed. Cir. 2016) (Newman, J., dissenting) ............................. 10

*Senju Pharm. Co. v. Metrics, Inc.*,
   96 F. Supp. 3d 428 (D.N.J. 2015) ............................................................ 2, 3, 5

*Steelman v. All Continent Corp.*,
   301 U.S. 278 (1937) ......................................................................................... 7

**Statutes**

35 U.S.C. § 302 ........................................................................................................ 5

35 U.S.C. § 314(d) .................................................................................................... 3

35 U.S.C. § 315(a) ................................................................................................ 3, 4

35 U.S.C. § 319 ........................................................................................................ 3

**Rules**

Fed. R. Civ. P. 65(d)(2) ............................................................................................ 2

Fed. R. Civ. P. 65 ..................................................................................................... 2

**Other Authorities**

157 Cong. Rec. S1380 (daily ed. Mar. 8, 2011) ..................................................... 10

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

## I. INTRODUCTION

Guest-Tek has the legal, statutory right to file *inter partes* review petitions with the U.S. Patent and Trademark Office (PTO). Nomadix nonetheless suggested, at the December 14, 2018 status conference, that this Court should enjoin it from exercising that right. The Court has requested briefing on its power to do so. Dkt. No. 309. Guest-Tek's review of the legal authorities cited by Nomadix, and of those located by Guest-Tek, reveals that the Court's power to enjoin Guest-Tek is unsettled, at best. In addition, even if the Court were to accept Nomadix's invitation and exercise that power, it would likely be futile, because any injunction would likely be stayed by the Federal Circuit, pending Guest-Tek's appeal.

Neither the Federal Circuit nor the Ninth Circuit have squarely addressed this issue. Almost all other courts confronted with requests to enjoin PTO proceedings have rejected them. In fact, in the only case that Nomadix cites where a court enjoined *inter partes* review (*Dodocase VR, Inc. v. MerchSource, LLC*), the Federal Circuit recently stayed the injunction pending appeal, and indicated that the enjoined party is likely to succeed in overturning it.

Nomadix also insists that the Court can condition a stay on Guest-Tek's agreement to "withdraw its pending petitions before the [PTO] and refrain from proceeding with any new challenges to Nomadix's patents." Pl's Br. at 1 & § II.B. This is not an issue upon which the Court had requested briefing. *See* Dkt. No. 309. In any event, Nomadix's invitation that the Court do so runs counter to the purpose of the stay. Third-party Gate Worldwide Holdings LLC requested a stay, which Guest-Tek joined, so that the New York court could determine a fundamental standing issue, i.e., who owns the patents asserted in this case. Guest-Tek's *inter partes* reviews have nothing to do with that issue, and conditioning the stay on Guest-Tek's refraining from participating in them would unfairly – to Gate and

Guest-Tek – allow this case to proceed while the standing issue is still looming large. It would also be in direct contravention to Congressional policy and would serve no legitimate purpose. Furthermore, the license agreement underlying this lawsuit contains express provisions under which Guest-Tek may challenge patent validity, which this Court has previously addressed.[1]

For these reasons, the Court should not entertain any request to enjoin the PTO proceedings or condition the requested stay on Guest-Tek refraining from pursuing *inter partes* review of the asserted patents.[2]

## II.     THE COURT'S POWER TO ENJOIN THE FILINGS IN THE PTO IS QUESTIONABLE.

The Court's power to enjoin Guest-Tek from pursuing its statutory right to initiate and prosecute *inter partes* review proceedings before the PTO is questionable, at best. There is no clear-cut authority that would sanction the Court's exercise of such power, and that exercise may be reversible error.

Although the Court has power to issue injunctions under Rule 65 of the Federal Rules of Civil Procedure, that power is limited. District courts cannot issue injunctions that would conflict with other federal law or statutes, or issue injunctions that apply to non-parties like the PTO. *E.g.*, Fed. R. Civ. P. 65(d)(2); *Senju Pharm. Co. v. Metrics, Inc.*, 96 F. Supp. 3d 428 (D.N.J. 2015) (denying

---

[1] *See, e.g.*, Dkt. No. 140 § III.A (explaining how the exception to the no-challenge clause in the parties' license agreement provides Guest-Tek the right to challenge the validity of the asserted patents); Dkt. No. 150 (Order) at 12-13 (as to Guest-Tek's defense of patent invalidity, "[t]he Court finds that Nomadix has failed to show that no questions of fact exist with respect to this defense, and a set of circumstances may exist where the defense would succeed.").

[2] Due to the limited scope of briefing that the Court requested, Guest-Tek does not address whether an injunction would be appropriate based on the specific facts of this case if the Court had the authority to issue one. Indeed, an injunction would be improper based on the facts for various reasons, including the provisions of the license agreement allowing validity challenges, the lack of irreparable harm to Nomadix, the balance of equities, the public interest, as well as the lack of a likelihood of Nomadix's success on the merits. *See Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013).

injunction in part because it would conflict with 35 U.S.C. § 314(d)); *Alvarez-Cortez v. Vallario*, No. 11-CV-02307-WYD-KMT, 2013 WL 248459, at *4 n.3 (D. Colo. Jan. 23, 2013) (finding request for injunctive relief improper where it is "overbroad and conflicts with the applicable statutory scheme."). Here, enjoining Guest-Tek from pursuing the PTO proceedings would run afoul of the statutory framework associated with *inter partes* review and would effectively be an injunction against the PTO.

The decision whether to institute an *inter partes* review is solely within the PTO's province. 35 U.S.C. § 314(d) ("The determination by the Director whether to institute an inter partes review under this section shall be final and nonappealable."); *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2142 (2016) (confirming validity of § 314(d)). In addition, a party may only appeal PTO decisions to the Federal Circuit. 35 U.S.C. § 319. There is no option to file a civil action in district court. *See Elm 3DS Innovations, LLC v. Lee*, No. 1:16-CV-1036, 2016 WL 8732315, at *4 (E.D. Va. Dec. 2, 2016) ("Collateral APA attacks in the district court on ongoing IPR proceedings improperly contravene the Congressional intent to confer IPR review jurisdiction solely on the Federal Circuit.").

Thus, if the Court were to enjoin the *inter partes* review petitions, it would, in effect, be enjoining the PTO from using its statutory authority to decide whether to initiate *inter partes* reviews and make validity determinations. This is one reason that the court refused to enjoin the defendants from participating in the *inter partes* reviews that they filed in *Senju Pharm*. 96 F. Supp. 3d at 447. There, the plaintiffs asked the court to enjoin the defendants because they were allegedly precluded from challenging patent validity in the PTO under 35 U.S.C. § 315(a). The court noted, however, that "although Plaintiffs cast this injunction as one against Defendants, in reality it operates as an injunction against the IPR process itself." *Id*. In denying the injunction request, the court concluded that an injunction against

- 3 -

the defendants "would have the direct consequence of preventing the [PTO] from reviewing the case after a decision has already been made to institute review, and would undermine the [PTO's] final decisionmaking authority." *Id.*; *see also Joy Mfg. Co. v. Nat'l Mine Serv. Co.*, 810 F.2d 1127, 1130 (Fed. Cir. 1987) (affirming denial of injunction request in part because "the principal relief which [plaintiff] seeks—namely, stopping the reexamination of its patent—is not available in these proceedings," as "[t]he decision by the Commissioner to institute reexamination is not subject to review").

Not surprisingly, most other courts confronted with requests to enjoin parties from pursuing *inter partes* reviews and other PTO proceedings have also rejected them. For instance, one court refused to enjoin the defendant from filing an *inter partes* review petition in *IGT v. Aristocrat Techs., Inc*. No. 2:15-CV-00473-GMN, 2015 WL 5554135, at *5 (D. Nev. Sept. 18, 2015), *vacated and remanded*, 646 F. App'x 1015 (Fed. Cir. 2016). The court noted that it was unaware of "any precedent case enjoining a defendant from seeking *inter partes* review at this stage in the proceedings," and also found that the defendant would not infringe any of the patent owner's legal rights by pursuing *inter partes* review because "*inter partes* review is a statutorily permitted procedure." *Id.* As Nomadix points out, Pl's Br. at 4-5, the *IGT* decision was vacated on appeal and remanded to allow the parties to argue the impact of the defendant's subsequent filing of *inter partes* review petitions. But what Nomadix fails to mention is that the district court upheld its prior decision on remand based on the same rationale, i.e., that it was unaware of any precedent enjoining *inter partes* review proceedings and that the defendant was not infringing the patent owner's legal rights by filing the *inter partes* review petitions.[3] *IGT v. Aristocrat Techs., Inc.*, No. 215CV00473GMNGWF, 2016 WL

---

[3] Nomadix's claim that the Federal Circuit implicitly suggested that the district court had the power to enjoin the PTO proceedings by remanding the decision is incorrect. Pl's Br. at 5. The Federal Circuit only decides issues that are raised in

- 4 -

4367238, at *5 (D. Nev. Aug. 11, 2016).

Numerous other courts have reached similar conclusions, refusing to enjoin defendants from initiating or pursuing PTO proceedings challenging patent validity. *E.g.*, *Amstar Corp. v. Envirotech Corp., et al*, No. C-79-0023J, 1986 WL 83653, at *1 (D. Utah May 16, 1986) (refusing to enjoin party from requesting reexamination after "recognizing that the statute in issue, 35 U.S.C. § 302, provides that '[a]ny person at any time may file a request for reexamination,'" and "finding a strong public interest in this proceeding before the Patent and Trademark Office going forward"); *Senju Pharm.*, 96 F. Supp. 3d at 447 (refusing to enjoin *inter partes* review); *Joy Mfg.*, 810 F.2d at 1129 (affirming denial of request to enjoin party from prosecuting reexamination before PTO); *Callaway Golf Co. v. Kappos*, 802 F. Supp. 2d 678, 688 (E.D. Va. 2011) (upholding PTO's decision to continue reexamination of patents despite forum selection clause); *Ford Motor Co. v. Versata Software, Inc.*, No. 15-10628, 2016 WL 6650380, at *1 (E.D. Mich. Nov. 10, 2016); *Freeman v. Minnesota Min. & Mfg. Co.*, 661 F. Supp. 886, 888 (D. Del. 1987); *Kucala Enterprises, Ltd. v. Auto Wax Co.*, No. 02 C 1403, 2004 WL 742252, at *4 (N.D. Ill. Apr. 6, 2004).

By contrast, Nomadix's reliance on *Dodocase VR, Inc. v. MerchSource, LLC* – the only cited case in which a district court enjoined *inter partes* review – is misplaced. No. 17-CV-07088-EDL, 2018 WL 1475289 (N.D. Cal. Mar. 26, 2018); Pl's Br. at 5-6. There, the court held that contract provisions expressly precluding parties from challenging patent validity in the PTO were unenforceable under principles of equity. *Dodocase*, 2018 WL 1475289, at *5. As a result, the court refused to enjoin the defendant from prosecuting *inter partes* review petitions on

---

the appeal; there is no indication that the district court's power to enjoin *inter partes* reviews was raised by either party; and the Federal Circuit would not have needed to decide that issue anyway, because regardless of whether the district court had the power to do so, the court found that it was improper for other reasons.

- 5 -

that ground. *Id.* Although the court separately ordered the defendant to dismiss the PTAB proceedings based on a forum selection clause, that decision is on appeal. Moreover, Nomadix's claim that the *Dodocase* appeal does not "question the district court's power to enjoin [the defendant] from prosecuting its PTAB petitions," Pl's Br. at 6, is wrong. The defendant/appellant is specifically challenging whether the district court can enjoin it from prosecuting its *inter partes* review petitions on the basis that clauses precluding PTAB petitions are void as against public policy. Dkt. No. 310, Ex. 1 § III.2. And notably, the Federal Circuit already found that the defendant is likely to succeed on its appeal and stayed the district court's injunction. Ex. A. Thus, contrary to Nomadix's assertion, *Dodocase* supports the notion that courts *cannot* enjoin parties from challenging validity in the PTO.[4]

Both PTO and public policy regarding *inter partes* review also advise against enjoining PTO proceedings. As various courts and agencies have acknowledged, there is a strong public policy in favor of reexamining the grant of patent rights. In fact, the Federal Circuit recently explained in regard to *inter partes* review that "Congress created the PTO . . . and saw powerful reasons to utilize the expertise of the PTO for an important public purpose—to correct the agency's own errors in issuing patents in the first place." *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284, 1290-91 (Fed. Cir. 2015). Congress created *inter partes* review in particular to "provid[e] a more efficient system for challenging patents that should not have issued" in reaction to "a growing sense that questionable patents are too easily obtained and are too difficult to challenge." *Id.*

Moreover, when an injunction will affect the public – as would an injunction

---

[4] Also, even if Nomadix prevails in obtaining an injunction (and it should not), the Federal Circuit will likely stay the injunction at least until it decides *Dodocase*. By that time, the PTO will have decided whether to initiate *inter partes* review based on Guest-Tek's petitions, making an injunction, which would negate the PTO's decision to initiate review, even more inappropriate.

- 6 -

against *inter partes* reviews in the PTO – the Court should determine whether the public interest disfavors the injunction. *Caribbean Marine Servs., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). As the PTO itself explained, "the United States Supreme Court determined that prohibiting licensees from challenging the validity of a patent . . . runs afoul of public policy 'in permitting full and free competition in the use of ideas which are in reality part of the public domain.'" *Inter Partes* Reexamination Proceeding, Decision on Petition to Vacate Order Granting Reexamination, Control No. 95/000,123, at 5 (Office of Patent Legal Admin. June 7, 2006) (citing and quoting Lear v. Adkins, 395 U.S. 653, 670 (1969)). It further explained that "[b]y analogy, preventing a third-party requester (and a potential licensee . . . ) from requesting reexamination of a patent would be contrary to the public policy embodied in the *Lear v. Adkins* decision." *Id.*; *see also Callaway Golf*, 802 F. Supp. 2d at 686 (stating that "there is a strong public interest in ensuring that patents are valid" and explaining why a contract prohibiting reexamination before PTO would be contrary to public policy).

Thus, the PTO and public have a strong interest in making sure that the original grant of a patent is proper and in later reviewing that grant to make sure it was not given in error. A decision enjoining that review, such as Nomadix's request to enjoin Guest-Tek here, is against the PTO and public interest and should be avoided.[5]

---

[5] The cases that Nomadix cites for its assertion that courts are generally authorized to enjoin parties from prosecuting proceedings in other forums are all distinguishable. Pl's Br. at 2-4. Unlike here, none of those cases involved injunctions that would effectively apply to non-parties; injunctions that were inconsistent with other federal law; or ones that conflicted with the strong public interest here favoring *inter partes* reviews. *See, e.g.*, *Steelman v. All Continent Corp.*, 301 U.S. 278, 291 (1937) (unlike here, the injunction would not be tantamount to restraining a non-party); *General Protecht Group, Inc. v. Leviton Manufacturing Co.*, 651 F.3d 1355, 1365-66 (Fed. Cir. 2011) (unlike here, public policy favored the injunction). In addition, *General Protecht Group* and *Dodocase* involved forum selection clauses that allegedly prohibited the proceedings that the court enjoined. In contrast, there is no forum selection clause in the parties' license agreement here that, when properly interpreted, would preclude Guest-Tek from

GUEST-TEK'S BRIEF ON THE COURT'S POWER TO ENJOIN FILINGS IN THE PATENT OFFICE; CASE NO.: 2:16-CV-08033-AB-FFM

### III. NOR DOES THE COURT HAVE DISCRETION TO CONDITION STAYING THE CASE ON GUEST-TEK'S CONSENT TO AN INJUNCTION AS NOMADIX CONTENDS.

Although the Court did not ask for briefing on this issue, Nomadix argues that the Court has the power to condition further stay of this case on Guest-Tek's consent to refrain from initiating or participating in *inter partes* review. Dkt. No. 310 § II. Whether or not the Court has that power, the Court should not condition the stay on Guest-Tek's consent to injunction because, for the reasons mentioned above, the injunction itself would be improper. Nor should Guest-Tek have to consent to abstain from filing *inter partes* review petitions when it has every legal right to initiate such proceedings. But even if that were not the case, conditioning the stay as Nomadix proposes would be inappropriate for several other reasons.

First, conditioning the stay of the district court case on Guest-Tek refraining from prosecuting *inter partes* review petitions would be improper because the two proceedings are unrelated. The Court implemented the stay at the request of third-party Gate Worldwide Holdings LLC so that the New York court could decide whether it or Nomadix owns the asserted patents. According to this Court, the stay was warranted because "[d]etermining the real party in interest will ensure the case proceeds in a manner fair to all parties involved[.]" Dkt. No. 284 at 4-5. That fundamental issue is still being resolved by the New York courts, and a stay is therefore warranted to avoid litigating a case in which the plaintiff has no standing. *See* Dkt. No. 306. Guest-Tek's *inter partes* review petitions, on the other hand, have nothing to do with ownership of the asserted patents. The stay is necessary regardless of what transpires in the PTO. Conditioning it on Guest-Tek refraining from participating in PTO proceedings would unfairly allow this case to proceed while the standing issue is still looming large.

Second, there is no legitimate reason to condition the stay as Nomadix pursuing PTO proceedings.

- 8 -

proposes. For example, Nomadix would not suffer undue prejudice if the PTO conducted *inter partes* review while the case is stayed. Indeed, Nomadix is able to participate (and is already participating) in the *inter partes* reviews that Guest-Tek initiated. As a participant, it can challenge Guest-Tek's invalidity assertions and submit its own evidence of alleged validity with the PTO. As such, *inter partes* review will benefit both parties. It will narrow the invalidity issues that would need to be addressed in the litigation. The parties would be bound by the PTO's decision on invalidity over the cited prior art, and would not have to expend the time and resources litigating invalidity over that prior art in the district court. Moreover, Nomadix has a remedy – it has asserted a counterclaim for breach of contract by virtue of Guest-Tek challenging the validity of Nomadix's patents. Dkt. No. 264-1. If Nomadix prevails on that claim, it can attempt to recover appropriate monetary damages.

Thus, unlike in the cases cited by Nomadix, conditioning the stay on Guest-Tek's consent to withdrawal its *inter partes* review petitions is not needed to mitigate against "unfair tactical advantages," "gamesmanship," "undue prejudice," or to "ensure simplification of the issues." Pl's Br. at 6-7. If anything, it would accomplish the opposite. Requiring Guest-Tek to do so would give Nomadix a tactical advantage by precluding Guest-Tek from exercising its right to challenge validity in the PTO and would unnecessarily complicate the district court case with invalidity issues that the PTO could resolve during the stay.

Third, conditioning the stay as Nomadix proposes would be improper as a matter of law. Courts have held that conditioning stays pending PTO proceedings is inappropriate when the proposed condition is contrary to policies underlying Congressional legislation. *E.g.*, *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, No. C-09-1360 MMC, 2009 WL 4981164, at *2 (N.D. Cal. Dec. 15, 2009) (refusing to condition stay pending reexamination proceeding before PTO because

- 9 -

proposed condition would "undermine the policies underlying legislation providing for reexamination, specifically, Congress's intent to provide the parties with a more efficient and less costly alternative to civil litigation").

Here, Nomadix's proposed condition would be contrary to Congressional intent regarding *inter partes* review. *Inter partes* review was intended as a substitute for costly and burdensome district court litigation involving patents of questionable validity. *SAS Inst., Inc. v. ComplementSoft, LLC*, 825 F.3d 1341, 1354 (Fed. Cir. 2016) (Newman, J., dissenting); 157 Cong. Rec. S1380 (daily ed. Mar. 8, 2011). Because *inter partes* review is an effective means for simplifying invalidity issues, the Central District of California has a liberal policy in favor of granting stays of district court cases pending *inter partes* review. *Realtime Data LLC v. Teradata Operations, Inc.*, No. SACV1602743AGFFMX, 2017 WL 3453295, at *3 (C.D. Cal. Feb. 27, 2017). Nomadix's suggestion that the stay be conditioned on Guest-Tek's consent to withdraw its *inter partes* review petitions contradicts the policy favoring a stay of litigation pending the outcome of *inter partes* review. Conditioning a stay on Guest-Tek's consent to withdrawal its *inter partes* review petitions, as Nomadix proposes doing here, would turn that policy on its head.

## IV. CONCLUSION

For these reasons, the Court's power to enjoin Guest-Tek from pursuing its statutory right to initiate and prosecute *inter partes* review proceedings before the PTO is questionable, at best. Almost all other courts confronted with requests to enjoin PTO proceedings have rejected them. Nor should the Court condition staying the case on Guest-Tek's consent to refrain from initiating and prosecuting *inter partes* review proceedings, as the reason for the stay has nothing to do with the PTO proceedings and doing so would unfairly allow this case to proceed with a plaintiff that likely does not have standing.

Dated: December 28, 2018

Respectfully submitted,

**BAKER & HOSTETLER LLP**

By: */s/ Michael R. Matthias*
Steven J. Rocci
Michael J. Swope
Kevin M. Bovard
Michael R. Matthias

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

- 11 -