UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:16-cv-08033-AB0-FFM | Date: | January 3, 2019 |
|---|---|---|---|

| Title: | Nomadix, Inc. v. Guest-Tek Interactive Entertainment, Ltd. |
|---|---|

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    [In Chambers] Order Extending Stay of Proceedings

The Court has reviewed the parties' supplemental briefing on the Court's power to enjoin filings in the United States Patent and Trademark Office ("PTO"). At this stage, there is no legal basis for the Court to grant Nomadix the remedy it seeks.

Nomadix cites to cases in which a court enjoined a litigant from proceeding before the U.S. International Trade Commission or Patent Trial and Appeal Board ("PTAB") where the court was enforcing the parties' contractual obligations, such as forum selection clauses, but the parties have failed to address whether a similar contractual obligation exists in this case. *See, e,g., Gen. Protecht Grp., Inc. v. Leviton Mfg. Co., Inc.*, 651 F.3d 1355, 1365-55 (Fed. Cir. 2011) (enjoining party from pursuing ITC action in light of parties' forum selection clause); *Dodocase VR, Inc. v.MerchSource, LLC*, No. 17-CV-07088-EDL, 2018 WL 1475289 (N.D. Cal. Mar. 26, 2018) (enjoining party from pursuing PTAB action in light of parties' forum selection clause).

Guest-Tek asserts "there is no forum selection clause in the parties' license agreement here that, when properly interpreted, would preclude Guest-Tek from pursuing PTO proceedings," but fails to provide any reasoning in support of its conclusion. (Dkt.

No. 311 at 13.) And Nomadix fails to address the forum selection clause in the License Agreement altogether. Because dispositive issues have not been fully addressed, the Court declines to condition the stay on Guest-Tek withdrawing its existing IPR petitions and declines to enjoin Guest-Tek from initiating further proceedings challenging Nomadix's patents.

For the reasons outlined in the Court's April 18, 2018 Order granting, in part, Guest-Tek's Motion to Stay and Guest-Tek and GWH's December 10, 2018 Status Report, the Court finds a short stay of the case is warranted. (*See* Dkt. Nos. 284, 306.) The Court therefore extends the stay (1) until **February 12, 2019—sixty (60) days** from December 14, 2018 and **forty (40) days** from the date of this Order—or (2) **fourteen (14) days** following the resolution of the Chapter 11 bankruptcy proceedings, whichever comes first. The parties are **ORDERED** to file a *joint* status report (1) on or before **Friday, February 8, 2019**, unless the stay has been lifted or the case is resolved, or (2) within **five (5) days** following the resolution of the Chapter 11 bankruptcy proceedings. The Status Conference set for January 4, 2019 is hereby **VACATED** and will be reset as necessary.

**IT IS SO ORDERED.**