1  Douglas G. Muehlhauser (CA SBN 179495)
   doug.muehlhauser@knobbe.com
2  Mark Lezama (CA SBN 253479)
   mark.lezama@knobbe.com
3  KNOBBE, MARTENS OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
4  Irvine, California 92614
   Telephone: 949-760-0404
5  Facsimile: 949-760-9502

6  Vincent J. Belusko (CA SBN 100282)
   VBelusko@mofo.com
7  Nicole M. Smith (CA SBN 189598)
   NSmith@mofo.com
8  Nicholas R. Fung (CA SBN 312400)
   NFung@mofo.com
9  Sorin G. Zaharia (CA SBN 312655)
   SZaharia@mofo.com
10 MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
11 Los Angeles, California 90017
   Telephone: 213.892.5200
12 Facsimile: 213.892.5454

13 *(attorney listing continued on next page)*

14 Attorneys for Plaintiff
   NOMADIX, INC.

15

16                    UNITED STATES DISTRICT COURT

17                   CENTRAL DISTRICT OF CALIFORNIA

18                          WESTERN DIVISION

19
   | NOMADIX, INC., | Case No. 2:16-CV-08033-AB-FFM |
20 |                | |
   |     Plaintiff, | **JOINT REPORT RE: CASE SCHEDULE** |
21 |                | |
   |       v.       | Complaint filed: Oct. 28, 2016 |
22 |                | |
   | GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | Honorable Andrè Birotte, Jr. |
23 |                | |
24 |     Defendant. | |

25

26

27

28

---

JOINT REPORT RE: CASE SCHEDULE
CASE NO. 2:16-CV-08033-AB-FFM

4828-5369-9978.1sf-4003262

Steven J. Rocci (admitted *pro hac vice*)
srocci@bakerlaw.com
Daniel J. Goettle (admitted *Pro Hac Vice)*
dgoettle@bakerlaw.com
Kevin M. Bovard (CA SBN 247521)
kbovard@bakerlaw.com
BAKER & HOSTETLER LLP
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215-568-3100
Facsimile: 215-568-3439

Michael J. Swope (admitted *Pro Hac Vice*)
mswope@bakerlaw.com
BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone:  206.332.1379
Facsimile:   206.624.7317

Michael R. Matthias, (CA SBN 57728)
mmatthias@bakerlaw.com
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859
Attorneys for Defendant/Counter-Claimant
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERATIVE
ENTERTAINMENT LTD.

1   Pursuant to this Court's February 8, 2019 Order (Dkt. No. 325), Plaintiff
2   Nomadix, Inc. ("Nomadix") and Defendant Guest-Tek Interactive Entertainment
3   Ltd. ("Guest-Tek") (collectively, "the Parties") hereby file a joint report regarding
4   their proposed new schedule.
5   As ordered, the Parties have completed the Court's Scheduling Worksheet,
6   attached hereto as Exhibit A.  As seen in Exhibit A, the Parties are in agreement on
7   new proposed dates for trial, Final Pretrial Conference, and first and second round
8   of trial filings.  The Parties have met and conferred, but disagree with respect to the
9   remaining dates in the schedule.  The Parties' disagreement stems primarily from a
10  disagreement as to when and how the Court should address any issues related to
11  patent claim construction in this case.  The below chart summarizes the Parties'
12  proposed deadlines, which are further explained below.

| Event | Original Date (D.I. 56) | Guest-Tek's Proposed Deadlines | Nomadix's Proposed Deadlines |
|---|---|---|---|
| Exchange of terms for claim construction | None | 5/31/2019 | None |
| Exchange proposed claim constructions and any extrinsic evidence | None | 6/21/2019 | None |
| Joint Claim Construction and Prehearing Statement | None | 7/17/2019 | None |
| Opening Claim Construction Brief | None | 8/26/2019 | None. Any claim construction briefing shall be part of any motion for summary judgment. |
| Responsive Claim Construction Brief | None | 9/9/2019 | None. Any claim construction briefing shall be part of any motion for summary |

| Event | | | |
|---|---|---|---|
| | | | judgment. |
| Reply Claim Construction Brief | None | 9/16/2019 | None. Any claim construction briefing shall be part of any motion for summary judgment. |
| Claim Construction Hearing | None | Approx 9/30/2019 | None. Any claim construction shall be heard at the same time as the hearing on motions for summary judgment. |
| Non-expert Discovery Cut-Off | 5/31/2018 | 9/30/2019 | 6/28/2019 |
| Expert Disclosure (Initial) | 6/29/2018 | 11/8/2019 | 7/12/2019 |
| Expert Disclosure (Rebuttal) | 7/27/2018 | 12/6/2019 | 8/9/2019 |
| Expert Discovery Cut-off | 8/27/2018 | 1/10/2020 | 9/13/2019 |
| Last Day to Hear Motions | 8/27/2018 | 1/10/2020 | 10/18/2019 |
| Last Day to Conduct ADR Proceeding | 9/10/2018 | 1/31/2020 | 10/11/2019 |
| File Memorandum of Contentions of Fact and Law, Exhibit and Witness Lists, Status Report regarding settlement, and all Motions in *Limine* | 10/15/2018 | 2/14/2020 | 2/14/2020 |
| Lodge Pretrial Conference Order, file agreed set of Jury Instructions and Verdict Forms, file statement regarding Disputed Instructions and Verdict Forms, and File Oppositions to Motions in *Limine* | 10/22/2018 | 2/28/2020 | 2/28/2020 |
| Final Pretrial Conference and Hearing on Motions in *Limine* | 11/5/2018 | 3/13/2020 | 3/13/2020 |
| Trial Date | 12/4/2018 (Est 4 Days) | 4/14/2020 (Est 6-8 Days) | 4/14/2020 (Est 4-6 days) |

3

I. **NOMADIX'S POSITION**

This is a breach of contract case, brought in this Court under diversity jurisdiction. The contract at issue is a patent license agreement. To the extent any patent claim terms require construction for adjudicating a claim or defense, Nomadix proposes that the Court may do so as part of the summary judgment process. Guest-Tek's proposal of a separate four-month claim construction phase is imported from the Northern District of California local patent rules, and would unnecessarily burden the parties and the Court in this contract matter.[1] Guest-Tek previously proposed a separate 3-month claim construction phase in the parties' Joint Rule 26(f) report. (Dkt. No. 51 at 12.) This Court's subsequent Scheduling Order, however, did not include a separate claim construction phase. (Dkt. No. 56 at 2.)

The Federal Circuit has held that the "district court has considerable latitude in determining when to resolve issues of claim construction." *Cytologix Corp. v. Ventana Med. Sys.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005). It has further held that claims may be construed by way of a motion for summary judgment. *See Gentex Corp. v. Donnelly Corp.*, 69 F.3d 527, 530 (Fed. Cir. 1995) ("Claim interpretation is a question of law amenable to summary judgment."). Accordingly, courts in this district routinely decide claim construction issues at summary judgment. *See Curtiss-Wright Flow Control Corp. v. Z&J Techs. GmbH*, 563 F. Supp. 2d 1109, 1116 (C.D. Cal. 2007) ("Like many claim construction motions, this Motion was brought in the form of a motion for summary judgment.").

Nomadix proposes that the last date to hear motions be October 18, 2019, while Guest-Tek proposes January 10, 2020. Guest-Tek's date is only 35 days

---

[1] Although Guest-Tek notes that the parties have submitted a schedule that includes claim construction in a case recently brought by Guest-Tek in the District of Delaware, that case is a patent case, not a breach of contract case, and the parties merely filled in dates in the judge's form schedule for patent-infringement cases.

4

4828-5369-9978.1sf-4003262
4817-3553-3194.1

before the deadline for the first round of pre-trial filings (2/14/20).  Nomadix further notes that its lead counsel currently has a pre-trial conference in another matter scheduled for January 9, 2020, with a trial date of February 3, 2020.

## II.  GUEST-TEK'S POSITION

The Parties agree on a general duration for the remaining case schedule, but disagree whether to include a claim construction phase in the case calendar.

This case centers on six patents' patent claim coverage and validity. Therefore, Guest-Tek's view—like the majority of courts have found in such cases—is that a claim construction period prior to the close of discovery would streamline and simplify the issues.  With an early claim construction phase, claim terms will be defined before expert reports and summary judgment.  This will in turn make summary judgment briefing more tightly focused for the Parties and the Court.  Nomadix prefers to defer claim construction, allowing it to be resolved as part of the Parties' summary judgment motions.  But that will unnecessarily complicate summary judgment.  Given that the Parties agree on a trial date, and that a claim construction phase can be completed within this timeframe, there is no compelling reason not to include a claim construction phase.  Notably, in co-pending patent litigation between Guest-Tek and Nomadix in the District of Delaware, the Parties submitted a case schedule which incorporates a claim construction period.  *Guest-Tek Interactive Entm't Ltd. v. Nomadix, Inc.*, Case No. 18-cv-1394-RGA (D. Del.), D.I. 14, 17.

As far back as the original Rule 26(f) Statement in this case, Nomadix and Guest-Tek generally agreed that claim construction would be necessary because patent claim coverage bears on whether a Guest-Tek product or service triggers royalty obligations under the License Agreement.  Guest-Tek proposed that the schedule "provide for a claim construction phase, and specifically proposed that the claim construction procedures set forth in Section 4 of the Patent Local Rules of the Northern District of California be employed.

http://www.cand.uscourts.gov/localrules/patent." (D.I. 51 at R.2.)  Nomadix agreed that claim construction would be necessary, noting that "this case may involve some issues of patent claim-construction … and a claim-construction order from the Court may be helpful." (*Id.* at R.1.)  Whether intentionally or through possible inadvertence, when the Court issued its Scheduling Order (D.I. 56) on June 16, 2017, the case schedule did not include a claim construction period.[2]

Since the initial scheduling order issued, Guest-Tek has raised defenses relating to patent invalidity and patent misuse.  Guest-Tek also filed a counterclaim of no patent coverage.  (*See* D.I. 92, D.I. 107, D.I. 126-2, D.I. 133, D.I. 155-1, and 177).  These defenses and counterclaim, combined with Nomadix's royalty claim, all require claim construction by the Court before proceeding to the jury. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 387 (1996) (construction of claims is a question of law for the court); *Advanced Card Techs., LLC v. Versatile Card Tech., Inc.*, 410 F. Supp. 2d 158, 160 (S.D.N.Y. 2006) ("it is necessary to construe [] patent claims, or the trier of fact will be unable to determine whether the products on which no royalties have been paid are covered by the license.").

Guest-Tek's proposal is consistent with the claim construction process in other jurisdictions, for example, the Northern District of California (*see* N.D. Cal. L.P.R. 4-1 through 4-6).  The Federal Judicial Center's Patent Case Management Judicial Guide observes that "[a] majority of courts have found that the most opportune time to hold the *Markman* hearing is midway through, or before the close of, fact discovery, and prior to expert discovery. This timing affords the Parties sufficient discovery in advance of the claim-construction hearing to gain an

---

[2] Following entry of the Court's initial Scheduling Order, the Parties discussed jointly approaching the Court to amend the schedule to include a claim construction provision. However, the Parties never reached agreement on a specific stipulation or motion to be made to the Court. Guest-Tek eventually filed a motion to amend the case schedule to include a claim construction period (D.I. 256).  However, that motion was mooted by the stay of this case while an ownership dispute was resolved in New York State Court (D.I. 284)

JOINT REPORT RE: CASE SCHEDULING
CASE NO. 2:16-CV-08033-AB-FFM
4828-5369-9978.1sf-4003262
4817-3553-3194.1

understanding of the liability issues and accurately identify the terms needing construction."

https://www.fjc.gov/sites/default/files/2017/PCMJG3d_2016_final.pdf.

The proposed timing also allows the Parties (1) time to amend infringement or invalidity contentions to account for the *Markman* ruling or other events that may arise during discovery (such as newly discovered prior art, or newly discovered, nonpublic information about the accused devices), and (2) the benefit of allowing the Parties to focus expert discovery after the court has issued its claim construction ruling and avoids requiring an expert to opine on alternative claim constructions or to issue a new report if the Court does not adopt either Party's construction and devises its own. *Id.* at 5.1.5., *citing Magarl, L.L.C. v. Crane Co.*, 2004 WL 2750252 (S.D. Ind. 2004) (encouraging holding Markman hearings in advance of summary judgment briefing, because a "claim construction which precedes summary judgment could avoid unnecessary alternative briefing and evidentiary submissions, including expert witness testimony addressed to or based on rejected claim constructions"); *accord MacNeill Engineering Co. v. Trisport, Ltd.*, 126 F. Supp. 2d 51, 55 (D. Mass. 2001) ("It has now become generally accepted that … the best time to hold the [claim construction] hearing is at the summary judgment stage of the litigation--at or near the close of discovery while some time yet remains before trial for the parties to gear up (or settle) in light of the judge's claim construction."), quoted favorably in *DexCom, Inc. v. AgaMatrix, Inc.*, No. CV1605947SJOASX, 2016 WL 9450069, at *4 (C.D. Cal. Nov. 28, 2016).

Without a claim construction order before expert discovery, any expert will be evaluating patent coverage and invalidity in a vacuum. Expert reports would need to entertain multiple constructions of claim terms, and experts might even need to issue revised reports once claim construction is resolved. This will be costly and time consuming. *Magarl, L.L.C. v. Crane Co.*, 2004 WL 2750252, at *15 (S.D. Ind. 2004). Moreover, without a built-in period for claim construction,

summary judgment will be made more difficult because alternative briefing and evidentiary submissions will be required.[3]  *Id.*

Dated: March 13, 2019         MORRISON & FOERSTER LLP

By: */s/ Vincent J. Belusko*
     Vincent J. Belusko

Attorneys for Plaintiff
NOMADIX, INC.

Dated: March 13, 2019         BAKER & HOSTETLER LLP

By: */s/ Kevin M. Bovard*
     Kevin M. Bovard

Attorneys for Defendant
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

---

[3] Guest-Tek notes that the Court typically limits summary judgment motions to 25 pages. Given the complexity of the case, with issues of patent claim coverage on six different patents, invalidity, and contract interpretation, Guest-Tek anticipates that it will require leave to exceed the 25-page limit.

## **ATTESTATION PURSUANT TO L.R. 5-4.3.4(a)(2)(i)**

The filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  March 13, 2019         MORRISON & FOERSTER LLP

By:  */s/ Vincent J. Belusko*
         Vincent J. Belusko

Attorneys for Plaintiff NOMADIX, INC.

# EXHIBIT A

## JUDGE ANDRÉ BIROTTE JR.
### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. 2:16-cv-08033-AB-FFM | Case Name: Nomadix, Inc. v. Guest-Tek Interactive Entertainment Ltd. | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Check one: [X] Jury Trial or [ ] Court Trial (*Tuesday* at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: 4 – 6 Days (Plaintiff) / 6 – 8 Days (Defendant) | | 04/14/2020 | 04/14/2020 | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (*Friday* at 11:00 a.m., at least 17 days before trial) | | 3/13/2020 | 3/13/2020 | |
| **Event** *Note:* Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
| Last Date to **Hear** Motion to Amend Pleadings /Add Parties *[Friday]* | | N/A | N/A | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 6/28/2019 | 9/30/2019 | |
| Expert Disclosure (Initial) | | 7/12/2019 | 11/8/2019 | |
| Expert Disclosure (Rebuttal) | | 8/9/2019 | 12/6/2019 | |
| Expert Discovery Cut-Off | 12[2] | 9/13/2019 | 1/10/2020 | |
| Last Date to **Hear** Motions *[Friday]* • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | 10/18/2019 | 1/10/2020 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [ ] 3. Private Mediation | 10 | 10/11/2019 | 1/31/2020 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions In Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 2/14/2020 | 2/14/2020 | |
| **Trial Filings (second round)** • Oppositions to Motions In Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions *(jury trial only)* • Disputed Proposed Jury Instructions *(jury trial only)* • Joint Proposed Verdict Forms *(jury trial only)* • Joint Proposed Statement of the Case *(jury trial only)* • Proposed Additional Voir Dire Questions, if any *(jury trial only)* • Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 2/28/2020 | 2/28/2020 | |

[1] **Guest-Tek is seeking dates for claim construction as noted in the Joint Report and Proposed Order**