Steven J. Rocci (Admitted *Pro Hac Vice*)
Email: srocci@bakerlaw.com
Kevin M. Bovard, SBN 247521
Email: kbovard@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215.568.3100
Facsimile: 215.568.3439

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | Case No.: 2:16-cv-08033-AB-FFM |
| Plaintiff, | [*Honorable André Birotte Jr.*] |
| v. | **GUEST-TEK'S *EX PARTE* APPLICATION FOR AN ORDER PRECLUDING NOMADIX FROM ASSERTING ADDITIONAL PATENT CLAIMS** |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | |
| Defendant/Counter-Claimant, | [Filed concurrently with Declaration of Steven J. Rocci and (Proposed) Order] |
| v. | Action Filed: 10/28/16 |
| NOMADIX, INC., | Amended Complaint Filed: 03/23/17 |
| Counter-Defendant. | |

*Baker & Hostetler LLP*
*Attorneys at Law*
*Los Angeles*

Daniel J. Goettle (Admitted *Pro Hac Vice*)
*Email:  dgoettle@bakerlaw.com*
Jeffrey W. Lesovitz (Admitted *Pro Hac Vice*)
*Email:  jlesovitz@bakerlaw.com*
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone:  215.568.3100
Facsimile:   215.568.3439

Michael J. Swope (Admitted *Pro Hac Vice*)
*Email:   mswope@bakerlaw.com*
Curt R. Hineline (Admitted *Pro Hac Vice*)
*Email:  chineline@bakerlaw.com*
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone:        206.332.1379
Facsimile:        206.624.7317

Michael R. Matthias, SBN 57728
*Email:  mmatthias@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859

Andrew E. Samuels (Admitted *Pro Hac Vice*)
*Email:  asamuels@bakerlaw.com*
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
Telephone:  614.228.1541
Facsimile:   614.462.2616

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

# TABLE OF CONTENTS

**Page**

I.      Introduction ................................................................................................ 1

II.     Background ................................................................................................. 2

III.    Legal Standard .......................................................................................... 4

IV.     Argument.................................................................................................... 5

      A.   Nomadix's Belated Claim Assertions are Untimely Under Rule 26(e), Frustrate the Claim Construction Process and Discovery, Make a Mockery of the IPR Process, and Irreparably Prejudice Guest-Tek ............................................................................................... 6

         1.   Nomadix's New Claim Assertions are Untimely ...................... 6

         2.   Nomadix's New Claim Assertions Prejudice Guest-Tek in This Litigation ........................................................................... 8

         3.   Nomadix's New Claim Assertions Prejudice Guest-Tek in the USPTO ................................................................................ 9

         4.   Late Assertions Implicitly Violate the Scheduling Order ........ 10

V.      Nomadix's Position.................................................................................... 11

VI.     Conclusion ................................................................................................ 11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Capella Photonics, Inc. v. Cisco Sys., Inc.*,
   No. 14-cv-03348, 2019 WL 2359096 (N.D. Cal. June 4, 2019).................7, 8, 9

*Lanard Toys Ltd. v. Novelty, Inc.*,
   375 F. App'x 705 (9th Cir. 2010)...........................................................................7

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
   467 F.3d 1355 (Fed. Cir. 2006) ............................................................................9

*Teashot LLC v. Green Mountain Coffee Roasters Inc.*,
   No. 12-cv-0189, 2014 WL 485876 (D. Colo. Feb. 6, 2014) ............................4, 7

*Wave Loch, Inc. v. Am. Wave Machs., Inc.*,
   No. 08-cv-928, 2014 WL 7261552 (S.D. Cal. Oct. 1, 2014) ...............................7

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
   259 F.3d 1101 (9th Cir. 2001) ........................................................................4, 6, 7

**Statutes**

35 U.S.C. §§ 311–319.................................................................................................9

AIA .......................................................................................................................9, 10

America Invents Act ...................................................................................................9

**Rules**

Fed. R. Civ. P. 26(e)(1)(A).....................................................................................4, 6

Fed. R. Civ. P. 37(c)(1)...........................................................................................4, 6

Rule 11 .......................................................................................................................5

Rule 26(a) ...................................................................................................................4

Rule 26(e) .............................................................................................................6, 10

Rule 37 ...............................................................................................................4, 5, 7

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

ii

1

**Other Authorities**

37 CFR § 42.15(a) ................................................................................................. 10

77 Fed. Reg. at 48,680 ......................................................................................... 10

2

3

4

5

6

7

8

9

10

11

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    **INTRODUCTION**

Guest-Tek brings this *ex parte* application for an Order barring Nomadix from improperly asserting new patent claims three years *after* filing its lawsuit, three months *before* the close of discovery, and right in the *middle* of the Court's claim construction schedule.  The only reason Nomadix is adding claims at this late hour is because the USPTO Patent Trial & Appeal Board ("PTAB") instituted *inter partes* review on all of the *originally* asserted claims in two patents, the '857 patent and the '922 patent.  The PTAB found a "reasonable likelihood" of invalidity as to each of the challenged claims on May 28, and if the PTAB does indeed invalidate them, Nomadix's claim to damages in this district court action would be decimated. In a desperate effort to salvage its case, Nomadix now therefore aims to circumvent the PTAB.  Not only would this gamesmanship prejudice Guest-Tek by thwarting the very purpose of the IPR process, but it would also blow up the claim construction process set in place by this Court.  It would also necessitate much additional discovery into prior art, claim coverage issues, and invalidity defenses. Nomadix's gamesmanship should—and must—be rejected if prejudice to Guest-Tek is to be avoided.[1]

---

[1] The Court will recall that this is not the first time that Nomadix has abused the discovery process, for which it was admonished once before. (*See* Dkt. 284 at 5 & n.1) (warning that Nomadix's "refus[al] to notify Guest-Tek" of "important information" is the type of conduct that "[o]ther courts have found . . . unacceptable").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## II.   **BACKGROUND**

Nomadix filed this lawsuit in October 2016.  Even earlier than that, Nomadix had access to Guest-Tek's hardware and software code by virtue of the 2010 License Agreement in dispute.  Under this agreement, Guest-Tek provided its code for Nomadix's analysis.  At the outset, then, Nomadix had everything it needed to identify the patent claims it believed gave rise to royalties under the License Agreement, and which it alleged were underpaid.

Nearly two years ago, Guest-Tek served contention interrogatories requesting the identity of the claims that Nomadix believes cover the accused Guest-Tek instrumentalities, and which purportedly gave rise to unpaid royalty obligations under the License Agreement.  Rocci Decl. Ex. 1.  In response, Nomadix identified 14 claims across 6 patents.  *Id.* Ex. 2 at 4–5.  Relying on these contentions, Guest-Tek filed petitions for *inter partes* review challenging many of these patent claims, including all asserted claims in the '857 and '922 patents.  *See id.* Ex. 7–8.

The parties have litigated this case based on the patent claims which Nomadix has been asserting for the better part of two years.  Yet Nomadix never gave any suggestion, to Guest-Tek or the Court, that it would be asserting additional patent claims.  Just in the past two months, the parties briefed—not once but twice—the need for claim construction in this case, and Nomadix never suggested that additional patent claim assertions were forthcoming.  Even when the parties exchanged claim terms for construction, and when Nomadix thereafter applied *ex parte* to limit the number of claim terms, it never hinted that it would be expanding the scope of the case.  To the contrary, Nomadix argued that the number of claims and terms was already making claim construction burdensome.

Now, just three days after the PTAB issued its institution orders on the '857 and '922 patents, and mere hours before the parties exchanged their proposed claim constructions, Nomadix casually served supplemental interrogatory responses

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

purporting to add six new[2] patent claims into this case. Rocci Decl. Ex. 3.

A timeline of Nomadix's behavior, and its late disclosures, is instructive:

**October 28, 2016**:  Nomadix files Complaint.

**August 30, 2017**: Nomadix discloses asserted patent claim coverage contentions.

**November 12, 2018**: Guest-Tek files petitions for IPRs challenging all asserted claims in the '857 and '922 patents.

**March 18, 2019**: Court issues scheduling order, including claim construction schedule.

**April 26, 2019**: Parties exchange claim terms for construction.

**May 13, 2019**: Nomadix files *ex parte* application to limit number of disputed claim terms for construction.

**May 23, 2019**: Court amends claim construction schedule (Dkt. 347).

**May 28 and May 30, 2019**: Patent Trial & Appeal Board (PTAB) institutes *inter partes* review on all asserted claims in the '857 and '922 patents, finding "reasonable likelihood" of invalidity.

**May 31, 2019 (4:52 p.m.)**: Nomadix amends interrogatory response, adding new claims from the '857 and '922 patents into the case.

**May 31, 2019 (~10:00 p.m.)**:  Parties exchange claim construction proposals and evidence.

---

[2] For convenience, the claims originally asserted by Nomadix are referred to as the "original claims," and the claims that Nomadix has recently attempted to add are referred to as the "new claims." The original claims were claims 1 and 9 in the '857 patent and claims 1 and 9 in the '922 patent.  The new claims are claims 4, 6, and 12 in the '857 patent and claims 4, 6, and 12 in the '922 patent.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### III.   <u>LEGAL STANDARD</u>

Late discovery disclosures, including late disclosures of patent claim assertions, are disfavored.  Fed. R. Civ. P. 26(e)(1)(A) requires parties to supplement their discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Furthermore, "[i]f a party fails to provide information . . . as required by Rule 26(a) [], the party is not allowed to use that information . . . on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In the context of patent assertions, the Ninth Circuit has held that late disclosures of asserted patent claims must be excluded unless the responding party's "failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)); *see also Teashot LLC v. Green Mountain Coffee Roasters Inc.*, No. 12-cv-0189, 2014 WL 485876, at *8 (D. Colo. Feb. 6, 2014) ("[Rule 37] has been applied to bar a party from raising certain theories of infringement in patent cases, because each new theory necessarily requires new evidence or witnesses."). It is Nomadix's burden to prove justification or harmlessness. *Yeti by Molly*, 259 F.3d at 1107.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

## IV.  **ARGUMENT**

On Friday, May 31 at 4:52 p.m., just hours before the parties exchanged their proposed constructions, Nomadix asserted the new claims against Guest-Tek. *See* Rocci Decl. Ex. 5. Specifically, Nomadix added additional claims from the '857 patent and the '922 patent, the two patents now subject to IPR institution. *See id.* Ex. 3 at 4.

Nomadix has no excuse for waiting so long to add these claims. Nomadix blames its delay on "new discovery," but it has not identified any such "new discovery." *See id.* Ex. 6. In fact, there is no new discovery. Guest-Tek's last substantial document production was more than a year ago, in April 2018, and Nomadix has had Guest-Tek's devices and code for much longer.  Under the provisions of the 2010 License Agreement, *see, e.g.*, Dkt. 126-2 §§ 2.5, 3.4, Guest-Tek has provided Nomadix with source code and hardware relating to the accused Guest-Tek products since long before Nomadix brought this suit in October 2016. The reason for this provision of the License Agreement was so that Nomadix can perform its own analysis as to which of Guest-Tek's hardware and source code versions are, in its view, royalty bearing.  Presumably, Nomadix satisfied Rule 11 before it brought this action, by studying the code and hardware that Guest-Tek had previously provided. Nomadix has not pointed to—and cannot point to—any code or hardware produced after this lawsuit that changes this analysis. Nomadix has long had everything it needed to decide which claims to assert, and certainly as of the date that it responded to Guest-Tek's interrogatories in August 2017.

In short, there is no excuse for Nomadix's late assertion of claims, and these claims should therefore be stricken per Rule 37. This is especially so given the prejudice that would follow from their addition to the case at this late hour.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**A.**   **Nomadix's Belated Claim Assertions are Untimely Under Rule 26(e), Frustrate the Claim Construction Process and Discovery, Make a Mockery of the IPR Process, and Irreparably Prejudice Guest-Tek**

1.   Nomadix's New Claim Assertions are Untimely

Nomadix's late addition of six new claims is untimely under Federal Rule 26(e).  Rule 26(e) required Nomadix to supplement its interrogatory responses "in a timely manner" if it "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).  Pressed on the issue, Nomadix blames its untimely supplement on unspecified "new discovery." Rocci Decl. Ex. 6.  But Nomadix has not identified this "new discovery," nor can it, because there isn't any.  As noted, Nomadix has had Guest-Tek's code and devices for years.  The only new "discovery" is that the PTAB instituted *inter partes* review on the originally asserted claims of the '857 and '922 patents.  Notably, Nomadix never hinted to the Court or to Guest-Tek that it intended to add additional claims to the case.  It made this rash adjustment only after the PTAB instituted IPRs on the two subject patents on May 28, 2019.

Guest-Tek has long advised Nomadix of "Guest-Tek's position that [the original] claims are the only claims that Nomadix has asserted and that they are the only claims in issue in this action." Rocci Decl. Ex. 4 at 3. Guest-Tek has taken this position since at least as early as December 2017. *See* Dkt. 159-2 at 21. And Nomadix has never refuted it. After its recent assertions, Guest-Tek requested that Nomadix withdraw the new claims during a conference of counsel, unless Nomadix could offer justification for its long-belated identification. Nomadix was unable to provide an explanation or justification, and refused to withdraw them.

Late discovery responses, including late disclosures of asserted claims, must be excluded unless the responding party's "failure to disclose the required information is substantially justified or harmless." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P.

- 6 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

37(c)(1)); *see also Teashot LLC v. Green Mountain Coffee Roasters Inc.*, No. 12-cv-0189, 2014 WL 485876, at *8 (D. Colo. Feb. 6, 2014) ("[Rule 37] has been applied to bar a party from raising certain theories of infringement in patent cases, because each new theory necessarily requires new evidence or witnesses."). It is Nomadix's burden to prove justification or harmlessness. *See id.* at 1107.

Factors relevant to Nomadix's burden include "(1) prejudice or surprise to [Guest-Tek]; (2) the ability of [Guest-Tek] to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) [Nomadix's] bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). In view of these factors, district courts "that do not have local patent rules" have "discretion to exclude evidence when a party acts in bad faith or prejudices its adversary by deliberately delaying, or wholly failing, to respond to contention interrogatories." *Teashot*, 2014 WL 485876, at *7 (internal quotation marks omitted). One court found bad faith, for example, when the plaintiffs were "attempting, at best, to take a second bite of the apple in the USPTO by asserting previously unasserted and therefore unchallenged provisions of their patents." *Wave Loch, Inc. v. Am. Wave Machs., Inc.*, No. 08-cv-928, 2014 WL 7261552, at *3 (S.D. Cal. Oct. 1, 2014) (denying leave to amend complaint to assert additional claims from previously asserted patents).

Just last week, in fact, the Northern District of California denied a plaintiff's motion for leave to amend its infringement contentions to add new claims from an originally asserted patent after the originally asserted claims were invalidated in an IPR. *Capella*, 2019 WL 2359096, at *3–6. The *Capella* court identified at least three ways in which the plaintiff's belated amendment prejudiced the defendant:

- "If Plaintiff were allowed to amend in new claims, it would effectively start this case anew on the amended infringement contentions. Defendants have spent considerable time and resources litigating this

- 7 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

case and it would be highly prejudicial to force Defendants to engage piecemeal in a whole new round of litigation." *Id.* at \*5.

- "Had Plaintiff included these claims initially or amended its infringement contentions earlier, these claims may have been adjudicated and possibly invalidated by the IPR proceedings." *Id.* at \*6.

- "Defendants are entitled to the certainty and finality which they sought and obtained from the IPR proceedings. Plaintiff seeks to engage in gamesmanship, not good faith diligence, and would do so at Defendants' expense." *Id.*

The same reasoning applies here. Nomadix's late assertions are not harmless, and they prejudice Guest-Tek both in this Court and in the PTAB.

**2.**   Nomadix's New Claim Assertions Prejudice Guest-Tek in This Litigation

In this action, Guest-Tek has focused on the original claims throughout discovery and developed its no-claim-coverage, invalidity, and claim construction positions based on those original claims. Nomadix would have Guest-Tek start the process all over again, taking new discovery pertaining to claim-specific issues such as prior art and claim construction. Based on that discovery, Guest-Tek would likely need to identify new claim terms for construction, such as "gateway device," "first network interface," and "dynamically managing transmission of packets," terms which are in the newly asserted claims. *See* Rocci Decl. Ex. 3 at Supplemental Exhibit 1. And Guest-Tek would need to develop new claim-construction positions, no-claim-coverage theories, and invalidity contentions—all with claim construction well underway, and with less than three months left in the fact discovery period. The present case schedule does not allow sufficient time for Guest-Tek to conduct additional prior art searching, or to investigate Nomadix's new claim coverage allegations, as to the new claims.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Nomadix recently stated to the Court that preparing preliminary proposed claim constructions and evidence "for any one disputed claim term involves extensive work and preparation, including coordination with potential experts." (Dkt. 343 at 3.) Nomadix asked the Court to limit the number of claim terms for construction because it takes a long time to "gather and review all citations from the prosecution history, collect all extrinsic evidence such as dictionary definitions, consult with an expert and analyze, consider and summarize his opinions"—let alone to "decide on a proposed construction." (*Id.*) "[L]ess than half a day for each phrase" would not do. (*Id.*). Taking Nomadix's previous words at face value, they are a stark admission that its present actions (adding numerous claims at the last minute) severely prejudice Guest-Tek.

Adding claims in reaction to PTAB or litigation developments is not how the claim construction process should work. *See Capella Photonics, Inc. v. Cisco Sys., Inc.*, No. 14-cv-03348, 2019 WL 2359096, at 6 (N.D. Cal. June 4, 2019) ("Plaintiff seeks to undermine the purpose of infringement contentions which is to 'prevent the shifting sands approach to claim construction.'") (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006)). The parties have already exchanged proposed claim constructions. Claim construction briefs are due July 12; the claim construction hearing is set for August 16; fact discovery closes on August 30; and trial commences next April. In other words, the schedule is tight, and quite simply, the addition of claims at this late hour severely prejudices Guest-Tek's ability to defend its case.

3.    Nomadix's New Claim Assertions Prejudice Guest-Tek in the USPTO

In the USPTO, Guest-Tek relied on Nomadix's claim-coverage contentions and tailored its Petitions to the original claims. Congress created the present *inter partes* review process as part of the America Invents Act ("AIA"). *See* 35 U.S.C. §§ 311–319. The purpose of the AIA and the new IPR process is "to create a timely,

- 9 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

cost-effective alternative to litigation" and to "limit unnecessary and counterproductive litigation costs."  77 Fed. Reg. at 48,680.  IPR petitions are not taken lightly.  Filing an IPR petition is a serious undertaking in cost and time.  In addition to attorney and expert fees in preparing the petitions, the filing fee is $15,500 for each petition.  37 CFR § 42.15(a).  Thus, in addition to attorney and expert fees, Guest-Tek paid the USPTO $31,000 in fees to challenge Nomadix's originally asserted claims in the '857 and '922 patents, a substantial sum of money.  Guest-Tek should not have to file additional Petitions to institute additional PTAB invalidity proceedings, at its own substantial expense, because of Nomadix's discovery abuses.

Nomadix is simply aiming to game the system which Congress put into place with the AIA.  Allowing Nomadix to add the new claims at this late stage frustrates Guest-Tek's statutory right to challenge the validity of the asserted claims in the PTAB.  If Nomadix's antics are tolerated, it will make a mockery of the USPTO's IPR proceedings.

4.      Late Assertions Implicitly Violate the Scheduling Order

In addition to being improper under Rule 26(e), Nomadix's new claim assertions also violate the Scheduling Order.  This is because Nomadix waited to assert new claims until after the April 26 deadline to exchange terms for claim construction and after the May 31 deadline to exchange proposed claim constructions and any extrinsic evidence. (*See* Dkt. 342 at 2; Dkt. 347 at 1.) In doing so, Nomadix has made it practically impossible for the parties to meet the June 14 deadline to submit their joint claim construction and prehearing statement. (*See* Dkt. 342 at 2; Dkt. 347 at 1–2.)  The claim construction schedule has already been extended once—on Nomadix's complaint that too many claim terms were at

- 10 -

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

issue (which, in Guest-Tek's view, was the result of Nomadix having asserted too many patent claims).  It should not need to be extended again now because Nomadix has placed even more claims at issue.  This is one more reason why its new claims should not be allowed into the case.

## V.   NOMADIX'S POSITION

Nomadix opposes this application. On June 3, the parties met and conferred by telephone about the subject of this application. Guest-Tek asked Nomadix to withdraw the new claims.  Nomadix refused, vaguely offering a "compromise" by which Nomadix would continue to assert its late claims while Guest-Tek would propose more terms for construction.  As Guest-Tek clarified to Nomadix (and explained herein), the prejudice to Guest-Tek resulting from Nomadix's two-year delay in identifying asserted claims goes well beyond claim construction issues.

The name, address, telephone number, and email address of counsel for Nomadix are:

> Mark Lezama, Esq.
> Knobbe Martens
> 2040 Main St. 14th Floor
> Irvine, CA 92614
> (949) 760-0404
> mark.lezama@knobbe.com

## VI.   CONCLUSION

For these reasons, Guest-Tek requests that the Court enter an order precluding Nomadix from asserting the new claims. A proposed Order is attached.

The parties are hereby notified that any opposition to this application must be filed no later than 24 hours (or one court day) following the service of this application.

Dated:  June 10, 2019          Respectfully submitted,

BAKER & HOSTETLER LLP

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1

By:    */s/ Kevin M. Bovard*
       Kevin M. Bovard

2

3

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -