UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NOMADIX, INC., | Case No. 2:16-cv-08033-AB-FFMx |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff Nomadix's ("Plaintiff") motion for partial summary judgment as to Defendant Guest-Tek Interactive Entertainment Ltd.'s ("Defendant") affirmative defenses of patent invalidity and patent misuse. (Dkt. No. 443.) Defendant has filed an opposition to Plaintiff's motion, and Plaintiff has filed a reply. (Dkt. Nos. 465, 470.) The Court heard oral argument regarding Plaintiff's motion on December 13, 2019. For the reasons stated below, Plaintiff's motion is **DENIED**.

## II. BACKGROUND

This dispute arises out of a License Agreement negotiated between the parties following a prior patent infringement suit.

1.

In 2009, Plaintiff sued Defendant for infringing several of Plaintiff's patents. (SUF 1.) In the 2009 litigation, Defendant filed counterclaims for declaratory judgment of noninfringement and invalidity of Plaintiff's patents at issue. (SUF 2.) In late 2010, the parties settled the 2009 litigation. (SUF 3.)

As part of the settlement of the 2009 litigation, Plaintiff and Defendant entered into a Confidential License Agreement ("License Agreement"). (SUF 4.) Clause 2.10 of the License Agreement states:

> 2.10 Covenant Not To Challenge Licensed Patents. Each Guest-Tek Entity withdraws any allegations that any of the Licensed Patents, the Bandwidth Management Patents, and U.S. Patent No. 6,788,110 is invalid or unenforceable. Each Guest-Tek Entity agrees that it will not, during the time period between the Effective Date and the date that the License Agreement expires or is otherwise terminated, challenge the validity or enforceability, or seek a declaration of noninfringement, of any of the Licenses Patents, Bandwidth Management Patents, and U.S. Parent No. 6,788,110, whether before a court, before the U.S. Patent and Trademark Office, or in any other manner. Each Guest-Tek Entity also agrees that it will not, during that same period, assist any other entity (including any natural person) in challenging the validity or enforceability, or seeking a declaration of noninfringement, of any of the Licenses Patents whether before a court, before the U.S. Patent and Trademark Office, of in any other manner. Nothing in this clause 2.10 prohibits any Guest-Tek Entity from obeying any lawful request, subpoena or order by any court or any federal, state, or foreign governmental agency. Should a Guest-Tek Entity act in violation of the terms of this clause 2.10, then the royalties specified in clause 2.4 will automatically double, and the Guest-Tek Entities will be responsible for reimbursing Nomadix for its legal fees and costs to enforce this Agreement. This increase in the royalty amount shall be without prejudice to any other remedies that Nomadix may otherwise seek pursuant to the terms of this Agreement. The Guest-Tek Entities shall not be bound to the provisions of this clause 2.10 in the event that Nomadix later asserts any of the Licensed Patents, the Bandwidth Management Patents, or U.S. Patent No. 6,788,110 against any Guest-Tek Entity.

(Dkt. No. 448-1 at 11).

On October 28, 2016, Plaintiff brought this suit against Defendant based on an

alleged breach of the License Agreement. (Dkt. No. 1 "Compl."). Plaintiff's complaint alleges, in sum, that since 2011, Defendant's OneView Internet devices "have included functionality patented under at least one Nomadix patent licensed under the License Agreement." Compl. ¶¶ 17, 19. The License Agreement allegedly requires that, among other things, Defendant pay Plaintiff royalties for each U.S. property that uses a network device or service that includes functionality patented under at least one licensed patent. *Id.* ¶ 32. However, Plaintiff alleges that Defendant failed to pay royalties to Plaintiff for its use of devices that are patented and covered by the License Agreement. *Id.* ¶ 33. Based on this alleged failure to pay royalties for using patented devices covered under the License Agreement, Plaintiff brought this action.

In its present motion, Plaintiff seeks summary judgment on the issue of Defendant's affirmative defenses 12 and 16, patent invalidity and patent misuse. In particular, Plaintiff seeks a ruling that Clause 2.10 of the License Agreement bars Defendant from asserting the affirmative defenses of patent invalidity and patent misuse.

### III. LEGAL STANDARD

A motion for summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of identifying the elements of the claim or defense and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Id.* The nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

"Where the record taken as a whole could not lead a rational trier of fact to find

for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in the nonmoving party's favor. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson*, 477 U.S. at 255). Nevertheless, inferences are not drawn out of thin air, and it is the nonmoving party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898. "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment." *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

In cases of ambiguous contract provisions courts "ordinarily are hesitant to grant summary judgment because different views of the intent of the parties will raise genuine issues of material fact." *San Diego Gas & Elec. Co. v. Canadian Hunter Mkt.. Ltd.*, 132 F.3d 1303, 1307 (9th Cir. 1997) (internal quotation marks omitted). "[C]onstruing all evidence in the light most favorable to, and making all reasonable inference in favor of, the non-moving party," the Court "[seeks] to determine whether the ambiguity could be resolved in a manner consistent with the non-moving party's claim . . . Only if the ambiguity could be so resolved would summary judgment be denied." *Id.* (internal quotation marks omitted) (alterations added).

## IV. DISCUSSION

### 1. Clause 2.10 of the License Agreement is ambiguous and could be resolved in favor of Defendant's claim, precluding a grant of summary judgment

Plaintiff asserts that Clause 2.10 of the License Agreement unambiguously prohibits Defendant from asserting the affirmative defenses of patent invalidity and misuse. In particular, Plaintiff argues that this prohibition applies because Clause 2.10 states, in relevant part, that "[e]ach Guest-Tek Entity agrees that it will not . . . challenge the validity or enforceability, or seek a declaration of noninfringement, of any of the Licenses Patents, Bandwidth Management Patents, and U.S. Patent No. 6,788,110,

4.

whether before a court . . . or in any other manner." (Dkt. No. 448-1 at 11).

Defendant's main argument in opposition is that Clause 2.10 does not apply in this case because it includes a disclaimer that states, in relevant part, that "[t]he Guest-Tek entities shall not be bound to the provisions of this clause 2.10 in the event that Nomadix later asserts any of the Licensed Patents, the Bandwidth Management Patents, or U.S. Patent No. 6,788,110 against any Guest-Tek Entity." *Id.* Defendant argues that this action—wherein Plaintiff seeks to recover royalty fees for Defendant's alleged use of patents covered under the License Agreement—constitutes "assertion" of the Licensed Patents, freeing Defendant of its obligation not to challenge the validity or enforceability of the Licensed Patents.

In response to this argument, Plaintiff raises several contentions, including: (1) that the phrase "asserts any of the [patents]" refers only to actions for patent infringement that the parties intended to avoid by entering the License Agreement, and (2) interpreting the phrase "asserts any of the [patents]" to include an action for breach of the License Agreement would render this provision meaningless. However, Defendant has shown that the phrase "asserts any of the [patents]" is ambiguous as to whether it includes only actions for patent infringement, and that the phrase could be interpreted to include this action for breach of the License Agreement. In short, seeking royalty payments under a breach of contract theory for use of Licensed Patents could be considered an "assertion" of the Licensed Patents.

Moreover, Defendant has shown that its proposed interpretation would not necessarily render Clause 2.10 meaningless. In particular, Defendant argues that its interpretation of Clause 2.10 still provides Plaintiff with protection from Defendant seeking to invalidate Plaintiff's patents *sua sponte*. (*See* Dkt. No. 464-1 at 4). Defendant has accordingly shown that the Court need not render one of the License Agreement's provisions meaningless in order to adopt its interpretation. *See Turlock Irrigation Dist.v. Fed. Energy Reg. Comm'n.*, 903 F.3d 862, 872 (9th Cir. 2019) ("We will not interpret

5.

a contract so as to render one of its provisions meaningless.").

Because Clause 2.10's ambiguity could be resolved in favor of Defendant's claim, summary judgment is inappropriate.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion for partial summary judgment is **DENIED**.

**IT IS SO ORDERED**.

Dated: January 3, 2020

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

6.