Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Payson LeMeilleur (SBN 205690)
payson.lemeilleur@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Plaintiff
NOMADIX, INC.

Steven J. Rocci (admitted *pro hac vice*)
srocci@bakerlaw.com
Kevin M. Bovard (SBN 247521)
kbovard@bakerlaw.com
BAKER & HOSTETLER LLP
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215-568-3100
Facsimile: 215-568-3439

Attorneys for Defendant
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

[*Attorney listing continued on next page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| NOMADIX, INC., | Case No. CV16-08033 AB (FFMx) |
| Plaintiff, | |
| v. | **COMPETING VERDICT FORMS** |
| GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., | |
| Defendant. | Pretrial Conf.: March 13, 2020 Trial: April 14, 2020 |
| | Honorable André Birotte Jr. |

1   Alan G. Laquer (SBN 259257)
    alan.laquer@knobbe.com
2   Alexander J. Martinez (SBN 293925)
    alex.martinez@knobbe.com
3   Justin J. Gillett (SBN 298150)
    justin.gillett@knobbe.com
4   James F. Smith (SBN 313015)
    james.smith@knobbe.com
5   KNOBBE, MARTENS, OLSON & BEAR, LLP
    2040 Main Street, Fourteenth Floor
6   Irvine, CA 92614
    Telephone: 949-760-0404
7   Facsimile: 949-760-9502

8   Attorneys for Plaintiff
    NOMADIX, INC.

9

10  Daniel J. Goettle (admitted *pro hac vice*)
    dgoettle@bakerlaw.com
11  Jeffrey W. Lesovitz (admitted *pro hac vice*)
    jlesovitz@bakerlaw.com
12  BAKER & HOSTETLER LLP
    2929 Arch Street, 12th Floor
13  Philadelphia, PA 19104-2891
    Telephone: 215-568-3100
14  Facsimile: 215-568-3439

15  Michael J. Swope (admitted *pro hac vice*)
    mswope@bakerlaw.com
16  Curt R. Hineline (admitted *pro hac vice*)
    chineline@bakerlaw.com
17  James A. Barnao (admitted *pro hac vice*)
    jbarnao@bakerlaw.com
18  BAKER & HOSTETLER LLP
    999 Third Avenue, Suite 3500
19  Seattle, WA 98104-4040
    Telephone: 206-332-1379
20  Facsimile: 206-624-7317

21  Michael R. Matthias (SBN 57728)
    Email: mmatthias@bakerlaw.com
22  BAKER & HOSTETLER LLP
    11601 Wilshire Boulevard, Suite 1400
23  Los Angeles, CA 90025-0509
    Telephone: 310-820-8800
24  Facsimile: 310-820-8859

25  Andrew E. Samuels (admitted *pro hac vice*)
    asamuels@bakerlaw.com
26  BAKER & HOSTETLER LLP
    200 Civic Center Drive, Suite 1200
27  Columbus, OH 43215-4138
    Telephone: 614-228-1541
28  Facsimile: 614-462-2616

Thomas D. Warren (SBN 160921)
twarren@piercebainbridge.com
PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
355 S. Grand Avenue, Suite 4400
Los Angeles, CA 90071
Telephone: 213-302-7487
Facsimile: 213-279-2008

Attorneys for Defendant
GUEST-TEK INTERACTIVE
ENTERTAINMENT LTD.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOMADIX'S PROPOSED VERDICT FORM

**Instructions:** When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form.  Your answer to each question must be unanimous.  Please refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.

**QUESTIONS AND ANSWERS**

**A.    Nomadix's Claims for Breach of the License Agreement**

1.    Did Nomadix prove by a preponderance of the evidence that Guest-Tek breached the License Agreement by failing to pay royalties that the License Agreement required?

Yes (for Nomadix) _____        No _____ (for Guest-Tek)

**If you answered "Yes" to Question 1, proceed to Question 2 below.  If you answered "No" to Question 1, skip to Question 10.**

2.    What is the amount of money that Guest-Tek should pay Nomadix for breaching the License Agreement?

$ _____

3.    Did Nomadix prove by a preponderance of the evidence that Guest-Tek breached the License Agreement by making challenges to the validity of the licensed patents that the License Agreement prohibited?

Yes (for Nomadix) _____        No _____ (for Guest-Tek)

1    **If you answered "Yes" to Question 3, skip Questions 4–7 and proceed to**
2    **Question 8 below. If you answered "No" to Question 3, answer Questions 4–7.**

3
4        4.    Did Guest-Tek prove by clear and convincing evidence that the
5    following claims of the licensed patents are invalid as anticipated by a single prior
6    art reference? In each row, place one checkmark indicating either "No" or "Yes."

7
8

|  |  | No (for Nomadix) | Yes (for Guest-Tek) |
|---|---|---|---|
| '266 Patent | Claim 1 |  |  |
|  | Claim 24 |  |  |
| '899 Patent | Claim 1 |  |  |
|  | Claim 10 |  |  |
| '917 Patent | Claim 1 |  |  |
|  | Claim 11 |  |  |
| '399 Patent | Claim 1 |  |  |
|  | Claim 6 |  |  |
|  | Claim 13 |  |  |
|  | Claim 18 |  |  |
| '857 Patent | Claim 1 |  |  |
|  | Claim 4 |  |  |
|  | Claim 6 |  |  |
|  | Claim 9 |  |  |
|  | Claim 12 |  |  |

| | | No (for Nomadix) | Yes (for Guest-Tek) |
|---|---|---|---|
| '922 Patent | Claim 1 | | |
| | Claim 4 | | |
| | Claim 6 | | |
| | Claim 9 | | |
| | Claim 12 | | |

5.    Did Guest-Tek prove by clear and convincing evidence that the following claims of the licensed patents are invalid as obvious? In each row, place one checkmark indicating either "No" or "Yes."

| | | No (for Nomadix) | Yes (for Guest-Tek) |
|---|---|---|---|
| '266 Patent | Claim 1 | | |
| | Claim 24 | | |
| '899 Patent | Claim 1 | | |
| | Claim 10 | | |
| '917 Patent | Claim 1 | | |
| | Claim 11 | | |
| '399 Patent | Claim 1 | | |
| | Claim 6 | | |
| | Claim 13 | | |
| | Claim 18 | | |
| '857 Patent | Claim 1 | | |
| | Claim 4 | | |
| | Claim 6 | | |
| | Claim 9 | | |
| | Claim 12 | | |

| | | No (for Nomadix) | Yes (for Guest-Tek) |
|---|---|---|---|
| '922 Patent | Claim 1 | | |
| | Claim 4 | | |
| | Claim 6 | | |
| | Claim 9 | | |
| | Claim 12 | | |

6.      Did Guest-Tek prove by clear and convincing evidence that the following claims of the licensed patents are invalid for failing to satisfy the written description requirement? In each row, place one checkmark indicating either "No" or "Yes."

| | | No (for Nomadix) | Yes (for Guest-Tek) |
|---|---|---|---|
| '266 Patent | Claim 1 | | |
| | Claim 24 | | |
| '899 Patent | Claim 1 | | |
| | Claim 10 | | |
| '399 Patent | Claim 1 | | |
| | Claim 6 | | |
| | Claim 13 | | |
| | Claim 18 | | |

7.      Did Guest-Tek prove by clear and convincing evidence that the following claims of the licensed patents are invalid for failing to satisfy the

enablement requirement? In each row, place one checkmark indicating either "No" or "Yes."

|  |  | No (for Nomadix) | Yes (for Guest-Tek) |
|---|---|---|---|
| '266 Patent | Claim 1 |  |  |
|  | Claim 24 |  |  |
| '899 Patent | Claim 1 |  |  |
|  | Claim 10 |  |  |
| '399 Patent | Claim 1 |  |  |
|  | Claim 6 |  |  |
|  | Claim 13 |  |  |
|  | Claim 18 |  |  |

8.　　In view of Guest-Tek's waiver defenses, and also in view of your answers to Questions 4-7 above (if any), should any amount of money be subtracted from the amount you entered in Question 2 above?

　　　　　No (for Nomadix) _____ Yes _____ (for Guest-Tek)

**If you answered "No" to Question 8, then skip to Question 10.  If you answered "Yes" to Question 8, then proceed to Question 9 below.**

9.　　This is a three-step question. First, copy the money amount from your answer to Question 2 into the line below for 9a. On the line for 9b, enter the amount of money that should be subtracted based on your "Yes" answer to Question 8. On

the line for 9c, subtract 9b from 9a and enter the final amount of money that Guest-Tek should pay to Nomadix.

9a. Copy number from Question 2:      $ _____

9b. Enter amount to subtract:      $ _____

9c. Subtract (9a minus 9b) to provide      $
     final amount Guest-Tek should
pay:      _____

## B.      Guest-Tek's Claims for Breach of the License Agreement

10.      Did Guest-Tek prove by a preponderance of the evidence that Nomadix breached the License Agreement by failing to negotiate in good faith regarding the new royalty fees to be applied beginning on January 1, 2016?

Yes (for Guest-Tek) _____      No _____ (for Nomadix)

11.      Did Guest-Tek prove by a preponderance of the evidence that Nomadix breached the requirement in the Memorandum of Understanding ("MOU") that the parties retain a mutually agreeable expert to prepare a non-binding and non-admissible report on whether Guest-Tek's systems and services were royalty bearing?

Yes (for Guest-Tek) _____      No _____ (for Nomadix)

**If you answered "Yes" to either Question 10 or Question 11, then proceed to Question 12.  If you answered "No" to both Question 10 and Question 11,**

**then skip Questions 12-14 and complete the verdict form by having the jury foreperson sign and date the verdict.**

12.     Was Guest-Tek harmed by any of Nomadix's alleged breaches?

Yes (for Guest-Tek) _____     No _____ (for Nomadix)

**If you answered "Yes" to Question 12, then proceed to Question 13.  If you answered "No" to Question 12, then skip Questions 13-14 and complete the verdict form by having the jury foreperson sign and date the verdict.**

13.     Considering Nomadix's defenses, should Nomadix pay any amount of money to Guest-Tek?

Yes (for Guest-Tek) _____     No _____ (for Nomadix)

**If you answered "Yes" to Question 13, then proceed to Question** Error! Reference source not found.**.  If you answered "No," then skip Question** Error! Reference source not found. **and complete the verdict form by having the jury foreperson sign and date the verdict.**

14.     What is the amount of money that Nomadix should pay to Guest-Tek for breaching the License Agreement and/or MOU?

$ _____

**When you have completed filling out this form, please have the jury foreperson sign and date the verdict below.**

Date: _____

Signature of Jury Foreperson: _____

## **GUEST-TEK'S PROPOSED VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

We, the jury, unanimously agree to the answers to the following questions and return them under the instructions of this court as our verdict in this case.

**Question No. 1:**    Did Nomadix and Guest-Tek enter into a contract, referred to as the License Agreement?

YES _____   NO _____


**If you answered "YES," proceed to Question No. 2.  If you answered "NO," proceed to Question No. 10.**


**Question No. 2:**    Did Nomadix do all, or substantially all, of the significant things that the License Agreement required it to do?

YES _____   NO _____


**If you answered "YES," proceed to Question No. 3.  If you answered "NO," proceed to Question No. 10.**

1
2
3

**Question No. 3:**    Is Guest-Tek's One View Internet ("OVI") version 5 covered by any of the following patent claims? For each claim, check either "Yes (OVI 5 Covered)" or "No (OVI 5 Not Covered)."

| | | Yes (OVI 5 Covered) | No (OVI 5 Not Covered) |
|---|---|---|---|
| '266 Patent | Claim 1 | | |
| | Claim 24 | | |
| '899 Patent | Claim 1 | | |
| | Claim 10 | | |
| '917 Patent | Claim 1 | | |
| | Claim 11 | | |
| '399 Patent | Claim 1 | | |
| | Claim 6 | | |
| | Claim 13 | | |
| | Claim 18 | | |
| '857 Patent | Claim 1 | | |
| | Claim 4 | | |
| | Claim 6 | | |
| | Claim 9 | | |
| | Claim 12 | | |
| '922 Patent | Claim 1 | | |
| | Claim 4 | | |
| | Claim 6 | | |
| | Claim 9 | | |
| | Claim 12 | | |

**Proceed to Question No. 4.**

- 10 -

**Question No. 4:**   Is Guest-Tek's One View Internet ("OVI") version 6 covered by any of the following patent claims? For each claim, check either "Yes (OVI 6 Covered)" or "No (OVI 6 Not Covered)."

|  |  | Yes (OVI 6 Covered) | No (OVI 6 Not Covered) |
|---|---|---|---|
| '266 Patent | Claim 1 | | |
| | Claim 24 | | |
| '899 Patent | Claim 1 | | |
| | Claim 10 | | |
| '917 Patent | Claim 1 | | |
| | Claim 11 | | |
| '399 Patent | Claim 1 | | |
| | Claim 6 | | |
| | Claim 13 | | |
| | Claim 18 | | |
| '857 Patent | Claim 1 | | |
| | Claim 4 | | |
| | Claim 6 | | |
| | Claim 9 | | |
| | Claim 12 | | |
| '922 Patent | Claim 1 | | |
| | Claim 4 | | |
| | Claim 6 | | |
| | Claim 9 | | |
| | Claim 12 | | |

**Proceed to Question No. 5.**

**Question No. 5:**   Are any of following patent claims invalid? For each claim, check either "Yes (Invalid)" or "No (Not Invalid)."

|  |  | Yes (Invalid) | No (Not Invalid) |
|---|---|---|---|
| '266 Patent | Claim 1 | | |
| | Claim 24 | | |
| '899 Patent | Claim 1 | | |
| | Claim 10 | | |
| '917 Patent | Claim 1 | | |
| | Claim 11 | | |
| '399 Patent | Claim 1 | | |
| | Claim 6 | | |
| | Claim 13 | | |
| | Claim 18 | | |
| '857 Patent | Claim 1 | | |
| | Claim 4 | | |
| | Claim 6 | | |
| | Claim 9 | | |
| | Claim 12 | | |
| '922 Patent | Claim 1 | | |
| | Claim 4 | | |
| | Claim 6 | | |
| | Claim 9 | | |
| | Claim 12 | | |

**If, for any claim, you found that it covered Guest-Tek's OVI in either Question No. 3 or Question No. 4, and you found that the same claim was not**

1   **invalid in Question No. 5, proceed to Question No. 6.  Otherwise, proceed to**

2   **Question No. 10.**

3

4       **Question No. 6:**   Did Guest-Tek fail to pay royalties for Guest-Tek

5   Properties?

6       YES \_\_\_\_\_   NO \_\_\_\_\_

7

8       **If you answered "YES," proceed to Question No. 7.  If you answered**

9   **"NO," proceed to Question No. 10.**

10

11      **Question No. 7:**   Did Guest-Tek fail to pay royalties in any of the

12  following time periods?  If yes, write in the amount of royalties Guest-Tek failed to

13  pay.  If no, write a zero.

14  December 30, 2010 to December 31, 2015: _____

15  January 1, 2016 to the date Guest-Tek challenged Nomadix's patents: _____

16  The date Guest-Tek challenged Nomadix's patents to the present: _____

17

18      **Proceed to Question No. 8.**

19

20      **Question No. 8:**   Did Nomadix waive its right to royalties and license fees

21  during the Renewal Term (January 1, 2016 to present)?

22      YES \_\_\_\_\_   NO \_\_\_\_\_

23

24      **Proceed to Question No. 9.**

25

26

27

28

**Question No. 9:**    Did Nomadix assert any of the Licensed Patents or Bandwidth Management Patents against Guest-Tek before the date on which Guest-Tek challenged Nomadix's patents?

YES _____   NO _____

**Proceed to Question No. 10.**

**Question No. 10:**  Did Guest-Tek do all, or substantially all, of the significant things that the License Agreement required it to do?

YES _____   NO _____

**If you answered "YES," proceed to Question No. 11.  If you answered "NO," proceed to Question No. 13.**

**Question No. 11:**  Did Nomadix fail to negotiate royalty or license fees for the Renewal Term in good faith?

YES _____   NO _____

**If you answered "YES," proceed to Question No. 12.  If you answered proceed to Question No. 13.**

**Question No. 12:**  What is the amount of damages to Guest-Tek caused by Nomadix's failure to negotiate royalty or license fees for the Renewal Term in good faith?

_____

**Proceed to Question No. 13.**

- 14 -

**Question No. 13:**  Did Guest-Tek and Nomadix enter into a contract, referred to as the Memorandum of Understanding ("MOU")?

YES _____   NO _____


**If you answered "YES," proceed to Question No. 14.  If you answered "NO," do not answer any more questions.  Sign and date the verdict form and return the form to the Court.**


**Question No. 14:**  Did Guest-Tek do all, or substantially all, of the significant things that the MOU required it to do?

YES _____   NO _____


**If you answered "YES," proceed to Question No. 15.  If you answered "NO," do not answer any more questions. Sign and date the verdict form, and return the form to the Court.**


**Question No. 15:**  Did Nomadix fail to do something that the MOU required it to do?

YES _____   NO _____


**If you answered "YES," proceed to Question No. 16.  If you answered "NO," do not answer any more questions.  Sign and date the verdict form, and return the form to the Court.**


**Question No. 16:**  What is the amount of damages to Guest-Tek caused by Nomadix's failure to perform under the MOU? _____

- 15 -

You have now reached the end of the verdict form and should review it to ensure it accurately reflects your unanimous determinations. The Presiding Juror should then sign and date the verdict form in the spaces below and notify the Marshall that you have reached a verdict. The Presiding Juror should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

Dated: _____        By: _____

**Nomadix's position on the parties' competing verdict forms:**

Nomadix objects to Guest-Tek's Proposed Verdict Form in its entirety. Guest-Tek's verdict form includes elements under CACI 303 that are not at issue. Guest-Tek also presumes that it is permitted to challenge the validity of Nomadix's patents, and burdens the jury with making validity determinations before an assessment of the threshold question about whether such determinations are proper under the License Agreement. Guest-Tek's verdict form is also confusing because it tries to delineate between OVI 5 and 6, but does not consistently present that distinction in each applicable question. It is also misleading by suggesting that if Guest-Tek paid some or any royalties, Nomadix is not entitled to additional royalties. Guest-Tek's verdict form also does not account for Nomadix's defenses.

Nomadix further objects specifically to questions 5 (both parts), 6, 7, 8, 9 and 16 as being misleading, insufficiently specific and/or incomplete.

**Guest-Tek's position on the parties' competing verdict forms:**

Guest-Tek objects to Nomadix's Proposed Verdict Form in its entirety. Nomadix omits required elements of its Claims and Guest-Tek's Counterclaims as laid out CACI No. 303 and does not follow the structure of CACI VF-303. Nomadix also omits questions establishing whether Nomadix and Guest-Tek have met their burdens of proof for each element of their affirmative defenses.

Nomadix's Proposed Verdict Form is also unfairly written and biased in favor of Nomadix's Claims. For example, after asking whether Guest-Tek breached the License Agreement in Question 1, Nomadix proposes to have the jury immediately determine the amount of damages that should be awarded to Nomadix in Question 2. However, after asking whether Nomadix breached the License Agreement or Memorandum of Understanding in Questions 10 and 11, Nomadix would require the jury to determine whether Guest-Tek was harmed by any of Nomadix's alleged breaches (Question 12) and whether, considering any of Nomadix's defenses, Nomadix should pay any amount of money to Guest-Tek (Question 13), *before*

determining the amount of damages Nomadix owes Guest-Tek. Guest-Tek objects to each of these questions as they appear in Nomadix's Proposed Verdict Form but, if the Court is inclined to permit them, such question should apply equally to Nomadix's Claims and Guest-Tek's Counterclaims.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: February 28, 2020       /s/ *Douglas G. Muehlhauser*
                               Douglas G. Muehlhauser
                               Payson LeMeilleur
                               Mark Lezama
                               Alan G. Laquer
                               Alexander J. Martinez
                               Justin J. Gillett
                               James F. Smith

                               Attorneys for Plaintiff
                               NOMADIX, INC.

Respectfully submitted,

BAKER & HOSTETLER LLP

Dated: February 28, 2020       /s/ *Kevin M. Bovard* (with permission)
                               Steven J. Rocci
                               Michael J. Swope
                               Kevin M. Bovard
                               Jeffrey W. Lesovitz
                               Daniel J. Goettle
                               Curt R. Hineline
                               Michael R. Matthias
                               Andrew E. Samuels
                               James A. Barnao

                               PIERCE BAINBRIDGE BECK PRICE &
                               HECHT LLP

                               Thomas D. Warren

                               Attorneys for Defendant
                               GUEST-TEK INTERACTIVE
                               ENTERTAINMENT LTD.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## AUTHORIZATION FOR SIGNATURE

The other signatory to this document concurs in this filing and has authorized the use of his signature.

/s/ *Douglas G. Muehlhauser*
Douglas G. Muehlhauser