Douglas G. Muehlhauser (SBN 179495)
doug.muehlhauser@knobbe.com
Payson LeMeilleur (SBN 205690)
payson.lemeilleur@knobbe.com
Mark Lezama (SBN 253479)
mark.lezama@knobbe.com
Justin J. Gillett (SBN 298150)
justin.gillett@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: 949-760-0404/Facsimile: 949-760-9502

*Attorneys for Plaintiff/Counter-Defendant*
NOMADIX, INC.

William W. Oxley, SBN 136793
*Email: woxley@bakerlaw.com*
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310-820-8800
Facsimile: 310-820-8859

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

(*additional counsel listed on following page*)

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| NOMADIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD., <br><br> Defendant/ Counter-Claimant, <br><br> v. <br><br> NOMADIX, INC., <br><br> Counter-Defendant. | Case No.: 2:16-cv-08033-AB-SK <br><br> *Honorable André Birotte Jr.* <br><br> **JOINT SUBMISSION REGARDING GUEST-TEK'S OBJECTIONS TO NOMADIX'S NOVEMBER 26, 2021 DOCUMENT AND EXHIBIT DISCLOSURE** <br><br> Trial Date: November 23, 2021 |

| | |
|---|---|
| 1 | Alan G. Laquer (SBN 259257) |
| 2 | alan.laquer@knobbe.com |
|   | Alexander J. Martinez (SBN 293925) |
| 3 | alex.martinez@knobbe.com |
|   | Eric R. Malmgren (SBN 323859) |
| 4 | eric.malmgren@knobbe.com |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| 5 | 2040 Main Street, Fourteenth Floor |
|   | Irvine, CA 92614 |
| 6 | Telephone: 949-760-0404/Facsimile: 949-760-9502 |

Ashley C Morales (SBN 306621)
ashley.morales@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
3579 Valley Centre Drive
San Diego CA 92130
858-707-4022 - Direct
Telephone: 858-707-4000/Facsimile: 858-707-4001

*Attorneys for Plaintiff/Counter-Defendant*
NOMADIX, INC.

Kevin M. Bovard, SBN 247521
*Email:* kbovard@bakerlaw.com
Jeffrey W. Lesovitz (Admitted *Pro Hac Vice*)
*Email:* jlesovitz@bakerlaw.com
Meghan Rohling Kelly, SBN 292236
*Email:* mkelly@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215-568-3100
Facsimile: 215-568-3439

Michael J. Swope (Admitted *Pro Hac Vice*)
*Email:* mswope@bakerlaw.com
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3500
Seattle, WA 98104-4040
Telephone: 206-332-1379
Facsimile: 206-624-7317

Andrew E. Samuels (Admitted *Pro Hac Vice*)
*Email:* asamuels@bakerlaw.com
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Suite 1200
Columbus, OH 43215-4138
Telephone: 614-228-1541
Facsimile: 614-462-2616

*Attorneys for Defendant/Counter-Claimant*
GUEST-TEK INTERACTIVE ENTERTAINMENT LTD.

Guest-Tek and Nomadix submit the following unresolved evidentiary objections to Nomadix's November 26, 2021 document and exhibit disclosure.

| | Category 1 Nomadix Witnesses Lack Personal Knowledge | |
|---|---|---|
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| Ex. 320–420<br>Ex. 683<br>Ex. 711<br>Ex. 726<br>Ex. 754<br>Ex. 769<br>Ex. 797<br>Ex. 812<br>Ex. 840 | **Guest-Tek's OVI source code lacks foundation.**<br><br>These exhibits are portions of source code for Guest-Tek's OneView Internet ("OVI"). Nomadix lacks foundation for these exhibits, as no one on Nomadix's witness list has personal knowledge of OVI source code. | Guest-Tek waived any "objections" to Exs. 320-420 by failing to object in the parties' Joint Exhibit List. (Dkt. 538.) To be clear, Guest-Tek has preserved neither an authenticity nor a foundation objection to these exhibits, and its untimely and last-minute objections are improper. Further, even assuming Guest-Tek had preserved an objection, Guest-Tek's untimely objection lacks merit. Guest-Tek having waived any challenges to the authenticity or reliability of these exhibits, Nomadix intends to introduce them through a sponsoring witness who can explain to the Court and jury what they are.<br><br>Similarly, Guest-Tek waived any "objections" as to foundation for Exs. 683, 711, 726, 754, 769, 797, 812, or 840 by failing to object in the parties' Joint Exhibit List. (Dkt. 538.) To be clear, Guest-Tek has preserved neither an authenticity nor a foundation objection to these exhibits, and its untimely and last-minute objections are improper. Guest-Tek's sole |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| Category 1 <br> Nomadix Witnesses Lack Personal Knowledge |||
|---|---|---|
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| | | objections to these exhibits were that each was "Duplicate" and "Incomplete." (*Id.* at 2, 57, 59, 60, 62, 64, 66, 67, 69.) Guest-Tek does not maintain these purported objections here. These exhibits are not "Duplicate" because they are individual files for which there is no other identical file in the exhibit list. These exhibits are also not "Incomplete" because each is the complete file computer file. Guest-Tek having waived any challenges to the authenticity or reliability of these exhibits, Nomadix intends to introduce them through a sponsoring witness who can explain to the Court and jury what they are. <br><br> Finally, expert opinion and testimony need not be based on "personal knowledge." Fed. R. Evid. 602. |
| Ex. 24–26 <br> Ex. 32 <br> Ex. 35 | **Printouts of OVI source code lack foundation.** <br> These exhibits are portions of printouts of source code for Guest-Tek's OneView Internet ("OVI") product. Nomadix lacks foundation for these exhibits, as no one on Nomadix's witness list has personal knowledge of OVI source code or the printouts. | Guest-Tek waived any objections as to foundation for Exs. 24-26, 32, or 35 by failing to object in the parties' Joint Exhibit List. (Dkt. 538.) To be clear, Guest-Tek has preserved neither an authenticity nor a foundation objection to these exhibits, and its untimely and last-minute objections are improper. Guest-Tek's sole |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| Category 1 Nomadix Witnesses Lack Personal Knowledge | | |
|---|---|---|
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| | | objection to these exhibits were that each was "Incomplete." (*Id.* at 2, 6-7.) Guest-Tek does not maintain this purported objections here. Guest-Tek having waived any challenges to the authenticity or reliability of these exhibits, Nomadix intends to introduce them through a sponsoring witness who can explain to the Court and jury what they are.<br><br>Finally, expert opinion and testimony need not be based on "personal knowledge." Fed. R. Evid. 602. |
| Ex. 463<br>Ex. 471 | **Guest-Tek company documents lack foundation.** These exhibits are documents generated by Guest-Tek, and include a user manual and a marketing document. Nomadix lacks foundation for these exhibits, as no one on Nomadix's witness list has personal knowledge of them. | Guest-Tek's "foundation" objection is in fact an authenticity objection. Guest-Tek waived any objections as to authenticity for Exs. 463 or 471 by failing to object in the parties' Joint Exhibit List. (Dkt. 538.) Guest-Tek having waived any challenges to the authenticity or reliability of these exhibits, Nomadix intends to introduce them through a sponsoring witness who can explain to the Court and jury what they are.<br><br>Finally, expert opinion and testimony need not be based on "personal knowledge." Fed. R. Evid. 602. |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| | **Category 1** | |
| --- | --- | --- |
| | **Nomadix Witnesses Lack Personal Knowledge** | |
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| Ex. 515–27 | **Linux CentOS source code lacks foundation.**<br><br>These exhibits are portions of Linux CentOS source code, which did not originate from Nomadix or Guest-Tek. Nomadix lacks foundation for these exhibits, as no one on Nomadix's witness list has personal knowledge of Linux CentOS source code. | Nomadix intends to introduce them through a sponsoring witness who can explain to the Court and jury what they are.<br><br>Finally, expert opinion and testimony need not be based on "personal knowledge." Fed. R. Evid. 602. |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

| | **Category 2** |  |
|---|---|---|
| | **No Sponsoring Witness With Personal Knowledge Identified** | |
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| Ex. 1194<br>Ex. 1234 | **Attorney correspondence is incomplete.**<br><br>These exhibits are copies of correspondence between attorneys for Nomadix and Guest-Tek. But they are incomplete copies. They are email attachments that have been separated from their cover emails. Without these emails, there is no information identifying the date or sender of Ex. 1194 and Ex. 1234. Accordingly, if Ex. 1194 is admitted into evidence, then it should be attached to and admitted with Ex. 1193. And if Ex. 1234 is admitted into evidence, then it should be attached to and admitted with Ex. 1233. | Guest-Tek waived any objections as to Exs. 1194, 1234, 1250, 1251, or 2489 by failing to object in the parties' Joint Exhibit List. (Dkt. 538.) To be clear, Guest-Tek has preserved no authenticity, foundation, or "Incomplete" objections to these exhibits, and its untimely and last-minute objections are improper. These exhibits are not "Incomplete." Rather, they are *complete* copies of documents and communications that may stand alone. Guest-Tek having waived any challenges to the authenticity or reliability of these exhibits, Nomadix intends to introduce them through a sponsoring witness who can explain to the Court and jury what they are. |

5

JOINT SUBMISSION REGARDING GUEST-TEK'S OBJECTIONS TO NOMADIX'S NOVEMBER 26, 2021 DOCUMENT AND EXHIBIT DISCLOSURE; CASE NO.: 2:16-CV-08033-AB-SK

| | Category 3<br>Exhibits That Do Not Qualify As Evidence | |
|---|---|---|
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| Ex. 1339 | **Answer is not evidence.** This exhibit is Guest-Tek's answer to Nomadix's complaint. But "[p]leadings are not evidence." *Store SPE v. Fitness Int'l*, No. 8:20-cv-00953, 2021 WL 4813756, at *5 (C.D. Cal. Mar. 26, 2021). | Pending execution of the parties' stipulation, this dispute is now moot.<br><br>Alternatively, Guest-Tek's objection is meritless. Nomadix seeks not to introduce Ex. 1339 as evidence of anything other than the undisputed date on which Guest-Tek asserted its twelfth affirmative defense of patent invalidity (Sept. 20, 2017). Guest-Tek's cited authority relates to attempting to introduce statements in a pleading as evidence sufficient to support of a claim for fraudulent misrepresentation, which is not relevant to Ex. 1339. |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6
JOINT SUBMISSION REGARDING GUEST-TEK'S OBJECTIONS TO NOMADIX'S NOVEMBER 26, 2021 DOCUMENT AND EXHIBIT DISCLOSURE; CASE NO.: 2:16-CV-08033-AB-SK

| | **Category 4** Nomadix's Agreements With Third Parties | |
|---|---|---|
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| Ex. 197 Ex. 198 Ex. 201 | **Nomadix's agreements with third parties are hearsay and may lack foundation.** These exhibits are Nomadix settlement agreements with third parties. These exhibits are hearsay, as Nomadix apparently intends to offer them for the truth of the settlement terms contained therein. Further, Nomadix may lack foundation for these exhibits, as Nomadix has not identified a witness with personal knowledge of these agreements. | Guest-Tek waived any objections as to Exs. 197, 198, and 201 by failing to object in the parties' Joint Exhibit List. (Dkt. 538.) The objections stated in the amended exhibit list (Dkt. 782) were waived and untimely. The Pretrial Conference Order (Dkt. 719) states: "the parties have incorporated in the Joint Exhibit List (Dkt. No. 538) their agreements regarding admitted exhibits, **and all objections, including the grounds therefor**." (Dkt. 719 at 29.) |

| | Category 5<br>Stubblebine Demonstratives (PDX2) | |
|---|---|---|
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| PDX2-2<br>PDX2-3<br>PDX2-85<br>PDX2-136<br>PDX2-178 | **Legal conclusions.**<br>    These demonstrative slides reflect legal conclusions about contract interpretation, which are outside the scope of Dr. Stubblebine's expert reports. (*See* Dkt. 525-3 at Page ID # 19611) ("I am prepared to testify generally about networking concepts and protocols . . . . I have been asked to opine on whether OVI incorporates the [patent] claims . . . .").<br>    In each of these slides, Dr. Stubblebine appears to opine on whether properties meet the definition of "Guest-Tek Property" under the License Agreement. The License Agreement's definition of "Guest-Tek Property," in turn, includes "a physical property that . . . uses a Licensed Network Device." (Ex. 1 § 1.13.) The Court has determined that "Licensed Network Device" is ambiguous, that the term's meaning is for the jury to determine, and that "Nomadix must prove that its interpretation is correct." (Dkt. 780 at Page ID # 27904–06.) These slides parrot Nomadix's proposed definition for this ambiguous term and therefore ask Dr. Stubblebine to offer an improper and undisclosed | Dr. Stubblebine will not opine on a disputed contract interpretation. The slides Guest-Tek objects to do not show legal conclusions about contract interpretation. Rather, they show the analytical framework for Dr. Stubblebine's disclosed technical expert opinions on patent coverage consistent with Final Jury Instruction No. 25. (Dkt. 780 at 64.) |

8

JOINT SUBMISSION REGARDING GUEST-TEK'S OBJECTIONS TO NOMADIX'S NOVEMBER 26, 2021 DOCUMENT AND EXHIBIT DISCLOSURE; CASE NO.: 2:16-CV-08033-AB-SK

| Category 5 |||
|---|---|---|
| **Stubblebine Demonstratives (PDX2)** |||
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| | legal conclusion. Nomadix cannot prove the meaning of an ambiguous License Agreement term through the testimony of a technical expert who was not involved in the drafting or negotiation of the License Agreement. | |
| PDX2-26 | **Undisclosed and misleading opinions about design-arounds.**<br><br>These demonstrative slides reflect conclusions about whether Guest-Tek designed around Nomadix's patents. *See* PDX2-26 ("Guest-Tek Has Not Removed Its Redirection Software"). But Dr. Stubblebine provided no opinions about whether Guest-Tek successfully designed around Nomadix's prior patents, which are not at issue in this case, in his expert reports. | PDX2-26 does not state an undisclosed expert opinion. It states a disclosed expert opinion that versions of Guest-Tek's OVI include certain pieces of code. Guest-Tek's objection appears to be limited to the slide's inclusion of the phrase "OVI version 5.4.03" above the phrase "Dec. 2010 Guest-Tek signs the License Agreement." |
| PDX2-5<br>PDX2-25 | **Documents not addressed in expert reports.**<br><br>These demonstrative slides cite documents not addressed in Dr. Stubblebine's expert reports.<br><br>PDX2-5 cites Guest-Tek's "interrogatory statements" in support of Dr. Stubblebine's patent-coverage analysis. But Dr. Stubblebine does not discuss any such statements in his *patent-coverage* report. At most, he mentions in his *invalidity* report that he relied | PDX2-5: Dr. Stubblebine's expert report cites Guest-Tek's interrogatory responses at numerous points throughout his opening expert report, including, for example, Ex. 1 to his report at pages 7, 9, 34, 36; and Ex. 2 at 7, 9, 34, 36.<br><br>PDX2-25: Dr. Stubblebine cites the marketing document (Guest-Tek Bates No. GT0005314-15) at, for example, Ex. 4 at 2-3; Ex. 5 |

| | Category 5 Stubblebine Demonstratives (PDX2) | |
|---|---|---|
| **Docs.** | **Guest-Tek's Objections** | **Nomadix's Response** |
| | on documents that Guest-Tek's expert relied on, and that those documents include some Guest-Tek interrogatory responses. This vague statement of reliance has nothing to do with *patent coverage*, which is the sole focus of these demonstratives.<br><br>PDX 2-25 cites Ex. 471, which is a Guest-Tek OVI marketing document. Dr. Stubblebine did not address, review, or rely on this document in his reports.<br><br>Dr. Stubblebine's catchall statement in his reports that he reviewed "many other documents" is insufficient to identify the above exhibits. An identification of materials considered "must provide an adversary with sufficient information to engage in meaningful cross-examination of an opposing expert." *Pertile v. Gen. Motors, LLC*, No. 15-cv-0518, 2017 WL 3767780, at *7 (D. Colo. Aug. 31, 2017). A vague reference to "many other documents" does not convey that information. | at 24. |

10

JOINT SUBMISSION REGARDING GUEST-TEK'S OBJECTIONS TO NOMADIX'S NOVEMBER 26, 2021 DOCUMENT AND EXHIBIT DISCLOSURE; CASE NO.: 2:16-CV-08033-AB-SK

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | BAKER & HOSTETLER LLP |
| Dated: November 28, 2021 | /s/ *Meghan Rohling Kelly* <br> William W. Oxley <br> Michael J. Swope <br> Kevin M. Bovard <br> Meghan Rohling Kelly <br> Jeffrey W. Lesovitz <br> Andrew E. Samuels |
|   | WARREN TERZIAN LLP |
|   | Thomas Warren |
|   | *Attorneys for Defendant/Counter-Claimant* <br> GUEST-TEK INTERACTIVE ENTERTAINMENT LTD. |
|   | Respectfully submitted, |
|   | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: November 28, 2021 | /s/ *Mark Lezama (with permission)* <br> Douglas G. Muehlhauser <br> Payson LeMeilleur <br> Mark Lezama <br> Alan G. Laquer <br> Justin J. Gillett <br> Alexander J. Martinez <br> Justin J. Gillett <br> Ashley C. Morales <br> Eric R. Malmgren |
|   | *Attorneys for Plaintiff/Counter-Defendant* <br> NOMADIX, INC. |

**AUTHORIZATION FOR SIGNATURE**

The other signatory to this document concurs in this filing and has authorized the use of his signature.

/s/ *Meghan Rohling Kelly*
Meghan Rohling Kelly

11

JOINT SUBMISSION REGARDING GUEST-TEK'S OBJECTIONS TO NOMADIX'S NOVEMBER 26, 2021 DOCUMENT AND EXHIBIT DISCLOSURE; CASE NO.: 2:16-CV-08033-AB-SK